1  §PAUL R. KIESEL (SBN 119854)
2  KIESEL BOUCHER LARSON LLP
   8648 Wilshire Boulevard
3  Beverly Hills, California 90211-2910
   Telephone: 310/854.4444
4  310/854.0812 (fax)
   Kiesel@kbla.com
5
6  Local Counsel for Movant
7
   HORWITZ, HORWITZ & PARADIS, Attorneys at Law
8  Paul O. Paradis
   Michael A. Schwartz
9  Gina M. Tufaro
   28 West 44th Street, 16th Floor
10 New York, NY  10036
   (212) 404-2200
11 Facsimile (212) 404-2226
   Email: pparadis@hhplawny.com
12 Email: mschwartz@hhplawny.com
   Email: gtufaro@hhplawny.com
13
14
15 Attorneys for Movant International Brotherhood of Electrical
   Workers Local 697 Pension Fund
16
               UNITED STATES DISTRICT COURT
17             NORTHERN DISTRICT OF CALIFORNIA
                     SAN JOSE DIVISION
18

| | | |
|---|---|---|
| 19 | ALLAN QUERY, Individually and on Behalf of All Others Similarly Situated, | ) | Civil Action No. 08-cv-00832-PVT |
| 20 | | ) | Magistrate Judge Patricia V. Trumbull |
| 21 | Plaintiff, | ) | **NOTICE OF MOTION AND** |
| 22 | vs. | ) | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** |
| 23 | | ) | **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL** |
| 24 | MAXIM INTEGRATED PRODUCTS, INC., JOHN F. GIFFORD and CARL W. | ) | **697 PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF** |
| 25 | JASPAR, | ) | **AND FOR APPROVAL OF LEAD COUNSEL AND LIAISON COUNSEL** |
| 26 | Defendants. | ) | **Location:      Courtroom 5** |
| 27 | | | **Hearing Date:  May 13, 2008** |
| 28 | | | **Hearing Time:  10:00 a.m.** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL

PLEASE TAKE NOTICE that on May 13, 2008, at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 5 of Magistrate Judge Patricia V. Trumbull, located at 280 South 1st Street, San Jose, CA, 95113, the International Brotherhood Of Electrical Workers Local 697 Pension Fund ("IBEW") will, and hereby does, move this Court under 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), for the appointment of IBEW as Lead Plaintiff in this Action and for the selection of Horwitz, Horwitz & Paradis, Attorneys at Law, as Lead Counsel, and Kiesel Boucher Larson LLP as Liaison Counsel.

This motion is made on the grounds that IBEW is the most adequate plaintiff, having suffered estimated losses of $229,388 stemming from investments in the securities at issue in this Action.  In addition, IBEW meets the requirements of Rule 23 of the Federal Rules of Civil Procedure because IBEW's claims are typical of class members' claims and IBEW will fairly and adequately represent the class.   Finally, IBEW has selected and retained a law firm with substantial experience in prosecuting securities fraud class actions to serve as Lead Counsel.

The motion is based on this notice of motion, the supporting memorandum of points and authorities, the Declaration of Michael A. Schwartz in support thereof, the pleadings in this action, and upon such other written or oral argument as may be presented to the Court.

1

## <u>TABLE OF CONTENTS</u>

2

**Page**

3  TABLE OF AUTHORITIES ................................................................... ii

4  PRELIMINARY STATEMENT ............................................................. 1

5  INTRODUCTION ................................................................................. 1

6  PROCEDURAL BACKGROUND ......................................................... 2

7  STATEMENT OF FACTS ..................................................................... 2

8  ARGUMENT .......................................................................................... 5

9  I.    THE ACTION SHOULD BE CONSOLIDATED WITH
10        ANY SUBSEQUENTLY FILED RELATED ACTIONS
11        PURSUANT TO FED. R. CIV. P. 42(a) ......................................... 5

12  II.   IBEW SHOULD BE APPOINTED LEAD PLAINTIFF .............. 5

13        a.    IBEW Has Satisfied the Procedural
14              Requirements of the PSLRA ........................................ 5

15        b.    IBEW is the "Most Adequate Plaintiff" ..................... 6

16
17              (i)   IBEW Has Made a Motion for
                      Appointment of Lead Plaintiff ........................... 7
18
19              (ii)  IBEW Has the Largest Financial Interest .......... 7

20              (iii) IBEW Satisfies Fed. R. Civ. P. 23 ..................... 8

21
22                    1.   IBEW Fulfills the Typicality
                           Requirement ................................................ 9
23
24                    2.   IBEW Fulfills the Adequacy
                           Requirement ............................................. 10
25
26  III.  THE COURT SHOULD APPROVE IBEW'S CHOICE OF LEAD
          COUNSEL AND LIAISON COUNSEL FOR THE CLASS ....... 10
27
28  CONCLUSION ....................................................................... 12

**i**

1

## <u>TABLE OF AUTHORITIES</u>

2
**Page**

3
## CASES

4
<u>Blackie v. Barrack,</u>

5
524 F.2d 891 (9th Cir. 1975) ......................................................... 9

6
<u>Cavanaugh v. United States District Court for the</u>

7
<u>Northern District of California,</u>

8
306 F.3d 726 (9th Cir. Sept. 16, 2002) ................................... 7, 9

9
<u>Gluck v. Cellstar Corp.,</u>

10
976 F. Supp. 542 (N.D. Tex. 1997) ............................................. 9

11
<u>Greebel v. FTP Software, Inc.,</u>

12
939 F. Supp. 57 (D. Mass. 1996) ................................................ 8

13
<u>In re Vaxgen Sec. Litig.,</u>

14
No. C03-1129, 2004 U.S. Dist. LEXIS 29812

15
(N.D. Cal. April 14, 2004) ......................................................... 10

16
<u>Johnson v. Celotex Corp.,</u>

17
899 F.2d 1281, 1284 (2d Cir. 1990) ........................................... 5

18
<u>Naiditch v. Applied Micro Circuits Corp.,</u>

19
No. 01CV0649, 2001 U.S. Dist. LEXIS 21374

20
(S.D. Cal. Nov. 2, 2001) .............................................................. 8

21
<u>Schriver v. Impac Mortg. Holdings, Inc.,</u>

22
No. SACV 06-31CJC, 2006 U.S. Dist. LEXIS 40607

23
(C.D. Cal. May 1, 2006) .............................................................. 5

24
<u>Yousefi v. Lockheed Martin Corp.,</u>

25
70 F. Supp. 2d 1061 (C.D. Cal. 1999) ........................................ 8

26
<u>Zucker v. Zoran,</u>

27
No. C06-04843, 2006 U.S. Dist. LEXIS 93469

28
(N.D. Cal. Dec. 11, 2006) ........................................................... 9

**ii**

1                                                                              **Page**

2  **STATUTES**

3  15 U.S.C. § 78u-4(a)(3)(A)(i) ............................................................................... 6

4  15 U.S.C. § 78u-4(a)(3)(B) ............................................................................... 1, 6

5  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ....................................................................... 2, 7

6  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ..................................................................... 8

7  15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................. 10

8  17 C.F.R. § 240.10b-5 ........................................................................................ 1

9  § 21D(a)(3)(B) ........................................................................................ 1, 5, 6, 7

10  § 21D(a)(3)(B)(iii)(I)(cc) ..................................................................................... 8

11  § 21D (a)(3)(B)(iii)(II) .......................................................................................... 9

12  § 21D(a)(3)(B)(v) ............................................................................................... 10

13  Fed. R. Civ. P. 23 ............................................................................................... 8

14  Fed. R. Civ. P. 42(a) ............................................................................................ 5

15

16  **OTHER**

17  Moore, Manual for Complex Litigation (3d),

18  § 20.123, 13-14 (1995) ......................................................................................... 5

