1  Timothy J. Burke (181866)
   service@ssbla.com
2  STULL, STULL & BRODY
   10940 Wilshire Boulevard
3  Suite 2300
   Los Angeles, CA  90024
4  Tel:    (310) 209-2468
   Fax:    (310) 209-2087
5
   Jules Brody
6  Aaron L. Brody
   SSBNY@aol.com
7  STULL, STULL & BRODY
   6 East 45th Street
8  New York, NY 10017
   Tel:    (212) 687-7230
9  Fax:    (212) 490-2022

10 Proposed Lead Counsel for Plaintiffs

11

12                             UNITED STATES DISTRICT COURT

13                            NORTHERN DISTRICT OF CALIFORNIA

14

15

16 ALLAN QUERY, Individually and on            )   CASE NO. C08-00832 PVT
   Behalf of All Others Similarly Situated,    )
17                                             )   **CLASS ACTION**
                         Plaintiff,            )
18      v.                                     )   **NOTICE OF MOTION AND MOTION BY
                                               )   RICK T. BURNINGHAM FOR
19 MAXIM INTEGRATED PRODUCTS,                  )   APPOINTMENT OF LEAD PLAINTIFF
   INC., JOHN F. GIFFORD and CARL W.           )   AND LEAD COUNSEL PURSUANT TO
20 JASPAR,                                     )   SECTION 21D OF THE SECURITIES
                                               )   EXCHANGE ACT OF 1934;
21                       Defendants.           )   MEMORANDUM OF POINTS AND
   _____        )   AUTHORITIES IN SUPPORT THEREOF**
22
                                                   DATE:    May 13, 2008
23                                                 TIME:    10:00 a.m.
                                                   JUDGE:   Honorable Patricia V. Trumbull
24                                                 CTRM:    5, 4th Floor

25

26

27

28

**NOTICE, MOTION & MEMORANDUM OF POINTS & AUTHORITIES BY RICK T. BURNINGHAM FOR APPOINTMENT
OF LEAD PLAINTIFF AND LEAD COUNSEL
CASE NO. C08-00832 PVT**                                           Z:\STULL\MAXIM\PLD\LP Mtn & MPA.wpd

1  TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  PLEASE TAKE NOTICE that on May 13, 2008, at 10:00 a.m., before the Honorable Patricia V. Trumbull in Courtroom 5, 4th Floor, located at 280 South First Street, San Jose, California 95113, Rick T. Burningham (hereinafter "Movant" or "Mr. Burningham") will, and hereby does, move this Court for an order granting his Motion for Appointment of Lead Plaintiff and Lead Counsel Pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Motion").

This Motion is brought pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a), on the grounds that Movant has timely filed his Motion and is the "most adequate plaintiff." Moreover, Movant meets the requirements of Rule 23 of the Federal Rules of Civil Procedure for the purposes of this Motion in that his claims are typical of the other class members' claims and Movant will fairly and adequately represent the class. Movant also seeks the Court's approval of his selection of counsel, Stull, Stull & Brody, a law firm with substantial experience in prosecuting securities fraud class actions, as Lead Counsel pursuant to §21D(a)(3)(B)(v), 15 U.S.C. §78u-4(a)(3)(B)(v).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Timothy J. Burke filed herewith, the pleadings and other files herein, and on such other written or oral argument as may be permitted by the Court.

Dated: April 7, 2008                     Timothy J. Burke
                                         STULL, STULL & BRODY

                              By:        /s/
                                         Timothy J. Burke
                                         10940 Wilshire Boulevard
                                         Suite 2300
                                         Los Angeles, CA  90024
                                         Tel:   (310) 209-2468
                                         Fax:   (310) 209-2087

//
//
//

1

**NOTICE, MOTION & MEMORANDUM OF POINTS & AUTHORITIES BY RICK T. BURNINGHAM FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**
**CASE NO. C08-00832 PVT**                                     Z:\STULL\MAXIM\PLD\LP Mtn & MPA.wpd

