1   Timothy J. Burke (181866)
    service@ssbla.com
2   STULL, STULL & BRODY
    10940 Wilshire Boulevard
3   Suite 2300
    Los Angeles, CA  90024
4   Tel:    (310) 209-2468
    Fax:    (310) 209-2087
5
    Jules Brody
6   Aaron L. Brody
    SSBNY@aol.com
7   STULL, STULL & BRODY
    6 East 45th Street
8   New York, NY 10017
    Tel:    (212) 687-7230
9   Fax:    (212) 490-2022

10  Proposed Lead Counsel for Plaintiffs

11

12                  **UNITED STATES DISTRICT COURT**

13                **NORTHERN DISTRICT OF CALIFORNIA**

14

15

16  ALLAN QUERY, Individually and on          )   CASE NO. C08-00832 PVT
    Behalf of All Others Similarly Situated,   )
17                                             )   **CLASS ACTION**
                        Plaintiff,             )
18        v.                                   )   **DECLARATION OF TIMOTHY J. BURKE**
                                               )   **IN SUPPORT OF MOTION BY RICK T.**
19  MAXIM INTEGRATED PRODUCTS,                 )   **BURNINGHAM FOR APPOINTMENT OF**
    INC., JOHN F. GIFFORD and CARL W.          )   **LEAD PLAINTIFF AND LEAD COUNSEL**
20  JASPAR,                                    )   **PURSUANT TO SECTION 21D OF THE**
                                               )   **SECURITIES EXCHANGE ACT OF 1934**
21                      Defendants.            )
    _____        )   DATE:    May 13, 2008
22                                                 TIME:    10:00 a.m.
                                                   JUDGE:   Honorable Patricia V. Trumbull
23                                                 CTRM:    5, 4th Floor

24

25

26

27

28

---

**DECL. OF TIMOTHY J. BURKE ISO MOTION BY RICK T. BURNINGHAM FOR APPOINTMENT OF LEAD PLAINTIFF
AND LEAD COUNSEL**
**CASE NO. C08-00832 PVT**                                              Z:\STULL\MAXIM\PLD\LP Decl.wpd

1  I, Timothy J. Burke, declare as follows:

2      1.    I am an attorney admitted to practice in the State of California and this District.  I am

3  an associate with the law firm of Stull, Stull & Brody, counsel for proposed lead plaintiff Rick T.

4  Burningham.  I submit this Declaration in support of the Motion of Rick T. Burningham to be

5  appointed lead plaintiff and for approval of his selection of lead counsel.  I am familiar with this

6  matter and have knowledge of the information stated herein.

7      2.    Attached hereto as Exhibit 1 is a true and correct copy of a press release distributed

8  by *Market Wire* on February 6, 2008 entitled: "The Rosen Law Firm Files Securities Class Action

9  Charging Maxim Integrated Products, Inc. With Violations of the Federal Securities Laws -

10  MXIM.PK"

11      3.    Attached hereto as Exhibit 2 is a true and correct copy of the certification submitted

12  by Rick T. Burningham.

13      4.    Attached hereto as Exhibit 3 is a true and correct copy of the damage chart outlining

14  Rick T. Burningham's purchases, sales and losses.

15      5.    Attached hereto as Exhibit 4 is a true and correct copy of the firm biography of Stull,

16  Stull & Brody.

17      I declare under penalty of perjury under the laws of the State of California and the United

18  States of America that the foregoing is true and correct.  Executed this 7th day of April, 2008 at Los

19  Angeles, California.

20

21                                        _____
                                              /s/
                                          Timothy J. Burke

22

23

24

25

26

27

28

1

**DECL. OF TIMOTHY J. BURKE ISO MOTION BY RICK T. BURNINGHAM FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**
**CASE NO. C08-00832 PVT**                                      Z:\STULL\MAXIM\PLD\LP Decl.wpd

5 of 6 DOCUMENTS

Copyright 2008 Market Wire, Incorporated
All Rights Reserved
Market Wire

February 6, 2008 Wednesday 8:11 PM GMT

**LENGTH:** 451 words

**HEADLINE:** The Rosen Law Firm Files Securities Class Action Charging Maxim Integrated Products, Inc. With Violations of the Federal Securities Laws - MXIM.PK

**DATELINE:** NEW YORK, NY; Feb 06, 2008

**BODY:**

The Rosen Law Firm today announced that it has filed a class action lawsuit on behalf of purchasers of the common stock and options of Maxim Integrated Products, Inc. ("Maxim" or the "Company") (PINKSHEETS: MXIM) (formerly NASDAQ: MXIM), during the period from April 29, 2003 through January 17, 2008 (the "Class Period").

To join the Maxim class action, go to the website at http://www.rosenlegal.com or call Laurence Rosen, Esq. or Phillip Kim, Esq. toll-free at 866-767-3653 or email lrosen@rosenlegal.com or pkim@rosenlegal.com for information on the class action.

NO CLASS HAS YET BEEN CERTIFIED IN THE ABOVE ACTION.  UNTIL A CLASS IS CERTIFIED, YOU ARE NOT REPRESENTED BY COUNSEL UNLESS YOU RETAIN ONE. YOU MAY ALSO REMAIN AN ABSENT CLASS MEMBER.

The case is pending in the United States District Court for the Northern District of California as case no. 08-cv-0832.  You can obtain a copy of the complaint from the clerk of court or you may contact counsel for plaintiffs Laurence Rosen, Esq. or Phillip Kim, Esq. toll-free at 866-767-3653 or email lrosen@rosenlegal.com or pkim@rosenlegal.com

The complaint charges that Maxim and certain of its former officers violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by engaging in improper stock option backdating that caused the issuance of materially false and misleading financial statements during the Class Period.

