Joseph J. Tabacco, Jr. (75484)
Email: jtabacco@bermanesq.com
Nicole Lavallee (165755)
Email: nlavallee@bermanesq.com
Lesley Ann Hale (237726)
Email: lhale@bermanesq.com
**BERMAN DeVALERIO PEASE TABACCO
BURT & PUCILLO**
425 California Street, Suite 2100
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382

**Proposed Local Counsel
[Other Counsel Appear on Signature Page]**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ALLAN QUERY, individually and on behalf of all others similarly situated,<br><br>v.<br><br>MAXIM INTEGRATED PRODUCTS, INC., CARL W. JASPER, and JOHN F. GIFFORD. | NO. C-08-00832 PVT<br><br>**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF MOTION BY CITY OF PHILADELPHIA BOARD OF PENSIONS AND RETIREMENT FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL**<br><br>**Date:     May 27, 2008**<br>**Time:     2:00 p.m.**<br>**Judge:    Honorable Patricia V. Trumbull**<br>**Crtrm: 5** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ......................................................................1

MEMORANDUM OF LAW ..................................................................................2

NATURE OF THE ACTION  ................................................................................2

I.      CPBPR SHOULD BE APPOINTED LEAD PLAINTIFF  ...................................3

      A.      The Procedures Mandated By The PSLRA  .........................................3

      B.      CPBPR Satisfies The Requirements Of The Act  ...................................5

            1.      CPBPR Believes That It Has The Largest
Financial Interest In The Relief Sought By The Class  .............................5

            2.      CPBPR Satisfies The Requirements Of
Rule 23 Of The Federal Rules Of Civil Procedure  ..................................6

            3.      CPBPR's Claims Are Typical Of The Claims Of The Class .....................7

            4.      CPBPR Will Fairly And Adequately
Represent The Interests Of The Class  ........................................7

II.     THIS COURT SHOULD APPROVE
CPBPR'S CHOICE OF CO-LEAD COUNSEL  ................................................8

III.    CONCLUSION..................................................................... 9

**TABLE OF AUTHORITIES**

**CASES**

*Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398 (D. Minn. 1998)...................................................6

*Eisenberg v. Gagnon*, 766 F.2d 770 (3d Cir. 1985)...................................................7

*Gluck v. CellStar Corp.*, 976 F. Supp. 542 (N.D. Tex. 1997)...................................................4, 7

*Greebel v. FTP Software*, 939 F. Supp. 57 (D. Mass. 1996) ...................................................4, 5

*Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912 (3d Cir. 1992)...................................................7

*In re Baan Co. Sec. Litig.*, 186 F.R.D. 214 (D.D.C. 1999)...................................................6

*In re Cavanaugh Sec. Litig.*, 306 F.3d 726 (9th Cir. 2002) ...................................................5

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001)...................................................5

*In re Drexel Burnham Lambert Group*, 960 F.2d 285 (2d Cir. 1992) ...................................................8

*In re Electro-Catheter Sec. Litig.*, [1987-88 Transfer Binder],
    Fed. Sec. L. Rep. (CCH) ¶93,643 (D.N.J. 1987) ...................................................7

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768 (3d Cir. 1995)...................................................8

*In re Kirschner Med. Corp. Sec. Litig.*, 139 F.R.D. 74 (D. Md. 1991)...................................................7, 8

*In re KLA-Tencor Corp. Sec. Litig.*, C-06-4065 (N.D. Cal.) ...................................................2, 8

*In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39 (D. Mass. 2001) ...................................................6

*In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427 (E.D. Va. 2000) ...................................................8

*In re: Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304 (S.D. N.Y. 2001) ...................................................9

*In re Veeco Instruments, Inc.*, 233 F.R.D. 330 (S.D.N.Y. 2005)...................................................4

*Lax v. First Merchants Acceptance Co.*, 1997 WL 405668 (N.D. Ill. Aug. 11, 1997)...................................................8

*Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866
    (N.D. Ill. Aug. 6, 1997)...................................................5

