Lionel Z. Glancy (SBN #134180)
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone:    (310) 201-9150
Facsimile:    (310) 201-9160
Email: info@glancylaw.com

[Proposed] Liaison Counsel for Plaintiffs

Laurence M. Rosen (SBN # 219683)
Phillip Kim
**THE ROSEN LAW FIRM, P.A.**
350 5th Avenue, Suite 5508
Telephone:    (212) 686-1060
Facsimile:    (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN QUERY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MAXIM INTEGRATED PRODUCTS, INC., JOHN F. GIFFORD and CARL JASPER,<br><br>Defendants. | No. C08-00832-PVT<br><br>**NOTICE OF MOTION AND OF MAXIM INVESTORS FOR APPOINTMENT AS LEAD PLAINTIFFS, APPROVAL OF CHOICE OF COUNSEL; MEMORANDUM IN SUPPORT THEREOF**<br><br>DATE/TIME: May 13, 2008, 10 a.m.<br>JUDGE: Hon. Patricia V. Trumbull<br>CTRM: 5, 4th Floor |

MTN. OF MAXIM INVESTORS FOR APPT. AS LEAD PLAINTIFFS; MEMORANDUM IN SUPPORT THEREOF—Civil Action No. C-08-00832-PVT

## NOTICE OF MOTION AND MOTON

PLEASE TAKE PLEASE TAKE NOTICE that on May 13, 2008, at 10:00 a.m. before the Honorable Patricia B. Trumbull in Courtroom 5, 4th Floor, 280 South 1st Street, CA 95113, William Weiler, John Chu, and Richard Bauman (hereinafter "Movants" or "Maxim Investors") will, and do, move this Court for an order granting their Motion to: (1) appoint Maxim Investors and each of themselves as Lead Plaintiffs; and (2) approving the Maxim Investors selection of The Rosen Law Firm, P.A. as Lead Counsel and Glancy Binkow & Goldberg LLP as Liaison Counsel.

This Motion is brought pursuant to Section 21 D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), on the grounds that the Movants have timely filed their Motion and are the "most adequate plaintiffs."  Moreover, Movants meet the requirements of Rule 23 of the Federal Rules of Civil Procedure for the purposes of this Motion in that their claims are typical of the other class members' claims and Movants will fairly and adequately represent the class.  Movants also seek the Court's approval of its selection of the Rosen Law Firm, P.A. as Lead Counsel and the Law Firm of Glancy Binkow & Goldberg, LLP as Liaison Counsel

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs William Weiler, John Chu, and Richard Bauman ("Movants" or "Maxim Investors") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) appointing the Maxim Investors and each of its members as Lead Plaintiffs for the class of all purchasers of common stock and options of Maxim Integrated Products, Inc. ("Maxim" or the "Company") during the period from April 29, 2003 through January 17, 2008, inclusive (the "Class Period"); and (2) approving Maxim Investors' selection of The Rosen Law Firm P.A. as Lead Counsel for the class, and the law firm of Glancy Binkow & Goldberg LLP as Liaison Counsel for the class.

## I. CLAIMS ASSERTED

Defendant Maxim is a California Corporation with its principal executive offices located at in Sunnyvale, CA. Maxim designs, develops, and manufactures analog mixed-signal, high-frequency digital circuits. During the Class Period the Company's stock was traded on the NASDAQ under ticker "MXIM." The Company's stock is now listed over-the-counter on the "Pink Sheets" under ticker "MXIM.PK."

On February 6, 2008 Rosen Law Firm filed the first and only class action Complaint against the Company and certain of its officers and directors for violations of the Sections 10(b) and 20(a) of the Exchange Act. That same day, the Rosen Law Firm issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl.").

The Complaint asserts that Maxim and certain of its officers and directors issued and filed with the SEC materially false and misleading financial statements in violation of Generally Accepted Accounting Principles and the securities laws. In particular, Defendants were engaged in an unlawful options backdating scheme that had the direct effect of materially misleading investors, and would ultimately result in the de-listing of the Company's stock from the NASDAQ, cause the Company to have to restate several years of financial statements, and cause a reduction of $360 million to $425 million of historically reported earnings.

When the market learned of this adverse information, the Complaint asserts that the lost over 23% of its value.

## ARGUMENT

## II. THE MAXIM INVESTORS SHOULD BE APPOINTED LEAD PLAINTIFFS

Sections 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a

published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or *group of persons*" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 2 (N.D. Cal. Apr. 16, 2007); (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)).

As set forth below, Maxim Investors satisfy the above-criteria and are the most adequate plaintiffs and should be appointed as Lead Plaintiffs.

### A. Movants are Willing to Serve as Class Representatives

Movants, as set forth each of their certifications filed concurrently herewith attest that each of them has reviewed the Complaint, adopted the allegations therein, is willing to serve as a representative of the class.  Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the class.  *See* Rosen Decl. Ex. 2.

### B. Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or *group* … that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *Cavanaugh*, 306 F.3d at 730.  While the PSLRA does not specify how to calculate the "largest financial interest", the approximate losses suffered are the most determinative. *Richardson*, 2007 WL 1129344 at * 4 (citing cases).

