1  Jordan L. Lurie  (130013)
   Leigh A. Parker (170565)
2  **WEISS & LURIE**
   10940 Wilshire Boulevard, 23rd Floor
3  Los Angeles, CA 90024
   Tel:   (310) 208-2800
4  Fax:  (310) 209-2348
   jlurie@weisslurie.com
5  lparker@weisslurie.com

6  Attorneys for BG Capital Fund
   and [Proposed] Lead Counsel for Plaintiffs
7  Additional Counsel Listed on Signature Page

8

9

10                **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

12                       **SAN JOSE DIVISION**

13

|  |  |
|---|---|
| ALLAN QUERY, Individually and on Behalf of All Others Similarly Situated, | CIVIL ACTION NO. C08-00832-PVT |
|  | <u>CLASS ACTION</u> |
| Plaintiff, | **NOTICE OF MOTION AND MOTION OF BG CAPITAL FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT** |
| v. |  |
| MAXIM INTEGRATED PRODUCTS, INC., JOHN F. GIFFORD and CARL W. JASPAR, |  |
| Defendants. | Date: May 13, 2008
Time: 10:00 a.m.
Ctrm: 5, 4th Floor
Judge: Hon. Patricia V. Trumbull |

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on May 13, 2008, at 10:00 a.m., in the Courtroom of the Honorable Patricia V. Trumbull, Courtroom 5, 4th Floor, United States District Court for the Northern District of California, BG Capital Fund ("Movant") will, and hereby does, move this Court under §21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), for an Order to (i) appoint Movant as Lead Plaintiff in this action pursuant to §21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B); (ii) approve Movant's selection of the law firm of Weiss & Lurie to serve as Lead Counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v); and (iii) grant such other and further relief as the Court may deem just and proper.

This motion is made on the grounds that, to his knowledge, Movant is the "most adequate plaintiff" as defined by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(a)(3)(B).  In support of this Motion, Movant submits herewith a Memorandum of Law and Declaration of Leigh A. Parker.

Dated: April 7, 2008                    Respectfully submitted,

                                        Jordan L. Lurie
                                        Leigh A. Parker
                                        **WEISS & LURIE**

                                  By:      /s/ - Leigh A. Parker
                                        10940 Wilshire Boulevard, 23rd Floor
                                        Los Angeles, CA 90024
                                        Tel:   (310) 208-2800
                                        Fax:   (310) 209-2348
                                          -and-
                                        Joseph H. Weiss
                                        551 Fifth Avenue
                                        New York, NY 10176
                                        Tel:   (212) 682-3025
                                        Fax:   (212) 682-3010
                                        jweiss@weisslurie.com

                                        Attorneys for BG Capital Fund
                                        and [Proposed] Lead Counsel for Plaintiffs

Notice of Motion and Motion of BG Capital Fund for Appointment as Lead         Civil Action No. C08-00832 -PVT
Plaintiff and for Approval of Its Selection of Lead Counsel; Memorandum of Law

1

# MEMORANDUM OF LAW

## I. PRELIMINARY STATEMENT

BG Capital Fund ("Movant"), which believes that it possesses the largest financial interest in the outcome of this litigation as a result of its purchases of Maxim Integrated Products, Inc. ("Maxim" or the "Company") securities, respectfully submits this memorandum of law in support of its motion to (i) appoint Movant as Lead Plaintiff in this action pursuant to §21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B); (ii) approve Movant's selection of the law firm of Weiss & Lurie to serve as Lead Counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v); and (iii) grant such other and further relief as the Court may deem just and proper.[1] Lead Plaintiff and Lead Counsel must be appointed by this Court in this action. *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

Currently pending in this District is at least one securities fraud class action brought on behalf of purchasers of Maxim common stock and options to purchase common stock during the period from April 29, 2003 through January 17, 2008, inclusive (the "Class Period") against the Company and certain of its top officers and directors. ¶¶1, 13.[2]

Movant, which purchased approximately 4,200 shares of Maxim common stock during the Class Period and suffered damages of approximately $40,759, has the largest financial interest in the outcome of this litigation, based on Movant's current

---

[1] Movant has submitted a signed, sworn certification as required by §21D(a)(2)(A)(i)-(vi) of the Exchange Act. *See* Exhibit 3 to the Declaration of Leigh A. Parker filed in support of this Motion ("Parker Decl."), filed concurrently herewith. The PSLRA specifically authorizes any class member, regardless whether the class member has filed a complaint, to move for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

[2] Citations to "¶__" refer to the Class Action Complaint (the "Complaint") filed in this matter on February 6, 2008. The other defendants named in the Complaint are John F. Gifford and Carl W. Jaspar.

