1  Jordan L. Lurie (130013)
   Leigh A. Parker (170565)
2  **WEISS & LURIE**
   10940 Wilshire Boulevard, 23rd Floor
3  Los Angeles, CA 90024
   Tel:   (310) 208-2800
4  Fax:  (310) 209-2348
   jlurie@weisslurie.com
5  lparker@weisslurie.com

6  Attorneys for BG Capital Fund
   and [Proposed] Lead Counsel for Plaintiffs
7  Additional Counsel on Signature Page

8

9

10                **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

12                       **SAN JOSE DIVISION**

13

| | |
|---|---|
| ALLAN QUERY, Individually and on Behalf of All Others Similarly Situated, | CIVIL ACTION NO. C08-00832-PVT |
| | <u>CLASS ACTION</u> |
| Plaintiff, | **DECLARATION OF LEIGH A. PARKER IN SUPPORT OF MOTION OF BG CAPITAL FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL** |
| v. | |
| MAXIM INTEGRATED PRODUCTS, INC., JOHN F. GIFFORD and CARL W. JASPAR, | |
| Defendants. | Date: May 13, 2008<br>Time: 10:00 a.m.<br>Ctrm: 5, 4th Floor<br>Judge: Hon. Patricia V. Trumbull |

I, Leigh A. Parker, declare as follows:

1. I am an attorney duly licensed to practice before all Courts of the State of California and this District Court. I am an associate of the law firm of Weiss & Lurie, counsel of record for BG Capital Fund ("Movant"). I submit this declaration in support of Movant's motion to appoint BG Capital Fund as Lead Plaintiff and for approval of its selection of Weiss & Lurie as Lead Counsel for plaintiffs.

2. Attached hereto as Exhibit 1 is a true and correct copy of the first notice announcing the pendency of this matter on *Market Wire*, a national, business-oriented newswire service on February 6, 2008.

3. Attached hereto as Exhibit 2 is a true and correct chart entitled Movant's Register and Transaction Report presenting Movant's transactions in Maxim Integrated Products, Inc. common stock and Movant's financial interest in this matter.

4. Attached hereto as Exhibit 3 is a true and correct copy of the signed certification of BG Capital Fund.

5. Attached hereto as Exhibit 4 is a true and correct copy of the Weiss & Lurie firm's resume.

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed this 7th day of April, 2008, at Los Angeles, California.

                                          /s/ - Leigh A. Parker
                                          Leigh A. Parker

Declaration of Leigh A. Parker in Support of Motion of BG Capital Fund for Appointment as Lead Plaintiff and for Approval of Its Selection of Lead Counsel     Civil Action No. C08-00832 -PVT

1

# EXHIBIT 1

Yahoo! My Yahoo! Mail    Make Y! your home page    Search: [_____]  Web Search

YAHOO! FINANCE    **Sign In**  Finance Home - Help    marketwire
New User? Sign Up

**Welcome** [Sign In]                                    To track stocks & more, Register

**Financial News**

Enter symbol(s) [____]   Basic  ▾  [Get]  Symbol Lookup

**Press Release**                                        Source: The Rosen Law Firm

# The Rosen Law Firm Files Securities Class Action Charging Maxim Integrated Products, Inc. With Violations of the Federal Securities Laws - MXIM.PK

Wednesday February 6, 11:11 pm ET

NEW YORK, NY--(MARKET WIRE)--Feb 6, 2008 -- The Rosen Law Firm today announced that it has filed a class action lawsuit on behalf of purchasers of the common stock and options of Maxim Integrated Products, Inc. ("Maxim" or the "Company") (Other OTC:MXIM.PK - News) (formerly NASDAQ: MXIM), during the period from April 29, 2003 through January 17, 2008 (the "Class Period").

To join the Maxim class action, go to the website at http://www.rosenlegal.com or call Laurence Rosen, Esq. or Phillip Kim, Esq. toll-free at 866-767-3653 or email lrosen@rosenlegal.com or pkim@rosenlegal.com for information on the class action.

