BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
BLAIR A. NICHOLAS   (Bar No. 178428)
TIMOTHY A. DELANGE   (Bar No. 190768)
TAKEO A. KELLAR   (Bar No. 234470)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
blairn@blbglaw.com
timothyd@blbglaw.com
takeok@blbglaw.com

CHITWOOD HARLEY HARNES LLP
MARTIN D. CHITWOOD
(To Be Admitted *Pro Hac Vice*)
JAMES M. WILSON, JR.
(To Be Admitted *Pro Hac Vice*)
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel:   (404) 873-3900
Fax:   (404) 876-4476
mchitwood@chitwoodlaw.com
jwilson@chitwoodlaw.com
    -and-
GREGORY E. KELLER
(To Be Admitted *Pro Hac Vice*)
11 Grace Avenue, Suite 306
Great Neck, New York  11021
Tel:   (516) 773-6090
Fax:   (404) 876-4476
gkeller@chitwoodlaw.com

*Attorneys for Proposed Lead Plaintiffs The Cobb County Government Employees' Pension Plan, the DeKalb County Pension Plan and the Mississippi Public Employees Retirement System*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ALLAN QUERY, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>  v.<br><br>MAXIM INTEGRATED PRODUCTS, INC., JOHN F. GIFFORD and CARL W. JASPER<br><br>            Defendants. | Case No. C-08-00832-PVT<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF THE PUBLIC FUNDS GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO ALL OTHER MOTIONS<br><br>Date:        May 13, 2008<br>Time:       10:00 A.M.<br>Courtroom:  5, 4th Floor<br>Judge:      Hon. Patricia V. Trumbull |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..........................................................................................................................1

II. STATEMENT OF ISSUES ...........................................................................................................2

III. ARGUMENT..................................................................................................................................2

    A. The Public Funds Group Should Be Appointed Lead Plaintiff In Accordance With The PSLRA ......................................................................2

    B. The Public Funds Group Has The Largest Financial Interest In The Relief Sought By The Class ..................................................................................3

    C. The Public Funds Group Satisfies The Requirements of Rule 23 ..................................................................................................................................4

        1. The Public Funds Group's Claims Are Typical Of Those Of Other Class Members.............................................................................4

        2. The Public Funds Group Will Adequately Represent The Class.........................................................................................................................5

IV. CONCLUSION...............................................................................................................................7

# TABLE OF AUTHORITIES

Cases                                                                                                        Page(s)

*Armour v. Network Assoc.*,
    171 F. Supp. 2d 1044 (N.D. Cal. 2001) ...................................................................5, 6

*In re Bally Total Fitness Sec. Litig.*,
    No. 04-C-3530, 2005 WL 627960 (N.D. Ill. Mar. 15, 2005) .........................................3

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ...................................................................................1, 2, 4

*Hanlon v. Chrysler Corp.*,
    150 F. 3d 1011 (9th Cir. 1998) .........................................................................................5

*Lax v. First Merchants Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 11, 1997) ................................................3

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) .................................................................................3

*Richardson v. TVIA, Inc.*,
    No. 06-07307, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. April 16, 2007).................. 1, 3

*Strougo v. Brantley Capital Corp.*,
    243 F.R.D. 100 (S.D.N.Y. 2007) .....................................................................................3

*In re Versata, Inc., Sec. Litig.*,
    No. C 01-1439 SI, 2001 WL 34012374 (N.D. Cal. August 20, 2001) ............................6

*In re Watchguard Sec. Litig.*,
    No. C05-678JLR, 2005 U.S. Dist. LEXIS 40923 (W.D. Wash. July 13, 2005).............3

Statutes

15 U.S.C. § 78u-4 ................................................................................................................passim

Other Authorities

Fed. R. Civ. P. 23................................................................................................................ 1, 2, 4, 5

H.R. REP. NO. 104-369 (1995) (Conf. Rep.)..........................................................................6

S. REP. NO. 104-98 (1995) ....................................................................................................6

