UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLAN QUERY, | Case No.: C 08-00832 PVT |
| Plaintiff, | **ORDER APPOINTING LEAD PLAINTIFFS** |
| v. | |
| MAXIM INTEGRATED PRODUCTS, INC., JOHN F. GIFFORD and CARL W. JASPAR, | |
| Defendants. | |

## INTRODUCTION

Plaintiff Allan Query on behalf of himself and others similarly situated filed a complaint alleging defendants Maxim Integrated Products, Inc., John F. Gifford and Carl W. Jaspar violated federal securities laws. Following public notice of the lawsuit, eight individual and collective parties moved for appointment as lead plaintiff. On May 13, 2008, proposed lead plaintiffs. the Cobb County Government Employees Pension Plan, the Dekalb County Pension Plan and the Mississippi Public Employees Retirement System (collectively the "Public Funds Group") appeared for hearing. Having reviewed the papers and considered the arguments of counsel and for the reasons set forth below, the court appoints the Public Funds Group as lead plaintiffs.[1] Additionally,

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present application.

The court recognizes that defendants have not appeared or consented to the jurisdiction of a U.S. Magistrate Judge. In the event, defendants appear in the case and decline to consent to jurisdiction of

ORDER, *page 1*

the law firms Chitwood Harley Harnes LLP and Berstein Litowitz Berger & Grossman LLP are approved as co-lead counsel.

## BACKGROUND

On February 6, 2008, plaintiffs Allan Query on behalf of himself and others similarly situated filed a complaint alleging that during the period from April 29, 2003 to January 17, 2008 ("class period") defendants Maxim Integrated Products, Inc. ("Maxim"), John F. Gifford and Carl W. Jaspar violated federal securities laws. Maxim designs, develops and manufactures analog, mixed-signal, high frequency and digital circuits. In sum, plaintiff alleges that defendants improperly backdated stock option grants which caused the company to file materially false and misleading financial statements. Maxim later restated several years of financial statements causing a reduction of $360 million to $425 million in historically reported earnings.

On the same day the complaint was filed, plaintiff Query by and through counsel publicly noticed the lawsuit on a widely circulated national business-oriented wire service named *Marketwire*. The notice advised that any motion for appointment as lead plaintiff should be filed in the U.S. District Court for the Northern District of California no later than April 7, 2008.

The following parties timely moved for appointment as lead plaintiff: (1) William Weiler, John Chu and Richard Bauman ("Maxim Investors");[2] (2) BG Capital Fund; (3) City of Philadelphia Board of Pensions and Retirement; (4) New Jersey Institutional Investor Group; (5) International Brotherhood of Electrical Workers Local 697 Pension Fund ("IBEW"); (6) Rick T.

---

a U.S. Magistrate Judge, the appointment of lead plaintiff may be revisited by the district court judge. Notwithstanding the above, there appears to be a split of authority as to whether defendants even have standing to oppose a motion for lead plaintiff. *See, e.g., Greebel v. FTP Software, Inc.,* 939 F. Supp. 57, 60 (D.Mass 1996)("The test of [the Reform Act for the appointment of lead plaintiff] clearly indicates that this issue is one over which only potential plaintiffs may be heard."). "Section (a)(3) of the PSLRA contains no reference to any participation of a defendant in the appointment process [and] permitting defendants to make a limited facial challenge to a plaintiff's motion for appointment of lead plaintiff does not disrupt the statutory framework Congress set forth in §78u-4(a)(3)(B)(iii)." *King v. Livent, Inc.,* 36 F.Supp.2d 187, 190 (S.D.N.Y. 1999). *Compare In re Read-Rite Corp. Sec. Litig.,* No. C 97-20059 RMW, Slip Op. at 3 (N.D. Cal. May 28, 1997)("defendants are not prohibited from challenging whether the most adequate plaintiff presumption should be adopted initially by the court.").

[2] On behalf of the named plaintiff Allan Query, the Rosen Law Firm filed the original complaint in the action. On April 7, 2008, plaintiff Query is not named by the firm as a proposed lead plaintiff in the motion for appointment of lead plaintiff. Rather, the law firm filed its motion for appointment of lead plaintiff on behalf of the Maxim Investors.

