**KEVIN P. RODDY (SBN 128283)**
**WILENTZ, GOLDMAN & SPITZER, P.A.**
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, NJ 07095
Telephone: (732) 636-8000
Facsimile: (732) 726-6686
kroddy@wilentz.com
**Attorneys for Defendant**
  **Estate of John F. Gifford**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

-------------------------------------------------------X

In re MAXIM INTEGRATED PRODUCTS, INC. SECURITIES LITIGATION

-------------------------------------------------------X

:
:
:
:
:
:
:
:
:
:
:
:

Case No. 08-00832-JW

CLASS ACTION

**ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant, Estate of John F. Gifford ("Defendant" or "Gifford"), by and through his undersigned attorneys, as for his Answer and Affirmative Defenses to the Consolidated Class Action Complaint ("Complaint") (Document 129) (filed November 14, 2008), states as follows:

1.      Gifford admits on information and belief that (a) defendant, Maxim Integrated Products, Inc. ("Maxim"), designs, develops and manufactures mixed-signal, high-frequency, and digital circuits that enable interface between digital processors and the physical world, and (b) that Maxim's products are used in a wide variety of microprocessor-based electronics equipment.

1

2      2.      To the extent Paragraph 2 of the Complaint contains conclusions of law, no

3  answer is required.  To the extent the allegations contained in Paragraph 2 are specifically

4  directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise,

5  Gifford lacks information sufficient to form a belief as to the truth of the allegations contained

6  within Paragraph 2, and on that basis denies them.

7      3.      To the extent Paragraph 3 of the Complaint contains conclusions of law, no

8  answer is required.  To the extent the allegations contained in Paragraph 3 are specifically

9  directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise,

10  Gifford lacks information sufficient to form a belief as to the truth of the allegations set forth in

11  Paragraph 3, and on that basis denies them.

12      4.      To the extent Paragraph 4 of the Complaint contains conclusions of law, no

13  answer is required.  To the extent the allegations contained in Paragraph 4 are specifically

14  directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise,

15  Gifford lacks information sufficient to form a belief as to the truth of the allegations contained

16  within Paragraph 4, and on that basis denies them.

17      5.      To the extent Paragraph 5 of the Complaint contains conclusions of law, no

18  answer is required.  To the extent the allegations contained in Paragraph 5 are specifically

19  directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise,

20  Gifford lacks information sufficient to form a belief as to the truth of the allegations contained

21  within Paragraph 5, and on that basis denies them.

22      6.      To the extent Paragraph 6 of the Complaint contains conclusions of law, no

23  answer is required.  To the extent the allegations contained in Paragraph 6 are specifically

24

25

26                                               2

27

28

directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 6, and on that basis denies them.

7.      To the extent Paragraph 7 of the Complaint contains conclusions of law, no answer is required. Gifford admits that on September 30, 2008 Maxim filed the restated 2006 Form 10-K referenced in Paragraph 7. Gifford respectfully refers to the 2006 Form 10-K (the "2006 Form 10-K") filed on September 30, 2008 on behalf of Maxim, as referenced in Paragraph 7, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K. To the extent the remaining allegations contained in Paragraph 7 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 7, and on that basis denies them.

8.      To the extent Paragraph 8 of the Complaint contains conclusions of law, no answer is required. Gifford admits that the Securities and Exchange Commission ("SEC") commenced a civil action against him, but avers that the SEC civil action did not allege that Gifford acted with scienter, and was settled without Gifford admitting or denying the allegations. Gifford respectfully refers to the Complaint and Final Judgment as to John F. Gifford, filed in the matter entitled *Securities and Exchange Commission v. Maxim Integrated Products, Inc. and John F. Gifford*, docketed in the United States District Court, Northern District of California, San Jose Division, Case No. CV-07-6121, as referenced in Paragraph 8, for their contents. To the extent the remaining allegations contained in Paragraph 8 are

3

specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 8, and on that basis denies them.

9.      Gifford lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and on that basis denies them.

10.     To the extent Paragraph 10 of the Complaint contains conclusions of law, no answer is required.   Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 10, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K.  To the extent the allegations contained in Paragraph 10 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 10, and on that basis denies them.

11.     To the extent the allegations contained in Paragraph 11 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 11, and on that basis denies them.

12.     To the extent the allegations contained in Paragraph 12 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 12, and on that basis denies them.

13.     Gifford admits that he retired as a strategic adviser to Maxim.   In addition, Gifford admits that Maxim issued a press release on January 31, 2007, which is the

4

"announcement" referenced in Paragraph 13. Gifford respectfully refers to Maxim's January 31, 2007 press release, as referenced in Paragraph 13, for a complete description of its contents. To the extent the remaining allegations contained in Paragraph 13 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 13, and on that basis denies them.

14.     To the extent Paragraph 14 of the Complaint contains conclusions of law, no answer is required. While Gifford admits that the Complaint facially asserts claims under and pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, Gifford denies that the Complaint sets forth a legally cognizable claim under the Exchange Act, and reserves his right to so move during the pendency of this action.

15.     Gifford admits that this Court has subject matter jurisdiction over this action.

16.     Gifford admits that venue is proper in this District. Gifford admits that his Estate is being administered in this District. With respect to the remaining allegations of Paragraph 16, Gifford lacks information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

17.     To the extent Paragraph 17 of the Complaint contains conclusions of law, no answer is required. To the extent the allegations contained in Paragraph 17 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 17, and on that basis denies them.

5

18.     To the extent Paragraph 18 of the Complaint contains conclusions of law, no answer is required.  Gifford denies that the Cobb County Government Employees' Pension Plan "suffered damages as a result of the federal securities law violations alleged."  Otherwise, Gifford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Complaint, and on that basis denies same.

19.     To the extent Paragraph 19 of the Complaint contains conclusions of law, no answer is required.  Gifford denies that the Dekalb County Pension Plan "suffered damages as a result of the federal securities law violations alleged."  Otherwise, Gifford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint, and on that basis denies same.

20.     To the extent Paragraph 20 of the Complaint contains conclusions of law, no answer is required.  Gifford denies that the Mississippi Public Employees Retirement System "suffered damages as a result of the federal securities law violations alleged."  Otherwise, Gifford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint, and on that basis denies same.

21.     Gifford respectfully refers to the Order dated May 15, 2008, as referenced in Paragraph 21, for a complete description of its contents.  Otherwise, Gifford lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and on that basis denies same.

6

22.     Gifford lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and on that basis denies same.

23.     To the extent Paragraph 23 of the Complaint contains conclusions of law, no answer is required.  Otherwise, Gifford admits on information and belief that (a) Maxim is a Delaware corporation; (b) Maxim's principal executive offices are located at 120 San Gabriel Drive, Sunnyvale, California 94086; (c) Maxim designs, develops, manufactures, and markets linear and mixed-signal integrated circuits; and (d) Maxim provides a range of high-frequency design processes and capabilities.  With respect to the remaining allegations of Paragraph 23, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained in that Paragraph, and on that basis denies them.

24.     To the extent Paragraph 24 of the Complaint contains conclusions of law, no answer is required.  Gifford admits that (a) he is a founder of Maxim; (b) he served as Chairman of the Board and Chief Executive Officer ("CEO") from Maxim's inception in 1983 until his retirement in December 2006; and (c) he signed various publicly filed documents on behalf of Maxim.  Gifford respectfully refers to the referenced public filings and disclosures for a complete description of their contents.  Except as expressly admitted, Gifford denies all of the remaining allegations of Paragraph 24.

25.     To the extent Paragraph 25 of the Complaint contains conclusions of law, no answer is required.  Gifford respectfully refers to the referenced public filings and disclosures for a complete description of their contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 25, and on that basis denies them.

7

26.     To the extent Paragraph 26 of the Complaint contains conclusions of law, no answer is required. Gifford respectfully refers to the referenced public filings and disclosures for a complete description of their contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 26, and on that basis denies them.

27.     Gifford lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 27, and on that basis denies same.

28.     To the extent Paragraph 28 of the Complaint contains conclusions of law, no answer is required. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 28, and on that basis denies them.

29.     To the extent Paragraph 29 of the Complaint contains conclusions of law, or principles of accounting, no answer is required. Gifford respectfully refers to Accounting Principals Board Opinion No. 25 ("APB 25"), as referenced in Paragraph 29, for a complete description of its contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 29, and on that basis denies them.

30.     To the extent Paragraph 30 of the Complaint contains conclusions of law, or principles of accounting, no answer is required. Gifford respectfully refers to the GAAP and Internal Revenue Service accounting rules and regulations, as referenced in Paragraph 30, for a complete description of their contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 30, and on that basis denies them.

8

31.     Gifford admits that Maxim awarded stock options as part of its compensation to engineers and other employees, and that, on or about June 25, 2004, Maxim issued a Schedule 14A Proxy Statement.  Gifford respectfully refers to the June 25, 2004 Schedule 14A Proxy Statement for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 31, and on that basis denies them.

32.     Gifford admits that Maxim awarded stock options as part of its compensation to engineers and other employees.  Gifford further admits that he participated in telephone conference calls while at Maxim.  With respect to any comments attributed to Gifford during an alleged April 27, 2004 conference call, as referenced in Paragraph 32, Gifford respectfully refers to any certified transcript of the call for a complete recitation of said comments.  Except as expressly admitted, Gifford denies all remaining allegations of Paragraph 32.

33.     Gifford admits that, on or about June 25, 2004, August 19, 2004 and October 7, 2005, Maxim issued its Schedule 14A Proxy Statements.  Gifford respectfully refers to the June 25, 2004, August 19, 2004 and October 7, 2005 Schedule 14A Proxy Statements for a complete description of their contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 33, and on that basis denies them.

34.     Gifford respectfully refers to the "employment letter," as referenced in Paragraph 34, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 34, and on that basis denies them.

9

35.     Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 35, and on that basis denies them.

36.     To the extent Paragraph 36 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 36 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 36, and on that basis denies them.

37.     Gifford respectfully refers to the SEC filings, as referenced in Paragraph 37, for a complete description of their contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 37, and on that basis denies them.

38.     Gifford admits that Maxim adopted the 1996 Stock Incentive Plan, as amended (the "1996 Plan").  Gifford respectfully refers to the 1996 Plan for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 38, and on that basis denies them.

39.     Gifford respectfully refers to the 1996 Plan for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 39, and on that basis denies them.

40.     Gifford admits that James R. Bergman ("Bergman"), B. Kipling Hagopian ("Hagopian"), and A. R. Frank Wazzan ("Wazzan") were, at some point in time, members of Maxim's Compensation Committee.  Gifford respectfully refers to the 1996 Plan for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as

10

to the truth of the remaining allegations contained within Paragraph 40, and on that basis denies them.

41.     Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 41, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 41, and on that basis denies them.

42.     Gifford admits that he was a member of Maxim's Interim Options Committee. Gifford respectfully refers to the 2006 Form 10-K, and the 1996 Plan, as referenced in Paragraph 42, for a complete description of their contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K and the 1996 Plan. Except as expressly admitted, Gifford denies all remaining allegations of Paragraph 42.

43.     Gifford respectfully refers to the 1996 Plan for a complete description of its contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 43, and on that basis denies them.

44.     Gifford respectfully refers to the 1996 Plan for a complete description of its contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 44, and on that basis denies them.

45.     To the extent Paragraph 45 of the Complaint contains conclusions of law, no answer is required. To the extent the allegations contained in Paragraph 45 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise,

11

Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 45, and on that basis denies them.

46. To the extent Paragraph 46 of the Complaint contains conclusions of law, no answer is required. Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 46, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 46, and on that basis denies them.

47. To the extent Paragraph 47 of the Complaint contains conclusions of law, no answer is required. While Gifford respectfully refers to the memorandum from Mike Byrd identified in Paragraph 47 for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 47, and on that basis denies them.

48. To the extent Paragraph 48 of the Complaint contains conclusions of law, no answer is required. While Gifford respectfully refers to the October 10, 2000 e-mail message identified in Paragraph 48 for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 48, and on that basis denies them.

49. To the extent Paragraph 49 of the Complaint contains conclusions of law, no answer is required. While Gifford respectfully refers to the October 21, 2004 e-mail and October 21, 2004 memorandum identified in Paragraph 49 for a complete description of their

12

1    contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations

2    contained within Paragraph 49, and on that basis denies them.

