GREGORY D. HULL (Bar No. 57367)
*greg.hull@weil.com*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel:    (650) 802-3274
Fax:    (650) 802-3100

JOHN A. NEUWIRTH (*Pro Hac Vice*)
*john.neuwirth@weil.com*
JOSHUA S. AMSEL (*Pro Hac Vice*)
*joshua.amsel@weil.com*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel:    (212) 310-8000
Fax:    (212) 310-8007

*Attorneys for Defendant Maxim Integrated Products, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

------------------------------------------------------------- x

In re MAXIM INTEGRATED PRODUCTS, INC. SECURITIES LITIGATION

:
:
:
:
:
:
:
:
:
:
:

------------------------------------------------------------- x

Case No.  C-08-00832-JW

**DEFENDANT MAXIM INTEGRATED PRODUCTS, INC.'S ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Maxim Integrated Products, Inc. ("Maxim" or the "Company"), for its Answer to the Consolidated Class Action Complaint (the "Complaint"), responds as follows:

1.      Admits that Maxim designs, develops, manufactures and markets a broad range of linear and mixed-signal integrated circuits, commonly referred to as analog circuits, for a large number of geographically diverse customers and provides a range of high-frequency process technologies and capabilities that can be used in custom designs; and otherwise denies the allegations contained in Paragraph 1 of the Complaint.

2.      Avers that the allegations contained in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

3.      Admits that, during the period July 1, 1994 through June 24, 2006, Maxim, like many other technology-based, growth-oriented companies, utilized stock options as a tool for recruiting and retaining employees; and otherwise denies the allegations contained in Paragraph 3 of the Complaint.

4.      Avers that the allegations contained in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

5.      Avers that the allegations contained in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

6.      Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 6 of the Complaint.

7.      Admits that Maxim filed its Form 10-K for fiscal year 2006 with the Securities and Exchange Commission (the "SEC") on September 30, 2008 (the "2006 10-K");

ANSWER TO CONSOLIDATED CLASS ACTION
COMPLAINT

Case No.  C-08-00832-JW

refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 7 of the Complaint.

8.     Admits that the SEC commenced civil actions against Maxim, John F. Gifford ("Gifford") and Carl W. Jasper ("Jasper") on or about December 4, 2007 and that the SEC with Maxim and Gifford; refers to the SEC settlements with Maxim and Gifford for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 8 of the Complaint.

9.     Admits that the United States Attorney's Office for the Northern District of California issued a subpoena to Maxim relating to the Company's stock option granting practices and that Maxim's common stock was, for a period of time, delisted from the NASDAQ; and otherwise denies the allegations contained in Paragraph 9 of the Complaint.

10.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 10 of the Complaint.

11.     Refers to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 11 of the Complaint.

12.     Denies the allegations contained in Paragraph 12 of the Complaint.

13.     Admits the allegation contained in the second sentence of Paragraph 13 of the Complaint and that Maxim issued a press release on January 31, 2007; refers to Maxim's January 31, 2007 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 13.

14.     Admits that Plaintiffs purport to describe their alleged claims; denies any liability to Plaintiffs; and otherwise avers that the allegations contained in Paragraph 14 of the Complaint do not constitute allegations to which a response is required.

15.     Admits that Plaintiffs purport to base jurisdiction over the subject matter of this action on the statutory provisions cited; and otherwise avers that the allegations contained in Paragraph 15 of the Complaint constitute legal conclusions to which no response is required.

16.     Admits that Plaintiffs purport to base venue on the statutory provisions cited, that Maxim's principal place of business is located within the Northern District of California and that Gifford's Estate, Jasper and Timothy Ruehle ("Ruehle") also reside within the Northern District of California; and otherwise denies the allegations contained in Paragraph 16 of the Complaint.

17.     Avers that the allegations contained in Paragraph 17 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

18.     Denies that the Cobb County Government Employees' Pension Plan "suffered damages as a result of the federal securities law violations alleged" in the Complaint; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

19.     Denies that the DeKalb County Pension Plan "suffered damages as a result of the federal securities law violations alleged" in the Complaint; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

20.     Denies that the Mississippi Public Employees Retirement System "suffered damages as a result of the federal securities law violations alleged" in the Complaint; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 20 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

21.    Admits the allegation contained in Paragraph 21 of the Complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.    Admits the allegations contained in the first, second, third, fifth and sixth sentences of Paragraph 23 of the Complaint and that, prior to its delisting on October 2, 2007, Maxim's common stock traded on the NASDAQ under the ticker "MXIM" and was included in the S&P 500, the NASDAQ 100, the Russell 1000 and the Philadelphia Semiconductor Index; and otherwise denies the allegations contained in Paragraph 23.

24.    (a)    Admits that Maxim issued press releases on December 19, 2006 and January 31, 2007 and that Gifford served as Maxim's CEO, President and Chairman from April 1983 through December 19, 2006 and as a strategic advisor to Maxim from December 19, 2006 through January 31, 2007; refers to Maxim's December 19, 2006 and January 31, 2007 press releases for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 24(a) of the Complaint.

(b)    Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 24(b) of the Complaint.

(c)    Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 24(c) of the Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(d)      Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 24(d) of the Complaint.

(e)      Avers that the allegations contained in Paragraph 24(e) of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

(f)      Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 24(f) of the Complaint.

(g)      Refers to Maxim's SEC filings and other publicly available information for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 24(g) of the Complaint.

25.      (a)      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25(a) of the Complaint.

(b)      Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 25(b) of the Complaint.

(c)      Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 25(c) of the Complaint.

(d)      Avers that the allegations contained in Paragraph 24(e) of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

(e)     Refers to Maxim's SEC filings and other publicly available information for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 25(e) of the Complaint.

(f)     Admits that Jasper resigned from Maxim on or about January 31, 2007; and otherwise denies the allegations contained in Paragraph 25(f) of the Complaint.

26.     (a)     Refers to the 2006 Form 10-K for a complete and accurate description of its contents; admits the allegation contained in the first sentence of Paragraph 26(a) of the Complaint; denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and fourth sentences of Paragraph 26(a); and otherwise denies the allegations contained in Paragraph 26(a).

(b)     Avers that the allegations contained in Paragraph 26(b) of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

27.     Avers that the allegation contained in Paragraph 27 of the Complaint does not constitute an allegation to which a response is required.

28.     Admits that Maxim is a publicly traded company; and otherwise avers that the allegations contained in Paragraph 28 of the Complaint do not constitute allegations to which a response is required.