19  Statement of Managers -- The "Private Securities Litigation

20  Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700,

21  H. R. Conf. Rpt. No. 104-369, 104th Cong.

22  1st Sess. (Nov. 28, 1995) .................................................................................... 11

23

24

25

26

27

28

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL AND LIAISON COUNSEL

1

**PRELIMINARY STATEMENT**

2    Movant International Brotherhood of Electrical Workers Local 697 Pension

3 Fund ("IBEW") respectfully submits this memorandum of points and authorities in

4 support of its motion, pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of

5 1934 (the "Exchange Act"), as amended by the Private Securities Litigation

6 Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order: (a)

7 consolidating this action with any subsequently filed related actions (the "Action");

8 (b) appointing IBEW  as Lead Plaintiff in the Action; and (c) approving IBEW's

9 selection of Horwitz, Horwitz & Paradis, Attorneys at Law, as Lead Counsel, and

10 Kiesel Boucher Larson LLP as Liaison Counsel.

11    The Certification of IBEW is annexed as Exhibit 1 to the accompanying

12 Declaration of Michael A. Schwartz (the "Schwartz Decl.").  As set forth and

13 demonstrated in its Certification, IBEW invested in securities of Maxim Integrated

14 Products, Inc. ("Maxim" or the "Company") between April 29, 2003 and January

15 17, 2008, inclusive (the "Class Period"), and incurred damages of approximately

16 $229,388.

17

**INTRODUCTION**

18    Plaintiff alleges in the Action that Maxim and its former CEO and CFO,

19 John F. Gifford ("Gifford") and Carl W. Jaspar ("Jaspar"), respectively, materially

20 misrepresented Maxim's financial and operating conditions, in violation of

21 Sections 10(b) and 20(a) of the Exchange Act, as well as the rules and regulations

22 promulgated thereunder by the Securities and Exchange Commission ("SEC"),

23 including Rule l0b-5, 17 C.F.R. § 240.10b-5, by illegally backdating stock options

24 granted to Maxim employees and outside directors, and thereby concealing

25 between $550 and $650 million in compensation expenses from investors and

26 materially overstating the Company's income.

27    In class actions filed under the Exchange Act, the PSLRA requires that

28 courts appoint as Lead Plaintiff the member of the class that has satisfied certain

**1**

1    procedural prerequisites and also constitutes the "most adequate representative" of
2    the prospective class.[1]  As set forth below, IBEW amply satisfies all of the criteria
3    for selection as Lead Plaintiff.  Furthermore, IBEW satisfies the requirements of
4    Rule 23 of the Federal Rules of Civil Procedure.  Accordingly, IBEW should be
5    appointed Lead Plaintiff.

6         IBEW also respectfully requests that the Court approve its selection of lead
7    counsel and liaison counsel, in accordance with the PSLRA.  The law firms
8    selected by IBEW, Horwitz, Horwitz & Paradis, Attorneys at Law, as lead counsel,
9    and Kiesel Boucher Larson LLP, as liaison counsel, have extensive experience in
10   securities class action litigation and are well-qualified to represent the interests of
11   all Class members.

12                    **PROCEDURAL BACKGROUND**

13        On February 6, 2008, this Action was commenced in this Court against
14   defendants Maxim, Gifford and Jaspar.  The complaint alleges claims for
15   violations of the federal securities law on behalf of all persons and entities who
16   purchased Maxim common stock and stock options on the open market, other than
17   defendants and certain related persons and entities, between April 29, 2003 and
18   January 17, 2008, inclusive (the "Class").

19                      **STATEMENT OF FACTS**

20        Defendant Maxim designs, develops, and manufactures analog, mixed-
21   signal, high-frequency, and digital circuits.  At all relevant times, Maxim securities
22   were actively traded in an efficient market, trading on the NASDAQ National
23   Market System at all relevant times until October 2, 2007, when it was delisted for
24   failure to file its past due periodic reports with the SEC, and on the Pink Sheet

25   _____

26   [1]      Pursuant to the PSLRA, a class member may qualify as Lead Plaintiff by
27   making a Lead Plaintiff motion in response to a notice or filing of a complaint.
     See PSLRA § 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).
28

Electronic Quotation Service thereafter.

The Action alleges that the prices of Maxim securities were artificially inflated during the Class Period because the Company issued materially false and misleading information to the market about its financial and operating conditions.

Specifically, during the Class Period, Maxim engaged in a scheme to illegally backdate stock options granted to Maxim employees and outside directors, and thereby concealed between $550 and $650 million in compensation expenses from investors and materially overstated the Company's income.

Pursuant to Accounting Principles Board (APB) Statement No. 25, adopted by the Company to account for stock options awarded to employees and outside directors, the measurement of compensation with respect to stock options granted is the difference between the fair market value of the underlying share and the option exercise price on the date of the grant. In order for Maxim to incur no compensation expense as a result of awarding stock options, it was Maxim's stated policy to grant stock options at fair market value (the price of the underlying Maxim common stock on the date of grant). Maxim publicly reported, in its annual reports on Form 10-K for fiscal years 2000 through 2005, that the Company accounted for its employee stock options in accordance with APB 25. In addition, during the Class Period, Maxim publicly stated the Company granted options at fair market value.

Defendants, however, intentionally authorized the granting of options on purported dates that had been selected with hindsight, which resulted in the issuance of undisclosed "in-the-money" options (options awarded at a price less than fair market value) to Maxim employees and directors. These backdated option grants routinely reflected the lowest trading prices of Maxim common stock for the quarter in which the options were granted. As a result of this illegal conduct, defendants made it falsely appear that Maxim was granting options at fair market

1    value, and further, Maxim illegally avoided reporting in its financial statements

2    hundreds of millions of dollars of compensation expenses for the options.

3          As a result of defendants' actions, the market price of Maxim common stock

4    was artificially inflated during the Class Period.

5          The Individual Defendants, Gifford, Maxim's former CEO and Chairman,

6    and Jaspar, Maxim's former CFO, were aware of and directed the backdating

7    scheme, and knew or should have known that the Company did not properly

8    account for or accurately disclose the resulting hundreds of millions of dollars of

9    compensation expenses from the stock option grants.

10          It was not until January 17, 2008 that the market learned of the magnitude

11    and true nature of defendants' fraudulent conduct.  On that date, Maxim disclosed

12    that it would need to restate its Fiscal 1997 through Fiscal 2006 financial

13    statements to record an additional $550 to $650 million (on a pre-tax basis) of

14    stock-based compensation charges.   The Company also announced that its

15    investigation was expanding to include a review of stock options granted in 1995

16    and 1996.

17          On January 17, 2008, in immediate reaction to the disclosure of this

18    fraudulent conduct, the price of Maxim common stock plummeted, falling by

19    $2.83 per share, or 12%, from $23.63 to $20.80.

20          Defendants' fraudulent activities and the specific roles that each played in

21    this massive financial fraud were unknown to Class members until the end of the

22    Class Period.   Throughout the Class Period, the price of Maxim shares was

23    artificially inflated because of defendants' wrongful activities, and Class members

24    were damaged by their purchases of Maxim common stock at such artificially

25    inflated prices.

26

27

28

**4**

## ARGUMENT

**I.    THE ACTION SHOULD BE CONSOLIDATED WITH ANY SUBSEQUENTLY FILED RELATED ACTIONS PURSUANT TO FED. R. CIV. P. 42(a)**

Consolidation of actions in federal courts is governed by Fed. R. Civ. P. 42(a), which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law or fact.  Moore, <u>Manual for Complex Litigation (3d)</u>, § 20.123, 13-14 (1995);  <u>see</u> <u>also</u> <u>Schriver v. Impac Mortg. Holdings, Inc.</u>, No. SACV 06-31CJC, 2006 U.S. Dist. LEXIS 40607 at *5 (C.D. Cal. May 1, 2006); <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281, 1284 (2d Cir. 1990), <u>cert. denied</u>, 498 U.S. 920 (1990).  Similarly, Section 21D(a)(3)(B) of the PSLRA contemplates the consolidation of multiple actions "asserting substantially the same claim or claims."