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Jules Brody  
Aaron L. Brody  
STULL, STULL & BRODY  
6 East 45th Street  
New York, NY 10017  
Tel:   (212) 687-7230  
Fax:   (212) 490-2022  

Proposed Lead Counsel for Plaintiffs

2

**NOTICE, MOTION & MEMORANDUM OF POINTS & AUTHORITIES BY RICK T. BURNINGHAM FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**
**CASE NO. C08-00832 PVT**                                    Z:\STULL\MAXIM\PLD\LP Mtn & MPA.wpd

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Presently pending in this District is a securities fraud class action against Maxim Integrated Products, Inc. ("Maxim" or the "Company") and certain of its officers and directors. It alleges a common scheme and course of conduct by defendants to defraud investors in violation of §10(b) and Rule 10b-5 promulgated thereunder, and §20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (codified at 15 U.S.C. §78u-4), Movant respectfully submits this memorandum in support of his Motion for appointment as Lead Plaintiff and approval of his choice of Stull, Stull & Brody as Lead Counsel.

Movant acquired Maxim securities, and seeks to represent all persons who acquired such securities from April 29, 2003 through January 17, 2008, inclusive (the "Class Period") and suffered damages as a result of defendants' violations of the federal securities laws.[1] As is more fully alleged throughout the complaint, this action arises from damages incurred by all persons who purchased securities of Maxim during the Class Period and were damaged thereby, excluding defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest (the "Class") as a result of a scheme and common course of conduct by defendants which operated as a fraud and deceit on the Class during the Class Period.

In class actions filed under the federal securities laws, the PSLRA requires that courts appoint as lead plaintiffs those members of the Class that have satisfied certain procedural

---

[1] The PSLRA specifically authorizes class members, regardless of whether they have filed a complaint, to move for appointment of Lead Plaintiff. *See* 15 U.S.C. §78u-4 (a)(3)(B). Movant has completed a sworn certification listing his purchases of Maxim stock and requesting that he be appointed Lead Plaintiff. *See* Exhibit 2 to the Declaration of Timothy J. Burke in Support of Rick T. Burningham's Motion for Appointment of Lead Plaintiff and Lead Counsel Pursuant to Section 21D of the Securities Exchange Act of 1934 (hereinafter "Burke Decl. Ex.___"). Movant's counsel represents additional members of the Class who are also willing to be lead plaintiff, but have less in total damages than Movant.

3

**NOTICE, MOTION & MEMORANDUM OF POINTS & AUTHORITIES BY RICK T. BURNINGHAM FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**
**CASE NO. C08-00832 PVT**                                                Z:\STULL\MAXIM\PLD\LP Mtn & MPA.wpd

1  prerequisites and also constitute the "most adequate" representative of the purported Class. Movant
2  satisfies the criteria for selection as lead plaintiff for the investors he seeks to represent. Therefore,
3  he should be appointed as lead plaintiff and his choice of counsel should be approved by the Court
4  in accordance with the PSLRA.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Maxim designs, develops, and manufactures analog, mixed-signal, high-frequency, and digital circuits. In addition to Maxim, defendants are certain officers and/or directors of Maxim.

The complaint charges that Maxim and certain of its former officers violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by engaging in improper stock option backdating that caused the issuance of materially false and misleading financial statements during the Class Period. On January 17, 2008, the Company announced that it would be restating its financial statements to record between $550 million and $650 million of additional stock-based compensation expense and that its previously issued financial statements could no longer be relied on. As a result of these adverse disclosures, the Company's stock price declined 22%.

## ARGUMENT

**II. MOVANT IS THE MOST ADEQUATE PLAINTIFF UNDER THE PSLRA AND SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA provides that within 60 days after the publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiffs in response to any such notice by not later than 90 days after the date of publication pursuant to §21D, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this section of the Exchange Act, the court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person, or group of persons, which:

(aa)   has either filed the complaint or made a motion in response to a notice . . .;

4

      (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

      (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Here, Mr. Burningham satisfies all the prerequisites for appointment as lead plaintiff with respect to the Class he seeks to represent and there is no infirmity in his ability to fulfill his obligations properly.