The complaint asserts that on January 17, 2008, the Company announced that it would be restating its financial statements to record between $550 million and $650 million of additional stock-based compensation expense and that its previously issued financial statements could no longer be relied on.  As a result of these adverse disclosures, the Company's stock price has declined 22%.

A class action lawsuit has already been filed on behalf of Maxim shareholders.  If you wish to serve as lead plaintiff, you must move the Court no later than April 7, 2008. If you wish to join the litigation or to discuss your rights or interests regarding this class action, please contact plaintiff's counsel, Laurence Rosen, Esq. or Phillip Kim, Esq. of The Rosen Law Firm toll free at 866-767-3653 or via e-mail at lrosen@rosenlegal.com or pkim@rosenlegal.com

The Rosen Law Firm has expertise in prosecuting investor securities litigation and extensive experience in actions involving financial fraud. The Rosen Law Firm represents investors throughout the nation, concentrating its practice in

The Rosen Law Firm Files Securities Class Action Charging Maxim Integrated Products, Inc. With Violations of the Federal Securities Laws - MXIM.PK Market Wire February 6, 2008 Wednesday 8:11 PM GMT

securities class actions.

```
Contact:
Laurence Rosen, Esq.
Phillip Kim, Esq.
The Rosen Law Firm P.A.
Tel:  (212) 686-1060
Toll Free: 1-866-767-3653
Fax: (212) 202-3827
Email Contact
Email Contact
www.rosenlegal.com
```

SOURCE: The Rosen Law Firm

**LOAD-DATE:** February 7, 2008

## PLAINTIFF CERTIFICATION

_Rick T. Burningham_ ("Plaintiff") hereby states that:

1.    Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his/her behalf.

2.    Plaintiff did not purchase any securities of **Maxim Integrated Products, Inc.** at the direction of his/her counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.  I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Plaintiff Certification.  I am willing to serve as a lead plaintiff either individually or as part of a group.  A lead plaintiff is a representative party who acts on behalf of other class members in directing the action.

4.    The following includes all of Plaintiff's transactions in **Maxim Integrated Products, Inc.** common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| MXIM Common Stock | Purchase | 8 Aug. 2008 | $31.03 | 1000 |
| MXIM Common Stock | Purchase | 8 Aug. 2008 | $31.11 | 1000 |
| MXIM Common Stock | Purchase | 23 Sept. 2008 | $28.119 | 1000 |
|  |  |  |  |  |

**Please list other transactions on a separate sheet of paper, if necessary.**

5.    Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this _17th_ day of _March_ , 2008.

_Rick Burningham_
Signature

## MAXIM INTEGRATED PRODUCTS, INC.

**Movants' Register and Transaction Report**

| Plaintiff | Date of Purchase | Number of Shares | Price Per Share | | Cost Per Transaction | | Date of Sale | Number of Shares | Price Per Share[1] | | Gross Receipts | Gains (Losses) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RICK T. BURNINGHAM | 8/8/2007 | 1,000 | $ | 31.03 | $ | 31,030.00 | | | $ | 18.67 | $ | $ | (12,360.00) |
| | 8/8/2007 | 1,000 | $ | 31.11 | $ | 31,110.00 | | | $ | 18.67 | $ | $ | (12,440.00) |
| | 9/28/2007 | 1,000 | $ | 28.12 | $ | 28,119.00 | | | $ | 18.67 | $ | $ | (9,449.00) |
| **TOTAL:** | | **3,000** | | | **$** | **90,259.00** | | | | | | **$** | **(34,249.00)** |

**Footnotes:**

1)  For stock held and not sold, to-date, the "Price Per Share" becomes the "78-day" average price of $18.67 (i.e., the average price from 1/18/08 to 4/4/08), as a full 90-day period has not yet been reached.

# STULL, STULL & BRODY

### ATTORNEYS AT LAW

| | |
|---|---|
| 6 EAST 45TH STREET | 10940 WILSHIRE BOULEVARD |
| SUITE 500 | SUITE 2300 |
| NEW YORK, NY 10017 | LOS ANGELES, CA 90024 |
| TELEPHONE: (212) 687-7230 | TELEPHONE: (310) 209-2468 |
| FACSIMILE: (212) 490-2022 | FACSIMILE: (310) 209-2087 |

## BRIEF BIOGRAPHY OF STULL, STULL & BRODY

Over the past 30 years, Stull, Stull & Brody has developed a national reputation representing plaintiffs in securities class actions. Stull, Stull & Brody has litigated hundreds of securities cases obtaining nearly a billion dollars in settlements for aggrieved shareholders. Stull, Stull & Brody has also represented claimants in numerous class actions alleging violations of ERISA. With 18 attorneys and a full complement of secretarial and administrative personnel, Stull, Stull & Brody is capable of effectively prosecuting all types of complex litigation. Our lawyers possess outstanding credentials and have repeatedly been acknowledged for their achievements.

Stull, Stull & Brody has been recognized by numerous Courts for the high quality of its legal representation and for its excellence in the field of securities as evidenced by the following comments of judges in cases where Stull, Stull & Brody has taken a leading role:

> The firms involved, I think we heard from several of them today, the papers that have been submitted, it is clear of the dedication, devotion, professionalsm, and in the court's view efficiency of thse firms, so there is no question in the court's mind of the quality of the representation. *In re American Express Fin'l Advisors Sec. Litig., 04* Civ. 1773 (DAB) (S.D.N.Y. July 13, 2007).