*Mohanty v. BigBand Networks, Inc.*, 2008 WL 426250 (N.D. Cal. Feb. 14, 2008) ............. *passim*

*Netsky v. Capstead Mortgage Corp.*, 2000 U.S. Dist. LEXIS 9941 (N.D. Tex. 2000) ...................................................6

1

*Simpson v. Specialty Retail Concepts*, 149 F.R.D. 94 (M.D.N.C. 1993) ....................................7, 8

2

3

*Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239 (3d Cir. 1975) ....................................................8

4

*Zinberg v. Washington Bancorp, Inc.*, 138 F.R.D. 397 (D.N.J. 1990) ...........................................7

5

**STATUTES**

6

15 U.S.C. §78u4(a)(3)(B)(v) ................................................................................. *passim*

7

Fed. R. Civ. P. 42 ...........................................................................................................3

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

**TO: ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that on May 27, 2008, at 2:00 p.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Patricia V. Trumbull, located at Courtroom 5, 4th Floor, United States Courthouse, 280 South First Street, San Jose, California, 95113, the City of Philadelphia Board of Pensions and Retirement ("CPBPR") hereby moves this Court under Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for its appointment to serve as Lead Plaintiff in this securities fraud class action under Section 21D(a)(3)(B)(v), and for the approval of its choice of Berger & Montague, P.C. and Trujillo Rodriguez & Richards, LLC as Plaintiff's Co-Lead Counsel. In support thereof, CPBPR, through its counsel, states as follows:

1.     The above-captioned action asserts claims for violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, against Maxim Integrated Products, Inc. ("Maxim" or "Company") and certain of its officers and/or directors.

2.     CPBPR, as the Proposed Lead Plaintiff, has timely filed its motion and, pursuant to the PSLRA, is believed to constitute the investor with the largest financial interest in the outcome of the case. The Proposed Lead Plaintiff meets the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the class, and it will fairly and adequately represent the interests of the class. CPBPR's choice of counsel should be accepted by this Court because its selected counsel are nationally recognized firms with extensive experience and expertise in securities fraud and other class actions.

In further support of its motion, CPBPR relies on the accompanying Memorandum of Law and the Declaration of Douglas Risen filed herewith.

/ / /

/ / /

/ / /

/ / /

/ / /

**MEMORANDUM OF LAW**

CPBPR lost over $1.4 million as a result of its Class Period purchases of the shares of Maxim. CPBPR respectfully submits this memorandum of law in support of its Motion: (a) for its appointment as Lead Plaintiff, pursuant to the PSLRA, 15 U.S.C. §78u-4; and (b) for approval of its selection of Berger & Montague, P.C. and Trujillo Rodriguez & Richards, LLC as Plaintiff's Co-Lead Counsel. CPBPR is believed to be the investor with the largest financial interest in the outcome of the case.[1] As such, CPBPR meets the requirements of the PSLRA for appointment as lead plaintiff. Moreover, CPBPR satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the class, and it will fairly and adequately represent the interests of the class.

Indeed, CPBPR has proven its zealous class advocacy in a substantially similar action, having been appointed a lead plaintiff in *In re KLA-Tencor Corp. Sec. Litig.*, C-06-4065 (N.D. Cal.), and having recently announced a $65 million settlement of that stock option backdating case. That action, like the instant action, alleged that the company and its top executive officers and directors violated the federal securities laws by failing to account properly for stock options made to employees, thereby falsely inflating the reported financial performance during the Class Period.

**NATURE OF THE ACTION**

This is a securities class action lawsuit by purchasers of Maxim stock, during the period of April 29, 2003 through January 17, 2008 ("Class Period"), against Maxim and certain of its officers and/or directors. The action alleges violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission.