Movant William Weiler purchased 4,800 shares of Maxim stock during the Class Period at a cost of $157,511.00. Mr. Weiler still holds all of these shares and has suffered approximate losses of $67,751.00[1]. *See* Rosen Decl., Ex. 3.

Movant John Chu purchased 15,000 shares of Maxim stock during the Class period at a cost of $382,840.00. Mr. Chu sold 9,000 of those shares for proceeds of $112,200 and still holds his remaining shares. Thus, Mr. Chu has suffered approximate losses of $45,540.00. *See* Rosen Decl., Ex. 3.

Movant Richard Bauman purchased 4,000 shares of Maxim stock during the Class period at a cost of $109,640.00. Mr. Bauman sold all of these shares after the close of the Class Period for proceeds of $74,560.00. Thus, Mr. Bauman has suffered approximate losses of $35,080.00.

With approximately $148,371.00 in losses, Movants are not aware of any other individual or group that has suffered greater losses in Maxim securities during the Class Period. With only three lead plaintiff parties, the Maxim Investors are small enough that coordinated decision making will not present difficulties. The Securities and Exchange Commission has noted, and numerous courts have held, that small groups whose members all have suffered substantial losses, such as the Maxim Investors, are suitable lead plaintiffs. *See In re Nature's Sunshine Products, Inc.*, 2006 WL 2380965 (D. Utah Aug. 16, 2006); *In re Tyco Int'l Ltd. Sec. Litig.*, 2000 WL 1513772, at *4 n.7 (D.N.H. Aug. 17, 2000); *In re The First Union Corp. Sec. Lit.*, 157 F. Supp.2d 638, 643 (W.D.N.C. 2000); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C.1999); *In re Universal Access, Inc., Sec. Lit.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002); *In re Oxford Health Plans, Inc. Sec. Lit.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)(co-lead plaintiff group allows for broad representation and sharing of resources and experience). Accordingly,

---

[1] In determining losses for held shares, Movants use the average closing price of the Company's stock from the end of the class period to April 7, 2008 ($18.70). *See In re MicroStrategy*, 110 F. Supp.2d 427, 436 no. 22 (E.D. Va. 2000) (applying PSLRA look-back period); 15 U.S.C. §78u-4(e)(1).

the Maxim Investors satisfy the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

    **C.    The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60, 64 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. at 49 (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

Movants fulfill all of the requirements of Rule 23. Movants share substantially similar questions of law and fact with the members of the class and his claims are typical of the members of the class. Each of the Maxim Investors and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading financial statements in violation of GAAP by virtue of an illicit options

backdating scheme. Movants, as did all of the members of the class, purchased Maxim securities at prices artificially inflated by Defendants' misrepresentations and omissions and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movants and other class members, as well as their desire to prosecute these actions on behalf of the class, provides ample reason to appoint the Maxim Investors and each of their members as Lead Plaintiffs.

### D. The Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movants as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

    (a)    will not fairly and adequately protect the interest of the class; or

    (b)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movants' ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Movants are not aware of any unique defenses Defendants could raise against any of them that would render any of them inadequate to represent the class. Accordingly, the Court should appoint the Movants as Lead Plaintiffs for the class.

### III. MOVANTS SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiffs' selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

MTN. OF MAXIM INVESTORS FOR APPT. AS LEAD PLAINTIFFS; MEMORANDUM IN SUPPORT THEREOF—Civil Action No. C-08-00832-PVT

1    Movants have selected The Rosen Law Firm as Lead Counsel and Glancy
2 Binkow & Goldberg LLP as Liaison Counsel. The Rosen Law Firm has been actively
3 researching the class Plaintiffs' claims - interviewing potential witnesses, reviewing
4 financial and legal documents, seeking relevant data from third parties, and gathering
5 other information in support of the claims against the defendants. Furthermore, the
6 Rosen Law Firm and Glancy Binkow & Goldberg, LLP are experienced in the area of
7 securities litigation and class actions, and have successfully prosecuted securities
8 litigations and securities fraud class actions on behalf of investors. Attached as Exhibits 4
9 and 5 to the Rosen Decl. are the resumes for each respective firm.

   As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge that will enable these two law firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movants' selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Movants respectfully request that the Court issue an Order (1) appointing the Maxim Investors and each of its members as Lead Plaintiffs of the class, (2) approving The Rosen Law Firm P.A. as Lead Counsel and Glancy Binkow & Goldberg, LLP as Liaison Counsel, and (3) granting such other relief as the Court may deem to be just and proper.

Dated: April 7, 2008

Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

 /s/ Laurence Rosen, Esq.
Laurence Rosen, Esq. (SBN #219683)
Phillip Kim, Esq.

[Proposed] Lead Counsel for Plaintiffs

GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy, Esq. (SBN #134180)

[Proposed] Liaison Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of the Rosen Law Firm, P.A., 350 5th Avenue, Suite 5508, New York, New York 10118. I am over the age of eighteen.

On February 23, 2007, I electronically filed the following **NOTICE OF MOTION AND OF MAXIM INVESTORS FOR APPOINTMENT AS LEAD PLAINTIFFS, APPROVAL OF CHOICE OF COUNSEL; MEMORANDUM IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 7, 2007, at New York, New York.