Notice of Motion and Motion of BG Capital Fund for Appointment as Lead Plaintiff and for Approval of Its Selection of Lead Counsel; Memorandum of Law   Civil Action No. C08-00832 -PVT

1

knowledge, and is well-qualified to vigorously prosecute this action on behalf of its fellow class members.  Movant also has selected Weiss & Lurie, a law firm experienced and capable in securities class action litigation, to serve as Lead Counsel.

Accordingly, Movant should be appointed as lead plaintiff and its chosen counsel should be appointed as Lead Counsel.

## II.    SUMMARY OF PENDING ACTION

This is a securities fraud class action brought on behalf of all persons who purchased the common stock and options to purchase the common stock of Maxim during the Class Period.  ¶¶1, 13.  The Complaint in this action was filed on February 6, 2008 and seeks to recover damages caused by defendants' violations of §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.  The Complaint alleges that defendants violated the federal securities laws by issuing a series of false and misleading statements during the Class Period and/or failing to disclose adverse facts about the Company's stock option granting policies and practices, causing Maxim shares to trade at artificially inflated prices.

Specifically, the Complaint alleges that the Company regularly used employee stock options as a form of compensation to attract, retain and incentivize key employees, and that "stock options were the most important part of Maxim's compensation package." ¶¶21-22.  Moreover, from at least 2000 and continuing through June 30, 2004, the Company's primary stock option plan prohibited it from granting incentive stock options with an exercise price less than the stock's fair market value on the date of the grant (also called "in-the-money"), or at less than fair market value subject to certain conditions not applicable to the Complaint.  ¶¶25-26.  Defendants also publicly represented that for fiscal years 2000 through 2005, the Company accounted for employee stock options in accordance with Accounting Principles Board Opinion No. 25, "Accounting for Stock Issued to Employees,"

Notice of Motion and Motion of BG Capital Fund for Appointment as Lead Plaintiff and for Approval of Its Selection of Lead Counsel; Memorandum of Law        Civil Action No. C08-00832 -PVT

2

which requires issuers to record an expense for any stock option grants "in-the-money" and represented during the Class Period that Maxim generally granted stock options at fair market price on the date of the grant, not "in-the-money." ¶¶27-28. Accordingly, Maxim did not report any compensation expenses for stock options in its publicly reported financial statements for fiscal years 2000 through 2005. ¶28.

However, the Complaint alleges that defendants repeatedly backdated stock option grants to current employees, newly hired employees and to outside directors to reflect historically low prices of Maxim stock, and that Maxim grated options to current employees with an exercise price equal to the lowest price of the quarter. ¶¶29-38. The Complaint further alleges that "by backdating the options grant to make it falsely appear that 'in-the-money' option grants had been 'at-the-money' when granted," Maxim thereby avoided reporting any compensation expense related to the stock option grants in its publicly filed financial statements. ¶¶31, 36.

Plaintiff alleges that defendants' concealment of the options backdating described in the Complaint permitted the Company to report materially false and misleading financial results for fiscal years 2000 through 2005. ¶¶47-60.

On January 17, 2008, the last day of the Class Period, defendants announced that it had failed to properly account for almost $650 million in stock option compensation expenses and would likely restate earnings downward approximately $360 million to $425 million as result of stock option backdating. ¶61. Following that announcement, the price of Maxim stock plummeted more than $5.00 per share, or approximately 23%, over the next three trading days on extraordinarily heavy trading volume. ¶62. The Complaint alleges that defendants' materially false and misleading statements and omissions caused Maxim shares to trade at artificially inflated prices during the Class Period. ¶¶63-66. Movants and the other members of the class were damaged thereby.

///

Notice of Motion and Motion of BG Capital Fund for Appointment as Lead Plaintiff and for Approval of Its Selection of Lead Counsel; Memorandum of Law          Civil Action No. C08-00832 -PVT

3

## III. ARGUMENT

### A. Movant and Its Chosen Counsel Should be Appointed to Lead This Litigation

#### 1. Movant Satisfies All Three Requirements of §21D(a)(3)(B) of the PSLRA and Should be Appointed Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i). The Ninth Circuit has interpreted Section 21D of the Exchange Act, as amended by the PSLRA, to set forth a three-step procedure to select a lead plaintiff or plaintiffs to oversee class actions brought under the federal securities laws. *See In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *see also Richardson v. TVIA, Inc.*, 2007 U.S. Dist. LEXIS 28406, at *7-*8 (N.D. Cal. April 16, 2007).

First, within twenty (20) days after the date on which a class action is filed pursuant to the PSLRA, the plaintiff(s) must publish notice advising class members of the pendency of the action and of their right to move within sixty (60) days of the publication of the notice to be appointed lead plaintiff. §21D(a)(3)(A)(i); 15 U.S.C. §78u-4(a)(3)(A)(i).