NO CLASS HAS YET BEEN CERTIFIED IN THE ABOVE ACTION. UNTIL A CLASS IS CERTIFIED, YOU ARE NOT REPRESENTED BY COUNSEL UNLESS YOU RETAIN ONE. YOU MAY ALSO REMAIN AN ABSENT CLASS MEMBER.

The case is pending in the United States District Court for the Northern District of California as case no. 08-cv-0832. You can obtain a copy of the complaint from the clerk of court or you may contact counsel for plaintiffs Laurence Rosen, Esq. or Phillip Kim, Esq. toll-free at 866-767-3653 or email lrosen@rosenlegal.com or pkim@rosenlegal.com.

The complaint charges that Maxim and certain of its former officers violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by engaging in improper stock option backdating that caused the issuance of materially false and misleading financial statements during the Class Period.

The complaint asserts that on January 17, 2008, the Company announced that it would be restating its financial statements to record between $550 million and $650 million of additional stock-based compensation expense and that its previously issued financial statements could no longer be relied on. As a result of these adverse disclosures, the Company's stock price has declined 22%.

A class action lawsuit has already been filed on behalf of Maxim shareholders. If you wish to serve as lead plaintiff, you must move the Court no later than April 7, 2008. If you wish to join the litigation or to discuss your rights or interests regarding this class action, please contact plaintiff's counsel, Laurence Rosen, Esq. or Phillip Kim, Esq. of The Rosen Law Firm toll free at 866-767-3653 or via e-mail at lrosen@rosenlegal.com or pkim@rosenlegal.com.

The Rosen Law Firm has expertise in prosecuting investor securities litigation and extensive experience in actions involving financial fraud. The Rosen Law Firm represents investors throughout the nation, concentrating its practice in securities class actions.

*Contact:*

```
Contact:
Laurence Rosen, Esq.
Phillip Kim, Esq.
The Rosen Law Firm P.A.
Tel:  (212) 686-1060
Toll Free: 1-866-767-3653
Fax: (212) 202-3827
Email Contact
Email Contact
http://www.rosenlegal.com
```

Source: The Rosen Law Firm

Copyright © 2008 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Send Feedback
Copyright © 2008 Marketwire. All rights reserved. All the news releases provided by Marketwire are copyrighted. Any forms of copying other than an individual user's personal reference without express written permission is prohibited. Further distribution of these materials is strictly forbidden, including but not limited to, posting, emailing, faxing, archiving in a public database, redistributing via a computer network or in a printed form.

EXHIBIT 2

BG Capital Fund, Inc.
Movants Register and Transaction Report

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|
| **Weiss & Lurie** | | | | | | | | | |
| BG Capital Fund | 2/5/2007 | 2,200 | $ 32.43 | $ 71,346.00 | | | | $ | $ (30,349.00) |
| | 7/3/2007 | 2,000 | $ 23.84 | $ 47,680.00 | | | | $ | $ (10,410.00) |
| **TOTALS:** | | **4,200** | | **$ 119,026.00** | | | | | **$ (40,759.00)** |

**Explanatory notes**
The total estimated damages of each Proposed Lead Plaintiff has been calculated in the following manner:

1) <u>Common stock sold within the Class Period:</u>
Damages with respect to shares sold within the Class Period have been based upon each proposed lead plaintiff's actual loss. Each Proposed Lead Plaintiff's actual loss has been offset by any gain realized by plaintiff as a result of sales made within the Class Period.

2) <u>Common stock still held:</u>
Purchase price of Maxim Integrated Products, Inc. common stock still held minus the mean trading price of Maxim Integrated Products, Inc. common stock between 1/18/08 and 4/4/08 ($18.635) multiplied by the number of shares held.

3) <u>Common stock sold after the Class Period:</u>
For shareholders who sold their shares after the end of the Class Period, their actual (non statutory) losses were calculated.