## I. INTRODUCTION

Currently pending before this Court are eight competing applications for appointment as lead plaintiff. The motion of the Cobb County Government Employees' Pension Plan (the "Cobb Fund"), the DeKalb County Pension Plan (the "DeKalb Fund") and the Mississippi Public Employees' Retirement System ("Mississippi PERS") (collectively, the "Public Funds Group") prevails over all competing motions. The Public Funds Group indisputably is the most adequate plaintiff under the well-defined standards of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), which establishes a presumption that the "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" that "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Richardson v. TVIA, Inc.*, No. 06-07307, 2007 U.S. Dist. LEXIS 28406, at *8 (N.D. Cal. April 16, 2007). The presumption "may be rebutted only upon proof by a member of the purported class that the presumptively most adequate plaintiff" is inadequate to protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Public Funds Group suffered FIFO losses of $9,221,709 and LIFO losses of $6,697,610, which are far greater than any other movants' claimed losses.[1] Not only does the Public Funds Group assert the largest loss, but its loss is substantially larger than the combined losses of all the other competing movants. *See Cavanaugh*, 306 F.3d at 732 ("the Reform Act provides in categorical terms that the *only* basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy"). In addition, the Public Funds Group is comprised of sophisticated institutional investors – precisely the sort of plaintiff that Congress intended to direct securities class actions as Lead Plaintiffs under the PSLRA. *See, e.g., id.* at 737. The Public Funds

---

[1] As reported in the Public Funds Group's Memorandum in Support of Its Motion for Appointment as Lead Plaintiff (*see* Docket No. 35, at n. 4), the Cobb Fund's, DeKalb Fund's, and Mississippi PERS's losses under the "first in, first out" ("FIFO") method are $459,287.64, $1,758,189.91, and $7,004,231.75, respectively. The Cobb Fund's, DeKalb Fund's, and Mississippi PERS's losses under the "last in, first out" ("LIFO") method are $283,469.15, $1,758,189.91, and $4,655,950.94, respectively.

Group is, therefore, the presumptive Lead Plaintiff under the PSLRA and respectfully submits that it should be appointed Lead Plaintiff.

## II. STATEMENT OF ISSUES

The issues to be decided by the Court are: (1) the appointment of Lead Plaintiff; and (2) the approval of Lead Plaintiff's selection of Co-Lead Counsel.

## III. ARGUMENT

### A. The Public Funds Group Should Be Appointed Lead Plaintiff In Accordance With The PSLRA

The PSLRA creates a statutory presumption that the most adequate lead plaintiff is "the person or group of persons" who:

(1) has either filed the complaint or made a motion in response to a notice…;

(2) has the largest financial interest in the relief sought by the class; and

(3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). *See also Cavanaugh*, 306 F.3d at 730. This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As detailed in the Public Funds Group's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel [Docket No. 35] (hereinafter "Motion for Appointment"), the Public Funds Group meets all of the requirements to be appointed as Lead Plaintiff. Specifically, the Public Funds Group has the largest financial interest, by a substantial margin, in the relief sought by the potential class and easily satisfies the typicality and adequacy requirements of Rule 23.

### B. The Public Funds Group Has The Largest Financial Interest In The Relief Sought By The Class

The Public Funds Group has the largest financial interest in this litigation – a fact beyond reasonable dispute.[2]  Of the four *Olsten-Lax* factors, which are used by this Court to determine the largest financial interest, "courts consider the fourth factor, ***the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss***." *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *13 (emphasis added); *see also In re Watchguard Sec. Litig.*, No. C05-678JLR, 2005 U.S. Dist. LEXIS 40923, at *16 (W.D. Wash. July 13, 2005) ("The most illuminating of the four factors, therefore, is the plaintiff's approximate loss . . ."); *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 104 (S.D.N.Y. 2007) ("A number of courts have found that the loss suffered during the class period is the most important factor in determining who should be the lead plaintiff."); *In re Bally Total Fitness Sec. Litig.*, No. 04-C-3530, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005) ("[T]he best yardstick by which to judge 'largest financial interest' is the amount of loss, period.").[3]

Based on each movant's papers filed on April 7, 2008, the Public Funds Group's losses far exceed all of the other movants' claimed losses. In addition, the Public Funds Groups LIFO losses of $6,697,610 are over five times greater than the next highest movant's estimated LIFO losses.  *See Richardson*, 2007 U.S. Dist. LEXIS 28406, at *14 (using the LIFO method to calculate the approximate losses suffered).  Regardless of the manner in which the losses are calculated, the table below clearly demonstrates that the Public Funds Group has the largest financial interest:

---

[2] Not only does the Public Funds Group collectively have the largest losses, but in addition, both the DeKalb Fund and the Mississippi PERS individually have larger losses than any other movant.