Burningham; (7) Government Employees and Judiciary Retirement System of the Commonwealth of Puerto Rico; and (8) the Public Funds Group.  Each of the proposed lead plaintiffs also moved for appointment of their respective counsel and/or affiliated counsel as proposed lead counsel, co-lead counsel and/or liaison counsel.

During the class period, the Public Funds Group purchased 850,137 shares for $7,245,001 and sustained losses $9,221,709 under FIFO and $6,697,610 under LIFO calculations.

Following the filing of Public Funds Group's motion for lead plaintiff, proposed lead plaintiffs Maxim Investors, BG Capital Fund, City of Philadelphia, New Jersey Institutional Investors Group, IBEW, Government Employees and Judiciary Retirement System of the Commonwealth of Puerto Rico and Rick T. Burningham conceded that they did not have the largest financial interest in the action.  Additionally, proposed lead plaintiffsBG Capital Fund and the City of Philadelphia stated that the Public Funds Group is otherwise qualified to serve as lead plaintiff.

No opposition to the Public Funds Group as lead plaintiff was filed.

**DISCUSSION**

The Private Securities Litigation Reform Act ("PSLRA") governs the selection of lead plaintiff. *Mohanty v. Bigband Networks, Inc,* Slip Copy, 2008 WL 426250 at *2.  "[T]he plaintiff who files the first class action must publish a notice advising members of the purported class of the (i) pendency of the action, (ii) the claims asserted therein, (iii) the purported class period, and (iv) the option of any member of the purported class to move to be appointed as lead plaintiff of the purported class no later than 60 days from the date on which the notice is published." *Id.*

Under 15 U.S.C. §78u-4(a)(3)(B)(i) of the PSLRA, "'the court shall consider any motion made by a purported class member' in determining the adequacy of a proposed lead plaintiff to oversee the class action." *In re Enron Corp. Securities Litigation,* 206 F.R.D. 427, 439 (S.D. Tex. 2002).  The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff " is the proposed lead plaintiff with the "largest financial interest in the relief sought by the class" that "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B).  The statutory presumption to appoint a lead plaintiff is rebutted only by another plaintiff who shows that the proposed lead plaintiff (1) 'will not fairly and adequately protect the interests of the class' or (2) is 'subject to unique defenses that render such plaintiff incapable of

ORDER, *page 3*

1  adequately representing the class.'" *Id.* at 440 (internal citations omitted).

2  To determine the proposed class member with the "largest financial interest," courts have considered four factors which include: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. *In re Enron Corp. Securities Litigation,* 206 F.R.D. at 440.

7  In addition to having the "largest financial interest in the outcome of the litigation," the proposed lead plaintiff must also meet the requirements of Rule 23 of the Federal Rules of Civil Procedure. Those requirements are: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. F.R. Civ. P. 23. Under the PSLRA, appointment of lead plaintiff is subject to the approval of the court. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(Supp. 1996).

15  Finally, "[t]he appointment of lead plaintiffs occurring as it does in advance of class discovery, is not a final ruling on their appropriateness as Class Representatives." *In re Chiron Corp. Securities Litigation,* Slip Copy, 2007 WL 4249902 *13. "The proposed class and Class Representatives are to be reviewed according to the standards of Rule 23, without any deference to the earlier determinations made in the appointment of Lead Plaintiffs." *Id.* "Reading the PSLRA in accordance with its plain meaning, the Court concludes that being a Lead Plaintiff under the PSLRA is not the same as being a Class Representative under Rule 23 Fed. R. Civ. P., although the statute provides that a Lead Plaintiff must 'otherwise satisfy the requirements of Rule 23.'" *Id.*

23  On February 6, 2008, plaintiff Query filed his complaint and his law firm publicly noticed the lawsuit on a widely circulated national business-oriented wire service. On April 7, 2008, the proposed lead plaintiffs listed above filed their respective motions for appointment as lead plaintiff.