3         50.    To the extent Paragraph 50 of the Complaint contains conclusions of law, or

4    principles of accounting, no answer is required.  Gifford respectfully refers to the Financial

5    Accounting and Standards Board ("FASB") Statement of Financial Accounting Standards No.

6    123(R) ("SFAS 123(R)") for a complete description of its contents.   To the extent the

7    allegations contained in Paragraph 50 are specifically directed, or are to be attributed, to

8    Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to

9    form a belief as to the truth of the allegations contained within Paragraph 50, and on that basis

10   denies them.

11

12        51.    To the extent Paragraph 51 of the Complaint contains conclusions of law, or

13   principles of accounting, no answer is required.  Gifford admits that on or about January 30,

14   2003 a letter bearing his signature was sent to the FASB, but avers that he did not draft the

15   letter.  Gifford respectfully refers to the January 30, 2003 letter, as well as SFAS 123(R), as

16   referenced in Paragraph 51, for a complete description of their contents.  Except as expressly

17   admitted, Gifford denies all remaining allegations of Paragraph 51.

18

19        52.    To the extent Paragraph 52 of the Complaint contains conclusions of law, or

20   principles of accounting, no answer is required.  Gifford admits that a press release was issued

21   by Maxim on April 29, 2003.  Gifford respectfully refers to Maxim's April 29, 2003 press

22   release, as well as SFAS 123(R), as referenced in Paragraph 52, for a complete description of

23   their contents.   Except as expressly admitted, Gifford denies all remaining allegations of

24   Paragraph 52.

25

26                                         13

27

28

53. To the extent Paragraph 53 of the Complaint contains conclusions of law, no answer is required. Gifford admits that he participated in telephone conference calls while at Maxim. With respect to any comments alleged to Gifford during an alleged April 29, 2003 conference call, as referenced in Paragraph 53, Gifford respectfully refers to any certified transcript of the call for a complete recitation of said comments. Except as expressly admitted, Gifford denies all remaining allegations of Paragraph 53

54. To the extent Paragraph 54 of the Complaint contains conclusions of law, no answer is required. Gifford admits that he participated in telephone conference calls while at Maxim. With respect to any comments alleged to Gifford during an alleged February 5, 2004 conference call, as referenced in Paragraph 54, Gifford respectfully refers to any certified transcript of the call for a complete recitation of said comments. Except as expressly admitted, Gifford denies all remaining allegations of Paragraph 54.

55. To the extent Paragraph 55 of the Complaint contains conclusions of law, or principles of accounting, no answer is required. While Gifford respectfully refers to the March 31, 2004 "position paper" alleged to have been submitted by Hagopian, as well as SFAS 123 and SFAS 123(R), as referenced in Paragraph 55, for a complete description of their contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 55, and on that basis denies them.

56. To the extent Paragraph 56 of the Complaint contains conclusions of law, or principles of accounting, no answer is required. Gifford respectfully refers to the March 31, 2004 "position paper" alleged to have been submitted by Hagopian identified in Paragraph 56 for a complete description of its contents. To the extent the allegations contained in Paragraph

14

56 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 56, and on that basis denies them.

57.     To the extent Paragraph 57 of the Complaint contains conclusions of law, or principles of accounting, no answer is required.  Gifford respectfully refers to the March 31, 2004 "position paper" alleged to have been submitted by Hagopian identified in Paragraph 57 for a complete description of its contents.  To the extent the allegations contained in Paragraph 57 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 57, and on that basis denies them.

58.     To the extent Paragraph 58 of the Complaint contains conclusions of law, or principles of accounting, no answer is required.  Gifford respectfully refers to the March 31, 2004 "position paper" alleged to have been submitted by Hagopian, as well as SFAS 123(R), as referenced in Paragraph 58, for a complete description of their contents.  To the extent the allegations contained in Paragraph 58 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 58, and on that basis denies them.

59.     To the extent Paragraph 59 of the Complaint contains conclusions of law, no answer is required.  Gifford admits that he participated in telephone conference calls while at Maxim.  With respect to any comments alleged to Gifford during an alleged April 27, 2004 conference call, as referenced in Paragraph 59, Gifford respectfully refers to any certified

15

transcript of the call for a complete recitation of said comments.  Except as expressly admitted, Gifford denies all remaining allegations of Paragraph 59.

60.     To the extent Paragraph 60 of the Complaint contains conclusions of law, no answer is required.  Gifford admits that he participated in telephone conference calls while at Maxim.  With respect to any comments alleged to Gifford during an alleged February 1, 2005 conference call, as referenced in Paragraph 60, Gifford respectfully refers to any certified transcript of the call for a complete recitation of said comments.  To the extent the remaining allegations contained in Paragraph 60 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 60, and on that basis denies them.

61.     To the extent Paragraph 61 of the Complaint contains conclusions of law, no answer is required.  Gifford admits that a press release was issued by Maxim on May 9, 2005. Gifford respectfully refers to Maxim's May 9, 2005 press release for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 61, and on that basis denies them.

62.     To the extent Paragraph 62 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 62 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 62, and on that basis denies them.

16

63.    To the extent Paragraph 63 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 63 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 63, and on that basis denies them.

64.    To the extent Paragraph 64 of the Complaint contains conclusions of law, no answer is required.  Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 64, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K.  To the extent the allegations of Paragraph 64 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 64, and on that basis denies them.

65.    To the extent Paragraph 65 of the Complaint contains conclusions of law, no answer is required.  Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 65, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K.  To the extent the allegations of Paragraph 65 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 65, and on that basis denies them.

66.    To the extent Paragraph 66 of the Complaint contains conclusions of law, no answer is required.  While Gifford admits that he was a member of Maxim's Interim Options Committee.  Except as expressly admitted, to the extent the allegations of Paragraph 66 are

17

1   specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.

2   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations

3   contained within Paragraph 66, and on that basis denies them.

4       67.   To the extent Paragraph 67 of the Complaint contains conclusions of law, no

5   answer is required. Gifford admits that while at Maxim he generated and received memoranda

6   and notes, and admits drafting handwritten notes to defendant Carl Jasper ("Jasper"). Gifford

7   further admits that the SEC commenced a civil action against him, but avers that the SEC civil

8   action did not allege that Gifford acted with scienter, and was settled without Gifford admitting

9   or denying the allegations. Gifford respectfully refers to the Complaint as to John F. Gifford

10  filed in the matter entitled *Securities and Exchange Commission v. Maxim Integrated Products,*

11  *Inc. and John F. Gifford*, docketed in the United States District Court, Northern District of

12  California, San Jose Division, Case No. CV-07-6121, as well as to the Maxim internal

13  documents obtained from the publicly available electronic docket of the Delaware Court of

14  Chancery, as referenced in Paragraph 67, for their contents. To the extent the remaining

15  allegations of Paragraph 67 are specifically directed, or are to be attributed, to Gifford, Gifford

16  denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to

17  the truth of the remaining allegations contained within Paragraph 67, and on that basis denies

18  them.

19      68.   To the extent Paragraph 68 of the Complaint contains conclusions of law, no

20  answer is required. Gifford admits that (a) he spoke at Maxim's annual meetings, and (b) he

21  participated in telephone conference calls. With respect to any comments alleged to Gifford

22  during such annual meetings or conference calls, as referenced in Paragraph 68, Gifford

18

respectfully refers to any certified transcript of the meeting or calls for a complete recitation of said comments. To the extent the remaining allegations of Paragraph 68 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 68, and on that basis denies them.

69.     Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 69, and on that basis denies them.

70.     Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 70, and on that basis denies them.

71.     Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 71, and on that basis denies them.

72.     To the extent Paragraph 72 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but avers that a violation of GAAP does not necessarily establish scienter.   While Gifford respectfully refers to the publicly available internal Maxim documents and memorandum entitled "Q202 Option Prices" identified in Paragraph 72 for a complete description of their contents, to the extent the allegations of Paragraph 72 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 72, and on that basis denies them.

73.     While Gifford respectfully refers to the memorandum entitled "Q302 Option Prices" identified in Paragraph 73 for a complete description of its contents, to the extent the allegations of Paragraph 73 are specifically directed, or are to be attributed, to Gifford, Gifford

19

denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 73, and on that basis denies them.

74.     While Gifford respectfully refers to the memorandum entitled "Q302 Option Prices" identified in Paragraph 74 for a complete description of its contents, to the extent the allegations of Paragraph 74 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 74, and on that basis denies them.

75.     To the extent Paragraph 75 of the Complaint contains conclusions of law, no answer is required.  Gifford admits that while at Maxim he generated and received memoranda, and that he instructed Jasper to record a compensation expense if it were material.  Gifford further admits that the SEC commenced a civil action against him, but avers that the SEC civil action did not allege that Gifford acted with scienter, and was settled without Gifford admitting or denying the allegations.  Gifford respectfully refers to the Complaint as to John F. Gifford filed in the matter entitled *Securities and Exchange Commission v. Maxim Integrated Products, Inc. and John F. Gifford*, docketed in the United States District Court, Northern District of California, San Jose Division, Case No. CV-07-6121, as well as to the publicly available electronic docket of the Delaware Court of Chancery, as referenced in Paragraph 75, for their contents.  To the extent the remaining allegations of Paragraph 75 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 75, and on that basis denies them.

20

76.     To the extent Paragraph 76 of the Complaint contains conclusions of law, no answer is required.  Gifford admits that while at Maxim he generated and received memoranda and notes.  Gifford further admits that the SEC commenced a civil action against him, but avers that the SEC civil action did not allege that Gifford acted with scienter, and was settled without Gifford admitting or denying the allegations.  Gifford respectfully refers to the Complaint filed in the matter entitled *Securities and Exchange Commission v. Maxim Integrated Products, Inc. and John F. Gifford*, docketed in the United States District Court, Northern District of California, San Jose Division, Case No. CV-07-6121, as referenced in Paragraph 76, for its contents.  To the extent the remaining allegations of Paragraph 76 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 76, and on that basis denies them.

77.     To the extent Paragraph 77 of the Complaint contains conclusions of law, no answer is required.  Gifford respectfully refers to the publicly available electronic docket of the Delaware Court of Chancery, as referenced in Paragraph 77, for a complete description of their contents.  Except as expressly admitted, to the extent the remaining allegations of Paragraph 77 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 77, and on that basis denies them.

78.     To the extent Paragraph 78 of the Complaint contains conclusions of law, no answer is required.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 78, and on that basis denies them.

21

79.     To the extent Paragraph 79 of the Complaint contains conclusions of law, no answer is required.  Gifford admits that Maxim submitted a letter to the NASDAQ Listing and Hearing Review Council dated May 4, 2007.  Gifford respectfully refers to the letter to the NASDAQ Listing and Hearing Review Council dated May 4, 2007 for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 79, and on that basis denies them.

80.     Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 80, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 80, and on that basis denies them.

81.     To the extent Paragraph 81 of the Complaint contains conclusions of law, or principles of accounting, no answer is required.  Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 81, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 81, and on that basis denies them.

82.     To the extent Paragraph 82 of the Complaint contains conclusions of law, no answer is required. Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 82, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K.   Otherwise, Gifford lacks information

22

sufficient to form a belief as to the truth of the allegations contained within Paragraph 82, and on that basis denies them.

83.    To the extent Paragraph 83 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations of Paragraph 83 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 83, and on that basis denies them.

84.    To the extent the allegations of Paragraph 84 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 84, and on that basis denies them.

85.    To the extent Paragraph 85 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations of Paragraph 85 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 85, and on that basis denies them.

86.    To the extent the allegations of Paragraph 86 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 86, and on that basis denies them.

87.    To the extent Paragraph 87 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations of Paragraph 87 are specifically directed, or

23

are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 87, and on that basis denies them.

88. To the extent Paragraph 88 of the Complaint contains conclusions of law, no answer is required. Gifford admits that while at Maxim he generated and received memoranda. Gifford further admits that the SEC commenced a civil action against him, but avers that the SEC civil action did not allege that Gifford acted with scienter, and was settled without Gifford admitting or denying the allegations. Gifford respectfully refers to the Complaint as to John F. Gifford filed in the matter entitled *Securities and Exchange Commission v. Maxim Integrated Products, Inc. and John F. Gifford*, docketed in the United States District Court, Northern District of California, San Jose Division, Case No. CV-07-6121, as well as to the publicly available electronic docket of the Delaware Court of Chancery, including the alleged March 25, 2002 grant approval memorandum, as referenced in Paragraph 88, for their contents. Except as expressly admitted, Gifford denies all remaining allegations of Paragraph 88.