29.     Refers to Accounting Principals Board Opinion No. 25 ("APB No. 25") for a complete and accurate description of its contents; and otherwise avers that the allegations contained in Paragraph 29 of the Complaint do not constitute allegations to which a response is required (to the extent a response is required, Maxim denies such allegations).

30.     Refers to the GAAP and Internal Revenue Service accounting rules and regulations referenced in Paragraph 30 of the Complaint for a complete and accurate description

of its contents; and otherwise avers that the allegations contained in Paragraph 30 do not constitute allegations to which a response is required (to the extent a response is required, Maxim denies such allegations).

31.     Admits that Maxim filed a Proxy Statement, on Schedule 14A, with the SEC on June 25, 2004 and that, during the period July 1, 1994 through June 24, 2006, Maxim, like many other technology-based, growth-oriented companies, utilized stock options as a tool for recruiting and retaining employees; refers to Maxim's June 25, 2004 Proxy Statement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 31 of the Complaint.

32.     Admits that Maxim conducted a conference call on April 27, 2004; refers to the documents cited, including the transcript of Maxim's April 27, 2004 conference call, for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 32 of the Complaint.

33.     Admits that Maxim filed Proxy Statements, on Schedule 14A, with the SEC on June 25, 2004, August 19, 2004 and October 7, 2005; refers to Maxim's June 25, 2004, August 19, 2004 and October 7, 2005 Proxy Statements for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 33 of the Complaint.

34.     Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 34 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.     Avers that the allegations contained in the second and fifth sentences of Paragraph 36 of the Complaint constitute legal conclusions to which no response is required (to

ANSWER TO CONSOLIDATED CLASS ACTION          7          Case No.  C-08-00832-JW
COMPLAINT

the extent a response is required, Maxim denies such allegations); and otherwise denies the allegations contained in Paragraph 36.

37. Refers to the SEC filings cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 37 of the Complaint.

38. Admits the allegation contained in the first sentence of Paragraph 38 of the Complaint; refers to the 1996 Stock Incentive Plan (the "1996 Plan") for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 38.

39. Refers to the 1996 Plan for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 39 of the Complaint.

40. Admits that Messrs. Bergman, Hagopian and/or Wazzan comprised the Compensation Committee of Maxim's Board of Directors (the "Compensation Committee") throughout the purported class period; refers to the 1996 Plan for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 40 of the Complaint.

41. Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 41 of the Complaint.

42. Refers to the 1996 Plan and the 2006 10-K for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 42 of the Complaint.

43. Refers to the 1996 Plan for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 43 of the Complaint.

44. Refers to the 1996 Plan for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 44 of the Complaint.

45.     Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 45 of the Complaint.

46.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 46 of the Complaint.

47.     Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 47 of the Complaint.

48.     Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 48 of the Complaint.

49.     Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 49 of the Complaint.

50.     Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 50 of the Complaint.

51.     Refers to the document cited and to Financial Accounting Standards No. 123(R) ("SFAS 123(R)") for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 51 of the Complaint.

52.     Admits that Maxim issued a press release on April 29, 2003; refers to Maxim's April 29, 2003 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 52 of the Complaint.

53.     Admits that Maxim conducted a conference call on April 29, 2003; refers to the transcript of Maxim's April 29, 2003 conference call for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 53 of the Complaint.

54.     Admits that Maxim conducted a conference call on February 5, 2004; refers to the transcript of Maxim's February 5, 2004 conference call for a complete and accurate

description of its contents; and otherwise denies the allegations contained in Paragraph 54 of the Complaint.

55.     Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 55 of the Complaint.

56.     Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 56 of the Complaint.

57.     Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 57 of the Complaint.

58.     Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 58 of the Complaint.

59.     Admits that Maxim conducted a conference call on April 27, 2004; refers to the transcript of Maxim's April 27, 2004 conference call for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 59 of the Complaint.

60.     Admits that Maxim conducted a conference call on February 1, 2005; refers to the transcript of Maxim's February 1, 2005 conference call for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 60 of the Complaint.

61.     Admits that Maxim issued a press release on May 9, 2005; refers to Maxim's May 9, 2005 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 61 of the Complaint.

62.     Denies the allegations contained in Paragraph 62 of the Complaint.

63.     Refers to the documents referenced, including the 2006 10-K, for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 63 of the Complaint.

64.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 64 of the Complaint.

65.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 65 of the Complaint.

66.     Admits the allegations contained in the first sentence of Paragraph 66 of the Complaint; denies the allegations contained in the second and third sentences of Paragraph 66; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66.

67.     Refers to the documents cited, including the 2006 10-K, for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 67 of the Complaint.

68.     Denies the allegations contained in the fifth sentence of Paragraph 68 of the Complaint; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 71 of the Complaint.

72.     Admits that options were granted by Maxim to certain employees with a grant date of October 2, 2001 and an exercise price of $33.40; refers to the documents cited for a complete and accurate description of their contents and to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 72 of the Complaint.

73.     Refers to the document cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 73 of the Complaint.

74.     Refers to the document cited for a complete and accurate description of their contents and to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 74 of the Complaint.

75.     Admits that options were granted by Maxim to certain employees with a grant date of June 30, 2003 and an exercise price of $34.10; refers to the documents cited for a complete and accurate description of their contents and to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 75 of the Complaint.

76.     Admits that options were granted by Maxim to certain employees with a grant date of September 30, 2003 and an exercise price of $39.39; refers to the documents cited for a complete and accurate description of their contents and to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 76 of the Complaint.

77.     Refers to the documents cited for a complete and accurate description of their contents and to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 77 of the Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

79.     Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 79 of the Complaint.

80.     Admits that, during the period July 1, 1994 through June 24, 2006, Maxim, like many other technology-based, growth-oriented companies, utilized stock options as a tool for recruiting and retaining employees; refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 80 of the Complaint.

81.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 81 of the Complaint.

82.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 82 of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88.     Admits that options were granted by Maxim to certain new employees with a grant date of March 25, 2002 and an exercise price of $51.81; refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 88 of the Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.     Refers to the documents cited for a complete and accurate description of their contents and to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 90 of the Complaint.

91.     Refers to the document cited for a complete and accurate description of its contents and to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 91 of the Complaint.

92.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegation contained in Paragraph 92 of the Complaint.

93.     Admits that the Board of Directors delegated authority to Gifford to grant stock options to non-employee Maxim directors; and otherwise denies the allegations contained in Paragraph 93 of the Complaint.

94.     Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 94 of the Complaint.