Therefore, any after filed actions based on substantially similar factual allegations and that make substantially similar legal claims should be consolidated in order to avoid duplicative discovery, motion practice and other proceedings that will result if the actions are not consolidated.  The interests of economy and justice therefore militate strongly in favor of consolidation of any after filed actions.

## II.    IBEW SHOULD BE APPOINTED LEAD PLAINTIFF

### a.    IBEW Has Satisfied the Procedural Requirements of the PSLRA

Under the PSLRA, a class member seeking to serve as Lead Plaintiff must fulfill certain procedural prerequisites before being appointed to serve in such a capacity.  Plaintiffs who commence securities class actions must publish a notice to

**5**

1  the class, within twenty days of filing the action, informing class members of the

2  pendency of the action and their right to file a motion for appointment as Lead

3  Plaintiff.  <u>See</u> PSLRA § 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i).  Within

4  sixty days after that publication of notice, any person or group of persons who are

5  members of the proposed class may apply to the Court to be appointed as Lead

6  Plaintiff.  <u>Id.</u>

7      On February 6, 2008, the initial notice of the pendency of the Action was

8  published on *Market Wire*, a widely circulated international business wire service.

9  A copy of this notice is attached as Exhibit 2 to the Schwartz Decl.  IBEW's

10  motion, which is being submitted to this Court by April 7, 2008, is timely because

11  it is being made within sixty days after publication of the initial notice.  Thus,

12  IBEW has satisfied the procedural prerequisites of the PSLRA.

13          **b.    IBEW is the "Most Adequate Plaintiff"**

14      The PSLRA mandates that, not more than ninety days after publication of

15  the initial notice of pendency, a court shall consider any motion made by any class

16  member, and appoint as Lead Plaintiff the member(s) of the class that the court

17  determines to be most capable of adequately representing the interests of class

18  members.    PSLRA  §  21D(a)(3)(B),  15  U.S.C.  § 78u-4(a)(3)(B).    Under  the

19  PSLRA, such persons are referred to as the "most adequate plaintiff."  <u>Id.</u>

20      The statute dictates that courts must presume that the most adequate plaintiff

21  is the person or group of persons that:

22      (aa)   has either filed the complaint or made a motion in

23      response to a notice . . .;

24      (bb)   in the determination of the Court, has the largest

25      financial interest in the relief sought by the class; and

26      (cc)   otherwise satisfies the requirements of Rule 23 of

27      the Federal Rules of Civil Procedure

28

1    PSLRA § 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

2        IBEW is entitled to this presumption and is demonstrably the most adequate

3    plaintiff.

### (i)    IBEW Has Made a Motion for Appointment of Lead Plaintiff

6        IBEW has fulfilled the first prong of the foregoing statutory test for

7    determining the most adequate plaintiff.  IBEW has attested to its willingness to

8    serve as a representative on behalf of the Class, and has made this motion.[2]

9    Therefore this element is satisfied.

### (ii)    IBEW Has the Largest Financial Interest

11        The second prong of the test for the "most adequate plaintiff" requires the

12    proposed Lead Plaintiff to demonstrate that it has the largest financial interest in

13    the relief sought by the Class. The PSLRA provides for, and requires this Court to

14    adopt, a rebuttable presumption that "[T]he most adequate plaintiff . . . is the

15    person or group of persons that . . . in the determination of the court, has the largest

16    financial interest in the relief sought by the class . . ."   15 U.S.C. §78u-

17    4(a)(3)(B)(iii)(I).  Thus, the statutory language explicitly provides that the moving

18    investor possessing "the largest financial interest" in the relief sought by the class

19    is entitled to presumptive appointment as lead plaintiff.  See Cavanaugh v. United

20    States District Court for the Northern District of California, 306 F.3d 726 (9th Cir.

21    Sept. 16, 2002). See also Reiger v. Altris Software, No. 98cv0528J (JFS), 1998

22    U.S. Dist. LEXIS 14705 at **13-14 (S.D. Cal. Sept. 14, 1998).

---

[2]        IBEW has executed a Certification attesting to its willingness to serve as Lead Plaintiff in the Action and its willingness to provide testimony at deposition and trial, and listing its transactions in Maxim securities during the Class Period. The Certification of IBEW is attached as Exhibit 1 to the Schwartz Decl.

**7**

1   As of the time of the filing of this motion, IBEW believes that it has the
2   largest financial interest in the relief sought by the Class.  As set forth in its
3   Certification, IBEW  purchased 20,340 shares of Maxim common stock during the
4   Class Period, and sold 15,105 to date, retaining 6,800 shares on the last day of the
5   Class Period,[3] incurring a loss of $229,388.  A chart quantifying IBEW's loss is
6   attached as Exhibit 3 to the Schwartz Decl.  Because IBEW possesses the largest
7   financial interest in the outcome of this litigation, it may be presumed to the "most
8   adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

9   ### (iii)    IBEW Satisfies Fed. R. Civ. P. 23

10   In   addition   to   the   aforementioned   requirements,   the   PSLRA
11   § 21D(a)(3)(B)(iii)(I)(cc), states that the proposed Lead Plaintiff must also
12   "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil
13   Procedure."    To satisfy Rule 23, plaintiffs seeking class certification must
14   demonstrate that: the number of class members is so large that joinder of all class
15   members is impracticable; common issues of law and fact exist and predominate
16   over individual questions; the class representatives are typical of class members;
17   the class representatives will fairly and adequately protect the interests of the class;
18   and a class action is superior to individual actions.  See Fed. R. Civ. P. 23(a) and
19   (b)(3).  For purposes of a motion for appointment of lead plaintiff, a movant need
20   only make a preliminary showing that he or she satisfies Rule 23.  See Naiditch v.
21   Applied Micro Circuits Corp., No. 01CV0649, 2001 U.S. Dist. LEXIS 21374 (S.D.
22   Cal. Nov. 2, 2001); Yousefi v. Lockheed Martin Corp., 70 F. Supp. 2d 1061, 1071
23   (C.D. Cal. 1999) ("At this stage of the proceeding, proposed lead plaintiffs need
24   only make a preliminary showing that they satisfy the requirements of Rule 23");
25   see also Greebel v. FTP Software, Inc., 939 F. Supp. 57, 64 (D. Mass. 1996)
26   (requiring only a prima facie showing of the satisfaction of Rule 23).

27   _____

28   [3]    At the start of the Class Period, IBEW owned 1,565 shares of Maxim

**8**

1    Of the prerequisites to class certification set forth in Rule 23, only the
2  typicality and adequacy prongs are implicated in any consideration of the "most
3  adequate plaintiff."    This is clear from Section 21D(a)(3)(B)(iii)(II), which
4  provides that the presumption in favor of the most adequate plaintiff may be
5  rebutted only upon proof that this individual:

6    (aa) will not fairly and adequately protect the interest of

7    the class; or (bb) is subject to unique defenses that render

8    such plaintiff incapable of adequately representing the

9    class.

10  Id.  Consequently, in deciding a motion for appointment of Lead Plaintiff, inquiry
11  should be limited to the typicality and adequacy prongs of Rule 23(a).   See
12  Cavanaugh, 306 F.3d 72 (noting that the preliminary showing at this stage of the
13  litigation must be focused on the typicality and adequacy requirements of Rule 23);
14  Gluck v. Cellstar Corp., 976 F. Supp. 542, 546 (N.D. Tex. 1997).