### A. Movant Made His Motion Within 60 Days of Publication of Notice

The first requirement to being appointed a lead plaintiff is to have "either filed a complaint or made a motion in response to a notice . . . ." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Here, a notice was issued on February 6, 2008, announcing that a class action had been commenced against Maxim and that any potential class member may be entitled to appointment as lead plaintiff in the action by filing a motion with the Court no later than April 7, 2008. *See* Burke Decl., Ex. 1. By filing this motion, Mr. Burningham satisfies this requirement.

### B. Movant Has the Largest Financial Interest in the Relief Sought

The second requirement to being appointed a lead plaintiff is that "in the determination of the court, [the plaintiff] has the largest financial interest in the relief sought by the class" of those persons moving to be appointed lead plaintiffs. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). The presumptive lead plaintiff has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002), *citing* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). To make this comparison, the district court must calculate each potential lead plaintiff's financial interest in the litigation. *Id* at 730, n.4. In other words, the district court must compare the financial stakes of the various plaintiffs and determine which plaintiff has the most to gain from the lawsuit. *Id*. at 729-30.

During the Class Period, Movant purchased his Maxim stock at prices artificially inflated by defendants' false and misleading statements and has suffered substantial losses during the Class

5

**NOTICE, MOTION & MEMORANDUM OF POINTS & AUTHORITIES BY RICK T. BURNINGHAM FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**
**CASE NO. C08-00832 PVT**                                                                                            Z:\STULL\MAXIM\PLD\LP Mtn & MPA.wpd

Period.[2] *See* Burke Decl. Ex. 3. Indeed, as the result of his purchases during the Class Period, Mr. Burningham incurred at least $34,249 in damages. *Id.* To the best of his knowledge, Movant has the largest financial interest in the relief sought by the Class. Movant is, therefore, presumptively the most adequate Lead Plaintiff pursuant to the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### C. The Proposed Lead Plaintiff is Qualified under Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA provides that the Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of the class representative, Rule 23(a) requires that the claims be typical of the claims of the Class and that the representative will fairly and adequately protect the interests of the Class.

Here, Movant satisfies the typicality and adequacy requirements of Rule 23(a) because, as shown below, his claims are typical of the claims of the Class, he will fairly and adequately represent the interests of the Class because his interests are clearly aligned with the members of the Class and he has retained experienced class counsel to represent the Class.

#### 1. The Claims of the Proposed Lead Plaintiff Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff has: (a) suffered the same or similar injuries as the absent class members; (b) as a result of the same course of conduct by defendants; and (c) the claims are based on the same legal issues. "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992)(citation omitted). "Typicality refers to the nature of the claim ... and not to specific facts.... Accordingly,

---

[2] Pursuant to Section 21D(e)(1) of the 1934 Act, the calculated damages for plaintiffs holding their shares through the end of the class period is "the difference between the purchase or sale price paid or received . . . and the mean trading price of that security during the 90 day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. §78u-4(e)(1). Here, 90 days have not yet passed from the time information correcting the misstatements or omissions were disseminated to the market, so calculations were made as of the close of trading on April 4, 2008, the Friday prior to the submission of this motion.

differences in the amount of damage, the size or manner of [stock] purchase, [and] the nature of the purchaser ... will not render a claim atypical in most securities cases." *Weinberger v. Jackson*, 102 F.R.D. 839, 844 (N.D. Cal. 1984) (citation omitted).

Here, the questions of law and fact common to the Class members which predominate over questions that may affect individual claims include:

(a)   whether the federal securities laws were violated by defendants' acts;

(b)   whether defendants' statements during the Class Period omitted and/or misrepresented material facts;

(c)   whether defendants pursued the fraudulent scheme and course of conduct complained of;

(d)   whether the defendants acted intentionally or recklessly;

(e)   whether the market price of Maxim's stock was artificially inflated due to the activities complained of; and

(f)   the extent of damages Class members sustained and the appropriate measure of those damages.