> [T]his is one of the largest, if not the largest, securities fraud settlements in this district. The settlement size is particularly noteworthy as class counsel did not have the benefit of an SEC or other regulatory agency

investigation and so prosecuted the case without assistance. . . .  The management of the case was also of extremely high quality. . . . [C]lass counsel is of high caliber and has extensive experience in similar class action litigation.  Each of the co-lead counsel firms has a national reputation for advocacy in securities class actions, and there is no doubt that this standing enhanced their ability to prosecute the case effectively and to negotiate credibly. . . .  The submissions were of consistently high quality, and class counsel has been notably diligent in preparing filing in a timely manner even when under tight deadlines.  *In re Ikon Office Solutions, Inc Securities Litigation*, 2000 U.S. Dist. LEXIS 6510 (E.D. Pa. May 9, 2000).

I am satisfied that counsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation . . . well prepared, well spoken, []knew their stuff and []were a credit to their profession.  They are the top of the line. *In Re Electro-Catheter Corporation Securities Litigation*, Civ. No. 87-41 (D.N.J. September 7, 1989).

The court takes note of the competence of both plaintiffs' counsel and defendants' counsel and their extensive experience in litigating securities class actions.  The competence of plaintiffs' counsel resulted in this case being vigorously and efficiently prosecuted against very able opponents over a twenty month period and was a factor in bringing about settlement.  *Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997).

This case is a "model for how commercial litigation should be conducted and can be resolved." *Bash v. Diagnostek*, CV 94-794 M (D.N.M.).

Indeed, I indicate to. . .counsel for plaintiff that they have done an admirable job in this case in bringing it to finality and in bringing back to the shareholders of this corporation some moneys [sic] as a result of cer-tain things which occurred during the course of the operation of this corporation which perhaps should not have occurred.  *Finkel v. O'Brien*, Civ. No. 85-2539 (D.N.J. March 27, 1990).

All the firms involved in this litigation are highly experienced and well respected, particularly in the field of securities law litigation.  The Stull . . . firm [is one] of this area's, if not the nation's most active and successful law firms specializing in securities litigation.  *Stull v. Baker*, 410 F.Supp. 1326, 1332 (S.D.N.Y. 1976).

Stull, Stull & Brody's expertise in the field of securities litigation has also been

recognized by the following courts: *In re Frontier Group Insurance, Inc. Securities Litigation*, 172 F.R.D. 31 (E.D.N.Y. 1997); *In re Allegheny International Inc. Shareholder*

2

*Litigation*, 86-835 (W.D. Pa.) (Order, December 10, 1987, Diamond J.); *Zucker v. United States Steel*, C-1-79-588 (S.D. Ohio) (Order, October 14, 1981, Rubin, C.J.); *Friedman v. Colgate Palmolive*, 80 Civ. 2340 (CPS) (E.D. N.Y.) (Order, June 16, 1981, Sifton, J.); *Zuckerman v. Sparton*, G79-457-C.A. (W.D. Mich.) (Opinion and Order, April 14, 1981, Fox, J.); *Mottoros v. Abrams*, 524 F.Supp. 254 (N.D. Ill. 1981); *Koenig v. Smith*, 79 C 452 (ERN) (E.D.N.Y.) (Memorandum Opinion and Order, December 3, 1980, Neaher, J.); *Koenig v. Kenneally*, 79 Civ. 0487 (LBS) (S.D.N.Y.) (Opinion No. 49289, November 5, 1979, Sand, J.); *In Re Commonwealth Oil-Tesoro Petroleum Securities Litigation*, MDL No. 347 (Order, July 24, 1979, Higginbotham, J.); *Wietschner v. McCulloch*, CV 78-4036-RMT (C.D. Ca.) (Order, June 29, 1979, Takasugi, J.); *Fruchthandler v. LTV Corp.*, 77C 1879 (E.D.N.Y.) (Order, May 10, 1978, Nickerson, J.); *Lewis v. Adikes*, 76 F.R.D. 68 (E.D.N.Y. 1977); *Lewis v. Black*, [1976-77 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶95,738 (E.D.N.Y. 1976) (Mishler, C.J.); *Fruchthandler v. Blakely*, 73 F.R.D. 318 (S.D.N.Y. 1976).

## SEMINAL CASES

Throughout its 30 year history, Stull, Stull & Brody has been involved with a number of seminal cases that have significantly affected the landscape of securities litigation.

♦   In *Rand v. Monsanto Company*, 926 F.2d 596 (7th Cir. 1991),the firm appeared for the plaintiff in a landmark decision establishing the principle that a representative plaintiff need not be willing to bear all costs of an action to satisfy the adequacy of representation requirement.

♦   In *Small v. Fritz Companies Inc.*, 30 Cal.4th 167 (2003), the firm successfully argued before the California Supreme Court that a non-trading shareholder has the right to sue a corporation for damages where the shareholder relies on false financial statements issued by the corporation. The decision represented a significant doctrinal change and was widely heralded as a potent new weapon for investors.

♦ In *Lewis v. Black*, 74 F.R.D. 1 (E.D.N.Y. 1975), the firm established that neither the personality nor the motive of a proposed class representative was determinative of whether he would provide vigorous advocacy for the class, thereby preventing defendant corporations from compelling representatives to respond to questions regarding motives and actions in past cases.

♦ In *In re Cabletron Systems, Inc. Securities Litigation*, 311 F.3d 11 (1st Cir. 2002), the firm was instrumental in obtaining a reversal of a dismissal of a complaint under the pleading requirements of the Private Securities Litigation Reform Act.  This case established in the First Circuit that plaintiffs are not required to provide the names of informants in a complaint.

♦ In *In re Frontier Group Insurance Litigation*, Master File No. 94 Civ. 5213 (E.D.N.Y. 2002), the firm was instrumental in defeating a *Daubert* challenge and sustained the ability of the expert to testify as to aggregate damages based on the use of a trading model.

♦ In *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D. Ill. 1988) the firm established the applicability of the fraud-on-the-market theory of reliance for stocks trading on NASDAQ.