---

[1] CPBPR's certification listing its transactions in Maxim stock, as required by § 21D(a)(2) of the PSLRA, is attached to the accompanying Declaration of Douglas Risen ("Risen Decl.") as Exhibit A. A chart detailing its losses is attached to the Risen Decl. as Exhibit B. CPBPR's losses for purposes of the current motion are not necessarily the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. Damages were calculated using the "first-in, first-out" or FIFO method. The settle-out price used for calculating damages on retained shares was $18.68 per share, the average closing prices from January 17, 2008 through April 3, 2008. *See* 15 U.S.C. § 78u-4(e)(1).

The complaint[2] charges that Maxim and its top executive officers and directors violated the federal securities laws by failing to account properly for stock options made to Maxim employees. The complaint charges that Maxim improperly expensed stock options, thereby falsely inflating the Company's reported financial performance during the Class Period. When the Company disclosed the truth about the stock option backdating's effect on Maxim's financial statements, by announcing on January 17, 2008, that the Company would be restating its financial statements to record between $550 million and $650 million of additional stock-based compensation expense and that its previously issued financial statements could no longer be relied on, the stock price declined by approximately12% thereby damaging CPBPR and the Class.

## I.    CPBPR SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    The Procedures Mandated By The PSLRA

The PSLRA has established a procedure that governs the appointment of Lead Plaintiffs in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(I). *See*, *e.g.*, *Mohanty v. BigBand Networks, Inc.*, 2008 WL 426250 (N.D. Cal. Feb. 14, 2008), for a detailed analysis of the PSLRA's lead plaintiff procedures.

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiffs. 15 U.S.C. §78u-4(a)(3)(A)(I). Here, counsel in the first (and only) filed action caused the first notice to be published via *MarketWire* on February 6, 2008. (Exh. C, Risen Decl.) This notice stated that any motion for the appointment as lead plaintiff was due "no later than April 7, 2008."

The PSLRA states that within 60 days after the publication of the notice mandated by the PSLRA, any "person or group of persons" who are members of the proposed class may apply to the court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the

---

[2] To date, the above-captioned action is the only securities fraud class action that has been filed against Maxim in connection with its backdated stock options. CPBPR adopts the allegations in the Complaint for purposes of Civil L.R. 3-7(c), without waiver of its right to file an amended complaint following its appointment as lead plaintiff and its own independent investigation. To the extent additional actions are subsequently filed alleging substantially similar facts, CPBPR believes they should be consolidated with the instant action pursuant to Fed. R. Civ. P. 42.

1    action.  15 U.S.C §78u-4(a)(A) and (B). CPBPR has timely filed this motion before the expiration
2    of the 60-day period from such publication.

3         Appointing an institutional investor, such as CPBPR, to serve as Lead Plaintiff is precisely
4    what the framers of the PSLRA hoped to accomplish.  As the Statement of Managers noted, the
5    PSLRA was intended "to increase the likelihood that institutional investors will serve as lead
6    plaintiffs" because among other reasons, institutional investors and other class members with large
7    amounts at stake "will represent the interests of the plaintiff class more effectively than class
8    members with small amounts at stake."  House Conference Report No. 104-369, 104th Cong. 1st
9    Sess. at 34 (1995).  *See, e.g., Mohanty*, 2008 WL 426250, at *6 ("it is true that Congress's intent in
10   enacting the PSLRA provisions governing the appointment of lead plaintiff was, in part, to increase
11   the likelihood that institutional investors will serve as lead plaintiffs."); *In re Veeco Instruments,*
12   *Inc.*, 233 F.R.D. 330, 332-33 (S.D.N.Y. 2005); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548
13   (N.D. Tex. 1997) ("The legislative history of the Reform Act is replete with statements of
14   Congress' desire to put control of such litigation in the hands of large, institutional investors.");
15   *Greebel v. FTP Software*, 939 F. Supp. 57, 63-64 (D. Mass. 1996) (same).