/s/ Laurence Rosen
Laurence M. Rosen

Lionel Z. Glancy (SBN #134180)
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone:    (310) 201-9150
Facsimile:    (310) 201-9160
Email: info@glancylaw.com

[Proposed] Liaison Counsel for Plaintiffs

Laurence M. Rosen (SBN # 219683)
Phillip Kim
**THE ROSEN LAW FIRM, P.A.**
350 5th Avenue, Suite 5508
Telephone:    (212) 686-1060
Facsimile:    (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN QUERY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MAXIM INTEGRATED PRODUCTS, INC., JOHN F. GIFFORD and CARL JASPER,<br><br>Defendants. | No. C08-00832-PVT<br><br>**[PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS AND COUNSEL** |

[PROPOSED] ORDER—Civil Action No. C-08-00832-PVT

1
2      **[PROPOSED] ORDER**
3          WHEREAS, the above-captioned securities class action has been filed against
4  defendant Maxim Integrated Products, Inc., et al. (collectively "Defendants"), alleging
5  violations of the federal securities laws;
6          WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995
7  ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i), on February 6, 2008, Plaintiffs in the first-
8  filed action caused notice to be issued to potential class members of the action and
9  informed them of their right to move to serve as lead plaintiff within 60 days of the date
10 of the issuance of said notice;
11         WHEREAS, on April 7, 2008, Plaintiffs William Weiler, John Chu, and Richard
12 Bauman (the "Maxim Investors" or "Movants"), moved the Court to appoint themselves
13 as lead plaintiffs; and approve their selection of the Rosen Law Firm, P.A. as lead
14 counsel and the Glancy Binkow & Goldberg LLP as liaison counsel;
15         WHEREAS, the PSLRA, provides, *inter alia*, that the most-adequate plaintiff to
16 serve as lead plaintiff is the person or group of persons that has either filed a complaint or
17 has made a motion in response to a notice and has the largest financial interest in the
18 relief sought by the Class and satisfied the requirement of Fed. R. Civ. P. 23;
19         WHEREAS, the Court finding that Movants have the largest financial interest in
20 this action and *prima facie* satisfy the typicality and adequacy requirements of Fed. R.
21 Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); and
22 **IT IS HEREBY ORDERED THAT:**
23
24         1.      Pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. §78u-
25 4(a)(3)(B), the Maxim Investors are appointed Lead Plaintiffs for the class as they have
26 the largest financial interest in this litigation and otherwise satisfy the requirements of
27 Fed. R. Civ. P. 23.
28

2. Movants' choice of counsel is approved, and accordingly, the Rosen Law Firm, P.A. is appointed Lead Counsel and Glancy Binkow & Goldberg LLP is appointed Liaison Counsel.

3. Lead Counsel, after being appointed by the Court, shall manage the prosecution of this litigation. Lead Counsel are to avoid duplicative or unproductive activities and are hereby vested by the Court with the responsibilities that include, without limitation, the following: (1) to prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) prepare the case for trial; and (5) to engage in settlement negotiations on behalf of Lead Plaintiffs and Class.

SO ORDERED:

Dated _____, 2008       _____
                                Hon. Patricia V. Trumbull

1  Lionel Z. Glancy (SBN #134180)
   **GLANCY BINKOW & GOLDBERG LLP**
2  1801 Avenue of the Stars, Suite 311
   Los Angeles, CA 90067
3  Telephone: (310) 201-9150
   Fax:  (310) 201-9160
4

5  [Proposed] Liaison Counsel for Plaitniffs

6  **THE ROSEN LAW FIRM, P.A.**
   Laurence M. Rosen (SBN# 219683)
7  Phillip Kim
8  350 Fifth Avenue, Suite 5508
   New York, New York 10118
9  Telephone: (212) 686-1060
   Fax: (212) 202-3827
10

11 [Proposed] Lead Counsel for Plaintiffs

                 UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN QUERY, individually and on behalf of all others similarly situated, | No. C08-00832-PVT |
| Plaintiff, | |
| vs. | |
| MAXIM INTEGRATED PRODUCTS, INC., JOHN F. GIFFORD and CARL JASPER, | |
| Defendants. | |

CERTIFICATE OF ATTORNEY LAURENCE M. ROSEN PURSUANT TO

NORTHERN DISTRICT CIVIL LOCAL RULE 3-7(d)

Pursuant to Northern District Local Rule 3-7(d), I LAURENCE M. ROSEN, declare as follows:

Certificate of Attorney

1 | Exclusive of securities held through mutual funds or discretionary accounts
2 | managed by professional money managers, I do not directly own or otherwise have a
3 | beneficial interest in the securities that are the subject of this action.
4 | I declare under penalty of perjury under the laws of the State of California that the
5 | foregoing facts are true and correct.
6 | Executed on April 7, 2008 at New York, NY.

THE ROSEN LAW FIRM, P.A.

*/s/ Laurence Rosen*

Laurence Rosen, Esq. (SBN #219683)

Certificate of Attorney

1