Second, any member or members of the class may move the Court to serve as lead plaintiff no later than sixty (60) days after the notice is published. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). The PSLRA provides that the court "must consider the losses already suffered by the various plaintiffs before selecting . . . the 'presumptively most adequate plaintiff.'" *See Cavanaugh*, 306 F.3d at 730.

Third, the court must determine whether the presumptively most adequate plaintiff also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B).

///

///

Notice of Motion and Motion of BG Capital Fund for Appointment as Lead Plaintiff and for Approval of Its Selection of Lead Counsel; Memorandum of Law

Civil Action No. C08-00832 -PVT

4

Moreover, the court must "'give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements.'" *Cavanaugh*, 306 F.3d at 730; *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As demonstrated below, Movant satisfies all three requirements and should be appointed Lead Plaintiff.

### a. Notice was Properly Published

Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, provides in relevant part that:

> [T]he plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -
>
> (I)   of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)  that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. §78u-4(a)(3)(A)(i).

Only the plaintiff in the first-filed action must publish notice. 15 U.S.C. §78u-4(a)(3)(A)(ii).

Pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), plaintiff Query, through his counsel, published notice of this action over *Market Wire*, a national business-oriented wire service on February 6, 2008. A true and correct copy of the notice is attached as Exhibit 1 to the Parker Decl. filed concurrently. The notice advised class members of the pendency of the securities class action lawsuit against Maxim and the individual defendants, the claims asserted therein, the Class Period and their right to move for lead plaintiff within sixty (60) days from the date of the notice. This motion is timely filed within sixty (60) days from publication of the notice on February 6, 2008 and the statutory timing requirement of the PSLRA is satisfied. *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

Notice of Motion and Motion of BG Capital Fund for Appointment as Lead Plaintiff and for Approval of Its Selection of Lead Counsel; Memorandum of Law    Civil Action No. C08-00832 -PVT

5

1  Moreover, the PSLRA directs the court to consider any motions filed in
2  response to the required notice no later than ninety (90) days after the date of
3  publication of the notice or as soon as practicable after the court decides any pending
4  motion to consolidate actions asserting substantially the same claims. 15 U.S.C.
5  §78u-4(a)(3)(B)(i)-(ii).

### b. Movant Possesses the Largest Financial Interest in the Litigation and Should be Presumed Lead Plaintiff

The PSLRA further provides that the court:

> shall appoint as lead plaintiff the member or members of the purported class that the court determines to be most capable of adequately representing the interests of class members (hereinafter in this paragraph referred to as the "most adequate lead plaintiff") in accordance with this subparagraph.

15 U.S.C. §78u-4(a)(3)(B)(i).

During the Class Period, Movant purchased Maxim common stock at prices inflated by defendants' materially false and misleading statements. As a result, Movant possesses a significant financial interest in the outcome of this litigation.

The PSLRA's "most adequate plaintiff" provision also requires this Court to adopt a rebuttable presumption that:

> [T]the most adequate plaintiff in any private action arising under this title is the person or group of persons that -
>
> *  *  *  *
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

To the best of his current knowledge, Movant has the largest financial interest in the relief sought in this case. *See* Movant's Register and Transaction Report, Parker Decl., Exhibit 2.

Movant suffered damages of approximately $40,759 in connection with his purchases of Maxim common stock, purchased approximately 4,200 shares of the Company's common stock and expended approximately $119,026 in purchasing

Notice of Motion and Motion of BG Capital Fund for Appointment as Lead
Plaintiff and for Approval of Its Selection of Lead Counsel; Memorandum of Law

Civil Action No. C08-00832 -PVT

6

Maxim common stock during the Class Period as a result of defendants' materially false and misleading statements and omissions.[3] *See id.* To Movant's current knowledge, this financial interest makes it the proposed lead plaintiff with the largest financial stake in this action, a fact which warrants a presumption that it is the "most adequate plaintiff" in this case pursuant to §21D of the Exchange Act. *Cavanaugh*, 306 F.3d at 730 ("[T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."); *see also Richardson*, 2007 U.S. Dist. LEXIS 28406, at *11.

### c. Movant Meets the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that, in addition to possessing a significant financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y]" the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(c).

With respect to the qualifications of the class representatives, Rule 23(a) requires generally that their claims be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed lead plaintiff.

///

---

[3] Pursuant to Section 21D(e)(1) of the 1934 Act, the calculated damages for plaintiffs holding their shares through the end of the class period is "the difference between the purchase or sale price paid or received . . . and the mean trading price of that security during the 90 day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. §78u-4(e)(1). For the purposes of calculating damages in this case, the 90 day period began on January 18, 2008 and will end on April 18, 2008. Consequently, as the 90 day period has not yet ended, Movant has calculated a mean trading price of $18.635 per share, which is the average closing price of Maxim stock beginning on January 18, 2008 through April 4, 2008, inclusive.