4) All calculations have been performed using the First-In-First-Out ("FIFO") method of matching trades.

5) All losses have been calculated exclusive of costs, commissions and fees.

Page 1

EXHIBIT 3

CERTIFICATION OF PLAINTIFF
PURSUANT TO FEDERAL SECURITIES LAWS

BG CAPITAL FUND ("Plaintiff"), hereby certifies as follows:

1. Plaintiff has reviewed the complaint filed against Maxim Integrated Products, Inc., ("Maxim") and certain of its officers entitled *Query v. Maxim Integrated Products, Inc. et al.*, and adopts its allegations. Plaintiff also authorizes the filing of a similar complaint on behalf of BG Capital Fund, if necessary.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in this private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff purchased the following shares of Maxim during the class period referenced in the complaint:

| Date of Purchase | No. of Shares | Price Per Share |
|---|---|---|
| 2/5/2007 | 2,200 | $32.43 |
| 7/3/2007 | 2,000 | $23.84 |

5. Plaintiff has not served as a class representative in a federal securities case in the last three years.

6. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

7. The undersigned has authority to execute this Certification on behalf of BG Capital Fund and the matters stated herein are true to the best of my current knowledge, information and belief.

8. I hereby certify, under penalty of perjury, that the foregoing is true and correct.

DATED:    April 7, 2008

BERNARD GROSS
Portfolio Manager
BG Capital Fund

EXHIBIT 4

# WEISS & LURIE

Suite 2300
10940 Wilshire Boulevard
Los Angeles, CA 90024
TEL. (310) 208-2800
FAX (310) 209-2348

New York . Los Angeles

## FIRM BIOGRAPHY

The law firm of Weiss & Lurie has offices in New York City and Los Angeles. In courts throughout the United States, the firm has litigated hundreds of stockholder class actions brought for violations of federal securities laws and shareholder class and derivative actions brought for violations of corporate and fiduciary duties. The firm also represents consumers in several class actions in the area of consumer fraud and unfair practices. The firm has served as lead counsel in numerous actions on behalf of defrauded institutions and individuals for whom it has recovered well over a billion dollars.

Numerous courts have commended the firm for its expertise and ability:

In Brody v. U.S. West, et al., No. CV-4142 (D. Colo.), Judge Coughlin observed that the case "was litigated by extremely talented lawyers" and "it took a great deal of skill to get to the point of trial." Referring to the firm, Judge Coughlin stated "there wasn't any other lawyers in the United States that took the gamble that these people did. Not one other firm anywhere said, 'I am willing to take that on'…[the shareholders are] fortunate that they had some lawyers that had the guts to come forward and do it…I had the opportunity to watch these attorneys throughout this period of time when I had this case and the [lawyers'] ability is terrific."

In In re McLeodUSA Inc. Securities Litigation, No. C02-0001-MWB (N.D. Iowa), Chief Judge Mark Bennett stated at the final approval hearing: "I thought you all did a great job in this litigation" and "I think very highly of the work that all the lawyers did in the case, and [I am] pleased that you were able to get it resolved."

In <u>Ellison v. American Image Motor, et al.</u>, Civil Action No. 97-3608 (S.D.N.Y.), Judge Chin, approving the settlement and fee application, commented that "It has been many years. The case was hard fought, very capable counsel on both sides, and I saw counsel many times. It was a hard fought case. It was a difficult case."... "It's probably not said very often, but in this case I think plaintiffs' counsel are being under paid." ... "Counsel did a great job..."

In <u>In re United Telecommunications, Inc. Securities Litigation</u>, No. 90-2251-0 (D. Kan.), Judge O'Conner stated "the court finds that plaintiffs' counsel were experienced and qualified attorneys with outstanding professional reputations in securities litigation who ably and zealously prosecuted the instant case on behalf of the class."