[3] The "*Olsten-Lax*" factors are: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *11, *quoting In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (citing *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 11, 1997)).

| MOVANT | CLAIMED LOSSES | APPROXIMATE LIFO LOSSES |
|---|---|---|
| **The Public Funds Group** | **$9,221,709** | **$6,697,610** |
| (Mississippi PERS) | ($7,004,231.75) | ($4,655,950.94) |
| (DeKalb Fund) | ($1,758,189.91) | ($1,758,189.91) |
| (Cobb Fund) | ($459,287.64) | ($283,469.15) |
| City of Philadelphia Board of Pensions and Retirement | $1,421,720 | $1,257,466 |
| Government Employees and Judiciary Retirement System of the Commonwealth of Puerto Rico | $1,200,526 | $1,197,522 |
| New Jersey Institutional Investors Group | $244,231 | $252,534 |
| International Brotherhood of Electrical Workers Local 697 Pension Fund | $229,388 | $229,561 |
| Maxim Investors | $148,371 | $148,169 |
| BG Capital Fund | $40,759 | $40,407 |
| Rick T. Burningham | $34,249 | $34,102 |

Not only does the Public Funds Group assert the largest loss, but its loss is also substantially larger than the combined losses of all the other movants taken together. In addition, the Public Funds Group is comprised of sophisticated institutional investors – precisely the sort of plaintiff that Congress intended to direct securities class actions as Lead Plaintiffs under the PSLRA. *See, e.g., Cavanaugh*, 306 F.3d at 737. The Public Funds Group is, therefore, the presumptive Lead Plaintiff under the PSLRA and respectfully submits that it should be appointed Lead Plaintiff.

### C. The Public Funds Group Satisfies The Requirements of Rule 23

As set forth in its Motion for Appointment, the Public Funds Group meets the typicality and adequacy requirements of Rule 23.

#### 1. The Public Funds Group's Claims Are Typical Of Those Of Other Class Members

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied when "the claims or defenses of the representative party are typical of the claims or defenses of the class." Thus, "[t]he typicality requirement of Rule 23(a)(3) is satisfied when the named plaintiffs have (1) suffered the same injuries

as the absent class members, (2) as a result of the same course of conduct, and (3) their claims are based on the same legal issues." *Armour v. Network Assoc.*, 171 F. Supp. 2d 1044, 1052 (N.D. Cal. 2001). This does not require that the representative claims be substantially identical, rather that they are "reasonably co-extensive with those of absent class members." *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011 (9th Cir. 1998).

The Public Funds Group's claims are typical of those of the proposed class. Each member's claims and damages arise from the same set of facts and under the same legal theories as for all other Class members. The Public Funds Group contends that Defendants violated applicable securities laws by publicly disseminating a series of materially false and misleading statements and omitting material facts in the Company's statements and financial projections. Like other members of the proposed Class, the damages suffered by the Public Funds Group resulted from Defendants' materially false and misleading statements and omissions. Consequently, the typicality requirement of Rule 23 does not stand in the way of the Court appointing the Public Funds Group as Lead Plaintiff.

### 2. The Public Funds Group Will Adequately Represent The Class

Rule 23(a)(4) establishes that the representative parties must fairly and adequately protect the interests of the Class. "This determination focuses around two questions: (1) do the interests of the class representative coincide with those of the class, and (2) does the representative have the ability to prosecute the action vigorously through the services of competent counsel." *Armour*, 171 F. Supp. 2d at 1052. The Public Funds Group is well situated to adequately represent the interests of the Class.

As explained above and in its Motion for Appointment, the Public Funds Group is an adequate representative of the Class because it shares common questions of law and fact with the members of the Class, and its claims are typical of the claims of other Class members. Moreover, as evidenced by the large damages suffered by the Public Funds Group as a result of purchasing Maxim common stock at artificially inflated prices, the interests of the Public Funds Group are aligned clearly with those of the members of the Class.

The Public Funds Group has also demonstrated its adequacy through the submission of a Joint Declaration that outlines the steps the funds have taken to ensure their active involvement in

prosecuting the case and overseeing counsel. *See* Declaration of Blair A. Nicholas in Support the Motion by the Public Funds Group for Appointment of Lead Plaintiffs and Approval of Lead Plaintiffs' Selection of Co-Lead Counsel, Ex. F, Joint Declaration. As detailed in its opening papers, the members of the Public Funds Group have a pre-existing relationship, and each fund recognized that they had a common goal in ensuring the successful prosecution of the claims against Maxim and agreed that the Class would benefit from the combined efforts of the respective funds. *Id*. ¶¶4-7, 11, 16-18. To that end, representatives of the Public Funds Group have implemented procedures for joint communication among the group, as well as reporting requirements of their selected counsel. *Id*. ¶21. Thus, the Public Funds Group has unquestionably demonstrated its adequacy and ability to effectively work together and monitor class counsel.