26  Public Funds Group holds the largest stake in the litigation. It has the largest amount of shares and collectively its losses totaled $9,221,709 under FIFO and $6,697,610 under LIFO calculations. *See Mohanty v. BigBand Networks, Inc., supra,* Slip Copy, 2008 WL 426250 *4 ("district courts typically equate 'largest financial interest' with the amount of potential recovery.")

ORDER, *page 4*

(internal citations omitted). That the Public Funds Group seeks appointment of multiple plaintiffs (three pension funds and retirement systems) as a collective group does not run afoul of the PSLRA. *See, e.g., In re Cavanaugh,* 306 F.3d 726, 731 (9th Cir. 2002); *In re Party City Secs. Lit.,* 189 F.R.D. 91, 114 (D.N.J. 1999)(appointing institutional investor and individual investor as lead plaintiffs); *Takeda v. Turbodyne Techs., Inc.,* 67 F.Supp.2d 1129, 1131, 1139 (C.D. Cal. 1999) (appointing group of seven unrelated investors lead plaintiff); and *In re Baan Co. Secs. Lit.,* 186 F.R.D. 214, 217 (D.D.C. 1999)("The Lead Plaintiff decision should be made under a rule of reason but in most cases three should be the initial target with five or six as the upper limit.").

Proposed lead plaintiffs Maxim Investors, BG Capital Fund, New Jersey Institutional Investors Group, IBEW, City of Philadelphia, Government Employees and Judiciary Retirement System of the Commonwealth of Puerto Rico and Rick T. Burningham have conceded they do not have the largest financial interest in the action. Additionally, proposed lead plaintiffs BG Capital Fund and the City of Philadelphia state that the Public Funds Group is otherwise qualified to serve as lead plaintiff. In the event, the lead plaintiff is found to be inadequate, the remaining proposed lead plaintiffs state that they remain willing and able to serve as lead plaintiffs in the action. No opposition to the Public Funds Group as lead plaintiff has been filed.

In addition to having the 'largest financial interest' in the litigation, the Public Funds Group also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See, e.g., Takeda v. Turbodyne Technologies, Inc.,* 67 F.Supp.2d 1129, 1138 (C.D. Cal. 1999)(*sua sponte* evaluation of the adequacy of lead plaintiff since no defendant had raised any objections).

First, the claims of the Public Funds Group are typical of the claims of other class members. Like the other class members, the claims of the Public Funds Group arise from alleged conduct by defendants which caused "the artificial inflation and consequent market correction of the price of Maxim's stock" during a specified class period. Second, there are no conflicts between the Public Funds Group and other potential class members at this juncture. Investors in Maxim stock during the class period currently have aligned interests. The Public Funds Group consists of three institutional investors with a pre-existing relationship; they have agreed to pursue the litigation together. Each of the investors has certified that it has (1) reviewed the complaint in the action and adopted the allegations; (2) not purchased Maxim stock in order to participate in the litigation; and

ORDER, *page 5*

1  (3) is willing to serve as a representative party on behalf of the class.

2  Moreover, the Public Funds Group has sought approval of two law firms named Chitwood
3  Harley & Harnes LLP and Bernstein Litowitz & Grossman as co-lead counsel.  The Public Funds
4  Group assures the court that the two law firms have "extensive experience in the area of securities
5  litigation and have successfully prosecuted numerous securities fraud actions on behalf of injured
6  investors."  Having reviewed the firms' backgrounds and resumes, the two law firms are qualified
7  and experienced in securities class action litigation to serve as co-lead counsel.

8  Accordingly, the Public Funds Group is appointed lead plaintiff and the court approves the
9  selection of Chitwood Harley & Harnes LLP and Bernstein Litowitz & Grossman as co-lead
10  counsel.

11  **CONCLUSION**

12  For the foregoing reasons, the Public Funds Group is appointed lead plaintiff and the two law
13  firms Chitwood Harley Harnes LLP and Bernstein Litowitz Berger & Grossman are appointed co-
14  lead counsel.  The parties shall meet and confer on a schedule to file a consolidated complaint and
15  an answer or other responsive pleading no later than May 30, 2008.

16  IT IS SO ORDERED.

17  Dated:    *May 15, 2008*

18  _____
    PATRICIA V. TRUMBULL
19  United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER, *page 7*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28