89. To the extent the allegations of Paragraph 89 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 89, and on that basis denies them.

90. To the extent Paragraph 90 of the Complaint contains conclusions of law, no answer is required. While Gifford respectfully refers to the publicly available electronic docket, and accompanying documents, of the Delaware Court of Chancery, including the alleged June 30, 2003 e-mail message, as referenced in Paragraph 90, for a complete

24

description of their contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 90, and on that basis denies them.

91.    While Gifford respectfully refers to the alleged August 19, 1998 e-mail message, entitled "Q4 new employees", as referenced in Paragraph 91, for its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 91, and on that basis denies them.

92.    To the extent Paragraph 92 of the Complaint contains conclusions of law, no answer is required.   Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 92, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 92, and on that basis denies them.

93.    Gifford admits that he was provided with authority to grant stock options to non-employee directors.  Except as expressly admitted, Gifford denies all remaining allegations of Paragraph 93.

94.    Gifford respectfully refers to the 1996 Plan for a complete description of its contents.  To the extent the remaining allegations of Paragraph 94 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 94, and on that basis denies them.

95.    To the extent Paragraph 95 of the Complaint contains conclusions of law, no answer is required.  Gifford admits that while at Maxim he generated and received memoranda.

25

In addition, Gifford admits that while at Maxim he authorized granting options to outside directors.   Gifford respectfully refers to the publicly available electronic docket, and accompanying documents, of the Delaware Court of Chancery, including the alleged January 4, 2000 memorandum and the alleged January 5, 2000 memorandum, as referenced in Paragraph 95, for a complete description of their contents.   To the extent the remaining allegations of Paragraph 95 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 95, including the exercise price for any options granted, and on that basis denies them.

96.     To the extent Paragraph 96 of the Complaint contains conclusions of law, no answer is required.   Gifford admits that the SEC commenced a civil action against him, but avers that the SEC civil action did not allege that Gifford acted with scienter, and was settled without Gifford admitting or denying the allegations.   Gifford respectfully refers to the Complaint as to John F. Gifford filed in the matter entitled *Securities and Exchange Commission v. Maxim Integrated Products, Inc. and John F. Gifford*, docketed in the United States District Court, Northern District of California, San Jose Division, Case No. CV-07-6121, as well as the publicly available electronic docket, and accompanying documents of the Delaware Court of Chancery, including the alleged December 10, 2001 memorandum, as referenced in Paragraph 96, for their contents.   To the extent the remaining allegations of Paragraph 96 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 96, and on that basis denies them.

26

97.     To the extent Paragraph 97 of the Complaint contains conclusions of law, no answer is required.  Gifford admits that while at Maxim he wrote handwritten notes to several individuals at Maxim, including the note as alleged to Jasper.  Gifford respectfully refers to the alleged handwritten note, as referenced in Paragraph 97, for a complete description of its contents.  Except as expressly admitted, Gifford denies all remaining allegations of Paragraph 97.

98.     Gifford admits that while at Maxim he authorized granting options.  To the extent the remaining allegations of Paragraph 98 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 98, including the exercise price for any options granted, and on that basis denies them.

99.     Gifford admits that while at Maxim he generated and received memoranda.  Gifford respectfully refers to the publicly available electronic docket, and accompanying documents, of the Delaware Court of Chancery, including the alleged November 21, 2002 memorandum, as referenced in Paragraph 99, for a complete description of their contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 99, and on that basis denies them.

100.    Gifford admits that while at Maxim he authorized granting options.  To the extent the remaining allegations of Paragraph 100 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within

27

Paragraph 100, including the exercise price for any options granted, and on that basis denies them.

101.    Gifford respectfully refers to the alleged letters from Jasper dated December 3, 2002, as referenced in Paragraph 101, for a complete description of their contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 101, and on that basis denies them.

102.    To the extent Paragraph 102 of the Complaint contains conclusions of law, no answer is required.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 102, and on that basis denies them.

103.    To the extent Paragraph 103 of the Complaint contains conclusions of law, no answer is required.  Gifford admits that while at Maxim he authorized granting options.  In addition, Gifford admits that while at Maxim he generated and received facsimiles.  Gifford respectfully refers to the alleged facsimile sent to Jasper dated June 20, 2002, as referenced in Paragraph 103, for a complete description of its contents.  To the extent the remaining allegations of Paragraph 103 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 103, including the exercise price for any options granted, and on that basis denies them.

104.    Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 104, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K.  Otherwise, Gifford lacks information sufficient to form a

1
2

belief as to the truth of the allegations contained within Paragraph 104, and on that basis denies them.

3      105.    To the extent Paragraph 105 of the Complaint contains conclusions of law, no

4   answer is required.  Gifford respectfully refers to the 2006 Form 10-K, as referenced in

5   Paragraph 105, for a complete description of its contents, but avers that he neither drafted, nor

6   admitted to, the contents of the 2006 Form 10-K.  Otherwise, Gifford lacks information

7   sufficient to form a belief as to the truth of the allegations contained within Paragraph 105, and

8
9   on that basis denies them.

10      106.    To the extent Paragraph 106 of the Complaint contains conclusions of law, or

11  principles of accounting, no answer is required.  To the extent the allegations of Paragraph 106

12  are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.

13  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations

14  contained within Paragraph 106, and on that basis denies them.

15
16      107.    To the extent Paragraph 107 of the Complaint contains conclusions of law, no

17  answer is required.  Gifford respectfully refers to the 2006 Form 10-K, as referenced in

18  Paragraph 107, for its contents, but avers that he neither drafted, nor admitted to, the contents

19  of the 2006 Form 10-K.  To the extent the allegations of Paragraph 107 are specifically

20  directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise,

21  Gifford lacks information sufficient to form a belief as to the truth of the allegations contained

22  within Paragraph 107, and on that basis denies them.

23
24      108.    To the extent Paragraph 108 of the Complaint contains conclusions of law, no

25  answer is required.  Gifford respectfully refers to the 2006 Form 10-K, as referenced in

26
27

28

29

Paragraph 108, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 108, and on that basis denies them.

109. To the extent Paragraph 109 of the Complaint contains conclusions of law, no answer is required. To the extent the allegations of Paragraph 109 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 109, and on that basis denies them.

110. To the extent Paragraph 110 of the Complaint contains conclusions of law, no answer is required. Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 110, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 110, and on that basis denies them.

111. To the extent Paragraph 111 of the Complaint contains conclusions of law, no answer is required. Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 111, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 111, and on that basis denies them.

30

112.   To the extent Paragraph 112 of the Complaint contains conclusions of law, no answer is required.   Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 112, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 112, and on that basis denies them.

113.   To the extent Paragraph 113 of the Complaint contains conclusions of law, no answer is required.   Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 113, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K.   To the extent the allegations of Paragraph 113 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 113, and on that basis denies them.

114.   To the extent Paragraph 114 of the Complaint contains conclusions of law, no answer is required.   Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 114, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 114, and on that basis denies them.

115.   To the extent Paragraph 115 of the Complaint contains conclusions of law, no answer is required.   Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 115, for a complete description of its contents, but avers that he neither drafted, nor

admitted to, the contents of the 2006 Form 10-K.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 115, and on that basis denies them.

116.    To the extent Paragraph 116 of the Complaint contains conclusions of law, no answer is required.  Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 116, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 116, and on that basis denies them.

117.    To the extent Paragraph 117 of the Complaint contains conclusions of law, no answer is required.  Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 117, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 117, and on that basis denies them.

118.    To the extent Paragraph 118 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 118 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 118, and on that basis denies them.

32

119.   As Paragraph 119 of the Complaint sets forth but conclusions of law, no answer is required.  To the extent an answer to the allegations contained in Paragraph 119 is required, however, Gifford denies those allegations.

120.   To the extent Paragraph 120 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 120 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 120, and on that basis denies them.

121.   To the extent Paragraph 121 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 121 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 121, and on that basis denies them.

122.   To the extent Paragraph 122 of the Complaint contains conclusions of law, no answer is required.  Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 122, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K.  To the extent the allegations contained in Paragraph 122 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 122, and on that basis denies them.

123.   To the extent Paragraph 123 of the Complaint contains conclusions of law, no answer is required.  Gifford respectfully refers to the 2006 Form 10-K, as referenced in

33

Paragraph 123, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K. To the extent the allegations contained in Paragraph 123 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 123, and on that basis denies them.

124. To the extent Paragraph 124 of the Complaint contains conclusions of law, no answer is required. Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 124, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K. To the extent the allegations contained in Paragraph 124 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 124, and on that basis denies them.

125. To the extent Paragraph 125 of the Complaint contains conclusions of law, no answer is required. Gifford admits that Maxim filed a Form 10-K on September 30, 2008 for the fiscal year ended June 30, 2007 (the "FY'07 Form 10-K"). Gifford respectfully refers to the FY'07 Form 10-K, as referenced in Paragraph 125, for a complete description of its contents. To the extent the allegations contained in Paragraph 125 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 125, and on that basis denies them.

126. To the extent Paragraph 126 of the Complaint contains conclusions of law, no answer is required. Gifford respectfully refers to the FY'07 Form 10-K, as referenced in

34

Paragraph 126, for a complete description of its contents. To the extent the allegations contained in Paragraph 126 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 126, and on that basis denies them.

127. To the extent Paragraph 127 of the Complaint contains conclusions of law, no answer is required. Gifford respectfully refers to the FY'07 Form 10-K, as referenced in Paragraph 127, for a complete description of its contents. To the extent the allegations contained in Paragraph 127 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 127, and on that basis denies them.

128. To the extent Paragraph 128 of the Complaint contains conclusions of law, no answer is required. To the extent the allegations contained in Paragraph 128 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 128, and on that basis denies them.

129. Gifford admits that on April 29, 2003 Maxim issued a press release, which was filed with the SEC on Form 8-K. Gifford respectfully refers to the press release issued by Maxim on April 29, 2003, as well as the Form 8-K filed on the same date, as referenced in Paragraph 129, for a complete description of their contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 129, and on that basis denies them.

130.    Gifford admits that on May 12, 2003 Maxim filed with the SEC its Form 10-Q for the period ended on March 29, 2003 (the "3Q'03 Form 10-Q"), which included a certification signed by Gifford.   Gifford respectfully refers to the 3Q'03 Form 10-Q, as referenced in Paragraph 130, for a complete description of its contents.   To the extent the remaining allegations contained in Paragraph 130 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 130, and on that basis denies them.

131.    While Gifford respectfully refers to the 3Q'03 Form 10-Q, as referenced in Paragraph 131, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 131, and on that basis denies them.

132.    Gifford admits that Maxim filed with the SEC the 3Q'03 Form 10-Q, which included a certification signed by Gifford. While Gifford respectfully refers to the 3Q'03 Form 10-Q, as referenced in Paragraph 132, for its contents, to the extent the allegations contained in Paragraph 132 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   To the extent the remaining allegations contained in Paragraph 132 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 132, and on that basis denies them

133.    To the extent Paragraph 133 of the Complaint contains conclusions of law, no answer is required.   Gifford respectfully refers to the 3Q'03 Form 10-Q, as referenced in

36

Paragraph 133, for a complete description of its contents. To the extent the allegations contained in Paragraph 133 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 133, and on that basis denies them.

134. Gifford admits that on August 12, 2003 Maxim issued a press release, which was filed with the SEC on Form 8-K. Gifford respectfully refers to the press release issued by Maxim on August 12, 2003, as well as the Form 8-K filed on the same date, as referenced in Paragraph 134, for a complete description of their contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 134, and on that basis denies them.

135. Gifford admits that on September 22, 2003 Maxim filed with the SEC its Form 10-K for the period ended on June 29, 2003 (the "FY'03 Form 10-K"), which included a certification signed by Gifford. Gifford respectfully refers to the FY'03 Form 10-K, as referenced in Paragraph 135, for a complete description of its contents. To the extent the remaining allegations contained in Paragraph 135 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 135, and on that basis denies them.

136. While Gifford respectfully refers to the FY'03 Form 10-K, as referenced in Paragraph 136, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 136, and on that basis denies them.

37

137.   While Gifford respectfully refers to the FY'03 Form 10-K, as referenced in Paragraph 137, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 137, and on that basis denies them.