95.     Admits that options were granted by Maxim to Messrs. Bergman, Hagopian and Wazzan with a grant date of October 21, 1999; refers to the documents cited for a complete and accurate description of their contents; avers that Maxim's split-adjusted stock prices are a matter of public record and, thus, the allegations in the fifth and sixth sentences of

Paragraph 95 of the Complaint do not constitute allegations to which a response is required; and otherwise denies the allegations contained in Paragraph 95.

96.     Admits that options were granted by Maxim to Messrs. Bergman, Hagopian, Karros, Sampels and Wazzan with a grant date of October 1, 2001 and an exercise price of $34.06; refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 96 of the Complaint.

97.     Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 97 of the Complaint.

98.     Denies the allegations contained in Paragraph 98 of the Complaint.

99.     Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 99 of the Complaint.

100.     Denies the allegations contained in Paragraph 100 of the Complaint.

101.     Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 101 of the Complaint.

102.     Admits that options were granted by Maxim to Mr. Karros with a grant date of October 9, 2002; refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 102 of the Complaint.

103.     Refers to the documents cited for a complete and accurate description of their contents and to publicly available information concerning the trading prices of Maxim's common stock and the filing date of Mr. Wazzan's Form 4; and otherwise denies the allegations contained in Paragraph 103 of the Complaint.

104.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegation contained in Paragraph 104 of the Complaint.

105.    Admits that Maxim filed the 2006 10-K with the SEC on September 30, 2008; refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 105 of the Complaint.

106.    Refers to the documents and rules cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 106 of the Complaint.

107.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 107 of the Complaint.

108.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 108 of the Complaint.

109.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 109 of the Complaint.

110.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 110 of the Complaint.

111.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 111 of the Complaint.

112.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 112 of the Complaint.

113.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 113 of the Complaint.

114.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 114 of the Complaint.

115.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 115 of the Complaint.

116.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 116 of the Complaint.

117.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 117 of the Complaint.

118.     Denies the allegations contained in Paragraph 118 of the Complaint.

119.     Refers to Section 13(b)(2) of the Securities Exchange Act of 1934 for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 119 of the Complaint.

120.     Avers that the allegations contained in Paragraph 120 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

121.     Avers that the allegations contained in Paragraph 121 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

122.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 122 of the Complaint.

123.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 123 of the Complaint.

124.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 124 of the Complaint.

125.     Admits the allegation contained in the first sentence of Paragraph 125 of the Complaint; refers to Maxim's Form 10-K for fiscal year 2007, filed with the SEC on September 30, 2008 (the "2007 10-K"), for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 125.

126.     Refers to the 2007 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 126 of the Complaint.

127.     Refers to the 2007 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 127 of the Complaint.

128.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 128 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

129.     Admits the allegations contained in the first and second sentences of Paragraph 129 of the Complaint; refers to Maxim's April 29, 2003 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 129.

130.     Admits the allegation contained in the first sentence of Paragraph 130 of the Complaint; refers to Maxim's Form 10-Q for the third quarter of fiscal year 2003, filed with the SEC on May 12, 2003 (the "3Q'03 10-Q"), for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 130.

131.     Refers to the 3Q'03 10-Q for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 131 of the Complaint.

132.     Refers to the 3Q'03 10-Q for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 132 of the Complaint.

133.     Refers to the 2006 10-K for a complete and accurate description nof its contents; and otherwise denies the allegations contained in Paragraph 133 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

134.   Admits the allegation contained in the first sentence of Paragraph 134 of the Complaint and that Maxim's August 12, 2003 press release was filed with the SEC on Form 8-K that same day; refers to Maxim's August 12, 2003 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 134.

135.   Admits the allegation contained in the first sentence of Paragraph 135 of the Complaint; refers to Maxim's Form 10-K for fiscal year 2003, filed with the SEC on September 22, 2003 (the "2003 10-K"), for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 135.

136.   Refers to the 2003 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 136 of the Complaint.

137.   Refers to the 2003 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 137 of the Complaint.

138.   Refers to the 2003 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 138 of the Complaint.

139.   Refers to the 2003 10-K for a complete and accurate description of its contents; and otherwise denies the allegation contained in Paragraph 139 of the Complaint.

140.   Refers to the 2003 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 140 of the Complaint.

141.   Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 141 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

142.   Admits the allegation contained in the first sentence of Paragraph 142 of the Complaint and that Maxim's October 28, 2003 press release was filed with the SEC on Form

8-K that same day; refers to Maxim's October 28, 2003 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 142.

143. Admits the allegation contained in the first sentence of Paragraph 143 of the Complaint; refers to Maxim's Form 10-Q for the first quarter of fiscal year 2004, filed with the SEC on November 6, 2003 (the "1Q'04 10-Q"), for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 143.

144. Refers to the 1Q'04 10-Q for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 144 of the Complaint.

145. Refers to the 1Q'04 10-Q for a complete and accurate description of its contents; and otherwise denies the allegation contained in Paragraph 145 of the Complaint.

146. Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 146 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

147. Admits the allegation contained in the first sentence of Paragraph 147 of the Complaint and that Maxim's February 5, 2004 press release was filed with the SEC on Form 8-K that same day; refers to Maxim's February 5, 2004 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 147.

148. Admits the allegation contained in the first sentence of Paragraph 148 of the Complaint; refers to Maxim's Form 10-Q for the second quarter of fiscal year 2004, filed with the SEC on February 5, 2004 (the "2Q'04 10-Q"), for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 148.

149. Refers to the 2Q'04 10-Q for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 149 of the Complaint.

1   150.   Refers to the 2Q'04 10-Q for a complete and accurate description of its

2   contents; and otherwise denies the allegation contained in Paragraph 150 of the Complaint.

3   151.   Refers to the 2006 10-K for a complete and accurate description of its

4   contents; and otherwise denies the allegations contained in Paragraph 151 of the Complaint,

5   except to the extent such allegations constitute legal conclusions to which no response is

6   required.

7

8   152.   Admits the allegation contained in the first sentence of Paragraph 152 of

9   the Complaint and that Maxim's April 27, 2004 press release was filed with the SEC on Form 8-

10  K that same day; refers to Maxim's April 27, 2004 press release for a complete and accurate

11  description of its contents; and otherwise denies the allegations contained in Paragraph 152.

12  153.   Admits the allegation contained in the first sentence of Paragraph 153 of

13  the Complaint; refers to Maxim's Form 10-Q for the third quarter of fiscal year 2004, filed with

14  the SEC on May 6, 2004 (the "3Q'04 10-Q"), for a complete and accurate description of its

15  contents; and otherwise denies the allegations contained in Paragraph 153.