15    **1.    IBEW Fulfills the Typicality Requirement**
16    The typicality requirement of Rule 23(a)(3) is satisfied when class members
17  suffer injuries similar to those of the absent class members, their claims arise from
18  the same course of conduct by defendants, and the claims are based on the same
19  legal issues.  See Blackie v. Barrack, 524 F.2d 891, 902-03 (9th Cir. 1975); and
20  Zucker v. Zoran, No. C06-04843, 2006 U.S. Dist. LEXIS 93469 at *9 (N.D. Cal.
21  Dec. 11, 2006).  IBEW suffered monetary damages as a result of the materially
22  false and misleading statements issued by or on behalf of Maxim during the Class
23  Period, in violation of the federal securities laws.

24    IBEW seeks to represent a class of persons and entities who purchased
25  Maxim securities at artificially inflated prices during the Class Period and were
26  damaged thereby.  IBEW  satisfies the typicality requirement because it:   (i)

27

28

common stock.

**9**

1   purchased Maxim securities during the Class Period; (ii) at prices that were
2   artificially inflated as a result of the materially false and misleading statements
3   issued by defendants during the Class Period; and (iii) suffered damages thereby.
4   Thus, typicality is satisfied because the claims asserted by Maxim are based on the
5   same legal theories and arise "from the same event or course of conduct giving rise
6   to the claims of other class members."  In re Vaxgen Sec. Litig., No. C03-1129,
7   2004 U.S. Dist. LEXIS 29812 at *10 (N.D. Cal. April 14, 2004).

8                        **2.      IBEW Fulfills the Adequacy Requirement**

9          Section 21D of the PSLRA directs the Court to limit its inquiry under the
10  adequacy prong to the existence of any conflicts between the interests of the
11  proposed representative and the members of the Class, and then allows the lead
12  plaintiff to retain lead counsel to represent the class, "subject to the approval of the
13  court."  See § 21D(a)(3)(B)(v).

14         Here, IBEW is the victim of the same fraud as all other Class members, and
15  its claims raise similar questions of law and fact as those of all other Class
16  members.  To further its own interests, IBEW will necessarily have to advance the
17  interests of all Class members.  The interests of IBEW are clearly aligned with the
18  interests of the members of the Class, and there is no evidence of any antagonism
19  between its interests and the interests of the Class.    IBEW has already
20  demonstrated that it is committed to vigorously prosecuting claims on behalf of the
21  Class by retaining counsel experienced in complex class litigation and by
22  executing the certification attesting to its willingness to serve as Lead Plaintiff.
23  These facts amply demonstrate that IBEW will adequately represent the interests of
24  Class members.

25  **III.    THE COURT SHOULD APPROVE IBEW'S CHOICE OF**
26  **        LEAD COUNSEL AND LIAISON COUNSEL FOR THE CLASS**

27         The PSLRA vests authority in the Lead Plaintiff to select and retain counsel,
28  subject to court approval.    See Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-

                                              **10**

1  4(a)(3)(B)(v).  Consistent with congressional intent, a court should not disturb the

2  Lead Plaintiff's choice of counsel, unless "necessary to protect the interest of the

3  plaintiff class."  <u>See</u> Statement of Managers -- The "Private Securities Litigation

4  Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700, H. R. Conf. Rpt.

5  No. 104-369, at 62, 104th Cong. 1st Sess. (Nov. 28, 1995).  IBEW has selected

6  Horwitz, Horwitz & Paradis, Attorneys at Law, to serve as Lead Counsel, and

7  Kiesel Boucher Larson LLP as Liaison Counsel to prosecute the Action.  The

8  attorneys of Horwitz, Horwitz & Paradis have been highly successful in

9  prosecuting securities fraud class action litigation, as outlined in its resume

10  annexed as Exhibit 4 to the Schwartz Decl.  Thus, the Court may be assured that by

11  granting this motion, the members of the Class will receive the highest caliber

12  legal representation available.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**11**

1

## CONCLUSION

2   For all of the foregoing reasons, IBEW respectfully requests that its motion

3   seeking consolidation of the action with after filed actions and appointment as

4   Lead Plaintiff be granted and that the counsel it has selected and retained be

5   approved as Lead Counsel for all plaintiffs and Class members in connection with

6   these proceedings.

7   DATED: April 7, 2008

8                                 By:  /s/    Paul R. Kiesel

9                                      Paul R. Kiesel, Esq.
10                                     **KIESEL BOUCHER LARSON,
                                       LLP**
11                                     8648 Wilshire Boulevard
                                       Beverly Hills, California 90211
12                                     Telephone: (310) 854-4444
                                       Facsimile: (310) 854-0812
13

14                                     *Local Counsel For Movant*

15                                     Paul O. Paradis, Esq.
16                                     Michael A. Schwartz, Esq.
                                       Gina M. Tufaro, Esq.
17                                     **HORWITZ, HORWITZ &
                                       PARADIS,**
18                                     Attorneys At Law
19                                     28 West 44th Street, 16th Floor
                                       New York, New York, 10036
20                                     Telephone: (212) 404-2200
                                       Facsimile: (212) 404-2226
21

22                                     *Counsel For Movant International
23                                     Brotherhood Of Electrical Workers
                                       Local 697 Pension Fund*

24

25

26

27

28

**12**

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL AND LIAISON COUNSEL

1  PAUL R. KIESEL (SBN 119854)
   KIESEL BOUCHER LARSON LLP
2  8648 Wilshire Boulevard
   Beverly Hills, California 90211-2910
3  Telephone: 310/854.4444
4  310/854.0812 (fax)
   Kiesel@kbla.com
5
6  Local Counsel for Movant
7
   HORWITZ, HORWITZ & PARADIS, Attorneys at Law
8  Paul O. Paradis
   Michael A. Schwartz
9  Gina M. Tufaro
10 28 West 44th Street, 16th Floor
   New York, NY  10036
11 (212) 404-2200
12 Facsimile (212) 404-2226
   Email: pparadis@hhplawny.com
13 Email: mschwartz@hhplawny.com
   Email: gtufaro@hhplawny.com
14
15 Attorneys for Movant International Brotherhood Of Electrical
   Workers Local 697 Pension Fund
16
17         UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF CALIFORNIA
18             SAN JOSE DIVISION

19 ALLAN QUERY, Individually and on    )   Civil Action No. 08-cv-00832-PVT
   Behalf of All Others Similarly Situated,  )
20                                      )   Magistrate Judge Patricia V. Trumbull
21                    Plaintiff,        )
                                        )   **DECLARATION OF MICHAEL A.**
22         vs.                          )   **SCHWARTZ IN SUPPORT OF**
                                        )   **MOTION OF INTERNATIONAL**
23                                      )   **BROTHERHOOD OF ELECTRICAL**
   MAXIM INTEGRATED PRODUCTS,           )   **WORKERS LOCAL 697 PENSION**
24 INC., JOHN F. GIFFORD and CARL W.    )   **FUND FOR APPOINTMENT AS LEAD**
   JASPAR,                              )   **PLAINTIFF AND FOR APPROVAL OF**
25                                      )   **LEAD COUNSEL AND LIAISON**
                                        )   **COUNSEL**
26                    Defendants. )          **Location:      Courtroom 5**
27                                          **Hearing Date:  May 13, 2008**
                                            **Hearing Time:  10:00 a.m.**
28

**DECLARATION OF MICHAEL A. SCHWARTZ IN SUPPORT OF MOTION OF INTERNATIONAL**
**BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND FOR APPOINTMENT**
**AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL AND LIAISON COUNSEL**

1    I, Michael A. Schwartz, hereby declare as follows:

2       1.    I am a partner of the law firm of Horwitz, Horwitz & Paradis,

3    Attorneys at Law, counsel for International Brotherhood of Electrical Workers

4    Local 697 Pension Fund ("IBEW").  I submit this declaration in support of the

5    Motion of IBEW for its appointment as Lead Plaintiff and approval of its selection

6    of Horwitz, Horwitz & Paradis, Attorneys at Law as Lead Counsel, and Kiesel

7    Boucher Larson LLP as Liaison Counsel.

8       2.    Attached hereto as Exhibit 1 is a true and correct copy of the

9    Certification of IBEW.

10      3.    Attached hereto as Exhibit 2 is a true and correct copy of the initial

11   notice announcing the pendency of the captioned action published on *Market Wire*

12   on February 6, 2008.