Movant's claims are typical of the claims of the members of the proposed Class. Movant, same as all members of the proposed Class, alleges that Maxim and certain of its directors and high ranking officers, violated the Exchange Act by publicly disseminating false and misleading statements, and by failing to disclose material adverse facts about Maxim during the Class Period. Further, Movant, as did all of the members of the proposed Class, acquired Maxim securities at prices inflated by defendants' misrepresentations and omissions and was damaged thereby. The typicality requirement is satisfied here because the claims asserted by Movant are based on the same legal theory and arise from the "same event or course of conduct" giving rise to the claims of other class members. *See Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. 333, 336 (D. Or. 1988). *Accord, Blackie v. Barrack,* 524 F.2d 891, 902-03 & n.19 (9th Cir. 1975), *cert. denied,* 429 U.S. 816 (1976); *Freedman v. Louisiana-Pacific Corp.*, 922 F. Supp. 377, 399 (D. Or. 1996).

7

**NOTICE, MOTION & MEMORANDUM OF POINTS & AUTHORITIES BY RICK T. BURNINGHAM FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**
**CASE NO. C08-00832 PVT**                                                                Z:\STULL\MAXIM\PLD\LP Mtn & MPA.wpd

### 2. The Proposed Lead Plaintiff Will Fairly and Adequately Represent the Interests of the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Adequacy depends on two questions: "(1) whether the named Plaintiffs and their counsel have any conflicts of interest with other class members and (2) whether the named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class." *In re THQ Inc. Sec. Litig.*, 2002 U.S. Dist. LEXIS 7753 at *20 (C.D. Cal. Mar. 22, 2002)(citation omitted).

Movant's interests are clearly aligned with the members of the proposed Class. There is no evidence of any antagonism between Movant's interests and those of the proposed Class members. As detailed above, Movant shares substantially similar questions of law and fact with the members of the proposed Class, his claims are typical of the members of the Class, and he has taken significant steps to advance this litigation. He is the victim of the same conduct as the other members of the Class and his claims raise similar questions of law and fact as those of other members. To further his own interests, he will necessarily have to advance the interests of all such Class members. Mr. Burningham does not have any conflict with the interests of the other members of the Class. He wants to obtain the maximum recovery for the Class so as to maximize the recovery for himself and all similarly situated members. In addition, Movant has amply demonstrated his adequacy to serve as class representative by signing a certification affirming his willingness to serve as, and assume the responsibilities of, class representative. Finally, Movant has selected and retained counsel highly experienced in prosecuting securities class actions such as this action to represent him. For these reasons, Movant should be appointed Lead Plaintiff in this action.

### III. THIS COURT SHOULD APPROVE THE PROPOSED LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* §21D(a)(3)(B)(v). Movant has selected the law firm of Stull, Stull & Brody to serve as Lead Counsel for the Class. Stull, Stull & Brody possesses extensive experience in the

8

area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Burke Decl. Ex. 4.

**IV.   CONCLUSION**

For all the foregoing reasons, Movant respectfully requests that this Court appoint him as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the 1934 Act, and approve his choice of Stull, Stull & Brody as Lead Counsel for the Class pursuant to Section 21D(a)(3)(B)(v) of the 1934 Act.

Dated: April 7, 2008

Timothy J. Burke
STULL, STULL & BRODY

By:     /s/
Timothy J. Burke
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA  90024
Tel:   (310) 209-2468
Fax:   (310) 209-2087

Jules Brody
Aaron L. Brody
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel:   (212) 687-7230
Fax:   (212) 490-2022

Proposed Lead Counsel for Plaintiffs

9

**NOTICE, MOTION & MEMORANDUM OF POINTS & AUTHORITIES BY RICK T. BURNINGHAM FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**
**CASE NO. C08-00832 PVT**                                                Z:\STULL\MAXIM\PLD\LP Mtn & MPA.wpd