♦ The firm was instrumental in establishing new law on "fraud on the market" theory in the 5th Circuit decision of *Finkel v. Docutel/Olivetti Corporation*, 817 F.2d 356 (5th Cir. 1987), *cert. denied*, 485 U.S. 959 (1988), and, in the Northern District of Illinois decision of *Mottoros v. Abrams*, 524 F.Supp. 254 (N.D. Ill. 1981).

As a lead counsel, Stull, Stull & Brody has successfully litigated hundreds of actions, recovering nearly a billion dollars on behalf of defrauded shareholders. A sampling of these cases in which Stull, Stull & Brody had a leading role include:

Settled Securities Class Action Cases

• *In re Bankamerica Corp. Securities Litigation*, MDL No. 1264 (E.D. Mo. 2002) (recovery of $333.2 million)

• *In re Geodyne Resources, Inc. Securities Litigation* (Harris County Tex.) (recovery of $200 million)

• *In re Computer Associates Sec. Litig.*, Master File No. 98-CV-4839 (TCP) (E.D.N.Y. 2003) (recovery of 5.7 million shares (estimated at $134 million))

• *In re Ikon Office Solutions, Inc. Securities Litigation*, 2000 U.S. Dist. LEXIS 6510 (E.D. Pa. May 9, 2000) (recovery of $111 million)

- *Morse v. Abbott Laboratories*, C.A. No. 90 C 1982 (N.D. Ill. 1994) (jury verdict of $15 million)

- *In re Salomon Brothers Treasury Litigation*, Consolidated Action No. 91 Civ. 5471 (RPP) (S.D.N.Y. 1994) (recovery of $100 million)

- *In Re American Express Financial Advisors Sec. Litig.*, 04-cv-1773 (DAB) (SDNY 2007) (recovery of $100 million cash plus remedial measures)

- *Spahn v. Edward D. Jones & Co., L.P. et al*, 04-cv-00086 (E.D. Mo. 2007) (recovery of $72.5 million in credit vouchers and $44 million in cash for former Edward Jones customers)

- *In re Westinghouse Securities Litigation,* Civil Action No. 91-354 (W.D. Pa. 1999) (recovery of $67.25 million)

- *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca. 2006) (recovery of $56.29 million for partial settlement of claims)

- *In re Thomas & Betts Securities Litigation*, Case No. 00-2127 (W.D. Tenn. 2002) - related case:  *Pifko v. KPMG LLP*, Civ. Action No. 01-CV-2553 (W.D. Tenn. 2004) (recovery of $51.15 millon)

- *In re Tenneco Inc. Securities Litigation*, Civ. Action No. H-91-2010 (S.D. Tex. 1992) (recovery of $50 million)

- *In re Apria Healthcare Group Securities Litigation*, Master File No. 797060 (Superior Court of California, Orange County) (recovery of $42 million)

- *Thomas Levitan v. John B. McCoy, Jr., et al.*, Case No. 00 C 5096 (N.D. Ill. 2006) *(recovery of $39.9 million)*

- *In re Cannon Group Securities Litigation*, 86-5559-WMB (JRx) (C.D. Ca. 1988) (recovery of $33 million)

- *Teichler v. DSC Communications Corporation*, CA 3-85-2005-T (N.D. Tex. 1990) (recovery of $30 million)

- *Berger v. Compaq Computer Corp.*, Civ. Action No. 98-1148 (S.D. Tex. 2002) (recovery of $28.65 million)

- *In re: Northeast Utilities Securities Litigation*, Civil Action No. 397 CV 00189 AVC (D. Ct.) (recovery of $25 million)

- *Lasky v. Brown (United Companies Financial Corporation) Securities Litigation*, Civil Action No. 99-1035-B-M2 (M.D. La. 2002) (recovery of $20.5 million)

- Lasker et al v. Kanas et. al, Index No. 103557/06 (New York County, NY) (recovery of $20 million and other consideration)

- *Feinberg v. Hibernia Corp.*, Civil Action No. 90-4245 (E.D. La. 1995) (recovery of $20 million)

- *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, Master File No. 98 Civ. 4318 (HB) (S.D.N.Y.) (recovery of $18.5 million)

- *In re C.R. Bard, Inc. Securities Litigation*, Master File No. 90-948 (AMW) (D.N.J. 1991) (recovery of $17.9 million)
- *Spring v. Continental Illinois Corporation*, 84 C 4648 (N.D. Ill. 1987) (recovery of $17.5 million)

- *In re Green Tree Financial Corporation Stock Litigation*, Master File No. 97-2666 (JRT/RLE) (D. Minn. 2003) ($12.45 million)

- *In re Elscint Securities Litigation*, Civ. Action No. 85-2662-K (D. Mass. 1989) (recovery of $12 million)

- *In re National Medical Enterprises Securities Litigation II*, Case No. CV 93-5224 TJH (Bx) (C.D. Ca.) (recovery of $11.65 million)

- *Bash v. Diagnostic, Inc.*, Civil Action No. 94-784 (D.N.M.) (recovery of $10.7 million)

- *In re Cybermedia, Inc. Securities Litigation*, Master File No. 98-1811CBM (Ex) (C.D. Ca.) (recovery of $10.5 million)

- *In re Cabletron Systems, Inc. Sec. Litig.*, C 97-542 (D.R.I. 2006) (recovery of $10.5 million)

- *In re Physicians Corp. of America Sec. Litig.*, Case No. 97-3678-CIV (S.D. Fla. 2003) (recovery of $10.2 million)

- *In re Complete Management Inc. Sec. Litig.*, Master File No. 99 Civ. 1454 (NRB) (S.D.N.Y.) (recovery of $10.15 million)

- *In re U.S.A. Detergent Securities Litigation,* 97-CV-2459 (D.N.J. 1999) (recovery of $10 million)