16        The PSLRA further provides that within 90 days after publication of the notice, or as soon
17   as practicable after the Court decides any pending motion to consolidate, the Court shall consider
18   any motion made by a class member and shall appoint as lead plaintiff(s) the member or members
19   of the class that the Court determines to be most capable of adequately representing the interests of
20   the class members, 15 U.S.C. §78u-4(a)(3)(B).  In determining who is the "most adequate plaintiff,"
21   the PSLRA provides that:

22       [T]he court shall adopt a presumption that the most adequate plaintiff in any private
         action arising under this title is the
23       person or group of persons that

24       (aa)   has either filed the complaint or made a motion in response to a notice .  .  .

25       (bb)   in the determination of the court, has the largest financial interest in the relief
         sought by the class; and
26
27       (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
         Procedure.

28

1  15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Mohanty*, 2008 WL 426250; *Greebel*, 939 F. Supp. at
2  64.

3  **B.    CPBPR Satisfies The Requirements Of The Act**

4  **1.    CPBPR Believes That It Has The Largest
5  Financial Interest In The Relief Sought By The Class**

6  One of the key factors in the selection of lead plaintiff under the PSLRA is the court's
7  determination as to which person or group of persons has the largest financial interest in the relief
8  sought by the class.

9  The "most adequate plaintiff" provision of the PSLRA provides that a court:

10  shall appoint as lead plaintiff the member or members of the purported plaintiff class
   that the court determines to be most capable of adequately representing the interests
11  of class members (hereafter in this paragraph referred to as the "most adequate
   plaintiff") in accordance with this subparagraph.
12

13  §21D(a)(3)(B)(I).  Moreover, pursuant to §21D(a)(3)(B)(iii), the Court shall presume:

14  that the most adequate plaintiff in any private action arising under this title is the
   person or group of persons that --
15

16                                        * * *

17  (bb) in the determination of the court, has the largest financial interest in the relief
   sought by the class.

18  Numerous courts have interpreted this language to mean that the person or group who has the
19  largest financial stake in the litigation is presumed to be the "most adequate" plaintiff to represent
20  the class. *See, e.g., In re Cavanaugh Sec. Litig.*, 306 F.3d, 726, 732 (9th Cir. 2002) ("The Court
21  must examine potential lead plaintiffs one at a time, starting with the one who has the greatest
22  financial interest, and continue in descending order if and only if the presumptive lead plaintiff is
23  found inadequate or atypical."); *Mohanty*, 2008 WL 426250, at *4; *In re Cendant Corp. Litig.*, 264
24  F.3d 201 (3d Cir. 2001); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866,
25  at *3 (N.D. Ill. Aug. 6, 1997).

26  CPBPR has suffered a loss of over $1.4 million and thus has a substantial stake in the
27  litigation.  The legislative history of the PSLRA demonstrates that CPBPR is precisely the type of
28  plaintiff Congress sought to encourage to come forward.  "[C]lass members with large amounts at

stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."  House Conference Report No. 104-369, 104th Cong. 1st Sess. at 34 (1995). *See also, e.g., In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42-43 (D. Mass. 2001); *Netsky v. Capstead Mortgage Corp.*, 2000 U.S. Dist. LEXIS 9941, at *28 (N.D. Tex. 2000) ("Congress intended to increase the likelihood that parties with significant holdings in issuers, whose interests are more aligned with the class of shareholders, will participate in the litigation and exercise control ...."); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214 (D.D.C. 1999).  Thus, as contemplated by Congress, CPBPR will most effectively represent the interests of the plaintiff class.  In addition, the proposed Lead Plaintiff has selected and retained Berger & Montague, P.C. and Trujillo Rodriguez & Richards, LLC, which are highly experienced in prosecuting securities class actions.  *See* firm resumes, Exhs. D and E to Risen Decl.  Accordingly, the proposed Lead Plaintiff satisfies the prerequisites for appointment as Lead Plaintiff under section 21D(a)(3)(B).