Notice of Motion and Motion of BG Capital Fund for Appointment as Lead    Civil Action No. C08-00832 -PVT
Plaintiff and for Approval of Its Selection of Lead Counsel; Memorandum of Law

7

### 1. Movant's Claims are Typical of the Claims of the Class

The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories. *See Richardson,* 2007 U.S. Dist. LEXIS 28406, at *16. The threshold typicality and commonality requirements are not high. Rule 23(a) requires only that resolution of the common questions affect all or a substantial number of class members. *Id*. The questions of law and fact common to the members of the class which predominate over questions which may affect individual class members include, *inter alia*, the following:

1.  whether defendants' alleged acts or omissions violated the federal securities laws:

2.   whether defendants' public statements during the Class Period misrepresented material facts about the Company;

3.  whether defendants knew, had reason to know, or recklessly disregarded that their statements were false and misleading;

4.  whether the prices of Maxim common stock and stock options were artificially inflated during the Class Period; and

5.  to what extent the members of the class have sustained damages and the proper measure of such damages.

There is a well-defined community of interest in the questions of law and fact involved in this case, of which Movant is a part. Movant, as well as the other members of the class, alleges that defendants violated the Exchange Act and SEC Rule 10b-5 by publicly disseminating materially false and misleading statements, as well as omitted material facts about the Company's stock option policies and practices required to make those statements not misleading, during the Class Period. As a result of defendants' alleged fraudulent representations and omissions, Movant, and the other members of the class, purchased Maxim securities at artificially inflated

Notice of Motion and Motion of BG Capital Fund for Appointment as Lead     Civil Action No. C08-00832 -PVT
Plaintiff and for Approval of Its Selection of Lead Counsel; Memorandum of Law

8

prices and were damaged thereby. Because the claims asserted by Movant are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the claims of the class, typicality is satisfied here. *See* 7 Herbert Newberg & Alba Conte, Newberg on Class Actions, §22.24 at 107-108 (4th ed. 2002) ("[t]he majority of class action decisions support the view that when it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is met").

### 2. Movant Will Fairly and Adequately Represent the Interests of the Class

Movant's interests clearly are aligned with the members of the class and there is no antagonism between his interests and the interests of the members of the class. Movant amply has demonstrated its adequacy as class representative by signing a sworn certification affirming its willingness to serve as, and assume the responsibilities of, class representative. *See* Parker Decl., Exhibit 3.

In addition, Movant has selected counsel highly experienced in prosecuting securities class actions to represent them. *See Richardson*, 2007 U.S. Dist. LEXIS 28406, at *16, *21-*22. Accordingly, Movant, as well as its counsel, satisfy the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action, and, accordingly, should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 2. This Court Should Approve Movant's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The court should not disturb lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 732-33 n.11 ("the district court must approve the lead

Notice of Motion and Motion of BG Capital Fund for Appointment as Lead       Civil Action No. C08-00832 -PVT
Plaintiff and for Approval of Its Selection of Lead Counsel; Memorandum of Law

9

plaintiff's choice of counsel, but Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class").

Movant has selected the law firms of Weiss & Lurie to serve as Lead Counsel for the class. Movant's chosen counsel possess extensive experience in litigating securities class actions and have successfully prosecuted numerous securities class actions on behalf of injured investors. Parker Decl., Exhibit 4. As a result, this Court may be assured that the members of the class will receive the highest caliber of legal representation available.

## IV.   CONCLUSION

For all the foregoing reasons, Movant respectfully requests that this Court: (i) appoint Movant as lead plaintiff in this action pursuant to §21D(a)(3)(B) of the Exchange Act; (ii) approve Movant's selection of the law firm of Weiss & Lurie to serve as Lead Counsel for the class; and (iii) grant other such relief as the Court may deem just and proper.

Dated: April 7, 2008                    Respectfully submitted,

                                                   Jordan L. Lurie
                                                   Leigh A. Parker
                                                   **WEISS & LURIE**

By:    /s/ - Leigh A. Parker
        Leigh A. Parker
10940 Wilshire Boulevard, 23rd Floor
Los Angeles, CA 90024
Tel:   (310) 208-2800
Fax:   (310) 209-2348
   -and-
Joseph H. Weiss
551 Fifth Avenue
New York, NY 10176
Tel:   (212) 682-3025
Fax:   (212) 682-3010
jweiss@weisslurie.com

Attorneys for BG Capital Fund
and [Proposed] Lead Counsel for Plaintiffs

Notice of Motion and Motion of BG Capital Fund for Appointment as Lead     Civil Action No. C08-00832 -PVT
Plaintiff and for Approval of Its Selection of Lead Counsel; Memorandum of Law

10