In <u>In re VeriFone Inc. Securities Litigation</u>, No. C-93-3640 DCJ (N.D. Cal.), Judge Jensen stated "I think the case was handled extremely well, extremely professionally, so I think you've done very well."

In <u>In re Western Digital Securities Litigation</u>, SACV 91-375(A) GLT (RWRx) (C.D. Cal.), Judge Taylor complimented plaintiffs' attorneys' work in the action, specifically noting "the caliber of the work involved [and] the quality of the attorneys involved."

In <u>Georgallas v. Martin Color-Fi, Inc.</u> Civil Action No. 6:95-06483 (D.S.C.), Judge Anderson expressed "the utmost respect" for the work of the firm.

In <u>Bash v. Diagnostek</u>, CV 94-794 M (D.N.M.), Judge Black said the case provided "a model for how commercial litigation should be conducted and can be resolved."

In <u>In re National Medical Enterprises Litigation</u>, CV 93-5223-TJH and CV 93-5313-TJH (C.D. Cal.), Judge Hatter summed up the settlement hearing by saying, "I want to again thank counsel for the work that you put into this and hopefully it's a settlement for which the claimants themselves will be appreciative of the results."

2

In In re Santa Fe Southern Pacific Corporation, Consol. Civ. No. 9523 (Del. Ch.), Chancellor Allen of the Delaware Chancery Court approved a settlement and cited the creativity and sophistication of plaintiffs' counsel.

Some of the actions which highlight the firm's accomplishments are:

**CASES IN WHICH WEISS & LURIE WAS LEAD OR CO-LEAD COUNSEL**

Jordan v. California Department of Motor Vehicles (Sacramento Cal.): The California Court of Appeal, Third Appellate District, held that the State of California's $300 smog impact fee was unconstitutional, paving the way for the creation of a $665 million fund and full refunds, with interest, to 1.7 million motorists.

In re Geodyne Resources, Inc. Securities Litigation (Harris Cty. Tex.): A recovery (including related litigation) totaling over $200 million was obtained for the class.

Freddie Mac Derivative Litigation (S.D.N.Y.): Approximately $100 million was recovered for the Company and significant corporate governance measures were adopted.

Brody v. U.S. West, et al., (D. Colo.): A recovery of $50 million was obtained for the class.

In re Tenneco Securities Litigation (D. Tex.): A recovery of $50 million was obtained for the class.

In re Community Psychiatric Center Securities Litigation (C.D. Cal.): A recovery of $42.5 million was obtained for the class.

In re Crazy Eddie Securities Litigation (S.D.N.Y.): A recovery of $42 million was obtained for the class.

In re Apria Healthcare Group Securities Litigation (Orange County Cal.): A recovery of $42 million for the class was obtained for the class.

In re Canon Group Securities Litigation (C.D. Cal.): A recovery of $33 million was obtained for the class.

In re Platinum Software Securities Litigation (C.D. Cal.): A recovery of $32 million was obtained for the class.

In re McLeodUSA Inc. Securities Litigation, (N.D. Iowa): A recovery of $30 million was obtained for the class.

In re United Telecommunications Securities Litigation (D. Kan.): A recovery of $28 million was obtained for the class.

In re Bergen Brunswig Corp. Sec. Litig., (C.D. Cal.): A recovery of $27.9 million was obtained for the class.

In re Bank of New York Derivative Litigation (Sup. Ct. NY): A recovery of $26.5 million was obtained for the Company and significant corporate governance measures were adopted.

<u>In re FirstEnergy Shareholder Derivative Litigation</u> (N.D. Ohio): A recovery of $25 million was obtained for the Company and significant corporate governance measures were adopted.

<u>In re Vodafone Group, PLC Securities Litigation</u> (S.D.N.Y.): A recovery of $24.5 million was obtained for the class.

<u>In re Abbey Healthcare Securities Litigation</u> (C.D. Cal.): A recovery of $20.5 million was obtained for the class.

<u>Feinberg v. Hibernia Corp.</u> (D. La.): A recovery of $20 million was obtained for the class.