The legislative history of the PSLRA demonstrates that Congress intended to encourage large institutional investors, such as the Public Funds Group, to serve as lead plaintiffs. *In re Versata, Inc., Sec. Litig.*, No. C 01-1439 SI, 2001 WL 34012374, at *6 (N.D. Cal. August 20, 2001) ("Congress intended that the lead plaintiff procedures under the PSLRA would 'encourage institutional investors to take a more active role in securities class action lawsuits.'") Indeed, courts have recognized that institutional investors are prototypical lead plaintiffs. *Id*., at *7 (court appointed group consisting of one individual investor and two foreign institutional investors as lead plaintiffs). As Congress noted in the Statement of Managers of the PSLRA:

> Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.

H.R. REP. NO. 104-369, at 34 (1995) (Conf. Rep.). Similarly, the Senate Report on the PSLRA states in pertinent part:

> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts.
>
> Institutions with large stakes in class actions have much the same interest as the plaintiff class generally. . . .

S. REP. NO. 104-98, at 11 (1995). As institutional investors, the members of the Public Funds Group are prototypical lead plaintiffs under the PSLRA because they have a significant interest in seeking

1 financial redress and will represent the interests of the Class effectively by directing and controlling
2 the litigation.

## IV. CONCLUSION

For the foregoing reasons, the Public Funds Group respectfully requests that the Court grant its motion for appointment as Lead Plaintiff, approve its selection of Co-Lead Counsel, deny all other competing motions, and grant such other and further relief as the Court may deem just and proper.

Dated: April 22, 2008

Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP


    /s/ *Blair A. Nicholas*
    BLAIR A. NICHOLAS

BLAIR A. NICHOLAS
TIMOTHY A. DELANGE
TAKEO A. KELLAR
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323

CHITWOOD HARLEY HARNES LLP
MARTIN D. CHITWOOD
JAMES M. WILSON, JR.
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel:   (404) 873-3900
Fax:   (404) 876-4476
mchitwood@chitwoodlaw.com
jwilson@chitwoodlaw.com
     -and-
GREGORY E. KELLER
11 Grace Avenue, Suite 306
Great Neck, New York 11021
Tel:   (516) 773-6090
Fax:   (404) 876-4476
gkeller@chitwoodlaw.com

*Proposed Co-Lead Counsel and Attorneys for Proposed Lead Plaintiffs The Cobb County Government Employees' Pension Plan, the DeKalb County Pension Plan and the Mississippi Public Employees Retirement System*

# DECLARATION OF SERVICE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested in the within action; that declarant's business address is 12481 High Bluff Drive, Suite 300, San Diego, California 92130.

2. That on April 22, 2008, declarant caused to be served the following documents:

- MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF THE PUBLIC FUNDS GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO ALL OTHER MOTIONS

by placing a true copy(ies) thereof enclosed in sealed envelopes addressed as follows:

☐ **(BY U.S. MAIL)** I am personally and readily familiar with the business practice of Bernstein Litowitz Berger & Grossmann LLP for collecting and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California.

☐ **(BY FACSIMILE)** I am personally and readily familiar with the business practice of Bernstein Litowitz Berger & Grossmann LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

**X** **(BY ELECTRONIC MAIL)** Pursuant to Civil Local Rule 5.1 and F.R.C.P. 5(e) I am personally and readily familiar with the business practice of Bernstein Litowitz Berger & Grossmann LLP for collection and processing of document(s) to be transmitted electronically in Portable Document Format (PDF) and I certify that I caused such document(s) on this date to be filed electronically with the Clerk of the Court through ECF.

☐ **(BY OVERNIGHT MAIL)** I am personally and readily familiar with the business practice of Bernstein Litowitz Berger & Grossmann LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery (as indicated by *).

☐ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

Executed on April 22, 2008, at San Diego, California.

*/s/ Kristina L. Sousek*
KRISTINA L. SOUSEK