138.   While Gifford respectfully refers to the FY'03 Form 10-K, as referenced in Paragraph 138, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 138, and on that basis denies them.

139.   Gifford admits that Maxim filed with the SEC the FY'03 Form 10-K, which included a certification signed by Gifford.  Gifford respectfully refers to the FY'03 Form 10-K, as referenced in Paragraph 139, for a complete description of its contents.  To the extent the remaining allegations contained in Paragraph 139 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph ,0139 and on that basis denies them.

140.   While Gifford respectfully refers to the FY'03 Form 10-K, as referenced in Paragraph 140, for a complete description of its contents, to the extent the allegations contained in Paragraph 140 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 140, and on that basis denies them.

141.   To the extent Paragraph 141 of the Complaint contains conclusions of law, no answer is required.  Gifford respectfully refers to the FY'03 Form 10-K, as referenced in

38

Paragraph 141, for a complete description of its contents. To the extent the allegations contained in Paragraph 141 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 141, and on that basis denies them.

142. Gifford admits that on October 28, 2003 Maxim issued a press release, which was filed with the SEC on Form 8-K. Gifford respectfully refers to the press release issued by Maxim on October 28, 2003, as well as the Form 8-K filed on the same date, as referenced in Paragraph 142, for a complete description of their contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 142, and on that basis denies them.

143. Gifford admits that on November 6, 2003 Maxim filed with the SEC its Form 10-Q for the period ended on September 27, 2003 (the "1Q'04 Form 10-Q"). Gifford respectfully refers to the 1Q'04 Form 10-Q, as referenced in Paragraph 143, for a complete description of its contents. To the extent the remaining allegations contained in Paragraph 143 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 143, and on that basis denies them.

144. While Gifford respectfully refers to the 1Q'04 Form 10-Q, as referenced in Paragraph 144, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 144, and on that basis denies them.

39

145.    Gifford admits that Maxim filed with the SEC the 1Q'04 Form 10-Q, which included a certification signed by Gifford. Gifford respectfully refers to the 1Q'04 Form 10-Q, as referenced in Paragraph 145, for a complete description of its contents. To the extent the remaining allegations contained in Paragraph 145 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 145, and on that basis denies them.

146.    To the extent Paragraph 146 of the Complaint contains conclusions of law, no answer is required. Gifford respectfully refers to the 1Q'04 Form 10-Q, as referenced in Paragraph 146, for a complete description of its contents. To the extent the allegations contained in Paragraph 146 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 146, and on that basis denies them.

147.    Gifford admits that on February 5, 2004 Maxim issued a press release, which was filed with the SEC on Form 8-K. Gifford respectfully refers to the press release issued by Maxim on February 5, 2004, as well as the Form 8-K filed on the same date, as referenced in Paragraph 147, for a complete description of their contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 147, and on that basis denies them.

148.    Gifford admits that on February 5, 2004, Maxim filed with the SEC its Form 10-Q for the period ended on December 27, 2003 (the "2Q'04 Form 10-Q"), which included a certification signed by Gifford. Gifford respectfully refers to the 2Q'04 Form 10-Q, as

40

referenced in Paragraph 148, for a complete description of its contents.   To the extent the remaining allegations contained in Paragraph 148 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 148, and on that basis denies them.

149.   While Gifford respectfully refers to the 2Q'04 Form 10-Q, as referenced in Paragraph 149, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 149, and on that basis denies them.

150.   Gifford admits that Maxim filed with the SEC the 2Q'04 Form 10-Q, which included a certification signed by Gifford.  Gifford respectfully refers to the 2Q'04 Form 10-Q, as referenced in Paragraph 150 for a complete description of its contents.   To the extent the remaining allegations contained in Paragraph 150 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 150, and on that basis denies them.

151.   To the extent Paragraph 151 of the Complaint contains conclusions of law, no answer is required.  Gifford respectfully refers to the 2Q'04 Form 10-Q, as referenced in Paragraph 151, for a complete description of its contents.   To the extent the allegations contained in Paragraph 151 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 151, and on that basis denies them.

41

152.   Gifford admits that on April 27, 2004 Maxim issued a press release, which was filed with the SEC on Form 8-K.  Gifford respectfully refers to the press release issued by Maxim on April 27, 2004, as well as the Form 8-K filed on the same date, as referenced in Paragraph 152, for a complete description of their contents.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 152, and on that basis denies them.

153.   Gifford admits that on May 6, 2004 Maxim filed with the SEC its Form 10-Q for the period ended on March 27, 2004 (the "3Q'04 Form 10-Q"), which included a certification signed by Gifford.  Gifford respectfully refers to the 3Q'04 Form 10-Q, as referenced in Paragraph 153, for a complete description of its contents.   To the extent the remaining allegations contained in Paragraph 153 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 153, and on that basis denies them.

154.   While Gifford respectfully refers to the 3Q'04 Form 10-Q, as referenced in Paragraph 154, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 154, and on that basis denies them.

155.   Gifford admits that Maxim filed with the SEC the 3Q'04 Form 10-Q, which included a certification signed by Gifford.  Gifford respectfully refers to the 3Q'04 Form 10-Q, as referenced in Paragraph 155, for a complete description of its contents.   To the extent the remaining allegations contained in Paragraph 155 are specifically directed, or are to be

42

attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 155, and on that basis denies them.

156.    To the extent Paragraph 156 of the Complaint contains conclusions of law, no answer is required.  Gifford respectfully refers to the 3Q'04 Form 10-Q, as referenced in Paragraph 156, for a complete description of its contents.  To the extent the allegations contained in Paragraph 156 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 156, and on that basis denies them.

157.    Gifford admits that on August 6, 2004, Maxim issued a press release, which was filed with the SEC on Form 8-K.  Gifford respectfully refers to the press release issued by Maxim on August 6, 2004, as well as the Form 8-K filed on the same date, as referenced in Paragraph 157, for a complete description of their contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 157, and on that basis denies them.

158.    Gifford admits that on September 9, 2004 Maxim filed with the SEC its Form 10-K for the period ended on June 26, 2004 (the "FY'04 Form 10-K"), which included a certification signed by Gifford.  Gifford respectfully refers to the FY'04 Form 10-K, as referenced in Paragraph 158, for a complete description of its contents.  To the extent the remaining allegations contained in Paragraph 158 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information

43

sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 158, and on that basis denies them.

159.   While Gifford respectfully refers to the FY'04 Form 10-K, as referenced in Paragraph 159, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 159, and on that basis denies them.

160.   While Gifford respectfully refers to the FY'04 Form 10-K, as referenced in Paragraph 160, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 160, and on that basis denies them.

161.   While Gifford respectfully refers to the FY'04 Form 10-K, as referenced in Paragraph 161, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 161, and on that basis denies them.

162.   Gifford admits that Maxim filed with the SEC the FY'04 Form 10-K, which included a certification signed by Gifford. Gifford respectfully refers to the FY'04 Form 10-K, as referenced in Paragraph 162, for a complete description of its contents. To the extent the remaining allegations contained in Paragraph 162 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 162, and on that basis denies them.

163.   While Gifford respectfully refers to the FY'04 Form 10-K, as referenced in Paragraph 163, for a complete description of its contents, to the extent the allegations contained in Paragraph 163 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 163, and on that basis denies them.

164.   Gifford respectfully refers to the FY'04 Form 10-K, as referenced in Paragraph 164, for a complete description of its contents.   To the extent the allegations contained in Paragraph 164 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 164, and on that basis denies them.

165.   Gifford admits that on November 1, 2004 Maxim issued a press release, which was filed with the SEC on Form 8-K.   Gifford respectfully refers to the press release issued by Maxim on November 1, 2004, as well as the Form 8-K filed on the same date, as referenced in Paragraph 165, for a complete description of their contents.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 165, and on that basis denies them.

166.   Gifford admits that he participated in telephone conference calls while at Maxim. With respect to any comments alleged to Gifford during an alleged November 1, 2004 conference call, as referenced in Paragraph 166, Gifford respectfully refers to any certified transcript of the call for a complete recitation of said comments.   Except as expressly admitted, Gifford denies all remaining allegations of Paragraph 166.

45

167.   Gifford admits that on November 4, 2004 Maxim filed with the SEC its Form 10-Q for the period ended on September 25, 2004 (the "1Q'05 Form 10-Q"), which included a certification signed by Gifford.   Gifford respectfully refers to the 1Q'05 Form 10-Q, as referenced in Paragraph 167, for a complete description of its contents.   To the extent the remaining allegations contained in Paragraph 167 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 167, and on that basis denies them.

168.   While Gifford respectfully refers to the 1Q'05 Form 10-Q, as referenced in Paragraph 168, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 168, and on that basis denies them.

169.   Gifford admits that Maxim filed with the SEC the 1Q'05 Form 10-Q, which included a certification signed by Gifford.  Gifford respectfully refers to the 1Q'05 Form 10-Q, as referenced in Paragraph 169, for a complete description of its contents.   To the extent the remaining allegations contained in Paragraph  are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph , and on that basis denies them.

170.   To the extent Paragraph 170 of the Complaint contains conclusions of law, no answer is required.   Gifford respectfully refers to the 1Q'05 Form 10-Q, as referenced in Paragraph 170, for a complete description of its contents.   To the extent the allegations

contained in Paragraph 170 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 170, and on that basis denies them.

171. Gifford admits that on February 1, 2005 Maxim issued a press release, which was filed with the SEC on Form 8-K. Gifford respectfully refers to the press release issued by Maxim on February 1, 2005, as well as the Form 8-K filed on the same date, as referenced in Paragraph 171, for a complete description of their contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 171, and on that basis denies them.

172. Gifford admits that on February 3, 2005 Maxim filed with the SEC its Form 10-Q for the period ended on December 25, 2004 (the "2Q'05 Form 10-Q"), which included a certification signed by Gifford. Gifford respectfully refers to the 2Q'05 Form 10-Q, as referenced in Paragraph 172, for a complete description of its contents. To the extent the remaining allegations contained in Paragraph 172 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 172, and on that basis denies them.

173. While Gifford respectfully refers to the 2Q'05 Form 10-Q, as referenced in Paragraph 173, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 173, and on that basis denies them.

174.   Gifford admits that Maxim filed with the SEC the 2Q'05 Form 10-Q, which included a certification signed by Gifford. Gifford respectfully refers to the 2Q'05 Form 10-Q, as referenced in Paragraph 174, for a complete description of its contents. To the extent the remaining allegations contained in Paragraph 174 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 174, and on that basis denies them.

175.   To the extent Paragraph 175 of the Complaint contains conclusions of law, no answer is required. Gifford respectfully refers to the 2Q'05 Form 10-Q, as referenced in Paragraph 175, for a complete description of its contents. To the extent the allegations contained in Paragraph 175 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 175, and on that basis denies them.

176.   Gifford admits that on May 3, 2005 Maxim issued a press release, which was filed with the SEC on Form 8-K. Gifford respectfully refers to the press release issued by Maxim on May 3, 2005, as well as the Form 8-K filed on the same date, as referenced in Paragraph 176, for a complete description of their contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 176, and on that basis denies them.

177.   Gifford admits that he participated in telephone conference calls while at Maxim. With respect to any comments alleged to Gifford during an alleged May 3, 2005 conference call, as referenced in Paragraph 177, Gifford respectfully refers to any certified

48

transcript of the call for a complete recitation of said comments. Except as expressly admitted, Gifford denies all remaining allegations of Paragraph 177.

178.    Gifford admits that on May 5, 2005 Maxim filed with the SEC its Form 10-Q for the period ended on March 26, 2005 (the "3Q'05 Form 10-Q"), which included a certification signed by Gifford. Gifford respectfully refers to the 3Q'05 Form 10-Q, as referenced in Paragraph 178, for a complete description of its contents. To the extent the remaining allegations contained in Paragraph 178 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 178, and on that basis denies them.

179.    While Gifford respectfully refers to the 3Q'05 Form 10-Q, as referenced in Paragraph 179, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 179, and on that basis denies them.

180.    Gifford admits that Maxim filed with the SEC the 3Q'05 Form 10-Q, which included a certification signed by Gifford. Gifford respectfully refers to the 3Q'05 Form 10-Q, as referenced in Paragraph 180, for a complete description of its contents. To the extent the remaining allegations contained in Paragraph 180 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 180, and on that basis denies them.