16

17  154.   Refers to the 3Q'04 10-Q for a complete and accurate description of its

18  contents; and otherwise denies the allegations contained in Paragraph 154 of the Complaint.

19

20  155.   Refers to the 3Q'04 10-Q for a complete and accurate description of its

21  contents; and otherwise denies the allegation contained in Paragraph 155 of the Complaint.

22  156.   Refers to the 2006 10-K for a complete and accurate description of its

23  contents; and otherwise denies the allegations contained in Paragraph 156 of the Complaint,

24  except to the extent such allegations constitute legal conclusions to which no response is

25  required.

26  157.   Admits the allegation contained in the first sentence of Paragraph 157 of

27  the Complaint and that Maxim's August 6, 2004 press release was filed with the SEC on Form 8-

28

K that same day; refers to Maxim's August 6, 2004 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 157.

158. Admits the allegation contained in the first sentence of Paragraph 158 of the Complaint; refers to Maxim's Form 10-K for fiscal year 2004, filed with the SEC on September 9, 2004 (the "2004 10-K"), for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 158.

159. Refers to the 2004 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 159 of the Complaint.

160. Refers to the 2004 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 160 of the Complaint.

161. Refers to the 2004 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 161 of the Complaint.

162. Refers to the 2004 10-K for a complete and accurate description of its contents; and otherwise denies the allegation contained in Paragraph 162 of the Complaint.

163. Refers to the 2004 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 163 of the Complaint.

164. Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 164 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

165. Admits the allegation contained in the first sentence of Paragraph 165 of the Complaint and that Maxim's November 1, 2004 press release was filed with the SEC on Form 8-K that same day; refers to Maxim's November 1, 2004 press release for a complete and

accurate description of its contents; and otherwise denies the allegations contained in Paragraph 165.

166.    Admits that Maxim conducted a conference call on November 1, 2004; refers to the transcript of Maxim's November 1, 2004 conference call for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 166 of the Complaint.

167.    Admits the allegation contained in the first sentence of Paragraph 167 of the Complaint; refers to Maxim's Form 10-Q for the first quarter of fiscal year 2005, filed with the SEC on November 4, 2004 (the "1Q'05 10-Q"), for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 167.

168.    Refers to the 1Q'05 10-Q for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 168 of the Complaint.

169.    Refers to the 1Q'05 10-Q for a complete and accurate description of its contents; and otherwise denies the allegation contained in Paragraph 169 of the Complaint.

170.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 170 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

171.    Admits the allegation contained in the first sentence of Paragraph 171 of the Complaint and that Maxim's February 1, 2005 press release was field with the SEC on Form 8-K that same day; refers to Maxim's February 1, 2005 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 171.

172.    Admits the allegation contained in the first sentence of Paragraph 172 of the Complaint; refers to Maxim's Form 10-Q for the second quarter of fiscal year 2005, filed

with the SEC on February 3, 2005 (the "2Q'05 10-Q"), for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 172.

173.   Refers to the 2Q'05 10-Q for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 173 of the Complaint.

174.   Refers to the 2Q'05 10-Q for a complete and accurate description of its contents; and otherwise denies the allegation contained in Paragraph 174 of the Complaint.

175.   Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 175 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

176.   Admits the allegation contained in the first sentence of Paragraph 176 of the Complaint and that Maxim's May 3, 2005 press release was filed with the SEC on Form 8-K that same day; refers to Maxim's May 3, 2005 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 176.

177.   Admits that Maxim conducted a conference call on May 3, 2005; refers to the transcript of Maxim's May 3, 2005 conference call for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 177 of the Complaint.

178.   Admits the allegation contained in the first sentence of Paragraph 178 of the Complaint; refers to Maxim's Form 10-Q for the third quarter of fiscal year 2005, filed with the SEC on May 5, 2005 (the "3Q'05 10-Q"), for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 178.

179.   Refers to the 3Q'05 10-Q for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 179 of the Complaint.

180.    Refers to the 3Q'05 10-Q for a complete and accurate description of its contents; and otherwise denies the allegation contained in Paragraph 180 of the Complaint.

181.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 181 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

182.    Admits the allegation contained in the first sentence of Paragraph 182 of the Complaint; refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 182.

183.    Admits the allegation contained in the first sentence of Paragraph 183 of the Complaint and that Maxim's August 1, 2005 press release was filed with the SEC on Form 8-K that same day; refers to Maxim's August 1, 2005 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 183.

184.    Admits the allegation contained in the first sentence of Paragraph 184 of the Complaint; refers to Maxim's Form 10-K for fiscal year 2005, filed with the SEC on September 8, 2005 (the "2005 10-K"), for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 184.

185.    Refers to the 2005 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 185 of the Complaint.

186.    Refers to the 2005 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 186 of the Complaint.

187.    Refers to the 2005 10-K for a complete and accurate description of its contents; and otherwise denies the allegation contained in Paragraph 186 of the Complaint.

188.    Refers to the 2005 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 188 of the Complaint.

189.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 189 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

190.    Admits the allegation contained in the first sentence of Paragraph 190 of the Complaint and that Maxim's October 27, 2005 press release was filed with the SEC on Form 8-K that same day; refers to Maxim's October 27, 2005 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 190.

191.    Admits that Maxim conducted a conference call on October 27, 2005; refers to the transcript of Maxim's October 27, 2005 conference call for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 191 of the Complaint.

192.    Admits the allegation contained in the first sentence of Paragraph 192 of the Complaint; refers to Maxim's Form 10-Q for the first quarter of fiscal year 2006, filed with the SEC on November 3, 2005 (the "1Q'06 10-Q"), for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 192.

193.    Refers to the 1Q'06 10-Q for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 193 of the Complaint.

194.    Refers to the 1Q'06 10-Q for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 194 of the Complaint.

195.    Refers to the 1Q'06 10-Q for a complete and accurate description of its contents; and otherwise denies the allegation contained in Paragraph 195 of the Complaint.

196.     Refers to the 1Q'06 10-Q for a complete and accurate description of its contents; and otherwise denies the allegation contained in Paragraph 196 of the Complaint.

197.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 197 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

198.     Admits the allegation contained in the first sentence of Paragraph 198 of the Complaint and that Maxim's January 25, 2006 press release was filed with the SEC on Form 8-K that same day; refers to Maxim's January 25, 2006 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 198.

199.     Admits the allegation contained in the first sentence of Paragraph 199 of the Complaint; refers to Maxim's Form 10-Q for the second quarter of fiscal year 2006, filed with the SEC on February 2, 2006, for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 199.