13      4.    Attached hereto as Exhibit 3 is a chart detailing IBEW's financial

14   interest in this matter.

15      5.    Attached hereto as Exhibit 4 is the firm resume of Horwitz, Horwitz

16   & Paradis, Attorneys at Law.

17      I declare under penalty of perjury under the laws of the United States of

18   America that the foregoing is true and correct. Executed this 4th day of April,

19   2008.

20

21

22                                        Michael A. Schwartz

23

24

25

26

27

28

**DECLARATION OF MICHAEL A. SCHWARTZ IN SUPPORT OF MOTION OF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL AND LIAISON COUNSEL**

# EXHIBIT 1

## PLAINTIFF'S CERTIFICATION

The International Brotherhood of Electrical Workers Local 697 Pension Fund ("Plaintiff") declares under penalty of perjury, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed a complaint against Maxim Integrated Products, Inc., et al. and adopts its allegations, and has authorized the filing of a motion for lead plaintiff on Plaintiff's behalf.

2.    Plaintiff did not purchase the securities that are the subject of the action at the direction of Plaintiff's counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff's transactions in the securities of Maxim Integrated Products, Inc. are as follows:

| Date Purchased | Number of Shares Purchased* | Purchase Price Per Share |
|---|---|---|
| 05/28/03 | 380 shares | $38.70 |
| 06/24/04 | 860 shares | $52.36 |
| 05/11/05 | 19,100 shares | $37.93 |

| Date Sold | Number of Shares Sold | Selling Price Per Share |
|---|---|---|
| 06/05/03 | 165 shares | $37.90 |
| 06/05/03 | 285 shares | $37.90 |
| 08/15/03 | 255 shares | $39.60 |
| 08/15/03 | 260 shares | $39.60 |
| 08/15/03 | 380 shares | $39.60 |
| 08/15/03 | 600 shares | $39.60 |
| 09/07/04 | 860 shares | $39.80 |
| 08/08/06 | 3,185 shares | $26.67 |
| 03/6/2007 | 9,115 shares | $32.23 |

* Opening position of 1,565 shares.

5.    During the three years prior to the date of this Certification, Plaintiff has

not sought to serve or served as a representative party for a class in an action filed

under the federal securities laws.

6.    Plaintiff will not accept any payment for serving as a representative party

on behalf of the class beyond Plaintiff's pro rata share of any recovery, except such

reasonable cost and expenses directly relating to the representation of the class as

ordered or approved by the court.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 4th day of April 2008.

International Brotherhood of
Electrical Workers Local 697
Pension Fund

By: _____

# EXHIBIT 2

The Rosen Law Firm Files Securities Class Action Charging Maxim Integrated Products, Inc. Wi...   Page 1 of 2



| Enter Symbol(s) or Keyword(s) | GO |

Advanced Search >>

FRONT PAGE     **NEWS & COMMENTARY**

Herb Greenberg     Columnists     First Take     Special Reports     Blogs     Podcasts     Industry News     Economy & Po

# The Rosen Law Firm Files Securities Class Action Charging Maxim Integrated Products, Inc. With Violations of the Federal Securities Laws - MXIM.PK

*Last update: 11:12 p.m. EST Feb. 6, 2008*

NEW YORK, NY, Feb 06, 2008 (MARKET WIRE via COMTEX) -- The Rosen Law Firm today announced that it has filed a class action lawsuit on behalf of purchasers of the common stock and options of Maxim Integrated Products, Inc. ("Maxim" or the "Company") (PINKSHEETS: MXIM) (formerly NASDAQ: MXIM), during the period from April 29, 2003 through January 17, 2008 (the "Class Period").

To join the Maxim class action, go to the website at http://www.rosenlegal.com or call Laurence Rosen, Esq. or Phillip Kim, Esq. toll-free at 866-767-3653 or email lrosen@rosenlegal.com or pkim@rosenlegal.com for information on the class action.

NO CLASS HAS YET BEEN CERTIFIED IN THE ABOVE ACTION. UNTIL A CLASS IS CERTIFIED, YOU ARE NOT REPRESENTED BY COUNSEL UNLESS YOU RETAIN ONE. YOU MAY ALSO REMAIN AN ABSENT CLASS MEMBER.

The case is pending in the United States District Court for the Northern District of California as case no. 08-cv-0832. You can obtain a copy of the complaint from the clerk of court or you may contact counsel for plaintiffs Laurence Rosen, Esq. or Phillip Kim, Esq. toll-free at 866-767-3653 or email lrosen@rosenlegal.com or pkim@rosenlegal.com.

The complaint charges that Maxim and certain of its former officers violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by engaging in improper stock option backdating that caused the issuance of materially false and misleading financial statements during the Class Period.

The complaint asserts that on January 17, 2008, the Company announced that it would be restating its financial statements to record between $550 million and $650 million of additional stock-based compensation expense and that its previously issued financial statements could no longer be relied on. As a result of these adverse disclosures, the Company's stock price has declined 22%.

A class action lawsuit has already been filed on behalf of Maxim shareholders. If you wish to serve as lead plaintiff, you must move the Court no later than April 7, 2008. If you wish to join the litigation or to discuss your rights or interests regarding this class action, please contact plaintiffs' counsel Laurence Rosen

The Rosen Law Firm Files Securities Class Action Charging Maxim Integrated Products, Inc. Wi...    Page 2 of 2

Esq. or Phillip Kim, Esq. of The Rosen Law Firm toll free at 866-767-3653 or via
e-mail at lrosen@rosenlegal.com or pkim@rosenlegal.com.

The Rosen Law Firm has expertise in prosecuting investor securities litigation
and extensive experience in actions involving financial fraud. The Rosen Law
Firm represents investors throughout the nation, concentrating its practice in
securities class actions.

```
Contact:
Laurence Rosen, Esq.
Phillip Kim, Esq.
The Rosen Law Firm P.A.
Tel:   (212) 686-1060
Toll Free: 1-866-767-3653
Fax:  (212) 202-3827
Email Contact
Email Contact
www.rosenlegal.com
```

SOURCE: The Rosen Law Firm

```
http://www2.marketwire.com/mw/emailprcntct?id=8321C7F436AB5388
http://www2.marketwire.com/mw/emailprcntct?id=2C0BC8986F9C7A7F
http://www.rosenlegal.com
```

Copyright 2008 Market Wire, All rights reserved. ▩

The Wall Street Journal Digital Network:
WSJ.com | Barron's Online | BigCharts | Virtual Stock Exchange | All Things Digital | MarketWatch Community
RealEstateJournal.com | Financial News Online | WSJ.com Small Business

MarketWatch
Copyright © 2008 MarketWatch, Inc. All rights reserved.
By using this site, you agree to the Terms of Service and Privacy Policy.
The Rosen Law Firm Files Securities Class Action Charging Maxim Integrated Products, Inc.
With Violations of the Federal Securities Laws - MXIM.PK - MarketWatch