- *In Re: Biopure Corporation Sec. Litig.*, Docket No. 03-CV-12628 (NG) (D. Mass. 2007) (cash recovery of $10 million)

- *In re Trump Hotels Shareholder Derivative Litig.*, 98-Civ-7820 (GEL) (S.D.N.Y. 2001) (recovery of assets for corporation valued in the range of $10 million)

- *In re Nice Systems, Ltd. Securities Litigation*, Master File No. 2:01 CV 737 (Judge Greenaway) (D.N.J. 2003) (recovery of $10 million)

- *Harman v. Lyphomed*, 88 C 476 (N.D. Ill. 1989) (recovery of $9.99 million)

- *In re Beverly Enterprises, Inc. Securities Litigation*, Master File No. CV 88-01189-RSWL (Tx) (C.D. Ca. 1992) (recovery of $9.975 million)

- *Greenfield v. Compuserve Corp.*, Case No. 96-CV-06-4810 (Franklin County, Ohio) (recovery of $9.5 million)

- *In re Stratosphere Securities Litigation*, Master File No. CV-S-96-00708-PMP (RLH) (D. Nev.) (recovery of $9 million)

- *In re Steven Madden Ltd. Securities Litigation*, No. 00-CV-3676 (JG) (E.D.N.Y. 2002) (recovery of $9 million)

- *In re Gibraltar Financial Corporation Securities Litigation*, CV 87-07876 MRP (Gx) (C.D. Ca. 1989) (recovery of $8.5 million)

- *In re FHP Securities Litigation*, Master File No. SACV 91-580-GLT (RWRx) (C.D. Ca. 1992) (recovery of $8.25 million)

- *Zucker v. Maxicare Health Plans, Inc.*, Case No. 88-02499-LEW (Tx) (C.D. Ca. 1991) (recovery of $8.1 million)

- *In re Orion Pictures Corp. Securities Litigation*, Master File No. 91 CV 1903 (CBA) (E.D.N.Y. 1992) (recovery of $8 million)

- *Berlinsky v. Alcatel*, 94-CIV-9084 CBM (S.D.N.Y.) (recovery of $8 million)

- *In re Triton Energy Corporation Securities Litigation*, Master File No. 3:92-CV-1069-H (N.D. Tex. 1993) (recovery of $8 million)

- *In re Cityscape*, CV 97 5668 (E.D.N.Y.) (recovery of $7 million)

- *In re Dime Savings Bank of New York Securities Litigation*, MDL Docket No. 846 (E.D.N.Y. 1993) (recovery of $6.8 million)

- *In re Western Digital Securities Litigation*, SACV 91-375(A) GLT (RWRx) (C.D. Ca.) (recovery of $6.75 million)

- *In re Bank of New England Corporation Class Action and Shareholder Litigations*, C.A. Nos. 89-2582-S, 89-2811-S (D. Mass. 1992) (recovery of $6.5 million)

- *In re Berkshire Realty Company, Inc. Shareholder Litigation*, C.A. No. 17242 (Delaware Chancery Court 2004) (recovery of $6.25 million)

- *Gerstein v. Micron Technology, Inc., et al.*, Civil No. 89-1262 (D. Id. 1993) (recovery of $6 million)

- *In re Ziff-Davis, Inc. Securities Litigation*, Master File No. 98-CIV-7158 (SWK) (S.D.N.Y. 2002) (recovery of $6 million)

- *Dynegy Inc., et al. v. Bernard V. Shapiro, et al.*, No. 2002-00080, in the 129th Judicial District, Harris County, Texas (recovery of $6 million)

- *In re Ascend Communications Securities Litigation*, Case No. 97-9376 MRP (AN) (C.D. Ca. 2002) (recovery of $5.45 million)

- *In re Brightpoint, Inc. Securities Litigation*, Case No.  IP 01 1796 C-T/K (recovery of $5.25 million)

- *Kushner v. Wang Laboratories*, Civil Action No. 89-1963-Y (D. Mass. 1994) (recovery of $5 million)

- *In re SouthEast Banking Corp. Securities Litigation*, Master File No. 90-0760-CIV-MOORE (S.D. Fla. 1993) (recovery of $5 million)

- *Wells v. Southmark Corporation, et al.*, CA3-85-1518-G (N.D. Tex. 1992) (recovery of $5 million)

- *In re Regeneron Pharmaceuticals, Inc. Securities Litigation,* Civil Action No. 03 CV 311 (RWS) (S.D.N.Y. 2005) (recover of $4.7 million)

- *In re Sunglass Hut Intl., Inc. Securities Litigation*, Case No. 97-0191-CIV-MOORE (S.D. Fl. 2001) (recovery of $4.5 million)

- *Clive T. Miller v. Apropos Technology, Inc., et al.*, No. 01 C 8406 (N.D. Ill. 2004) (recovery of $4.5 million)

- *In re Fidelity Holdings Securities Litigation*, Case No. CV 00 5078 (CPS) (VVP) (E.D.N.Y. 2003) (recovery of $4.45 million)

- *Adam Burstyn, et al. v. Worldwide Xceed Group, Inc., et al.*, Case No. 01 CV 1125 (GEL) (S.D.N.Y. 2005)(recovery of $4.4 million)

- *In re NetEase.com Sec. Litig.*, Civil Action No. 01-CV-9405 (RO) (S.D.N.Y. 2003) (recovery of $4.35 million)

- *In re Flextronics, Inc. Sec. Litig.*, No. C-03-2102 PJH (N.D. Ca. 2004) (recovery of $4.25 million)

- *Schaffer v. Timberland Co.*, 94-634-JD (D.N.H. 1997) (recovery of $4.2 million)

- *In re HMO America Securities Litigation*, Civ. No. 92 C 3305 (CPK) (N.D. Ill. 1993) (recovery of $4 million)