### 2.    CPBPR Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21(D)(3)(B) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the proposed class representatives.  Consequently, in deciding a motion to appoint lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the plaintiff moves for class certification.  *See, e.g., Chill v. Green Tree Fin. Corp.,* 181 F.R.D. 398, 407 n.8  (D. Minn. 1998) ("a proposed lead plaintiff need only make a preliminary showing that he

or she satisfies the typicality and adequacy requirements of Rule 23"); *Gluck*, 976 F. Supp. at 546. As detailed below, CPBPR satisfies the typicality and adequacy requirements of Rule 23.

### 3.    CPBPR's Claims Are Typical Of The Claims Of The Class

Generally, the typicality requirement is satisfied if the claims arise from the same event, practice or course of conduct that gives rise to the claims of the class members, and are based on the same legal theory. *See Mohanty*, 2008 WL 426250, at *5; *Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3d Cir. 1985); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 923 (3d Cir. 1992); *In re Kirschner Med. Corp. Sec. Litig.,* 139 F.R.D. 74, 78-79 (D. Md. 1991); *Zinberg v. Washington Bancorp, Inc.,* 138 F.R.D. 397, 406-07 (D.N.J. 1990) ( typicality satisfied if class representatives and its members point to the same broad course of alleged fraudulent conduct). Indeed, to satisfy typicality, the claims of the class representatives do not have to be identical to those of the class members. *Eisenberg*, 766 F.2d at 786. The focus of the typicality inquiry is not plaintiffs' behavior, but defendants' behavior. *In re Electro-Catheter Sec. Litig.*, [1987-88 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶93,643 at 97,931 (D.N.J. 1987).

CPBPR satisfies this requirement because, just like all other class members, it: (1) purchased Maxim securities during the Class Period; (2) at prices alleged artificially inflated by the false and misleading statements issued by defendants or by defendants' failure to disclose material information; and (3) suffered damages thereby. Thus, its claims are typical of those of other class members since its claims and the claims of the other class members arise out of the same course of events. Because CPBPR seeks to prove that plaintiffs' claims arise from the same events, practice or course of conduct that give rise to the claims of the other class members, and because CPBPR's claims are based on the same legal theory, the typicality requirement of Rule 23(a)(3) is satisfied. *See Simpson v. Specialty Retail Concepts,* 149 F.R.D. 94, 98 (M.D.N.C. 1993).

### 4.    CPBPR Will Fairly And Adequately Represent The Interests Of The Class

Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. This requirement is met if it appears that (1) the named plaintiff has interests in common with, and not antagonistic to, the class' interests; and (2) the plaintiffs' attorneys are

1    qualified, experienced and generally able to conduct the litigation. *See, e.g., Mohanty*, 2008 WL

2    426250, at *5; *In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992); *In re GMC*

3    *Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 800 (3d Cir. 1995); *Wetzel v. Liberty*

4    *Mutual Ins. Co.,* 508 F.2d 239, 247 (3d Cir. 1975). *See also Simpson*, 149 F.R.D. at 102;

5    *Kirschner*, 139 F.R.D. at 79.

6         CPBPR is an adequate representative of the Class. The PSLRA directs the Court to limit its

7    inquiry regarding the adequacy of the Proposed Lead Plaintiff to represent the Class to the existence

8    of any conflicts between the interests of the Proposed Lead Plaintiff and the members of the Class,

9    and then allow the lead plaintiff to retain lead counsel to represent the Class, "subject to the

10   approval of the court." *See* 15 U.S.C. §78u4(a)(3)(B)(v).

11        The interests of CPBPR are clearly aligned with the members of the Class, and there is no

12   evidence of any antagonism between the interests of CPBPR and the Class. As detailed above,

13   CPBPR shares numerous common questions of law and fact with the members of the Class and its

14   claims are typical of the claims of other Class members. Further, CPBPR has selected Berger &

15   Montague, P.C., and Trujillo Rodriguez & Richards, LLC, to represent it; firms that are highly

16   experienced in prosecuting securities class actions. Moreover, CPBPR's experience and the

17   extraordinary result it achieved as a lead plaintiff in *KLA-Tencor*, utilizing certain of the same

18   counsel selected here, makes it well suited for appointment as lead plaintiff. In that substantially

19   similar options backdating case, CPBPR and its selected counsel achieved a $65 million settlement

20   on behalf of the class.