<u>In re Southern Pacific Funding Corp. Sec. Litig.</u>, (D. Or.): A recovery of $19.5 million was obtained for the class.

<u>In re Aura Systems, Inc. Securities Litigation</u> (C.D. Cal.): A recovery of $18 million was obtained for the class.

<u>In re MK Rail Securities Litigation</u> (D. Idaho): A recovery of $14.65 million was obtained for the class.

<u>In re California Microwave Securities Litigation</u> (N.D. Cal.): A recovery of $14 million was obtained for the class.

<u>In re KeySpan Corporation Securities Litigation</u> (E.D.N.Y.): A recovery of $13.75 million was obtained for the class.

<u>In re Elscint Ltd Securities Litigation</u> (D. Mass.): A recovery of $12 million was obtained for the class.

<u>Bash v. Diagnostek</u> (D.N.M.): A recovery of $11.7 million was obtained for the class.

<u>In re Megafoods Securities Litigation</u> (D. Ariz.): A recovery of $12 million was obtained for the class.

<u>In re GTECH Securities Litigation</u> (D.R.I.): A recovery of $10.25 million was obtained for the class.

<u>In re Complete Management, Inc. Securities Litigation</u> (S.D.N.Y.): A recovery of $10.15 million was obtained for the class.

<u>Berlinsky v. Alcatel</u> (S.D.N.Y.): A recovery of $8.8 million was obtained for the class.

<u>Lopez v. Checkers Drive-In Restaurants, Inc.</u> (M.D. Fl.): A recovery of over $8.175 million was obtained for the class.

<u>In re Mesa Airlines Securities Litigation</u> (D.N.M.): A recovery of $8 million was obtained for the class.

<u>In re Resound Securities Litigation</u> (N.D. Cal.): A recovery of $8 million was obtained for the class.

<u>In re Castle Energy Corp. Securities Litigation</u> (C.D. Cal.) A recovery of $7.5 million was obtained for the class.

In re Western Digital, Inc. Securities Litigation (C.D. Cal.): A recovery of $6.75 million was obtained for the class.

In re Circle K Securities Litigation (D. Ariz.): A recovery of $6 million was obtained for the class.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A recovery of $5.55 million was obtained for the class.

In re Ascend Communications Securities Litigation (C.D. Cal.): A recovery of $5.45 million was obtained for the class.

In re Southmark Securities Litigation (D. Tex.): A recovery of $5 million was obtained for the class.

In re WCT Securities Litigation (C.D. Cal.): A recovery of $5 million was obtained for the class.

In re Sumitomo Bank of California Securities Litigation (San Francisco Sup. Ct.): A recovery of $4.95 million was obtained for the class.

In re NextLevel Systems, Inc. Securities Litigation (N.D. Ill.): A recovery of $4.6 million was obtained for the class.

In re Shopping.com Securities Litigation (C.D. Cal.): A recovery of $4.5 million was obtained for the class.

In re Denver Bonds Securities Litigation (D. Colo.): A recovery of $4.5 million was obtained for the class.

In re Molecular Dynamics, Inc. Securities Litigation (N.D. Cal.): A recovery of $4 million was obtained for the class.

In re Party City Corp. Securities Litigation (D.N.J.): A recovery of $3.8 million was obtained for the class.

In re Iwerks Securities Litigation (C.D. Cal.): A recovery of approximately $3.5 million was obtained for the class.

In re Davstar, Inc. Securities Litigation (C.D. Cal.): A recovery of $3.4 million was obtained for the class.

In re Trident Securities Litigation (N.D. Cal.): A recovery of $3.15 million was obtained for the class.

In re Twinlab Corp. Securities Litigation (E.D.N.Y.): A recovery of $3 million was obtained for the class.

In re Offshore Pipelines Securities Litigation (S.D.N.Y.): A recovery of $3 million was obtained for the class.