181.    To the extent Paragraph 181 of the Complaint contains conclusions of law, no answer is required.  Gifford respectfully refers to the 3Q'05 Form 10-Q, as referenced in Paragraph 181, for a complete description of its contents.   To the extent the allegations contained in Paragraph 181 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 181, and on that basis denies them.

182.    With respect to any comments alleged to Gifford during the alleged May 18, 2005 JPMorgan 33rd Annual Technology Conference (the "May 18, 2005 Conference"), as referenced in Paragraph 182, Gifford respectfully refers to any certified transcript taken during the alleged May 18, 2005 Conference for a complete recitation of said comments.  Except as expressly admitted, Gifford denies all remaining allegations of Paragraph 182.

183.    Gifford admits that on August 1, 2005 Maxim issued a press release, which was filed with the SEC on Form 8-K.  Gifford respectfully refers to the press release issued by Maxim on August, 2005, as well as the Form 8-K filed on the same date, as referenced in Paragraph 183, for a complete description of their contents.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 183, and on that basis denies them.

184.    Gifford admits that on September 8, 2005 Maxim filed with the SEC its Form 10-K for the period ended on June 25, 2005 (the "FY'05 Form 10-K"), which included a certification signed by Gifford.  Gifford respectfully refers to the FY'05 Form 10-K, as referenced in Paragraph 184, for a complete description of its contents.  To the extent the remaining allegations contained in Paragraph 184 are specifically directed, or are to be

50

attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 184, and on that basis denies them.

185.   While Gifford respectfully refers to the FY'05 Form 10-K, as referenced in Paragraph 185, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 185, and on that basis denies them.

186.   While Gifford respectfully refers to the FY'05 Form 10-K, as referenced in Paragraph 186, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 186, and on that basis denies them.

187.   Gifford admits that Maxim filed with the SEC the FY'05 Form 10-K, which included a certification signed by Gifford.  Gifford respectfully refers to the FY'05 Form 10-K, as referenced in Paragraph 187, for a complete description of its contents.  To the extent the remaining allegations contained in Paragraph 187 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 187, and on that basis denies them.

188.   While Gifford respectfully refers to the FY'05 Form 10-K, as referenced in Paragraph 188, for a complete description of its contents, to the extent the allegations contained in Paragraph 133 are specifically directed, or are to be attributed, to Gifford, Gifford denies

those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 188, and on that basis denies them.

189. To the extent Paragraph 189 of the Complaint contains conclusions of law, no answer is required. Gifford respectfully refers to the FY'05 Form 10-K, as referenced in Paragraph 189, for a complete description of its contents. To the extent the allegations contained in Paragraph 189 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 189, and on that basis denies them.

190. Gifford admits that on October 27, 2005 Maxim issued a press release, which was filed with the SEC on Form 8-K. Gifford respectfully refers to the press release issued by Maxim on October 27, 2004, as well as the Form 8-K filed on the same date, as referenced in Paragraph 190, for a complete description of their contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 190, and on that basis denies them.

191. Gifford admits that he participated in telephone conference calls while at Maxim. With respect to any comments alleged to Gifford during an alleged October 27, 2005 conference call, as referenced in Paragraph 191, Gifford respectfully refers to any certified transcript of the call for a complete recitation of said comments. Except as expressly admitted, Gifford denies all remaining allegations of Paragraph 191.

192. Gifford admits that on November 3, 2005 Maxim filed with the SEC its Form 10-Q for the period ended on September 24, 2005 (the "1Q'06 Form 10-Q"), which included a certification signed by Gifford. Gifford respectfully refers to the 1Q'06 Form 10-Q, as

52

referenced in Paragraph 192, for a complete description of its contents. To the extent the remaining allegations contained in Paragraph 192 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 192, and on that basis denies them.

193.    While Gifford respectfully refers to the 1Q'06 Form 10-Q, as referenced in Paragraph 193, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 193, and on that basis denies them.

194.    While Gifford respectfully refers to the 1Q'06 Form 10-Q, as referenced in Paragraph 194, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 194, and on that basis denies them.

195.    While Gifford respectfully refers to the 1Q'06 Form 10-Q, as referenced in Paragraph 195, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 195, and on that basis denies them.

196.    Gifford admits that Maxim filed with the SEC the 1Q'06 Form 10-Q, which included a certification signed by Gifford. Gifford respectfully refers to the 1Q'06 Form 10-Q, as referenced in Paragraph 196, for a complete description of its contents. To the extent the remaining allegations contained in Paragraph 196 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information

53

sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 196, and on that basis denies them.

197.   To the extent Paragraph 197 of the Complaint contains conclusions of law, no answer is required.   Gifford respectfully refers to the 1Q'06 Form 10-Q, as referenced in Paragraph 197, for a complete description of its contents.   To the extent the allegations contained in Paragraph 197 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 197, and on that basis denies them.

198.   Gifford admits that on January 25, 2006 Maxim issued a press release, which was filed with the SEC on Form 8-K.   Gifford respectfully refers to the press release issued by Maxim on January 25, 2006, as well as the Form 8-K filed on the same date, as referenced in Paragraph 198, for a complete description of their contents.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 198, and on that basis denies them.

199.   Gifford admits that on February 2, 2006 Maxim filed with the SEC its Form 10-Q for the period ended on December 24, 2005 (the "2Q'06 Form 10-Q"), which included a certification signed by Gifford.   Gifford respectfully refers to the 2Q'06 Form 10-Q, as referenced in Paragraph 199, for a complete description of its contents.   To the extent the remaining allegations contained in Paragraph 199 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 199, and on that basis denies them.

54

1   200.    Gifford admits that on April 26, 2006 Maxim filed with the SEC its Report on

2   Form 10-Q/A for the period ended on December 24, 2005 (the "2Q'06 Form 10-Q/A"), which

3   included a certification signed by Gifford.  Gifford respectfully refers to the 2Q'06 Form 10-

4   Q/A, as referenced in Paragraph 200, for a complete description of its contents.  To the extent

5   the remaining allegations contained in Paragraph 200 are specifically directed, or are to be

6   attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information

7   sufficient to form a belief as to the truth of the remaining allegations contained within

8   Paragraph 200, and on that basis denies them.

9       201.    While Gifford respectfully refers to the 2Q'06 Form 10-Q, and the 2Q'06 Form

10  10-Q/A, as referenced in Paragraph 201, for a complete description of their contents, Gifford

11  lacks information sufficient to form a belief as to the truth of the allegations contained within

12  Paragraph 201, and on that basis denies them.

13      202.    Gifford admits that Maxim filed with the SEC the 2Q'06 Form 10-Q/A, which

14  included a certification signed by Gifford.  Gifford respectfully refers to the 2Q'06 Form 10-

15  Q/A, as referenced in Paragraph 202, for a complete description of its contents.  To the extent

16  the remaining allegations contained in Paragraph  are specifically directed, or are to be

17  attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information

18  sufficient to form a belief as to the truth of the remaining allegations contained within

19  Paragraph , and on that basis denies them.

20      203.    To the extent Paragraph 203 of the Complaint contains conclusions of law, no

21  answer is required.  Gifford respectfully refers to the 2Q'06 Form 10-Q/A, as referenced in

22  Paragraph 203, for a complete description of its contents.   To the extent the allegations

55

contained in Paragraph 203 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 203, and on that basis denies them.

204.    While Gifford respectfully refers to the 2Q'06 Form 10-Q, and the 2Q'06 Form 10-Q/A, as referenced in Paragraph 204, for a complete description of their contents, to the extent the allegations contained in Paragraph 204 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 204, and on that basis denies them.

205.    Gifford admits that on April 26, 2006 Maxim issued a press release, which was filed with the SEC on Form 8-K. Gifford respectfully refers to the press release issued by Maxim on April 26, 2006, as well as the Form 8-K filed on the same date, as referenced in Paragraph 205, for a complete description of their contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 205, and on that basis denies them.

206.    Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 206, and on that basis denies them.

207.    Gifford admits that on May 3, 2006 Maxim filed with the SEC its Form 10-Q for the period ended on March 25, 2006 (the "3Q'06 Form 10-Q"), which included a certification signed by Gifford. Gifford respectfully refers to the 3Q'06 Form 10-Q, as referenced in Paragraph 207, for a complete description of its contents. To the extent the remaining allegations contained in Paragraph 207 are specifically directed, or are to be attributed, to

56

Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 207, and on that basis denies them.

208. While Gifford respectfully refers to the 3Q'06 Form 10-Q, as referenced in Paragraph 208, for a complete description of its contents, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 208, and on that basis denies them.

209. Gifford admits that Maxim filed with the SEC the 3Q'06 Form 10-Q, which included a certification signed by Gifford. Gifford respectfully refers to the 3Q'06 Form 10-Q, as referenced in Paragraph 209, for a complete description of its contents. To the extent the remaining allegations contained in Paragraph 209 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 209, and on that basis denies them.

210. To the extent Paragraph 210 of the Complaint contains conclusions of law, no answer is required. Gifford respectfully refers to the 3Q'06 Form 10-Q, as referenced in Paragraph 210, for a complete description of its contents. To the extent the allegations contained in Paragraph 210 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 210, and on that basis denies them.

211. Gifford respectfully refers to the EDN.com article, as referenced in Paragraph 211, for a complete description of its contents, but avers that he neither drafted, nor admitted to,

57

its contents, and that the contents of the article may not be a true recitation of fact.   Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 211, and on that basis denies them.

212.   Gifford admits that on August 4, 2006 Maxim issued a press release, which was filed with the SEC on Form 8-K.   Gifford respectfully refers to the press release issued by Maxim on August 4, 2006, as well as the Form 8-K filed on the same date, as referenced in Paragraph 212, for a complete description of their contents.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 212, and on that basis denies them.

213.   To the extent Paragraph 213 of the Complaint contains conclusions of law, no answer is required. Gifford respectfully refers to the press release issued by Maxim on August 4, 2006, as well as the Form 8-K filed on the same date, as referenced in Paragraph 213, for a complete description of their contents.   To the extent the allegations contained in Paragraph 213 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 213, and on that basis denies them.

214.   Gifford admits that on September 7, 2006 Maxim filed its Form 12b-25 with the SEC.   Gifford respectfully refers to the Form 12b-25, as referenced in Paragraph 214, for a complete description of its contents.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 214, and on that basis denies them.

58

215.   Gifford admits that on September 28, 2006 Maxim disseminated a letter. Gifford respectfully refers to the letter dated September 28, 2006, as referenced in Paragraph 215, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 215, and on that basis denies them.

216.   Gifford admits that on November 1, 2006 Maxim issued a press release, which was filed with the SEC on Form 8-K.  Gifford respectfully refers to the press release issued by Maxim on November 1, 2006, as well as the Form 8-K filed on the same date, as referenced in Paragraph 216, for a complete description of their contents.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 216, and on that basis denies them.

217.   Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 217, and on that basis denies them.

218.   Gifford admits that on November 2, 2006 Maxim filed its Form 12b-25 with the SEC.  Gifford respectfully refers to the Form 12b-25, as referenced in Paragraph 218, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 218, and on that basis denies them.

219.   Gifford admits that on November 13, 2006 Maxim filed its Form 8-K with the SEC.   Gifford respectfully refers to the Form 8-K, as referenced in Paragraph 219, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a

59

belief as to the truth of the remaining allegations contained within Paragraph 219, and on that basis denies them.

220.    To the extent Paragraph 220 of the Complaint contains conclusions of law, no answer is required.   Gifford respectfully refers to the press release issued by Maxim on November 1, 2006, as well as the Form 8-K filed on the same date, the Form 12b-25 filed with the SEC on November 2, 2006, and the Form 8-K filed by Maxim on November 13, 2006, as referenced in Paragraph 220, for a complete description of their contents.   To the extent the allegations contained in Paragraph 220 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 220, and on that basis denies them.

221.    Gifford admits that Maxim issued an announcement on January 31, 2007. Gifford respectfully refers to the January 31, 2007 announcement, as referenced in Paragraph 221, for a complete description of its contents.   To the extent the allegations contained in Paragraph 221 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 221, and on that basis denies them.

222.    Gifford admits that on February 7, 2007 Maxim issued a press release, which was filed with the SEC on Form 8-K. Gifford respectfully refers to the press release issued by Maxim on February 7, 2007, as well as the Form 8-K filed on the same date, as referenced in Paragraph 222, for a complete description of their contents.    Otherwise, Gifford lacks

60

information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 222, and on that basis denies them.