200.     Admits the allegation contained in the first sentence of Paragraph 200 of the Complaint; refers to Maxim's Form 10-Q/A for the second quarter of fiscal year 2006, filed with the SEC on April 26, 2006 (the "2Q'06 10-Q/A"), for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 200.

201.     Refers to the 2Q'06 10-Q/A for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 201 of the Complaint.

202.     Refers to the 2Q'06 10-Q/A for a complete and accurate description of its contents; and otherwise denies the allegation contained in Paragraph 202 of the Complaint.

203.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 203 of the Complaint,

except to the extent such allegations constitute legal conclusions to which no response is required.

204.    Refers to the documents cited, including the 2006 10-K, for a complete and accurate description of their contents; avers that the allegation contained in the third sentence of Paragraph 204 of the Complaint does not constitute an allegation to which a response is required; and otherwise denies the allegations contained in Paragraph 204.

205.    Admits the allegation contained in the first sentence of Paragraph 205 of the Complaint and that Maxim's April 26, 2006 press release was filed with the SEC on Form 8-K that same day; refers to Maxim's April 26, 2006 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 205.

206.    Admits that Maxim conducted a conference call on April 26, 2006; refers to the transcript of Maxim's April 26, 2006 conference call for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 206 of the Complaint.

207.    Admits the allegation contained in the first sentence of Paragraph 207 of the Complaint; refers to Maxim's Form 10-Q for the third quarter of fiscal year 2006, filed with the SEC on May 3, 2006 (the "3Q'06 10-Q"), for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 207.

208.    Refers to the 3Q'06 10-Q for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 208 of the Complaint.

209.    Refers to the 3Q'06 10-Q for a complete and accurate description of its contents; and otherwise denies the allegation contained in Paragraph 209 of the Complaint.

210.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 210 of the Complaint,

except to the extent such allegations constitute legal conclusions to which no response is required.

211.    Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of Paragraph 211 of the Complaint; refers to the document referenced for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 211.

212.    Admits the allegations contained in the first sentence of Paragraph 212 of the Complaint and that Maxim's August 4, 2006 press release was filed with the SEC on Form 8-K that same day; refers to Maxim's August 4, 2006 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 212.

213.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 213 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

214.    Admits that Maxim filed a Form 12b-25 with the SEC on September 7, 2006; refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 214 of the Complaint.

215.    Refers to Maxim's September 28, 2006 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 215 of the Complaint.

216.    Admits the allegation contained in the first sentence of Paragraph 216 of the Complaint and that Maxim's November 1, 2006 press release was filed with the SEC on Form 8-K that same day; refers to Maxim's November 1, 2006 press release for a complete and

accurate description of its contents; and otherwise denies the allegations contained in Paragraph 216.

217.    Admits that Maxim conducted a conference call on November 1, 2006; refers to the transcript of Maxim's November 1, 2006 conference call for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 217 of the Complaint.

218.    Admits that Maxim filed a Form 12b-25 with the SEC on November 2, 2006; refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 218 of the Complaint.

219.    Admits that Maxim filed a Form 8-K with the SEC on November 13, 2006; refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 219 of the Complaint.

220.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 220 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

221.    Admits that Maxim issued a press release on January 31, 2007; refers to Maxim's January 31, 2007 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 221 of the Complaint.

222.    Admits the allegation contained in the first sentence of Paragraph 222 of the Complaint and that Maxim's February 7, 2007 press release was filed with the SEC on Form 8-K that same day; refers to Maxim's February 7, 2007 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 222.

223.    Admits that Maxim filed a Form 12b-25 with the SEC on February 7, 2007; refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 223 of the Complaint.

224.    Admits that Maxim issued a press release on February 13, 2007 that was filed with the SEC on Form 8-K that same day; refers to Maxim's February 13, 2007 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 224 of the Complaint.

225.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 225 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

226.    Admits that Maxim filed a Form 8-K with the SEC on March 9, 2007; refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 226 of the Complaint.

227.    Admits the allegation contained in the first sentence of Paragraph 227 of the Complaint and that Maxim's April 25, 2007 press release was filed with the SEC on Form 8-K that same day; refers to Maxim's April 25, 2007 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 227.

228.    Admits that Maxim filed a Form 12b-25 with the SEC on May 3, 2007; refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 228 of the Complaint.

229.    Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 229 of the Complaint.

230.   Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 230 of the Complaint.

231.   Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 231 of the Complaint.

232.   Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 232 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

233.   Admits the allegation contained in the first sentence of Paragraph 233 of the Complaint and that Maxim's August 2, 2007 press release was filed with the SEC on Form 8-K that same day; refers to Maxim's August 2, 2007 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 233.

234.   Refers to Maxim's August 23, 2007 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 234 of the Complaint.

235.   Admits that Maxim filed a Form 12b-25 with the SEC on August 30, 2007; refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 235 of the Complaint.

236.   Admits that Maxim issued a press release on September 6, 2007; refers to Maxim's September 6, 2007 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 236 of the Complaint.

237.   Refers to Maxim's September 25, 2007 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 237 of the Complaint.

238.   Refers to Maxim's October 2, 2007 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 238 of the Complaint.

239.   Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 239 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

240.   Admits the allegation contained in the first sentence of Paragraph 240 of the Complaint and that Maxim's November 1, 2007 press release was filed with the SEC on Form 8-K that same day; refers to Maxim's November 1, 2007 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 240.

241.   Admits that Maxim filed a Form 12b-25 with the SEC on November 14, 2007; refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 241 of the Complaint.

242.   Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 242 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

243.   Admits the allegation contained in the first sentence of Paragraph 243 of the Complaint and that "each of the[ ] proxies" was "sent to [Maxim's] shareholders," "filed with the SEC on Schedule 14A" and signed by Gifford; denies knowledge or information sufficient to form a belief as to the truth of the allegation that "each of the[ ] proxies" was "reviewed" and "edited" by Gifford; and otherwise denies the allegations contained in Paragraph 243.

244.     Admits that the number of shares available for issuance under the 1996 Plan increased from 95,200,000 to 104,600,000 in 2003, from 104,600,000 to 117,600,000 in 2004 and from 117,600,000 to 127,100,000 in 2005; and otherwise denies the allegations contained in Paragraph 244 of the Complaint.

245.     Admits that Maxim filed a Proxy Statement, on Schedule 14A, with the SEC on October 7, 2003; refers to Maxim's October 7, 2003 Proxy Statement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 245 of the Complaint.

246.     Admits that Maxim filed a Proxy Statement, on Schedule 14A, with the SEC on June 25, 2004; refers to Maxim's June 25, 2004 Proxy Statement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 246 of the Complaint.