Intraday data provided by Interactive Data Real Time Servic
terms of use. Historical and current end-of-day data provide
information on NASDAQ traded symbols and their current fi
Nasdaq, and 20 minutes for other exchanges. Dow Jones Ir
intraday data is provided by Comstock and is at least 60-mi

# EXHIBIT 3

# MAXIM INTEGRATED PRODUCTS, INC.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKS LOCAL 697 PENSION FUND

CLASS PERIOD APRIL 23, 2003 through JANUARY 17, 2008

Mean Trading Price January 17, 2008 to April 2, 2008:  $18.65

| Date Purchased | Number of Shares Purchased | Purchase Price Per Share | Totals |
|---|---|---|---|
| 4/22/03 (opening position) | 1,565 | | |
| 5/28/2003 | 380 | $38.70 | $14,706 |
| 6/24/2004 | 860 | $52.36 | $45,030 |
| 5/11/2005 | 19,100 | $37.93 | $724,463 |
| Total Class Period Purchases | 20,340 | | $784,198.60 |

| Date Sold | Number of Shares Sold | Selling Price Per Share | Totals |
|---|---|---|---|
| 6/5/2003 | 165 | $37.90 | $6,254 |
| 6/5/2003 | 285 | $37.90 | $10,802 |
| 8/15/2003 | 255 | $39.60 | $10,098 |
| 8/15/2003 | 260 | $39.60 | $10,296 |
| 8/15/2003 | 380 | $39.60 | $15,048 |
| 8/15/2003 | 600 | $39.60 | $23,760 |
| 9/7/2004 | 860 | $39.80 | $34,228 |
| 8/8/2006 | 3,185 | $26.67 | $84,944 |
| 3/26/2007 | 9,115 | $32.23 | $293,771 |
| Total Class Period Sales | 15,105 | | $489,199.95 |
| Shares Retained on April 3, 2008 | 6,800 | $126,820 | |
| Total Loss | | $229,388 | |

# EXHIBIT 4

# HORWITZ, HORWITZ & PARADIS,
## Attorneys At Law

### Firm Résumé

Horwitz, Horwitz & Paradis, Attorneys At Law ("Horwitz, Horwitz & Paradis" or the "Firm") specializes in large, complex litigation in the fields of securities, mergers and acquisitions, corporate governance, consumer protection, commercial law, investor arbitration, unfair employment practices and antitrust. The Firm's attorneys have litigated hundreds of cases in both state and federal courts throughout the United States, and are committed to protecting shareholders and victims of corporate and consumer wrongdoing.

Throughout the course of the past twenty years, the attorneys of Horwitz, Horwitz & Paradis have been appointed lead or co-lead counsel in cases resulting in billions of dollars in recoveries on behalf of investors and aggrieved parties. As demonstrated below, the attorneys of Horwitz, Horwitz & Paradis have served as a lead counsel in some of the largest securities and consumer fraud class action settlements.

## THE FIRM'S RECENT ACHIEVEMENTS

Grasso v. Vitesse Semiconductor, Inc., 06-cv-02639 (C.D. Ca). Paul O. Paradis was appointed as Lead Counsel to represent a class of investors in an action alleging violation of the federal securities laws by Vitesse, certain of the Company's senior officials, the Company's bank, certain of the Company's customers and the Company's auditors. The litigation against the Company and the individual defendants was resolved for the sum of $14.1 million, and the litigation is continuing against the remaining defendants.

Conseco Annuity Assurance Co., et al. v. Citigroup, H-03-2240 (S.D. Tx.). Attorneys of Horwitz, Horwitz & Paradis represented Conseco Annuity Assurance Company, IHC Health Plans, Inc., and other purchasers of $2.4 billion Credit Linked Notes issued by Citigroup in a class action alleging securities fraud that was consolidated with Newby v. Enron et al. The litigation was successfully resolved as a part of a $2 billion settlement with Citigroup.

Hudson Soft Co., Ltd. v. Credit Suisse First Boston, Inc., H-03-0860 (S.D. Tx.). Attorneys of Horwitz, Horwitz & Paradis represented Sapporo, Japan-based Hudson Soft Co., Ltd. in an individual action alleging violation of the federal securities laws by Credit Suisse First Boston, Inc. ("CSFB") in connection with the sales of credit-linked notes issued by CSFB. Litigation successfully resolved for a confidential sum.

In re Abbott Labs. Derivative S'holders Litig., No. 99 C 7246 (N.D. Ill.). Attorneys of Horwitz, Horwitz & Paradis represented stockholders of Abbott Laboratories in a stockholder derivative action that was successfully resolved for corporate governance changes.

Corwin v. Abbott Laboratories, No. 2-03-1283 (Ill. App. Ct. – 2d Dist.). Attorneys of Horwitz, Horwitz & Paradis represented stockholders of Abbott Laboratories in a mandamus action calling for the production of the Company's books and records relating to the actions of

certain officers in connection with Medicaid fraud. This action proceeded through trial where the trial court ruled in favor of plaintiffs. The trial court's ruling was upheld on appeal.

Daugherity v. International Business Machines Corp., No. 23,162 (Tex. – 21st Dist.). Attorneys of Horwitz, Horwitz & Paradis represented purchasers of defective computer hard disk drives in an action against International Business Machines Corp. that was successfully resolved in a settlement valued at $35 million.

Danis v. USN Commun. Inc., No. 98 C 7482, (N. D. Ill.). Attorneys of Horwitz, Horwitz & Paradis represented purchasers of USN, Inc. securities in a class action alleging securities fraud. Litigation was successfully resolved for $44.7 million.

In re Salomon Bros. Treasury Litig., 91 Civ. 5471 (S.D.N.Y.). Attorneys of Horwitz, Horwitz & Paradis represented purchasers of United States Treasury securities in a class action alleging securities fraud, anti-trust and racketeering violations. Litigation was successfully resolved for $100 million.

## PROMINENT CASES

The success of the attorneys of Horwitz, Horwitz & Paradis in prosecuting large, complex litigation in the fields of securities, mergers and acquisitions, corporate governance, consumer protection, unfair employment practices and antitrust is demonstrated by the significant results the Firm has achieved for its clients and others. The following is only a representative list of some of the more notable cases that have been, or are currently being, litigated by the attorneys of Horwitz, Horwitz & Paradis:

Grasso v. Vitesse Semiconductor, Inc., 06-cv-02639 (C.D. Ca);

Kosla v. Sav-Rx Prescription Services, 04-CH-00126 (Ill. – Cook Cnty.);

Muehlbauer v. General Motors Corp., 05cv02676 (N.D. Ill.);

In re American Honda Motor Co. Oil Filter Products Liability Litig., 06cv1737 (C.D. Ca.);

In re Reliant Energy ERISA Litig., H-02-2051 (S.D. Tex.);

Ronat v. Martha Stewart Living Omnimedia, Inc., 05cv0520 (N.D. Ill.);

In re: BMW Reverse Transmission Prods. Liab. Litig., MDL Docket No. 1922 (2006);

Woloshin, et al. v. Aetna, 07 CV 6664 (S.D.N.Y.); and

In re Saturn Timing Chain Prods. Liab. Litig, MDL Docket No. 1920 (2008).

## THE FIRM'S LAWYERS

The Firm's attorneys have successfully prosecuted both complex individual and class actions involving some the largest corporations in the world.

### PARTNERS

### PAUL O. PARADIS

Paul O. Paradis is the Partner responsible for Firm's Complex Litigation practice and Investigation Group, and is one of the Firm's senior litigators. Throughout his career, Mr. Paradis has specialized in handling highly complex multi-party litigation in federal and state courts across the United States.