- *In re Nanophase Technologies Corporation Securities Litigation*, Case No. 98 C 3450 (N.D. Ill.) (recovery of $4 million)

- *In re Quintex Securities Litigation*, Master File No. CV-89-6182-R (C.D. Ca. 1990) (recovery of $4 million)

- *Walsingham v. Biocontrol Tech. Inc.*, Civil Action No. 96-809 (W.D. Pa.) (recovery of $3.7 million)

- *In re Irvine Sensors Corp. Sec. Litig.*, Master File No. SA 02-00159 GLT (MLGx) (C.D. Ca. 1994) (recovery of $3.5 million)

- *In re iTurf Inc. Shareholders Litigation*, Consolidated Civil Action No. 18242 NC (Delaware Chancery Court) (recovery of $3.25 million)

- *In re Safety Kleen Rollins Shareholder Litig.*, Case No. 3:00-1343-17 (D.S.C. 2005)(recovery of $3.15 million)

- *In re Kay Jewelers Securities Litigation*, Civil Action No. 90-1663A (E.D. Va. 1991) (recovery of $3 million)

- *Clarkson v. Greyhound Lines, Inc.*, 96-11329-C (Dist. Ct., Dallas County, Tex.) (recovery of $3 million)

- *In re TwinLab Corp. Securities Litigation,* Master File No. 00-CV-6975 (DRH) (E.D.N.Y. 2005) (recover of $3 million)

- *In re Spectrian Corp. Securities Litigation*, Master File No. C-97-4672-CW (N.D. Ca.) (recovery of $2.975 million)

- *Moriarty v. Molina*, Case No. 99-0255-CIV-MORENO (S.D. Fla. 2003) (recovery of $2.8 million)

- *In re Peritus Software Services, Inc. Securities Litigation*, Civ. Action No. 98CV10955 WGY (D. Mass. 2000) (recovery of $2.8 million)

- *In re 2TheMart.com, Inc. Sec. Litig.*, Case No. 99-1127 DOC (ANx) (C.D. Ca. 2002) (recovery of $2.7 million)

- *McBride v. Vision Twenty-One, Inc.,* Case No. 99-138-CIV-T-25F (M.D. Fl. 2003) (recovery of $2.5 million)

- *In re Pharmaprint Inc. Sec. Litig.*, Civ. No. 00-61 (AJL) (D.N.J. 2003) (recovery of $2.3 million)

Settled ERISA Class Action Cases

- *In re AOL Time Warner ERISA Litigation*, Civil Action No. 02 CV 8853 (SWK) (S.D.N.Y. 2006) (recovery of $100 million in cash to the company's 401(k) plan in what the court noted was "one of the largest ERISA settlements to date")

- *In re Global Crossing Ltd. ERISA Litig.*, Master File No. 02-cv-7453 (GEL) (S.D.N.Y. 2004) (Stull, Stull & Brody served as liaison counsel for the class in a case which recovered a payment of $79 million to the company's 401(k) plan)

- *In re Lucent Technologies, Inc. ERISA Litig.*, Civil Action No. 01-cv-3491 (JAP) (D.N.J. 2005) (recovery of $69 million in cash and stock to the company's 401(k) plan)

- *In re Worldcom, Inc. ERISA Litig.*, Master File No. 02-4816 (DLC) (S.D.N.Y. 2005) (Stull, Stull & Brody served as local counsel for the class in a case which recovered $47.15 million for the company's 401(k) plan)

- *Harrington v. Household International, Inc.*, Civil Action No. 02 C 8257 (SY) (N.D. Ill. 2004) (recovery of $46.5 million in cash to the company's 401(k) plan)

- *In re Cardinal Health, Inc. ERISA Litig.*, No. C2-04-643 (ALM) (S.D. Ohio 2007) (recovery of $40 million in cash to the company's 401(k) plan)

- *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02 C 8324 (JWD) (N.D. Ill. 2007) (recovery of $14.5 million in cash to the company's 401(k) plan)

- *Russell v. Conseco Services, LLC* 1:02-cv-1639-LJM (S. D. Ind. 2005) (recovery of $9.975 million in cash to the company's 401(k) plan)

- *In re Sprint Corporation ERISA Litig.*, Master File No. 2:03-CV-02202-JWL (D. Kan. 2006) (recovery of $4 million in cash, as well as benefits to participants in the company's 401(k) plans including: increased vesting of employee accounts; increased company matching of employer contributions; a number of participant-friendly plan amendments; and improved participant communications)

Stull, Stull & Brody is presently serving as plaintiffs' lead or co-lead counsel in a number of pending actions in various district courts, including:

Pending Securities Class Action Cases

- *In re American Express Financial Advisors Sec. Litig.,* Civil Action No. 1:04-CV-1773 (DAB) (S.D.N.Y.)

10

- *Sharon Bobbitt v. Andrew J. Filiposki, et al.*, No. 03 C 3599 (N.D. Ill.)

- *In re FleetBoston Financial Corp. Sec. Litig.*, Civ. No. 02-4561 (WGB) (D.N.J.)

- *In re Light Management Group, Inc. Sec. Litig.*, Civil Action No. 02-CV-3345 (RO) (S.D.N.Y.)

- *In re Merck & Co., Inc., Securities, Derivative & "ERISA: Litig.,* MDL No. 1658 (SRC), Case No. 2:05-CV-01151-SRC-MF, (D.N.J.) Case No. 2:05-CV-02367-SRC-MF (D.N.J.)

- *In re Metris Companies, Inc. Sec. Litig.*, Civil Action No. 02-CV-3677 JMR/FLN (D. Minn.)