21   **II.    THIS COURT SHOULD APPROVE CPBPR's CHOICE OF CO-LEAD COUNSEL**

22        The PSLRA vests authority in the lead plaintiff, subject to court approval, to select and

23   retain lead counsel. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also, e.g., Lax v. First Merchants*

24   *Acceptance Co.,* 1997 WL 405668, at *5 (N.D. Ill. Aug. 11, 1997). The Court should not disturb

25   the proposed lead plaintiff's choice of counsel unless necessary to "protect the interests of the

26   [plaintiff] class." 15 U.S.C. §78u4(a)(3)(B)(iii)(II)(aa). *See In re MicroStrategy Inc. Sec. Litig.*,

27   110 F. Supp. 2d 427, 438 (E.D. Va. 2000) ("The PSLRA plainly states that a district court's duty is

28   to appoint a lead plaintiff based on the relevant statutory criteria…it is the lead plaintiff's duty to

1   select and retain counsel to represent the class…a district court should approve plaintiff's choice of

2   lead counsel based solely on that counsel's competence, experience, and resources ....").  Congress'

3   theory in enacting these provisions "was that if an investor with a large financial stake in the

4   litigation was made lead plaintiff, such a plaintiff – frequently a large institution or otherwise

5   sophisticated investor – would be motivated to act like a "real" client, carefully choosing counsel

6   and monitoring counsel's performance."  *In re: Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 307

7   (S.D.N.Y. 2001).

8           Accordingly, CPBPR has selected and retained Berger & Montague, P.C. and Trujillo

9   Rodriguez & Richards, LLC, which possess extensive experience in the area of securities litigation

10  and have successfully prosecuted numerous securities fraud actions on behalf of injured investors

11  including, specifically, options backdating frauds.  *See* Resumes of Berger & Montague, P.C., and

12  Trujillo Rodriguez & Richards, LLC, (Exhs. D and E to Risen Decl.)  Thus, the Court may be

13  assured that, in the event this motion is granted, the members of the class will receive the highest

14  caliber of legal representation available.

15  **III.    CONCLUSION**

16          For all the foregoing reasons, CPBPR respectfully requests that the Court appoint it as lead

17  plaintiff under Section 21D(a)(3)(B) of the PSLRA and further requests that the Court approve its

18  choice of Berger & Montague, P.C. and Trujillo Rodriguez & Richards, LLC as Plaintiff's Co-Lead

19  Counsel.

20  DATED:  April 7, 2008                **BERMAN DEVALERIO PEASE TABACCO
                                         BURT & PUCILLO**

21

22                                       By:   /s/ Nicole Lavallee
                                               NICOLE LAVALLEE

23

24                                       Joseph J. Tabacco, Jr.
                                         Lesley Ann Hale
25                                       425 California Street, Suite 2100
                                         San Francisco, CA  94104-2205
26                                       Telephone: (415) 433-3200
                                         Facsimile:  (415) 433-6382

27                                       **Proposed Local Counsel**

28

[C-08-00832 PVT] – CITY OF PHILA. BOARD OF PENSIONS & RETIREMENT'S MTN
FOR APPT AS LEAD PLAINTIFF, APPROVAL OF SELECTION OF CO-LEAD CNSL          9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BERGER & MONTAGUE, P.C.**
Sherrie R. Savett
Douglas M. Risen
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
Email: ssavett@bm.net
Email: drisen@bm.net

**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
Kenneth I. Trujillo
Ira Neil Richards
Kathryn C. Harr
1717 Arch Street, Suite 3838
Philadelphia, PA 19103
Telephone: (215) 731-9004
Facsimile: (215) 731-9044
Email: kitrujillo@trrlaw.com
Email: ira@trrlaw.com
Email: kharr@trrlaw.com

**Proposed Co-Lead Counsel**