Gorga v. Uniroyal Chemical Corp. (Sup. Ct. Conn.): A recovery of $3 million was obtained for the class.

In re Amylin Pharms. Securities Litigation (S.D. Cal.): A recovery of $2.1 million was obtained for class.

**CLASS AND DERIVATIVE ACTIONS HANDLED BY WEISS & LURIE WHERE A SIGNIFICANT BENEFIT WAS OBTAINED FOR THE COMPANY AND/OR THE SHAREHOLDERS**

In re Santa Fe Southern Pacific Corporation (Del. Ch.).

In re Genentech Shareholder Litigation (N.D. Cal.).

In re Beverly Enterprises Shareholder Litigation (Del. Ch.).

In re Tandon Computer Shareholder Litigation (C.D. Cal.).

In re Sears Shareholder Litigation (D. Ill.).

In re Xoma Shareholder Litigation (N.D. Cal.).

In re Castle Energy Corp. Shareholder Litigation (C.D. Cal.).

In re Times-Mirror, Inc. Shareholder Litigation (C.D. Cal.).

In re Lockheed Corp. Shareholder Litigation (C.D. Cal.).

In re Nexgen Securities Litigation (N.D. Cal.).

In re GT Greater Europe Securities Litigation (N.D. Cal.).

In re Pairgain Securities Litigation (S.D. Cal.).

In re AMI Securities Litigation (L.A. Superior).

Wallace v. Fox, et al. (Northeast Utilities) (D. Conn.).

### BRIEF BIOGRAPHIES OF WEISS & LURIE ATTORNEYS

**JOSEPH H. WEISS** is a 1972 graduate of Columbia University Law School, where he was an editor of the Law Review. He is also a 1972 graduate of Columbia University Graduate School of Business from which he obtained a Masters in Business Administration. Mr. Weiss is a member of the Bar of the State of New York and is admitted to practice in the Southern District of New York, the Eastern District of New York, the Courts of Appeal for the First, Second, Third, Ninth and Federal Circuits, and has been admitted to practice in numerous other federal and state courts. He specializes in prosecuting class and derivative actions throughout the United States and has been appointed lead counsel and successfully concluded numerous such actions.

**JORDAN L. LURIE** is a partner in the Los Angeles office. Mr. Lurie received his law degree in 1987 from the University of Southern California Law Center where he was Notes Editor of the University of Southern California Law Review. He received his undergraduate degree from Yale University in 1984 (*cum laude*). Mr. Lurie has participated in all aspects of class actions. Mr. Lurie is the co-author of "Postponing a Municipal Court Election: The November Election Provision of Government Code Section 71180(b)," California Courts Commentary, November 1989; co-author of "Chapter 54 - Consent Judgment" and "Chapter 55 - Submitted Case," Civil Procedure Before Trial (1990), published by California Continuing Education of the Bar; and author of "Rx for Pharmacy Malpractice: California's New Duty to Consult," CEB Civil Litigation Reporter, December 1991.

Mr. Lurie also has been a featured speaker at California Mandatory Continuing Legal Education seminars regarding securities fraud and class actions. Mr. Lurie is a member of the State Bar of California and is admitted to practice before the United States District Courts for the Northern, Southern, Central and Eastern Districts of California.

**MOSHE BALSAM** is a senior associate in the New York office. He graduated from Brooklyn Law School in 1981 with a specialty in securities law. He was admitted to the New York State Bar in 1982. Mr. Balsam is also a member of the bars of the United States District Courts for the Southern and

Eastern Districts of New York and has been admitted to practice before various other state and federal courts. He has participated in all aspects of numerous class action and shareholder derivative cases.

**DAVID C. KATZ** is a senior associate in the New York office. He is a 1988 Graduate of Benjamin N. Cardozo School of Law. He is admitted to the New York State Bar and the United States District Courts for the Southern and Eastern Districts of New York. He is experienced in all aspects of securities class and derivative litigation at both the trial and appellate level, and leads the firm's efforts devoted to enhancing corporate governance.