223.    Gifford admits that on February 8, 2007 Maxim filed its Form 12b-25 with the SEC.  Gifford respectfully refers to the Form 12b-25, as referenced in Paragraph 223, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 223, and on that basis denies them.

224.    Gifford admits that on February 13, 2007 Maxim filed its Form 8-K with the SEC.  Gifford respectfully refers to the Form 8-K, as referenced in Paragraph 224, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 224, and on that basis denies them.

225.    To the extent Paragraph 225 of the Complaint contains conclusions of law, no answer is required.  Gifford respectfully refers to the press release issued by Maxim on February 7, 2007, as well as the Form 8-K filed on the same date, the Form 12b-25 filed with the SEC on February 8, 2007, and the Form 8-K filed by Maxim on February 13, 2007, as referenced in Paragraph 225, for a complete description of their contents.  To the extent the allegations contained in Paragraph 225 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 225, and on that basis denies them.

226.   Gifford admits that on March 9, 2007 Maxim filed its Form 8-K with the SEC. Gifford respectfully refers to the Form 8-K, as referenced in Paragraph 226, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 226, and on that basis denies them.

227.   Gifford admits that on April 25, 2007 Maxim issued a press release, which was filed with the SEC on Form 8-K.  Gifford respectfully refers to the press release issued by Maxim on April 25, 2007, as well as the Form 8-K filed on the same date, as referenced in Paragraph 227, for a complete description of their contents.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 227, and on that basis denies them.

228.   Gifford admits that on May 3, 2007 Maxim filed its Form 12b-25 with the SEC. Gifford respectfully refers to the Form 12b-25, as referenced in Paragraph 228, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 228, and on that basis denies them.

229.   Gifford admits that Maxim issued an announcement on May 10, 2007.  Gifford respectfully refers to the May 10, 2007 announcement, as referenced in Paragraph 229, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 229, and on that basis denies them.

62

230.   Gifford admits that Maxim issued an announcement on July 9, 2007.  Gifford respectfully refers to the July 9, 2007 announcement, as referenced in Paragraph 230, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 230, and on that basis denies them.

231.   Gifford admits that Maxim issued an announcement on July 17, 2007.  Gifford respectfully refers to the July 17, 2007 announcement, as referenced in Paragraph 231, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 231, and on that basis denies them.

232.   To the extent Paragraph 232 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 232 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 232, and on that basis denies them.

233.   Gifford admits that on August 2, 2007 Maxim issued a press release, which was filed with the SEC on Form 8-K.  Gifford respectfully refers to the press release issued by Maxim on August 2, 2007, as well as the Form 8-K filed on the same date, as referenced in Paragraph 233, for a complete description of their contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 233, and on that basis denies them.

234.   Gifford admits that Maxim issued an announcement on August 23, 2007. Gifford respectfully refers to the August 23, 2007 announcement, as referenced in Paragraph 234, for a complete description of its contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 234, and on that basis denies them.

235.   Gifford admits that on August 30, 2007 Maxim filed its Form 12b-25 with the SEC. Gifford respectfully refers to the Form 12b-25, as referenced in Paragraph 235, for a complete description of its contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 235, and on that basis denies them.

236.   Gifford admits that on September 6, 2007 Maxim issued a press release. Gifford respectfully refers to the press release issued by Maxim on September 6, 2007, as referenced in Paragraph 236, for a complete description of its contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 236, and on that basis denies them.

237.   Gifford admits that Maxim issued an announcement on September 25, 2007. Gifford respectfully refers to the September 25, 2007 announcement, as referenced in Paragraph 237, for a complete description of its contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 237, and on that basis denies them.

238.   Gifford admits that Maxim issued an announcement on October 2, 2007. Gifford respectfully refers to the October 2, 2007 announcement, as referenced in Paragraph

64

238, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 238, and on that basis denies them.

239.    To the extent Paragraph 239 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 239 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.    Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 239, and on that basis denies them.

240.    Gifford admits that on November 1, 2007 Maxim issued a press release, which was filed with the SEC on Form 8-K.  Gifford respectfully refers to the press release issued by Maxim on November 1 2007, as well as the Form 8-K filed on the same date, as referenced in Paragraph 240, for a complete description of their contents.    Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 240, and on that basis denies them.

241.    Gifford admits that on November 15, 2007 Maxim filed its Form 12b-25 with the SEC.  Gifford respectfully refers to the Form 12b-25, as referenced in Paragraph 241, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 241, and on that basis denies them.

242.    To the extent Paragraph 242 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 242 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.    Otherwise,

65

Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 242, and on that basis denies them.

243. Gifford admits that proxies were sent to Maxim shareholders, filed with the SEC on Schedule 14A, and signed by Gifford. Except as expressly admitted, Gifford denies all remaining allegations of Paragraph 243.

244. Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 244, and on that basis denies them.

245. Gifford admits that on October 7, 2003 Maxim filed a proxy statement, which included an introductory letter signed by Gifford, but denies that he drafted or authored such letter. Gifford respectfully refers to the filed proxy statement, as referenced in Paragraph 245, for a complete description of its contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 245, and on that basis denies them.

246. Gifford admits that on June 25, 2004 Maxim filed a proxy statement. Gifford respectfully refers to the filed proxy statement, as referenced in Paragraph 246, for a complete description of its contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 246, and on that basis denies them.

247. Gifford admits that on August 19, 2004 Maxim filed a proxy statement. Gifford respectfully refers to the filed proxy statement, as referenced in Paragraph 247, for a complete description of its contents. Otherwise, Gifford lacks information sufficient to form a belief as

1   to the truth of the remaining allegations contained within Paragraph 247, and on that basis

2   denies them.

3       248.    Gifford admits that the August 19, 2004 proxy statement filed by Maxim

4   included an introductory letter signed by Gifford, but denies that he drafted or authored such

5   letter.  Gifford respectfully refers to the filed proxy statement, as referenced in Paragraph 248,

6   for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to

7   form a belief as to the truth of the allegations contained within Paragraph 248, and on that basis

8
9   denies them.

10      249.    Gifford respectfully refers to the filed proxy statement, as referenced in

11  Paragraph 249, for a complete description of its contents.  Otherwise, Gifford lacks information

12  sufficient to form a belief as to the truth of the allegations contained within Paragraph 249, and

13  on that basis denies them.

14
15      250.    Gifford respectfully refers to the filed proxy statement, as referenced in

16  Paragraph 250, for a complete description of its contents.  Otherwise, Gifford lacks information

17  sufficient to form a belief as to the truth of the allegations contained within Paragraph 250, and

18  on that basis denies them.

19      251.    Gifford admits that on October 7, 2005 Maxim filed a proxy statement.  Gifford

20  respectfully refers to the filed proxy statement, as referenced in Paragraph 251, for a complete

21  description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as

22
23  to the truth of the remaining allegations contained within Paragraph 251, and on that basis

24  denies them.

25

26                                              67

27

28

252. Gifford admits that the October 7, 2005 proxy statement filed by Maxim included an introductory letter signed by Gifford, but denies that he drafted or authored such letter. Gifford respectfully refers to the filed proxy statement, as referenced in Paragraph 252, for a complete description of its contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 252, and on that basis denies them.

253. Gifford respectfully refers to the filed proxy statement, as referenced in Paragraph 253, for a complete description of its contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 253, and on that basis denies them.

254. To the extent Paragraph 254 of the Complaint contains conclusions of law, no answer is required. To the extent the allegations contained in Paragraph 254 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 254, and on that basis denies them.

255. To the extent Paragraph 255 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but avers that a violation of GAAP does not necessarily necessarily establish scienter. To the extent the allegatios contained in Paragraph 255 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 255, and on that basis denies them.

68

256. To the extent Paragraph 256 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but respectfully refers to the AICPA and Public Company Accounting Oversight Board Statements on Auditing Standards No. 1, AU § 110.03, as referenced in Paragraph 256, for a complete description of it's contents, but avers that a violation of GAAP does not necessarily establish scienter. To the extent the allegations contained in Paragraph 256 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 256, and on that basis denies them.

257. To the extent Paragraph 257 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but avers that a violation of GAAP does not necessarily establish scienter. Gifford admits that Maxim filed quarterly and annual reports with the SEC from 1997 through 2006. To the extent the allegations contained in Paragraph 257 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 257, and on that basis denies them.

258. To the extent Paragraph 258 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but avers that a violation of GAAP does not necessarily establish scienter. Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 258, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K. Otherwise, Gifford denies each and every allegation contained within Paragraph 258.

259. While Gifford respectfully refers to SEC Regulation S-X, as referenced in Paragraph 259, for a complete description of its contents, as Paragraph 259 of the Complaint sets forth nothing but conclusions of law, or principles of accounting, no answer is required, but avers that a violation of GAAP does not necessarily establish scienter. To the extent an answer to the allegations contained in Paragraph 259 is required, however, Gifford denies those allegations.

260. While Gifford respectfully refers to FASB Statement of Financial Accounting Concepts No. 1, as referenced in Paragraph 260, for a complete description of its contents, as Paragraph 260 of the Complaint sets forth nothing but conclusions of law, or principles of accounting, no answer is required, but avers that a violation of GAAP does not necessarily establish scienter. To the extent an answer to the allegations contained in Paragraph 260 is required, however, Gifford denies those allegations.

261. To the extent Paragraph 261 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but respectfully refers to SFAS 123(R), as referenced in Paragraph 261, for a complete description of its contents, but avers that a violation of GAAP does not necessarily establish scienter. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 261, and on that basis denies them.

262. As Paragraph 262 of the Complaint sets forth nothing but conclusions of law, or principles of accounting, no answer is required, but respectfully refers to SFAS 123(R), as referenced in Paragraph 262, for a complete description of its contents, but avers that a

violation of GAAP does not necessarily establish scienter.  To the extent an answer to the allegations contained in Paragraph 262 is required, however, Gifford denies those allegations.

263.   To the extent Paragraph 263 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but respectfully refers to APB 25, as referenced in Paragraph 263, for a complete description of its contents, but avers that a violation of GAAP does not necessarily establish scienter.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 263, and on that basis denies them.

264.   While Gifford respectfully refers to APB No. 25, as referenced in Paragraph 264, for a complete description of its contents, as Paragraph 264 of the Complaint sets forth nothing but conclusions of law, or principles of accounting, no answer is required, but avers that a violation of GAAP does not necessarily establish scienter.  To the extent an answer to the allegations contained in Paragraph 264 is required, however, Gifford denies those allegations.

265.   To the extent Paragraph 265 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but avers that a violation of GAAP does not necessarily establish scienter.  To the extent the allegations contained in Paragraph 265 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 265, and on that basis denies them.

266.   While Gifford respectfully refers to APB 20, as referenced in Paragraph 266, for a complete description of its contents, as Paragraph 266 of the Complaint sets forth nothing but conclusions of law, or principles of accounting, no answer is required, but avers that a violation

71

of GAAP does not necessarily establish scienter.  To the extent an answer to the allegations contained in Paragraph 266 is required, however, Gifford denies those allegations.

267.    To the extent Paragraph 267 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but respectfully refers to APB 20, as referenced in Paragraph 267, for a complete description of its contents, avers that a violation of GAAP does not necessarily establish scienter.  In addition, Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 267, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 267, and on that basis denies them.

268.    To the extent Paragraph 268 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but respectfully refers to FASB Statement of Financial Accounting Concepts No. 1, as referenced in Paragraph 268, for a complete description of its contents, but avers that a violation of GAAP does not necessarily establish scienter.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 268, and on that basis denies them.

269.    To the extent Paragraph 269 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but avers that a violation of GAAP does not necessarily establish scienter.  To the extent the allegations contained in Paragraph 269 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 269, and on that basis denies them.

270.    To the extent Paragraph 270 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but respectfully refers to APB No. 28, FASB Statement of Concepts No. 1 and FASB Statement of Concepts No. 2, as referenced in Paragraph 270, for a complete description of their contents, but avers that a violation of GAAP does not necessarily establish scienter.  To the extent the allegations contained in Paragraph 270 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 270, and on that basis denies them.

271.    To the extent Paragraph 271 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 271 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 271, and on that basis denies them.

272.    To the extent Paragraph 272 of the Complaint contains conclusions of law, no answer is required.  Gifford admits that, during the Class Period defined by Plaintiffs, Gifford received monies from the sale of Maxim stock.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 272, and on that basis denies them.