247.     Admits that Maxim filed a Proxy Statement, on Schedule 14A, with the SEC on August 19, 2004; refers to Maxim's August 19, 2004 Proxy Statement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 247 of the Complaint.

248.     Refers to Maxim's August 19, 2004 Proxy Statement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 248 of the Complaint.

249.     Refers to Maxim's August 19, 2004 Proxy Statement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 249 of the Complaint.

250.     Refers to Maxim's August 19, 2004 Proxy Statement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 250 of the Complaint.

251.     Admits that Maxim filed a Proxy Statement, on Schedule 14A, with the SEC on October 7, 2005; refers to Maxim's October 7, 2005 Proxy Statement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 251 of the Complaint.

252.     Refers to Maxim's October 7, 2005 Proxy Statement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 252 of the Complaint.

253.     Refers to Maxim's October 7, 2005 Proxy Statement for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 253 of the Complaint.

254.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 254 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

255.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise avers that the allegations contained in Paragraph 255 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

256.     Avers that the allegation contained in the first sentence of Paragraph 256 of the Complaint constitutes a legal conclusion to which no response is required (to the extent a response is required, Maxim denies such allegation); refers to the Statements on Auditing

Standards No. 1, AU § 110.03, for a complete and accurate description of its contents; and otherwise avers that the allegations contained in Paragraph 256 do not constitute allegations to which a response is required.

257.    Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 257 of the Complaint.

258.    Avers that the allegations contained in Paragraph 258 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

259.    Refers to the rules and regulations cited for a complete and accurate description of their contents; and otherwise avers that the allegations contained in Paragraph 259 of the Complaint do not constitute allegations to which a response is required.

260.    Refers to FASB Statement of Financial Accounting Concepts No. 1 for a complete and accurate description of its contents; and otherwise avers that the allegations contained in Paragraph 260 of the Complaint do not constitute allegations to which a response is required.

261.    Refers to APB No. 25 and SFAS 123(R) for a complete and accurate description of their contents; avers that the allegations contained in Paragraph 261 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

262.    Refers to SFAS 123(R) for a complete and accurate description of its contents; and otherwise avers that the allegations contained in Paragraph 262 of the Complaint do not constitute allegations to which a response is required.

263.    Admits that Maxim accounted for stock options using the "intrinsic value" method required by APB No. 25 until June 2005; refers to APB No. 25 for a complete and

accurate description of its contents; and otherwise avers that the allegations contained in Paragraph 263 of the Complaint do not constitute allegations to which a response is required.

264.    Refers to APB No. 25 for a complete and accurate description of its contents; and otherwise avers that the allegations contained in Paragraph 264 of the Complaint do not constitute allegations to which a response is required.

265.    Denies the allegations contained in Paragraph 265 of the Complaint.

266.    Refers to Accounting Principals Board Opinion No. 20 ("APB No. 20") for a complete and accurate description of its contents; and otherwise avers that the allegations contained in Paragraph 266 of the Complaint do not constitute allegations to which a response is required.

267.    Refers to APB No. 20 and the 2006 10-K for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 267 of the Complaint.

268.    Refers to FASB Statement of Financial Accounting Concepts No. 1 for a complete and accurate description of its contents; and otherwise avers that the allegation contained in the first sentence of Paragraph 268 of the Complaint does not constitute an allegation to which a response is required and that the allegation contained in the second sentence of Paragraph 268 constitutes a legal conclusion to which no response is required (to the extent a response is required, Maxim denies such allegation).

269.    Denies the allegations contained in Paragraph 269 of the Complaint.

270.    Avers that the allegations contained in Paragraph 270 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

271.    Denies the allegation contained in Paragraph 271 of the Complaint.

272.   Refers to the documents cited for a complete and accurate description of their contents; and otherwise avers that the allegations contained in Paragraph 272 of the Complaint do not constitute allegations to which a response is required.

273.   Refers to the document cited for a complete and accurate description of their contents; and otherwise avers that the allegations contained in Paragraph 273 of the Complaint do not constitute allegations to which a response is required.

274.   Denies the allegations contained in Paragraph 274 of the Complaint.

275.   Avers that the allegations contained in Paragraph 275 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

276.   Avers that the allegations contained in Paragraph 276 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

277.   Refers to Item 402 of Regulation S-K, 17 C.F.R. § 229.303, for a complete and accurate description of its contents; and otherwise avers that the allegations contained in Paragraph 277 of the Complaint do not constitute allegations to which a response is required.

278.   Refers to the 2007 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 278 of the Complaint.

279.   Avers that the allegations contained in Paragraph 279 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

280.   Avers that the allegations contained in Paragraph 280 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegation).

281.    Avers that the allegations contained in Paragraph 281 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

282.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise avers that the allegations contained in Paragraph 282 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

283.    Refers to Internal Revenue Code § 162(m) for a complete and accurate description of its contents; and otherwise avers that the allegation contained in the first sentence of Paragraph 283 of the Complaint constitutes a legal conclusion to which no response is required (to the extent a response is required, Maxim denies such allegation) and that the allegations contained in the second, third and fourth sentences of Paragraph 283 do not constitute allegations to which a response is required.

284.    Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise avers that the allegations contained in Paragraph 284 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

285.    Denies the allegations contained in Paragraph 285 of the Complaint.

286.    Avers that the allegations contained in Paragraph 286 of the Complaint do not constitute allegations to which a response is required.

287.    Avers that the allegations contained in Paragraph 287 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

288.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 288 of the Complaint.

289.     Denies the allegations contained in Paragraph 289 of the Complaint.

290.     Refers to document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 290 of the Complaint.

291.     Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 291 of the Complaint.

292.     Refers to the 2006 10-K for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 292 of the Complaint.

293.     Avers that the allegations contained in Paragraph 293 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

294.     Avers that the allegation contained in Paragraph 294 of the Complaint constitutes a legal conclusion to which no response is required (to the extent a response is required, Maxim denies such allegation).

295.     Avers that the allegations contained in Paragraph 295 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

296.     Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 296 of the Complaint.

297.     Refers to the document cited for a complete and accurate description of its contents and to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 297 of the Complaint, including that Maxim's stock price declined "[o]n this news."

298.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of Paragraph 298 of the Complaint; refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 298.

299.     Admits that Maxim issued a press release on May 23, 2006; refers to Maxim's May 23, 2006 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 299 of the Complaint.

300.     Refers to the documents cited for a complete and accurate description of their contents and to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 300 of the Complaint, including that Maxim's stock price declined "[o]n this news."