Prior to becoming a Partner of the Firm, Mr. Paradis was a Partner at Abbey Spanier Rodd Abrams & Paradis, LLP from 2001 through 2007. Prior to that time, Mr. Paradis was a Senior Partner at Wolf Popper LLP from 1998 to 2001. Mr. Paradis began his legal career at Pomerantz Haudek Block & Grossman as an associate, and became a Partner of the firm in 1996, where he remained until 1998. Prior to practicing law, Mr. Paradis was employed as a portfolio manager at a major Wall Street financial institution.

Mr. Paradis is admitted to the Bar of the State of New York, the State of New Jersey, the United States District Courts for the Southern and Eastern Districts of New York, District of New Jersey, and Eastern District of Michigan. He received his B.S. from Bentley College in 1986, and his J.D. (cum laude) from New York Law School in 1990, where he was a member of the New York Law School Law Review.

### MICHAEL A. SCHWARTZ

Michael A. Schwartz is one of the Firm's senior litigators. Like Mr. Paradis, throughout Mr. Schwartz's career, Mr. Schwartz has specialized in handling highly complex multi-party litigation in federal and state courts across the United States.

Prior to becoming a Partner of the Firm, Mr. Schwartz was a Partner at Wolf Popper LLP from 1998 to 2007. Mr. Schwartz began his legal career at Pomerantz Haudek Block & Grossman as an associate.

Mr. Schwartz is admitted to the Bar of the State of New York, the United States District Courts for the Southern District of New York, the United States Courts of Appeals for the First and Third Circuits. He received his B.S. from Brooklyn College in 1988, and his J.D. from Brooklyn Law School in 1992.

## ASSOCIATES

## EDWARD Y. KROUB

Mr. Kroub received his B.A. (with honors) from Brooklyn College in 2001 and his J.D. from New York Law School in 2004. Mr. Kroub is admitted to the Bar of the State of New York and in the United States District Courts for the Southern and Eastern Districts of New York.

Before joining the Firm, Mr. Kroub was as an associate at Lovell Stewart Halebian LLP, where he handled Antitrust, Securities and Commodities litigation matters.

## JOEL G. MACMULL

Mr. MacMull received his B.A. (with distinction) from McGill University in 1999 and his J.D. from the New England School of Law in 2004. Mr. MacMull also received his LL.M. in International Intellectual Property at the University of British Columbia. Mr. MacMull is admitted to the Bar of the State of New York. Published works include: Revolutionary Continuity in China: Temporary Dislocations or Terminal Hemorrhaging? Exposing Recent Legal Reforms as Revolutionary Conformity (citation forthcoming); and Removing the Charitable Veil: An Examination of U.S. Policy to Combat Terrorist Funding Charities Post 9/11,10 New Eng. J. Int'l & Comp. L. 121-136 (2004).

Prior to joining the Firm, Mr. MacMull was an Associate with a law firm in Vancouver, Canada where he counseled U.S. and Canadian clients in the areas of international and domestic intellectual property matters.

## JAMES M. SMITH

Mr. Smith received his B.A. from Lewis University in 2000 and his J.D. from John Marshall School of Law in 2004 where he was an Executive Member of John Marshall's Moot Court honors program. Mr. Smith is admitted to the Bar of the State of Illinois, the United States Court for the Northern and District of Illinois and the United States Court of Appeals for the Seventh Circuit.

Before joining the Firm, Mr. Smith was an Associate at Horwitz, Horwitz & Associates where he specialized in large class action lawsuits brought on behalf of those who have been defrauded by businesses.

## GINA M. TUFARO

Ms. Tufaro received her B.A. (magna cum laude) from Rutgers University in 1999 and her J.D. (magna cum laude) from New York Law School in 2002 where she served as Managing Editor of The Journal of Human Rights. Ms. Tufaro is admitted to the Bar of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second, Fifth and Seventh Circuits. Published works

include:  Will Carnivore Devour the Fourth?  An Exploration Into the Constitutionality of the FBI Created Program, 18 N.Y.L.J. Hum. Rts. 305.

Before joining the Firm, Ms. Tufaro was an Associate at Abbey Spanier Rodd Abrams & Paradis, LLP where she specialized in complex class and individual actions brought on behalf of victims of corporate, consumer and securities fraud.

1  PAUL R. KIESEL (SBN 11985§4)
2  KIESEL BOUCHER LARSON LLP
   8648 Wilshire Boulevard
3  Beverly Hills, California 90211-2910
   Telephone: 310/854.4444
4  310/854.0812 (fax)
5  Kiesel@kbla.com

6  Local Counsel for Movant

7
   HORWITZ, HORWITZ & PARADIS, Attorneys at Law
8  Paul O. Paradis
   Michael A. Schwartz
9  Gina M. Tufaro
10 28 West 44th Street, 16th Floor
   New York, NY 10036
11 (212) 404-2200
12 Facsimile (212) 404-2226
   Email: pparadis@hhplawny.com
13 Email: mschwartz@hhplawny.com
   Email: gtufaro@hhplawny.com
14
15 Attorneys for Movant International Brotherhood Of Electrical
   Workers Local 697 Pension Fund
16
17              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
18                    SAN JOSE DIVISION

19 ALLAN QUERY, Individually and on        )   Civil Action No. 08-cv-00832-PVT
   Behalf of All Others Similarly Situated, )
20                                          )   Magistrate Judge Patricia V. Trumbull
21                            Plaintiff,    )   **CERTIFICATION OF FINANCIAL
                                            )   INTEREST PURSUANT TO CIVIL
22            vs.                           )   LOCAL RULE R. 3-7(d)**
23                                          )
   MAXIM INTEGRATED PRODUCTS,               )
24 INC., JOHN F. GIFFORD and CARL W.        )
   JASPAR,                                  )
25                                          )
26                            Defendants.   )
   _____
27
28

**CERTIFICATION OF FINANCIAL INTEREST PURSUANT TO CIVIL LOCAL RULE R. 3-7(d)**

1    Pursuant to Civil Local Rule 3-7(d), the undersigned counsel for movant

2  International Brotherhood of Electrical Workers Local 697 Pension Fund hereby

3  affirms under penalty of perjury that counsel does not directly own or otherwise

4  have a beneficial interest in the securities that are the subject of the above-

5  captioned action.

6  DATED: April 7, 2008                    Respectfully Submitted,

7

8                                         **KIESEL BOUCHER LARSON, LLP**

9

10                                        By:  /s/    Paul R. Kiesel
                                                  Paul R. Kiesel, Esq.
11

12                                        8648 Wilshire Boulevard
                                          Beverly Hills, California 90211
13                                        Telephone: (310) 854-4444
                                          Facsimile: (310) 854-0812
14

15                                        *Local Counsel For Movant*

16                                        **HORWITZ, HORWITZ & PARADIS,**
                                          **Attorneys At Law**
17                                        Paul O. Paradis, Esq.
                                          Michael A. Schwartz, Esq.
18                                        Gina M. Tufaro, Esq.
                                          28 West 44th Street, 16th Floor
19                                        New York, New York, 10036
                                          Telephone: (212) 404-2200
20                                        Facsimile: (212) 404-2226
21

22                                        *Counsel For Movant International*
                                          *Brotherhood Of Electrical Workers*
23                                        *Local 697 Pension Fund*
24