- *In re Mutual Funds Investment Litig.,* MDL 1586, Case No. 04-MD-15863 (JFM) (D. Md.); *Parthasarathy v. RS Investment Management, L.P., et al.,* Case No. 04-cv-3798-JFM (D. Md.)

- *In re Peregrine Systems, Inc. Sec. Litig.*, Civil Action No. 02-CV-870 J (RBB) (S.D. Ca.) (for Securities Act of 1933 claims)

- *In re Priceline.com, Inc. Sec. Litig.,* Master File No. 3:00CV01884 (AVC) (D. Conn.)

- *In re Rambus Securities Class Action Litigation,* Master File No. CO6-4346 JF (N.D. Calif.)

- *In re Rhythms Sec. Litig.,* Civil Action No. 02-K-35 (GCL) (D. Co.)

- *In re Xerox Sec. Litig.*, Civil Action No. 3:99 CV 2374 (AWT) (D. Conn.)

- *In re Rambus Sec. Class Action Litig.*, Master File No. C06-4346 (JF)(N.D. Cal.)

- *In Re: Interlink Electronics Inc. Sec. Litig.ation* 05-CV 08133 (AG) (SH) (W.D. Cal.)

Pending ERISA Class Action Cases

- *Overby v. Tyco International, Ltd.,* Case No. 02-CV-1357-B (D.N.H.) (over 80 million pages of discovery were produced to counsel and over 250 days of deposition have been taken to date)

- *In re AEP ERISA Litigation*, Master File No. C2-03-67 (ALM) (S.D. Ohio)

- *Howell et al. v. Koenemann, et al*, Case No. 03-CV-5044 (RRP) (N.D. Ill.) (ERISA class action against Motorola, Inc.)

- *Zilhaver et al. v. UnitedHealth Group, Inc. et al*, Case No. 06-cv-2237 (JMR) (D. Minn.)

- *Quan v. Computer Sciences Corporation et al*, Case No. 06-cv-3927 (CBA) (E.D.N.Y.)

- *In re: Diebold ERISA Litig.*, Case No. 06-cv-00170 (SEL) (N.D. Ohio)

- *In Re Affiliated Computer Services ERISA Litig.*, Master File No. 06-CV-1592 (CBA) (N.D. Tex.)

- *In re Boston Scientific Corp. ERISA Litig.*, Master File No. 06-cv-10105 (JLT) (D. Mass.)  (Stull, Stull & Brody is serving as counsel for Plaintiffs)

- *Lanfear et al. v. Home Depot, et al*, 07-cv-197 (ODE) (N.D. Ga.) (appeal pending)

- *Pugh et al v. The  Tribune Companies et al*, 05-c-2927 (WTH) (N.D. Ill.) (appeal pending)

- *Fisher v. JP Morgan Chase & Co.*, et al., 03-CV-3252 (SHS) (S.D.N.Y.) (sole counsel for plaintiffs) (appeal pending)

Stull, Stull & Brody's advocacy in these and other ERISA class actions, which have been brought on behalf of 401(k) retirement plan participants and beneficiaries, has also yielded new law in the ERISA field.  For example, in the appeal of a dismissal of *In re AEP ERISA Litigation*, Stull, Stull & Brody successfully argued that the plaintiff, who had "cashed out" of his 401(k) plan, had standing to sue.   The Sixth Circuit Court of Appeals agreed and remanded the case for further proceedings.  *Bridges v. American Electric Power Co., Inc.*, 498 F.3d 442 (6th Cir. 2007).  Also, in the *Lucent* ERISA litigation the firm was largely responsible for a frequently-cited ruling by the District Court dated February 11, 2002, where the Court denied a motion to stay the ERISA litigation against Lucent until resolution of a related securities class action against the company.  Stull, Stull & Brody's briefing on the stay motion pointed out the many significant differences between ERISA and securities class actions, even when the ERISA and securities cases involve the same factual issues.  The District Court ultimately ruled that "resolution of the

securities class action . . . will not necessarily resolve all issues in this matter" and "[t]he legal issues here will still have to be determined, and a stay or continuance shall not change that fact."

Various courts have noted Stull, Stull & Brody's excellence in the field of ERISA Class Actions. *E.g.*, *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 556 (S.D. Ohio 2005) ("the Court finds that [co-lead counsel and] Stull & Brody have a high level of ERISA expertise and are willing to commit each firm's resources to this case such that they fairly and adequately represent all parties on their side"); *In re Sprint Corp. ERISA Litig.*, 443 F. Supp. 2d 1249, 1270 (D. Kan. 2006) ("The high quality of plaintiffs' counsel's work culminated in the successful resolution of this complex case. This was demonstrated by their successful and commendable prosecution of this case through the motion to dismiss stage and the ultimate settlement of this case under favorable terms."); *id.* at 1260 ("counsel litigated this case during its early phases aggressively and in a manner that demonstrated legal expertise in this area of the law"); *In re AOL Time Warner ERISA Litig.*, 2006 U.S. Dist. LEXIS 70474 (S.D.N.Y. 2006) ("Class counsel are qualified attorneys with considerable ERISA experience. Their prosecution of this lawsuit has secured the substantial Settlement now under consideration. Throughout this litigation, they have shown themselves to be capable and qualified to represent the Class."); *Hill v. Tribune Co.*, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. 2005) (finding "that the Stull Group has more experience and possibly greater resources" than the other applicant for lead counsel)

## ATTORNEYS

Stull, Stull & Brody maintains offices in both New York and Los Angeles. The following section sets forth basic educational and experience information for each of Stull, Stull & Brody's attorneys.