**JOSEPH D. COHEN** is a senior associate in the New York office. He graduated from Case Western Reserve University School of Law in May 1989, where he received an award for excellence in Business Law. He received an LL.M in Corporate law from New York University in 1990. Mr. Cohen has co-authored several articles: "Mitsubishi and Shearson: A Misplaced Trust in Arbitration," New England Business Law Journal, 1990; "The Effects of Tax Reform on Golden Parachutes," North Atlantic Regional Business Law Review, August 1988; "Dual Class Common Stock and Its Effects on Shareholders and Legislators," American Business Law Association National Proceedings, August 1988.

Mr. Cohen is admitted to the State Bars of California and Rhode Island, as well as the District of Columbia and the United States District Courts for the Central, Southern and Northern Districts of California.

**JAMES E. TULLMAN** is an associate in the New York office. He graduated from the University of Delaware (B.A., 1988), and The Jacob D. Fuchsburg Law Center of Touro College (J.D., 1991), where he was an editor of the Journal of the Suffolk Academy of Law, Touro College, 1990-1991. Mr. Tullman is admitted to the state bars of Connecticut, New York, and California, as well as the United States District Courts for the Southern and Eastern Districts of New York, the Northern, Central and Southern Districts of California, and the United States Court of Appeal for the Ninth and Third Circuit.

**RICHARD A. ACOCELLI** is an associate in the New York Office. He received his law degree in 1990 from St. John's University School of Law. He is admitted to the State Bar of New York and the

United States District Courts for the Southern and Eastern Districts of New York and the Eastern District of Michigan.

**JACK I. ZWICK** is an associate in the New York Office. He received his law degree in 1993 from Benjamin N. Cardozo School of Law. He is admitted to the New York State Bar and the United States District Courts for the Southern and Eastern Districts of New York.

**LEIGH A. PARKER** is an associate in the Los Angeles office. She graduated from Indiana University (B.A. 1981), received her M.B.A. from the American Graduate School of International Management in 1982 and graduated from Loyola Law School in 1993, where she was a member of the Scott Moot Court Honors Board. She is admitted to the Bar of the State of California and the United States District Courts for the Central, Northern, Southern and Eastern Districts of California, as well as the Ninth Circuit Court of Appeals.

**MARK D. SMILOW** is an associate in the New York office. He graduated Benjamin N. Cardozo School of Law in 1993, *magna cum laude*, where he was a member of the Cardozo Law Review. He is admitted to the New York and New Jersey State Bars, and the United States District Courts for the Southern and Eastern Districts of New York. He has also been admitted in other courts throughout the nation for particular cases. He has litigated all aspects of numerous class, shareholder, derivative and consumer class actions in both trial and appellate courts.

**ZEV B. ZYSMAN** is an associate in the Los Angeles office. He graduated from the University of Southern California (B.A. 1991), and received his law degree from the University of California, Hastings College of the Law (J.D. 1994). Mr. Zysman is admitted to the Bar of the State of California and the United States District Court for the Central District of California.

**JULIA J. SUN** is a junior associate in the New York office. She received her B.A. in Political Science from Barnard College, Columbia University in 1998 and her J.D. from Brooklyn Law School in 2003. Ms. Sun is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**ILYA NUZOV** is a junior associate in the New York office. He received his B.S. in Finance from Rutgers University in 2001 and his J.D. from Brooklyn Law School in 2004. During law school, Mr. Nuzov worked at the State of New Jersey Office of the Attorney General, Bureau of Securities. Mr. Nuzov is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**JOSHUA M. RUBIN** is a junior associate in the New York office. He received a Bachelor of Talmudic Law from Ner Israel Rabbinical College in 2002 and his J.D. from Benjamin N. Cardozo School of Law in 2005. Mr. Rubin is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York. He is also an arbitrator qualified by the New York State Dispute Resolution Association and an emergency medical technician.