273.    To the extent Paragraph 273 of the Complaint contains conclusions of law, no answer is required.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 273, and on that basis denies them.

73

274.   To the extent Paragraph 274 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 274 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 274, and on that basis denies them.

275.   To the extent Paragraph 275 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 275 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 275, and on that basis denies them.

276.   To the extent Paragraph 276 of the Complaint contains conclusions of law, no answer is required, and respectfully refers to Regulation S-K, as referenced in Paragraph 276, for a complete description of its contents.  To the extent the allegations contained in Paragraph 276 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 276, and on that basis denies them.

277.   While Gifford respectfully refers to Item 402 of Regulation S-K, 17 C.F.R. § 229.303, as referenced in Paragraph 277, for a complete description of its contents, as Paragraph 277 of the Complaint sets forth nothing but conclusions of law, no answer is required.  To the extent an answer to the allegations contained in Paragraph 277 is required, however, Gifford denies those allegations.

74

278.    To the extent Paragraph 278 of the Complaint contains conclusions of law, no answer is required.   Gifford respectfully refers to the 2007 Form 10-K, as referenced in Paragraph 278, for a complete description of its contents.   To the extent the allegations contained in Paragraph 278 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 278, and on that basis denies them.

279.    To the extent Paragraph 279 of the Complaint contains conclusions of law, no answer is required.   Otherwise, Gifford denies each and every allegation contained within Paragraph 279 of the Complaint.

280.    To the extent Paragraph 280 of the Complaint contains conclusions of law, no answer is required.   Otherwise, Gifford denies each and every allegation contained within Paragraph 280 of the Complaint.

281.    To the extent Paragraph 281 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but respectfully refers to the IRS rules and regulations, as referenced in Paragraph 281, for a complete description of their contents, but avers that a violation of IRS rules and regulations does not necessarily establish scienter.  To the extent the allegations contained in Paragraph 281 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 281, and on that basis denies them.

282.    To the extent Paragraph 282 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but respectfully refers to Internal Revenue

75

Code ("IRC") § 162(m), as referenced in Paragraph 282, for a complete description of its contents, but avers that a violation of IRS rules and regulations does not necessarily establish scienter. To the extent the allegations contained in Paragraph 282 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 282, and on that basis denies them.

283. To the extent Paragraph 283 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but respectfully refers to Internal Revenue Code ("IRC") § 162(m), as referenced in Paragraph 283, for a complete description of its contents, but avers that a violation of IRS rules and regulations does not necessarily establish scienter. To the extent the allegations contained in Paragraph 283 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 283, and on that basis denies them.

284. To the extent Paragraph 284 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but respectfully refers to Internal Revenue Code ("IRC") § 162(m), as referenced in Paragraph 284, for a complete description of its contents, but avers that a violation of IRS rules and regulations does not necessarily establish scienter. Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 285, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K. To the extent the allegations contained in Paragraph 284 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.

Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 284, and on that basis denies them.

285.    To the extent Paragraph 285 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but respectfully refers to the IRS rules and regulations, as referenced in Paragraph 285, for a complete description of their contents, but avers that a violation of IRS rules and regulations does not necessarily establish scienter.  To the extent the allegations contained in Paragraph 285 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 285, and on that basis denies them.

286.    While Gifford respectfully refers to the IRS rules and regulations, as referenced in Paragraph 286, for a complete description of their contents, as Paragraph 286 of the Complaint sets forth nothing but conclusions of law, or principles of accounting, no answer is required, but avers that a violation of IRS rules and regulations does not necessarily establish scienter.  To the extent an answer to the allegations contained in Paragraph 287 is required, however, Gifford denies those allegations.

287.    To the extent Paragraph 287 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but respectfully refers to the IRS rules and regulations, as referenced in Paragraph 287, for a complete description of their contents, but avers that a violation of IRS rules and regulations does not necessarily establish scienter.  To the extent the allegations contained in Paragraph 287 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information

sufficient to form a belief as to the truth of the allegations contained within Paragraph 287, and on that basis denies them.

288.    To the extent Paragraph 288 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but avers that a violation of IRS rules and regulations does not necessarily establish scienter. Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 288, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K. To the extent the allegations contained in Paragraph 288 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 288, and on that basis denies them.

289.    To the extent Paragraph 289 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but avers that a violation of IRS rules and regulations does not necessarily establish scienter. Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 289, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K. To the extent the allegations contained in Paragraph 221 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 289, and on that basis denies them.

290.    To the extent Paragraph 290 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but avers that a violation of IRS rules and

78

regulations does not necessarily establish scienter. Gifford respectfully refers to The Wall Street Journal published article entitled "How Backdating Helped Executives Cut Their Taxes," as referenced in Paragraph 290, for a complete description of its contents, but avers that he neither drafted, nor admitted to, its contents, and that the contents of the article may not be a true recitation of fact. To the extent the allegations contained in Paragraph 221 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 290, and on that basis denies them.

291. To the extent Paragraph 291 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but avers that a violation of IRS rules and regulations does not necessarily establish scienter. Gifford respectfully refers to the January 10, 2007 edition of Fortune Magazine, as referenced in Paragraph 291, for its contents, but avers that he neither drafted, nor admitted to, its contents, and that the contents of the article may not be a true recitation of fact. To the extent the allegations contained in Paragraph 221 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 291, and on that basis denies them.

292. To the extent Paragraph 292 of the Complaint contains conclusions of law, or principles of accounting, no answer is required, but avers that a violation of IRS rules and regulations does not necessarily establish scienter. Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 292, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K. Otherwise, Gifford

79

lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 292, and on that basis denies them.

293.   To the extent Paragraph 293 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 293 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 293, and on that basis denies them.

294.   To the extent Paragraph 294 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 294 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 294, and on that basis denies them.

295.   To the extent Paragraph 295 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 295 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 295, and on that basis denies them.

296.   Gifford respectfully refers to The Wall Street Journal published article entitled "The Perfect Payday," as referenced in Paragraph 296, for a complete description of its contents, but avers that he neither drafted, nor admitted to, its contents, and that the contents of the article may not be a true recitation of fact.  Otherwise, Gifford lacks information sufficient

80

1   to form a belief as to the truth of the allegations contained within Paragraph 296, and on that

2   basis denies them.

3   297.   Gifford respectfully refers to The Merrill Lynch Report, as referenced in

4   Paragraph 297, for a complete description of its contents, but avers that he neither drafted, nor

5   admitted to, its contents, and that the content of the article may not be a true recitation of fact.

6   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations

7   contained within Paragraph 297, and on that basis denies them.

8

9   298.   Gifford lacks information sufficient to form a belief as to the truth of the

10   allegations contained within Paragraph 298, and on that basis denies them.

11   299.   Gifford admits that Maxim issued a press release on May 23, 2006.  Gifford

12   respectfully refers to the May 23, 2006 press release, as referenced in Paragraph 299, for a

13   complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a

14   belief as to the truth of the remaining allegations contained within Paragraph 299, and on that

15   basis denies them.

16   300.   To the extent Paragraph 300 of the Complaint contains conclusions of law, no

17   answer is required.  Gifford admits that Maxim issued an announcement on June 7, 2006, and

18   respectfully refers to the June 7, 2006 announcement, as referenced in Paragraph 300, for a

19   complete description of its contents.  Gifford respectfully refers to Stephen Taub's June 8, 2006

20   report published on www.cfo.com, as referenced in Paragraph 300, for a complete description

21   of its contents, but avers that he neither drafted, nor admitted to, its contents, and that the

22   contents of the article may not be a true recitation of fact.  Otherwise, Gifford lacks information

81

sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 300, and on that basis denies them.

301.   Gifford admits that Maxim issued an announcement on June 7, 2006, and respectfully refers to the June 7, 2006 announcement, as referenced in Paragraph 301, for a complete description of its contents.  Gifford respectfully refers to the William Blair & Co.'s June 15, 2006 Report, as referenced in Paragraph 301, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the Report, and that the contents of the Report may not be a true recitation of fact.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 301, and on that basis denies them.

302.   Gifford admits that Maxim issued an announcement on July 3, 2006.  Gifford respectfully refers to Maxim's July 3, 2006 announcement, as referenced in Paragraph 302, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 302, and on that basis denies them.

303.   Gifford respectfully refers to Craig A. Ellis' July 5, 2006 Citigroup Research report (the "Citigroup Report"), as referenced in Paragraph 303, for a complete description of its contents, but avers that he neither drafted, nor admitted to, its contents, and that the contents of the article may not be a true recitation of fact.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 303, and on that basis denies them.

82

304.   Gifford respectfully refers to the Citigroup Report, as referenced in Paragraph 304, for a complete description of its contents, but avers that he neither drafted, nor admitted to, its contents, and that the contents of the article may not be a true recitation of fact.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 304, and on that basis denies them.

305.   Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 305, and on that basis denies them.

306.   Gifford admits that Maxim issued an announcement on September 7, 2006. Gifford respectfully refers to Maxim's September 7, 2006 announcement, as referenced in Paragraph 306, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 306, and on that basis denies them.

307.   Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 307, and on that basis denies them.

308.   Gifford admits that Maxim issued an announcement on September 28, 2006. Gifford respectfully refers to Maxim's September 28, 2006 announcement, as referenced in Paragraph 308, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 308, and on that basis denies them.

309.   Gifford respectfully refers to The Wall Street Journal published article entitled "How Backdating Helped Executives Cut Their Taxes," as referenced in Paragraph 309, for a complete description of its contents, but avers that he neither drafted, nor admitted to, its

83

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

contents, and that the contents of the article may not be a true recitation of fact. To the extent the allegations contained in Paragraph 309 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. To the extent the allegations contained in Paragraph 309 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 309, and on that basis denies them.

310.   Gifford admits the allegations within Paragraph 310 of the Complaint.

311.   To the extent Paragraph 311 of the Complaint contains conclusions of law, no answer is required. Gifford admits that Maxim formed a Special Committee and that on January 31, 2007, issued an announcement regarding the Special Committee. Gifford respectfully refers to the Special Committee report, as well as Maxim's January 31, 2007 announcement, as referenced in Paragraph 311, for a complete description of their contents. Except as expressly admitted, to the extent the allegations contained in Paragraph 311 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 311, and on that basis denies them.

312.   Gifford admits that on January 31, 2007, Maxim issued an announcement, that Gifford stepped down as an advisor to Maxim. Gifford respectfully refers to Maxim's January 31, 2007 announcement, as referenced in Paragraph 312, for a complete description of its contents. Except as expressly admitted, to the extent the allegations contained in Paragraph 312 are specifically directed, or are to be attributed, to Gifford, Gifford denies those

84

allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 312, and on that basis denies them.

313. Gifford respectfully refers to the CIBC World Markets report, as well as the Wachovia Capital Markets, LLC report, as referenced in Paragraph 313, for a complete description of their contents, but avers that he neither drafted, nor admitted to, the contents of the reports, and that the contents of the reports may not be a true recitation of fact. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 313, and on that basis denies them.

314. Gifford admits that on March 9, 2007 Maxim filed its Form 8-K with the SEC. Gifford respectfully refers to the Form 8-K, as referenced in Paragraph 314, for a complete description of its contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 314, and on that basis denies them.

315. Gifford respectfully refers to the Bear Stearns analyst report, as referenced in Paragraph 315, for a complete description of their contents, but avers that he neither drafted, nor admitted to, its contents, and that the contents of the report may not be a true recitation of fact. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 315, and on that basis denies them.

316. Gifford admits that on May 10, 2007, and on July 9, 2007, Maxim issued announcements. Gifford respectfully refers to Maxim's May 10, 2007 announcement, as well as Maxim's July 9, 2007 announcement, as referenced in Paragraph 316, for a complete description of their contents. Otherwise, Gifford lacks information sufficient to form a belief as

85

to the truth of the remaining allegations contained within Paragraph 316, and on that basis denies them.

317.    Gifford admits that on July 17, 2007 Maxim issued an announcement.  Gifford respectfully refers to Maxim's July 17, 2007 announcement, as referenced in Paragraph 317, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 317, and on that basis denies them.

318.    Gifford respectfully refers to the August 2, 2007 Cowen and Company report, the August 3, 2007 Jefferies & Co. report, and the August 3, 2007 CIBC report, as referenced in Paragraph 318, for a complete description of their contents, but avers that he neither drafted, nor admitted to, the contents of the reports, and that the contents of the reports may not be a true recitation of fact.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 318, and on that basis denies them.