301.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of Paragraph 301 of the Complaint; refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 301.

302.     Admits that Maxim issued a press release on July 3, 2006; refers to Maxim's July 3, 2006 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 302 of the Complaint.

303.     Refers to the document cited for a complete and accurate description of its contents; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 303 of the Complaint.

304.     Refers to the document cited for a complete and accurate description of its contents and to publicly available information concerning the trading prices of Maxim's common

stock; and otherwise denies the allegations contained in Paragraph 304 of the Complaint, including that Maxim's stock price declined "[o]n this news."

305.   Refers to publicly available information concerning the trading prices of Maxim's common stock; and otherwise avers that the allegation contained in Paragraph 305 of the Complaint does not constitute an allegation to which a response is required.

306.   Admits that Maxim filed a Form 12b-25 with the SEC on September 7, 2006; refers to Maxim's Form 12b-25, filed with the SEC on September 7, 2006, for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 306 of the Complaint.

307.   Refers to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegation contained in Paragraph 307 of the Complaint.

308.   Admits that Maxim issued a press release on September 28, 2006; refers to Maxim's September 28, 2006 press release for a complete and accurate description of its contents and to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 308 of the Complaint.

309.   Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 309 of the Complaint.

310.   Refers to Maxim's December 19, 2006 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 310 of the Complaint.

311.   Refers to Maxim's January 31, 2007 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 311 of the Complaint.

312.     Refers to Maxim's January 31, 2007 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 312 of the Complaint.

313.     Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 313 of the Complaint.

314.     Admits that Maxim filed a Form 8-K with the SEC on March 9, 2007; refers to Maxim's Form 8-K, filed with the SEC on March 9, 2007, for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 314 of the Complaint.

315.     Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 315 of the Complaint.

316.     Admits that Maxim issued press releases on May 10, 2007 and July 9, 2007; refers to the documents cited, including Maxim's May 10, 2007 and July 9, 2007 press releases, for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 316 of the Complaint.

317.     Admits that Maxim issued a press release on July 17, 2007; refers to Maxim's July 17, 2007 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 317 of the Complaint.

318.     Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 318 of the Complaint.

319.     Admits that Maxim filed a Form 8-K with the SEC on August 23, 2007; refers to Maxim's Form 8-K, filed with the SEC on August 23, 2007, for a complete and accurate

description of its contents; and otherwise denies the allegations contained in Paragraph 319 of the Complaint.

320.    Denies the allegation contained in the third sentence of Paragraph 320 of the Complaint; refers to the document cited for a complete and accurate description of its contents and to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 320 of the Complaint, including that Maxim's stock price declined "[o]n this news."

321.    Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 321 of the Complaint.

322.    Refers to the public disclosures referenced in Paragraph 322 of the Complaint for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 322.

323.    Refers to publicly available information concerning the trading prices of Maxim's common stock; and otherwise avers that the allegation contained in Paragraph 323 of the Complaint does not constitute an allegation to which a response is required.

324.    Admits that Maxim issued a press release on September 25, 2007; refers to the documents cited, including Maxim's September 25, 2007 press release, for a complete and accurate description of their contents; denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in the second sentence of Paragraph 324 of the Complaint; and otherwise denies the allegations contained in Paragraph 324.

325.    Refers to the documents cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 325 of the Complaint.

326.    Refers to the public disclosures and documents cited for a complete and accurate description of their contents and to publicly available information concerning the

trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 326 of the Complaint, including that Maxim's stock price declined "[o]n this news."

327.     Admits the allegation contained in the first sentence of Paragraph 327 of the Complaint; refers to the announcement cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 327.

328.     Refers to the document cited for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 328 of the Complaint.

329.     Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 329 of the Complaint.

330.     Admits that Maxim issued a press release on January 17, 2008; refers to Maxim's January 17, 2008 press release for a complete and accurate description of its contents; and otherwise denies the allegations contained in Paragraph 330 of the Complaint.

331.     Refers to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegation contained in Paragraph 331 of the Complaint.

332.     Refers to the documents cited for a complete and accurate description of their contents; and otherwise denies the allegations contained in Paragraph 332 of the Complaint.

333.     Refers to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 333 of the Complaint.

334.     Refers to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 334 of the Complaint.

335. Avers that the allegations contained in Paragraph 335 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

336. Denies the allegations contained in Paragraph 336 of the Complaint to the extent predicated on "false and misleading public statements and omissions;" and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 336.

337. Avers that the allegations contained in Paragraph 337 of the Complaint constitute legal conclusions to which no response is required.

338. Avers that the allegations contained in Paragraph 338 of the Complaint constitute legal conclusions to which no response is required.

339. Avers that the allegations contained in Paragraph 339 of the Complaint constitute legal conclusions to which no response is required.

340. Avers that the allegations contained in Paragraph 340 of the Complaint constitute legal conclusions to which no response is required.

341. Avers that the allegations contained in Paragraph 341 of the Complaint constitute legal conclusions to which no response is required.

342. Admits that Plaintiffs purport to bring this action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of a putative class defined in the Complaint; and otherwise avers that the allegations contained in Paragraph 342 of the Complaint do not constitute allegations to which a response is required.

343. Admits that Maxim had 320,553,000 shares of common stock outstanding as of September 1, 2008; denies knowledge or information as to the size of the putative class; and otherwise avers that the allegations contained in Paragraph 343 of the Complaint constitute

1  legal conclusions to which no response is required (to the extent a response is required, Maxim
2  denies such allegations).

3     344.   Admits that Maxim's common stock traded on the NASDAQ or on the
4  "Pink Sheets;" and otherwise denies knowledge or information sufficient to form a belief as to
5  the truth of the allegations contained in Paragraph 344 of the Complaint.
6
7     345.   Admits the allegations contained in Paragraph 345 of the Complaint.

8     346.   Avers that the allegation contained in Paragraph 346 of the Complaint
9  constitutes a legal conclusion to which no response is required (to the extent a response is
10  required, Maxim denies such allegation).

11     347.   Denies knowledge or information sufficient to form a belief as to the truth
12  of the allegations contained in the second sentence of Paragraph 347 of the Complaint; and
13  otherwise avers that the allegations contained in Paragraph 347 constitute legal conclusions to
14  which no response is required (to the extent a response is required, Maxim denies such
15  allegations).
16

17     348.   Avers that the allegations contained in Paragraph 348 of the Complaint
18  constitute legal conclusions to which no response is required (to the extent a response is required,
19  Maxim denies such allegations).
20
21     349.   Avers that the allegations contained in Paragraph 349 of the Complaint
22  constitute legal conclusions to which no response is required (to the extent a response is required,
23  Maxim denies such allegations).