25

26

27

28

**CERTIFICATION OF FINANCIAL INTEREST PURSUANT TO CIVIL LOCAL RULE R. 3-7(d)**

1  PAUL R. KIESEL (SBN 119854)
2  KIESEL BOUCHER LARSON LLP
   8648 Wilshire Boulevard
3  Beverly Hills, California 90211-2910
   Telephone: 310/854.4444
4  310/854.0812 (fax)
   Kiesel@kbla.com
5
6  Local Counsel for Movant
7
   HORWITZ, HORWITZ & PARADIS, Attorneys at Law
8  Paul O. Paradis
   Michael A. Schwartz
9  Gina M. Tufaro
10 28 West 44th Street, 16th Floor
   New York, NY  10036
11 (212) 404-2200
   Facsimile (212) 404-2226
12 Email: pparadis@hhplawny.com
   Email: mschwartz@hhplawny.com
13 Email: gtufaro@hhplawny.com
14
15 Attorneys for Movant International Brotherhood Of Electrical
   Workers Local 697 Pension Fund
16
17          UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF CALIFORNIA
18               SAN JOSE DIVISION

19 ALLAN QUERY, Individually and on        )  Civil Action No. 08-cv-00832-PVT
   Behalf of All Others Similarly Situated, )
20                                          )  Magistrate Judge Patricia V. Trumbull
                                            )
21                        Plaintiff,        )  **[PROPOSED] ORDER APPOINTING
                                            )  LEAD PLAINTIFF AND LEAD
22              vs.                         )  COUNSEL**
                                            )
23 MAXIM INTEGRATED PRODUCTS,               )
24 INC., JOHN F. GIFFORD and CARL W.        )  **Location:        Courtroom 5**
   JASPAR,                                  )  **Hearing Date:   May 13, 2008**
25                                          )  **Hearing Time:    9:00 a.m.**
26                        Defendants.       )
   _____
27
28

_____

          **[PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**

1    The Court, having considered the lead plaintiff motions and all papers filed

2    in connection therewith, and good cause appearing therefore, hereby orders as

3    follows:

4        1.   The Motion of the International Brotherhood of Electrical Workers

5    Local 697 Pension Fund is GRANTED;

6        2.  Any actions filed in this Court based on substantially similar factual

7    allegations and making substantially similar legal claims shall be consolidated

8    with this Action for all purposes in order to eliminate duplicative discovery,

9    prevent inconsistent pretrial rulings, and conserve the resources of the parties,

10   their counsel and the Court;

11       3.  Class member International Brotherhood of Electrical Workers Local

12   697 Pension Fund is the "most adequate plaintiff" and accordingly, is appointed

13   Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii); and

14       4.  Horwitz, Horwitz & Paradis, Attorneys at Law, is appointed Lead

15   Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), and Kiesel Boucher Larson

16   LLP is appointed Liaison Counsel.

17   IT IS SO ORDERED.

18   DATED:_____

19

20                      _____

                          THE HONORABLE PATRICIA V. TRUMBULL

21                          MAGISTRATE JUDGE

22   Submitted by:

23   HORWITZ, HORWITZ & PARADIS,
      Attorneys At Law

24   Paul O. Paradis, Esq.
      Michael A. Schwartz, Esq.

25   Gina M. Tufaro, Esq.
      28 West 44th Street, 16th Floor

26   New York, New York, 10036
      Telephone: (212) 404-2200

27   Facsimile: (212) 404-2226

28

1      --and--

2   KIESEL BOUCHER LARSON, LLP

3   Paul R. Kiesel, Esq.
4   8648 Wilshire Boulevard
    Beverly Hills, California 90211
5   Telephone: (310) 854-4444
    Facsimile: (310) 854-0812
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**

1   PAUL R. KIESEL (SBN 119854)
2   KIESEL BOUCHER LARSON LLP
    8648 Wilshire Boulevard
3   Beverly Hills, California 90211-2910
    Telephone: 310/854.4444
4   310/854.0812 (fax)
5   Kiesel@kbla.com

6   Local Counsel for Movant

7
    HORWITZ, HORWITZ & PARADIS, Attorneys at Law
8   Paul O. Paradis
    Michael A. Schwartz
9   Gina M. Tufaro
10  28 West 44th Street, 16th Floor
    New York, NY 10036
11  (212) 404-2200
12  Facsimile (212) 404-2226
    Email: pparadis@hhplawny.com
13  Email: mschwartz@hhplawny.com
    Email: gtufaro@hhplawny.com
14

15  Attorneys for Movant International Brotherhood Of Electrical
    Workers Local 697 Pension Fund
16

17              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
18                  SAN JOSE DIVISION

19  ALLAN QUERY, Individually and on   )  Civil Action No. 08-cv-00832-PVT
    Behalf of All Others Similarly Situated,
20                                     )  Magistrate Judge Patricia V. Trumbull
21                        Plaintiff,   )

22              vs.                    )  **CERTIFICATE OF SERVICE**

23                                     )
    MAXIM INTEGRATED PRODUCTS,
24  INC., JOHN F. GIFFORD and CARL W.  )
    JASPAR,                            )
25
26  _____ Defendants. )

27

28

                    **CERTIFICATE OF SERVICE**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the City of Beverly Hills and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action.  My business address is 8648 Wilshire Boulevard, Beverly Hills, California 90211.

I served on April 7, 2008 the foregoing documents described as:

(i)    **NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL AND LIAISON COUNSEL;**

(ii)    **DECLARATION OF MICHAEL A. SCHWARTZ IN SUPPORT OF THE MOTION OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 697 PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL AND LIAISON COUNSEL;**

(iii)    **[PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL;**

(iv)    **CERTIFICATION OF FINANCIAL INTEREST PURSUANT TO CIVIL LOCAL RULE R. 3-7(d).**

on the interested parties by electronically filing with the Court a true and correct copy thereof and causing a true and correct copy to be delivered to the addressed as follows:

Laurence M. Rosen
The Rosen Law Firm, P.A.
350 5th Avenue
Suite 5508
New York, NY 10118
212-686-1060
Fax: 212-202-3827
Email: lrosen@rosenlegal.com

**CERTIFICATE OF SERVICE**

Lionel Z. Glancy
Glancy Binkow & Goldberg LLP
1801 Avenue of The Stars
Suite 311
Los Angeles, CA 90067
310-201-9150
Fax: 310-201-9160
Email: info@glancylaw.com
Attorneys for Plaintiff Allan Query

[X]    VIA OVERNIGHT MAIL:
       VIA: By delivering such documents to an overnight mail service or an
       authorized courier in an envelope or package designated by the express
       service courier addressed to the person(s) on whom it is to be served.

[ ]    VIA U.S. MAIL:
       I am readily familiar with the firm's practice for collection and
       processing of correspondence for mailing. Under that practice, such
       envelope(s) would be deposited with the U.S. postal service with
       postage thereon fully prepaid, at Beverly Hills, CA.

[ ]    VIA PERSONAL DELIVERY:
       I personally delivered such envelope(s) by hand to the offices of the
       addressee pursuant to CCP § 1011.

[ ]    VIA ELECTRONIC MAIL:
       I personally served upon all parties the above-referenced documents via
       electronic mail to the e-mail addresses for those individuals noted to
       have e-mail addresses on the attached Proof of Service List.

[ ]    VIA FACSIMILE:

**CERTIFICATE OF SERVICE**

1    The interested parties receiving the above-referenced documents via
2    facsimile have agreed to accept same via facsimile transmission, and
3    the facsimile transmission report indicated that the transmission was
4    complete and without error. A copy of that report, which was properly
5    issued by the transmitting machine, is attached hereto.

6

7    ☐  STATE:
8        I declare under penalty of perjury, under the laws of the State of
9        California that the foregoing is true and correct.

10

11    ☒  FEDERAL:
12        I declare that I am employed in the office of a member of the bar of this
13        court at whose direction the service was made.

14

15    I declare under penalty of perjury under the laws of the State of California
16    that the above is true and correct and was executed on April 7, 2008, at Beverly
17    Hills, CA.

18
19
20                                                    _____
21                                                    Julissa E. Salgueiro
22
23
24
25
26
27
28

---

**CERTIFICATE OF SERVICE**