## NEW YORK

*Jules Brody* is a graduate of Brooklyn College, *magna cum laude*, and received his L.L.B. from the New York University School of Law in 1964. Mr. Brody made the Dean's List and was an editor of the Law Review. Mr. Brody was the author of "The Equitable Power to Assess Counsel Fees" which was published in the New York University Intramural Law Review in May 1964. At NYU, Mr. Brody was a John Norton Pomeroy Scholar and received the American Jurisprudence Prize in Commercial Law and graduated in the top 10% of his class. He was admitted to the New York State Bar in 1964. Mr. Brody received his LL.M. in taxation from the graduate division of the NYU School of Law in 1967. Mr. Brody is also admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York, the United States Courts of Appeals for the Second, Fourth and Fifth Circuits, and has been specially admitted to practice before various district courts throughout the United States.

*Edwin J. Mills* is Of Counsel to Stull, Stull & Brody. He is a graduate of Fordham University and received his J.D. from Brooklyn Law School in 1977. Mr. Mills was admitted to practice in the State of New York and in the Eastern District of New York in 1978. He has represented classes of purchasers of securities and shareholders for over 20 years in federal and state courts throughout the United States. He is experienced in all aspects of securities class action litigation, including settlement negotiation and trial. Mr. Mills is also active in several large ERISA class action cases brought on behalf of 401(k) retirement plan participants and beneficiaries, including cases involving Lucent Technologies, Household International, Tyco International, Conseco, American Electric Power and Sears.

*Mark Levine* is a graduate of the University of Maryland and received his J.D. from Brooklyn Law School in 1981. He was admitted to the New York State Bar in 1982 and is admitted to practice before the United States District Courts for the Southern, Western and Eastern Districts of New York and the Northern District of Illinois, the United States Court of Appeals for the Second, Fourth, Sixth, Ninth, Tenth and Eleventh Circuits, and has been specially admitted to practice before various other state and federal courts. He has participated in the litigation of securities class actions throughout the United States.

*Howard T. Longman* received his undergraduate degree from the University of Virginia and his J.D. from New York Law School in 1982. Mr. Longman is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Patrick K. Slyne* received his J.D. from the University of Wyoming in 1988. He is a member of the Colorado, Connecticut and Wyoming state bars.

*Melissa R. Emert* received her undergraduate degree from the State University of New York at Stony Brook and her J.D. from Brooklyn Law School in 1988. Ms. Emert is a member of the New York State Bar and has also been admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Aaron L. Brody* received his undergraduate degree from Yeshiva University, *summa cum laude*, Class of 1990, and his J.D. from New York University School of Law in 1995. At NYU, Mr. Brody concentrated on securities law and was a staff editor on the *Review of Law and Social Change*. Mr. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Tzivia Brody* received her undergraduate degree from Stern College, *magna cum laude*, Class of 1992, and her J.D. from the Benjamin M. Cardozo School of Law in 1995. Ms. Brody is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Jason D'Agnenica* received his undergraduate degree from Providence College in 1995, B.A., cum laude, and his J.D. from St. John's University School of Law in 1998. While at St John's, Mr. D'Agnenica participated in the Moot Court Honor Society advocacy competition and represented clients in consumer protection matters through St. John's Elder Law Clinic. Mr. D'Agnenica also served as judicial intern for Magistrate Judge Timothy M. Boudewyns, United States District Court for the District of Rhode Island. Mr. D'Agnenica is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey and the Southern and Eastern Districts of New York.

*Nathan G. Lamm* received his undergraduate degree from Yeshiva University, Class of 1997, and his J.D. from Benjamin N. Cardozo School of Law in 2000. Mr. Lamm is a member of the New York State Bar and is admitted to practice before the Southern and Eastern Districts of New York.

*Menashe Y. Shapiro* received his undergraduate degree from Yeshiva University, *cum laude*, Class of 1997, and his J.D. from Benjamin N. Cardozo School of Law in 2000. Mr. Shapiro is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the District of New Jersey and the Southern and Eastern Districts of New York.

*James Henry Glavin IV* received his undergraduate degree from Boston College, Class of 1999, and his J.D. from Fordham University School of Law in 2002. While at Fordham, Mr. Glavin served as an editor on the Moot Court Board and International Law Journal. Mr. Glavin is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*Michael J. Klein* received his undergraduate degree in 2001 from Emory University and his J.D., with honors, from the University of Connecticut School of Law in 2004. While at the University of Connecticut, Mr. Klein served as an executive editor of the Connecticut Law Review. Mr. Klein is a member of the New York and Connecticut State Bars and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

*James E. Lahm* received his undergraduate degree from The Ohio State University and his J.D. from Benjamin N. Cardozo School of Law in 2004. Mr. Lahm is a member of the New Jersey State Bar and is admitted to practice before the United States District Court for the Southern and Eastern Districts of New York and the District of New Jersey.

*Joseph Santangelo* received his undergraduate degree from Villanova University, Class of 2000, and his J.D. from Hofstra University School of Law in 2005. Mr. Santangelo passed the New York State Bar Exam, and is currently awaiting admission.

*Maksim Fuchs* received his undergraduate degree from Boston University, class of 2003, and his J.D. from Seton Hall School of Law in 2006. While at Seton Hall Mr. Fuchs finished in the top 16 of the Eugene Gressman Moot Court competition and served as the President of the Jewish Law Society. Mr. Fuchs is a member of the New York and New Jersey Bars.

## LOS ANGELES OFFICE

*Patrice L. Bishop* received her undergraduate degree from New York University and her J.D. from Loyola Law School - Los Angeles in 1994. Ms. Bishop is a member of the California State Bar and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, and the United States Court of Appeals for the Eighth and Ninth Circuits.

*Timothy J. Burke* graduated *magna cum laude* from Suffolk University and received his J.D. from the University of California at Los Angeles in 1995. Mr. Burke is a member of the California State Bar, and is admitted to practice before the United States District Courts for the Northern, Central, Southern and Eastern Districts of California, and the United States Court of Appeals for the Ninth Circuit.