319.    Gifford admits that on August 23, 2007 Maxim issued an announcement. Gifford respectfully refers to Maxim's August 23, 2007 announcement, as referenced in Paragraph 319, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 319, and on that basis denies them.

320.    Gifford respectfully refers to the August 28, 2007 Bank of America Securities report, as referenced in Paragraph 320, for a complete description of its contents, but avers that he neither drafted, nor admitted to, its contents, and that the contents of the report may not be a

86

true recitation of fact. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 320, and on that basis denies them.

321.    Gifford respectfully refers to the August 28, 2007 Bloomberg News report, as referenced in Paragraph 321, for a complete description of its contents, but avers that he neither drafted, nor admitted to, its contents, and that the contents of the report may not be a true recitation of fact. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 321, and on that basis denies them.

322.    Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 322, and on that basis denies them.

323.    Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 323, and on that basis denies them.

324.    Gifford admits that Maxim issued an announcement on September 25, 2007. Gifford respectfully refers to Maxim's September 25, 2007 announcement, as referenced in Paragraph 324, for a complete description of its contents. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 324, and on that basis denies them.

325.    Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 325, and on that basis denies them.

326.    Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 326, and on that basis denies them.

327.    Gifford admits that Maxim stock, while presently trading on the NASDAQ, was previously suspended from trading on the NASDAQ, and, at one point, delisted. Otherwise,

Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 327, and on that basis denies them.

328.    Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 328, and on that basis denies them.

329.    To the extent Paragraph 329 of the Complaint contains conclusions of law, no answer is required.  Gifford respectfully refers to analyst reports issued by Bear Stearns, Citigroup and Jefferies & Co., as referenced in Paragraph 329, for a complete description of their contents, but avers that he neither drafted, nor admitted to, the contents of the reports, and that the contents of the reports may not be a true recitation of fact.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 329, and on that basis denies them.

330.    Gifford admits that, on January 17, 2008, Maxim issued an announcement. Gifford respectfully refers to Maxim's January 17, 2008 announcement, as referenced in Paragraph 330, for a complete description of its contents.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 330, and on that basis denies them.

331.    Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 331, and on that basis denies them.

332.    To the extent Paragraph 332 of the Complaint contains conclusions of law, no answer is required.  Gifford respectfully refers to analyst reports issued by Bloomberg News, Cowen & Co. and Citigroup, as referenced in Paragraph 332, for a complete description of their contents, but avers that he neither drafted, nor admitted to, the contents of the reports, and that

88

the contents of the reports may not be a true recitation of fact. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 332, and on that basis denies them.

333. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 333, and on that basis denies them.

334. To the extent Paragraph 334 of the Complaint contains conclusions of law, no answer is required. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 334, and on that basis denies them.

335. To the extent Paragraph 335 of the Complaint contains conclusions of law, no answer is required. To the extent the allegations contained in Paragraph 335 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 335, and on that basis denies them.

336. To the extent Paragraph 336 of the Complaint contains conclusions of law, no answer is required. To the extent the allegations contained in Paragraph 336 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 336, and on that basis denies them.

337. To the extent Paragraph 337 of the Complaint contains conclusions of law, no answer is required. Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 337, and on that basis denies them.

338.     To the extent Paragraph 338 of the Complaint contains conclusions of law, no answer is required.  Gifford denies the second sentence of Paragraph 339.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 338, and on that basis denies them.

339.     To the extent Paragraph 339 of the Complaint contains conclusions of law, no answer is required.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 339, and on that basis denies them.

340.     To the extent Paragraph 340 of the Complaint contains conclusions of law, no answer is required.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 340, and on that basis denies them.

341.     To the extent Paragraph 341 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 341 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 341, and on that basis denies them.

342.     To the extent Paragraph 342 of the Complaint contains conclusions of law, no answer is required.  Otherwise, as Paragraph 342 of the Complaint alleges facts in support of the appropriateness or sustainability of this action as a class action, Gifford denies such allegations because this action does not lend itself to be maintained as a class action.

343.     To the extent Paragraph 343 of the Complaint contains conclusions of law, no answer is required.  Otherwise, as Paragraph 343 of the Complaint alleges facts in support of

90

the appropriateness or sustainability of this action as a class action, Gifford denies such allegations because this action does not lend itself to be maintained as a class action.

344.    To the extent Paragraph 344 of the Complaint contains conclusions of law, no answer is required.  Gifford admits that Maxim common stock was previously traded, and is currently trading, on the NASDAQ.  In addition, Gifford admits that Maxim common stock was previously traded over-the-counter.  Otherwise, as Paragraph 344 of the Complaint alleges facts in support of the appropriateness or sustainability of this action as a class action, Gifford denies such allegations because this action does not lend itself to be maintained as a class action.

345.    To the extent Paragraph 345 of the Complaint contains conclusions of law, no answer is required.  Otherwise, as Paragraph 345 of the Complaint alleges facts in support of the appropriateness or sustainability of this action as a class action, Gifford denies such allegations because this action does not lend itself to be maintained as a class action.

346.    To the extent Paragraph 343 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 346 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.  Otherwise, as Paragraph 346 of the Complaint alleges facts in support of the appropriateness or sustainability of this action as a class action, Gifford denies such allegations because this action does not lend itself to be maintained as a class action.

347.    To the extent Paragraph 347 of the Complaint contains conclusions of law, no answer is required.  Otherwise, as Paragraph 347 of the Complaint alleges facts in support of

the appropriateness or sustainability of this action as a class action, Gifford denies such allegations because this action does not lend itself to be maintained as a class action.

348.   To the extent Paragraph 348 of the Complaint contains conclusions of law, no answer is required.  To the extent the questions of law and fact contained in Paragraph 348 are specifically directed, or are to be attributed, to Gifford, Gifford denies that such questions of law and fact are applicable to him.  Otherwise, as Paragraph 348 of the Complaint alleges questions of law and fact in support of the appropriateness or sustainability of this action as a class action, Gifford denies such allegations because this action does not lend itself to be maintained as a class action.

349.   To the extent Paragraph 349 of the Complaint contains conclusions of law, no answer is required.  Otherwise, as Paragraph 349 of the Complaint alleges facts in support of the appropriateness or sustainability of this action as a class action, Gifford denies such allegations because this action does not lend itself to be maintained as a class action.

350.   Gifford repeats and realleges each of the preceding Paragraphs as if set forth at length herein.

351.   To the extent Paragraph 351 of the Complaint contains conclusions of law, no answer is required.   Otherwise, Gifford admits that the parties identified are named as Defendants, but denies that Gifford has any liability to Plaintiffs.

352.   To the extent Paragraph 352 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 352 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise,

Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 352, and on that basis denies them.

353.    To the extent Paragraph 353 of the Complaint contains conclusions of law, no answer is required. To the extent the allegations contained in Paragraph 353 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.    Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 353, and on that basis denies them.

354.    To the extent Paragraph 354 of the Complaint contains conclusions of law, no answer is required. To the extent the allegations contained in Paragraph 354 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.    Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 354, and on that basis denies them.

355.    To the extent Paragraph 355 of the Complaint contains conclusions of law, no answer is required. To the extent the allegations contained in Paragraph 355 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.    Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 355, and on that basis denies them.

356.    To the extent Paragraph 356 of the Complaint contains conclusions of law, no answer is required. To the extent the allegations contained in Paragraph 356 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.    Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 356, and on that basis denies them.

357.    To the extent Paragraph 357 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 357 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 357, and on that basis denies them.

358.    To the extent Paragraph 358 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 358 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 358, and on that basis denies them.

359.    To the extent Paragraph 359 of the Complaint contains conclusions of law, no answer is required.  To the extent the allegations contained in Paragraph 359 are specifically directed, or are to be attributed to Gifford, Gifford denies those allegations.  Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 359, and on that basis denies them.

360.    To the extent Paragraph 360 of the Complaint contains conclusions of law, no answer is required.  Otherwise, Gifford denies each and every allegation contained within Paragraph 360.

361.    To the extent Paragraph 361 of the Complaint contains conclusions of law, no answer is required.  Otherwise, Gifford denies each and every allegation contained within Paragraph 361.

362.   Gifford repeats and realleges each of the preceding Paragraphs as if set forth at length herein.

363.   To the extent Paragraph 363 of the Complaint contains conclusions of law, no answer is required.   To the extent the allegations contained in Paragraph 363 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 363, and on that basis denies them.

364.   To the extent Paragraph 364 of the Complaint contains conclusions of law, no answer is required.   Gifford respectfully refers to the 2006 Form 10-K, as referenced in Paragraph 364, for a complete description of its contents, but avers that he neither drafted, nor admitted to, the contents of the 2006 Form 10-K.   To the extent the allegations contained in Paragraph 364 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 364, and on that basis denies them.

365.   To the extent Paragraph 365 of the Complaint contains conclusions of law, no answer is required.   To the extent the allegations contained in Paragraph 365 are specifically directed, or are to be attributed, to Gifford, Gifford denies those allegations.   Otherwise, Gifford lacks information sufficient to form a belief as to the truth of the allegations contained within Paragraph 365, and on that basis denies them.

366.   To the extent Paragraph 366 of the Complaint contains conclusions of law, no answer is required.   Otherwise, Gifford denies each and every allegation contained within Paragraph 366.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant, Estate of John F. Gifford, demands judgment against Plaintiffs as follows:

a)      dismissing the Complaint with prejudice;

b)      awarding costs of suit, including reasonable attorneys' fees; and

c)      granting such other and further relief as this Court deems equitable and just.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to set forth a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs have failed to adequately allege any facts regarding thier reliance with respect to Maxim's post-January 31, 2007 disclosures.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs have failed to allege any facts that adequately demonstrate loss causation that would entitle Plaintiffs to recover damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to allege any facts that adequately demonstrate that any decline in the price of Maxim's common stock was the result of any alleged corrective disclosures made by Maxim.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to adequately allege facts concerning Gifford's *scienter* because Plaintiffs have not alleged any facts demonstrating Gifford's conscious misbehavior or recklessness.

96

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to adequately allege facts concerning Gifford's *scienter* because Plaintiffs have not alleged any facts demonstrating Gifford's motive and opportunity to commit fraud.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to adequately allege facts concerning Gifford's *scienter* because Plaintiffs' allegations of GAAP violations do not create an inference of either knowing or reckless misconduct on behalf of Gifford.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead facts with particularity that establish that Gifford knew or should have known that a primary violator, over whom Gifford is alleged to have had control over, was engaged in fraudulent conduct.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint may not be maintained as a class action because Plaintiffs have failed to adequately plead facts that establish the requirements of Rule 23.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint may not be maintained to the extent that it fails to allege facts with particularity concerning Confidential Witnesses.

### ELEVNTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the application of the "bespeaks caution" doctrine.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint may not be maintained against Gifford, as Gifford relied upon advice of professionals, including, but not limited to, outside financial professionals retained by Maxim.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent they seek relief for conduct that occurred prior to the defined Class Period.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The relief sought in the Complaint is barred by the doctrine of waiver.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The relief sought in the Complaint is barred by the doctrine of estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The relief sought in the Complaint is barred by laches.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The relief sought in the Complaint is barred by the equitable doctrine of unclean hands.

**NINETEENTH AFFIRMATIVE DEFENSE**

Gifford breached no duties owed to Plaintiffs.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs will be unjustly enriched if they are permitted to recover damages against Gifford.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred by Plaintiffs' failure to mitigate their alleged damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiffs were the cause of actions of third persons over which Gifford had no control.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Gifford's acts and/or omissions were not the cause of Plaintiffs' alleged damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege any facts which would warrant the imposition of costs of suit, attorneys' fees and/or pre-judgment interest.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Gifford reserves the right prior to or at trial of this matter to interpose any and all additional objections and/or further defenses to the Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Gifford incorporates herein any and all affirmative defenses interposed by any other named defendants with respect to the claims alleged by Plaintiffs in their Consolidated Class Action Complaint.

Dated: August 28, 2009                    WILENTZ, GOLDMAN & SPITZER, P.A.

By: /s/ Kevin P. Roddy
KEVIN P. RODDY
Attorneys for Defendant
Estate of John F. Gifford

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2009, a copy of the foregoing

Answer and Affirmative Defenses to Consolidated Class Action Complaint was filed

electronically.  Notice of this filing will be sent to all parties via the Court's electronic filing

system.



_____
KEVIN P. RODDY

DATED:  August 28, 2009