24                              **<u>COUNT I</u>**
25     350.   Repeats and realleges its responses to Paragraphs 1 through 349 of the
26  Complaint as if fully set forth herein.
27
28

351.    Admits that Plaintiffs purport to bring a claim under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against Maxim, Gifford's Estate and Jasper; denies any liability to Plaintiffs; and otherwise denies the allegation contained in Paragraph 351 of the Complaint.

352.    Avers that the allegations contained in Paragraph 352 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

353.    Avers that the allegations contained in Paragraph 353 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

354.    Avers that the allegations contained in Paragraph 354 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

355.    Avers that the allegations contained in Paragraph 355 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

356.    Avers that the allegations contained in Paragraph 356 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

357.    Avers that the allegations contained in Paragraph 357 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

358.     Avers that the allegations contained in Paragraph 358 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

359.     Avers that the allegations contained in Paragraph 359 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

360.     Avers that the allegations contained in Paragraph 360 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

361.     Avers that the allegations contained in Paragraph 361 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations).

## <u>COUNT II</u>

362.     Repeats and realleges its responses to Paragraphs 1 through 362 of the Complaint as if fully set forth herein.

363.     Avers that no response is required to the allegations contained in Paragraph 363 of the Complaint because Count II is not asserted against Maxim.

364.     Avers that no response is required to the allegations contained in Paragraph 364 of the Complaint because Count II is not asserted against Maxim.

365.     Avers that the allegations contained in the first sentence of Paragraph 365 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Maxim denies such allegations) and that no response is required to the allegations contained in second sentence of Paragraph 365 because Count II is not asserted against Maxim.

ANSWER TO CONSOLIDATED CLASS ACTION
COMPLAINT
49
Case No.  C-08-00832-JW

366.   Avers that no response is required to the allegations contained in Paragraph 366 of the Complaint because Count II is not asserted against Maxim.

## GENERAL DENIAL

Except as otherwise expressly stated in Paragraphs 1 through 366 above, Maxim denies each and every allegation of wrongdoing by it contained in Paragraphs 1 through 366 of the Complaint, including, without limitation, the introductory paragraph, headings, subheadings and footnotes contained in the Complaint, and specifically denies liability to Plaintiffs and the putative class, or that Plaintiffs or the putative class have suffered any legally cognizable damages for which Maxim is responsible.  Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, allegations in the Complaint to which no responsive pleading is required shall be deemed denied.  Maxim expressly reserves the right to amend and/or supplement this Answer, including, but not limited to, the defenses and affirmative defenses set forth herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without admitting or denying any of the allegations of the Complaint and without admitting or suggesting that Maxim bears the burden of proof on any of the following issues, as separate and independent defenses and/or affirmative defenses, Maxim states as follows:

1.   The Complaint fails to state a claim upon which relief may be granted against Maxim.

2.   Plaintiffs have failed to plead their claims with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and by the Private Securities Litigation Reform Act of 1995.

3.   Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

4.     Plaintiffs' claims are barred, in whole or in part, because Maxim did not make any false or misleading statements of material fact or omit to state any material facts.

5.     Plaintiffs' claims are barred, in whole or in part, because Maxim acted at all times in good faith and had no knowledge of and was not reckless in not knowing that any of the statements or omissions alleged in the Complaint to be actionable were false or misleading. Any and all actions taken by Maxim were, at all times, lawful, proper and consistent with its duties and obligations and it did not otherwise have any obligation or duty to take any other action or make other disclosure.

6.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class have not suffered any injury or harm as a result of any action, conduct, statement or omission by Maxim.

7.     Plaintiffs' claims are barred, in whole or in part, because the depreciation in the price of Maxim stock resulted from factors other than any conduct of Maxim; no action or inaction by Maxim is the cause, in law or fact, of any injury Plaintiffs and the putative class may have suffered and their alleged losses were not actually or proximately caused by Maxim.

8.     Plaintiffs' claims are barred, in whole or in part, because to the extent, if any, that Plaintiffs and the putative class have suffered injury or loss, such injury or loss is the result of factors, events, actions or occurrences unrelated to any actions or alleged failures to act on the part of Maxim and outside of and beyond the control of Maxim, including the conduct, actions, omissions, negligence and contributory and/or comparative fault of Plaintiffs, the putative class members and/or other persons over whom Maxim had no control.

9.     Plaintiffs' claims are barred, in whole or in part, because of the lack of transaction causation and/or loss causation.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class did not reasonably rely on any conduct, statements or actions of Maxim.

11.     Maxim is not liable to Plaintiffs and the putative class because any alleged misstatements it made were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

12.     The relief sought by Plaintiffs and the putative class is barred, in whole or in part, by the doctrines of laches, waiver, equitable estoppel, *in pari delicto*, unclean hands and/or other related equitable doctrines.

13.     The relief sought by Plaintiffs and the putative class in Count I is barred, in whole or in part, because Maxim did not act with the scienter required to state a claim under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

14.     Plaintiffs cannot satisfy the requirements for certification of the putative class.

15.     Maxim incorporates herein any and all defenses and/or affirmative defenses interposed by any other defendant and reserves the right to assert additional defenses and/or affirmative defenses as may be appropriate.

1

WHEREFORE, Maxim prays for judgment as follows:

2

    1.     For a judgment and decree dismissing the Complaint with prejudice;

3

    2.     For a judgment and decree awarding costs, including attorneys' fees; and

4

    3.     For such other and further relief as the Court may deem just and proper

5

under the circumstances.

6

7

Dated: August 28, 2009          WEIL, GOTSHAL & MANGES LLP

8

9

                          */s/ John A. Neuwirth*

10

GREGORY D. HULL
*greg.hull@weil.com*

11

201 Redwood Shores Parkway
Redwood Shores, CA 94065

12

Tel:    (650) 802-3274
Fax:   (650) 802-3100

13

14

              -and-

15

JOHN A. NEUWIRTH (*Pro Hac Vice*)
*john.neuwirth@weil.com*

16

JOSHUA S. AMSEL (*Pro Hac Vice*)
*joshua.amsel@weil.com*

17

767 Fifth Avenue
New York, NY 10153

18

Tel:    (212) 310-8000
Fax:   (212) 310-8007

19

20

*Attorneys for Defendant Maxim Integrated
Products, Inc.*

21

22

23

24

25

26

27

28

ANSWER TO CONSOLIDATED CLASS ACTION
COMPLAINT

53

Case No.  C-08-00832-JW