LATHAM & WATKINS LLP
  Steven M. Bauer (Bar No. 135067)
    steven.bauer@lw.com
  Robert E. Sims (Bar No. 116680)
    bob.sims@lw.com
  David M. Friedman (Bar No. 209214)
    david.friedman@lw.com
  Christopher W. Johnstone (Bar No. 242152)
    chris.johnstone@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone:   415.391.0600
Facsimile:   415.395.8095

Attorneys for Defendant
Carl W. Jasper

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| In re MAXIM INTEGRATED PRODUCTS, INC. SECURITIES LITIGATION | Case No. C-08-00832-JW<br><br>**DEFENDANT CARL W. JASPER'S ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Judge: Hon. James Ware<br>Court: Courtroom 8, 4th Floor<br><br>**DEMAND FOR JURY TRIAL** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

## __ANSWER__

Defendant Carl W. Jasper ("Mr. Jasper") respectfully submits his Answer to the Consolidated Class Action Complaint ("Complaint") as follows:

1.     Mr. Jasper admits that during the period that he was employed by Maxim Integrated Products, Inc. ("Maxim"), Maxim designed, developed, manufactured and marketed a broad range of linear and mixed-signal integrated circuits, commonly referred to as analog circuits, for a large number of geographically diverse customers and provided a range of high-frequency process technologies and capabilities that can be used in custom designs.  Except as expressly admitted, Mr. Jasper denies each and every remaining allegation in Paragraph 1 of the Complaint.

2.     Paragraph 2 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent the allegations contained in Paragraph 2 set forth facts requiring a response, Mr. Jasper is without sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

3.     Mr. Jasper admits that during the time of his employment, Maxim utilized stock options as a tool for recruiting and retaining employees.  Mr. Jasper is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and denies them on that basis.

4.     Paragraph 4 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent that a response is required, Mr. Jasper denies the allegations as to him, and is without sufficient knowledge or information to form a belief as to the truth of the allegations with respect to his co-defendants and denies them on that basis.

5.     Paragraph 5 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent the allegations contained in Paragraph 5 set forth facts requiring a response, Mr. Jasper denies them.

6.     Paragraph 6 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent the allegations contained in Paragraph 6 set forth facts requiring a response, Mr. Jasper denies them.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

7. Paragraph 7 purports to characterize the content of a document. The document speaks for itself and Mr. Jasper respectfully refers the Court to Maxim's Form 10-K for fiscal year 2006, filed with the Securities and Exchange Commission (the "SEC") on September 30, 2008 (the "2006 10-K"), for its complete and accurate contents. To the extent the allegations contained Paragraph 7 set forth facts requiring a response, Mr. Jasper denies them.

8. Paragraph 8 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent allegations contained in Paragraph 8 require a response, Mr. Jasper admits that the SEC commenced actions against Maxim, Gifford and Jasper on December 4, 2007, and that Maxim and Defendant Gifford settled the SEC actions against them. Mr. Jasper admits that the action filed against him remains pending.

9. Mr. Jasper admits that Maxim was delisted from NASDAQ. Mr. Jasper lacks knowledge or information sufficient to form an opinion as to the truth of the remaining allegations in Paragraph 9 and denies them on that basis.

10. Paragraph 10 purports to characterize the content of a document. The document speaks for itself and Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for its complete and accurate contents. To the extent allegations contained in Paragraph 10 require a response, Mr. Jasper denies them.

11. Mr. Jasper respectfully refers the Court to publicly available information concerning the trading prices of Maxim's common stock and otherwise denies the allegations contained in Paragraph 11.

12. Mr. Jasper denies the allegations in Paragraph 12.

13. Paragraph 13 purports to characterize the content of a document. The document speaks for itself and Mr. Jasper respectfully refers the Court to Maxim's January 31, 2007 press release for its complete and accurate contents.

14. Mr. Jasper admits that Plaintiffs purport to describe their alleged claims, denies any liability, and otherwise avers that the allegations contained in Paragraph 14 of the Complaint do not constitute allegations to which a response is required.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

15.     Mr. Jasper admits that Plaintiffs purport to base jurisdiction over the subject matter of this action on the statutory provisions cited and otherwise avers that the allegations contained in Paragraph 15 of the Complaint constitute legal conclusions to which no response is required.

16.     Mr. Jasper admits that he resides within the Northern District of California, upon information and belief, Mr. Jasper admits that Maxim's principal place of business is in Northern California, and that Gifford's estate and Mr. Ruehle reside in Northern California.  The remaining allegations are legal conclusions to which no responsive pleading is required; to the extent a response is required Mr. Jasper denies the remaining allegations in Paragraph 16.

17.     Paragraph 17 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent the allegations contained in Paragraph 17 set forth facts requiring a response, Mr. Jasper denies the allegations as to him, and  is without sufficient knowledge or information to form a belief as to the truth of the allegations with respect to his co-defendants and denies them on that basis.

18.     Mr. Jasper denies that the Cobb County Government Employees' Pension Plan "suffered damages as a result of the federal securities law violations alleged" in the Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

19.     Mr. Jasper denies that the DeKalb County Pension Plan "suffered damages as a result of the federal securities law violations alleged" in the Complaint; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

20.     Mr. Jasper denies that the Mississippi Public Employees Retirement System "suffered damages as a result of the federal securities law violations alleged" in the Complaint and otherwise denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 20 of the Complaint, except to the extent such allegations constitute legal conclusions to which no response is required.

21.     Mr. Jasper admits the allegations in Paragraph 21.

22.     Mr. Jasper lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and denies them on that basis.

23.     Mr. Jasper admits the allegations contained in the first, second, third, fifth and sixth sentences of Paragraph 23 of the Complaint that prior to its delisting on October 2, 2007, Maxim's common stock traded on the NASDAQ under the ticker "MXIM" and was included in the S&P 500, the NASDAQ 100, the Russell 1000 and the Philadelphia Semiconductor Index; and otherwise denies the allegations contained in Paragraph 23.

24.     (a)     Mr. Jasper refers to Maxim's December 19, 2006 and January 31, 2007 press releases for their complete and accurate contents.  Mr. Jasper admits that Mr. Gifford served as Maxim's CEO, President and Chairman during the time Mr. Jasper was employed at Maxim.  Mr. Jasper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24(a) of the Complaint, and denies them on that basis.

(b)     Paragraph 24(b) contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Mr. Jasper refers to the documents cited for their complete and accurate contents and otherwise denies the allegations contained in Paragraph 24(b) of the Complaint.

(c)     Paragraph 24(c) contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Mr. Jasper refers the Court to the documents referenced in Paragraph 24(c).

(d)     Mr. Jasper admits the allegations contained in Paragraph 24(d) of the Complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1   (e)   Mr. Jasper admits that Mr. Gifford was a senior officer of Maxim

2   and otherwise avers that the allegations contained in Paragraph 24(e) of the Complaint constitute

3   legal conclusions to which no response is required.  To the extent a response is required, Mr.

4   Jasper lacks knowledge or information sufficient to form an opinion about the truth of these

5   allegations and denies them on that basis.

6   (f)   Mr. Jasper refers to the 2006 10-K for its complete and accurate

7   contents and otherwise denies the allegations contained in Paragraph 24(f) of the Complaint.

8   (g)   Mr. Jasper lacks knowledge or information sufficient to form an

9   opinion as to the truth of the allegations in Paragraph 24(g) and denies them on that basis.

10   25.   (a)   Mr. Jasper admits that he served as Vice President and CFO of

11   Maxim from April 1999 to January 31, 2007, that he obtained his California Certified Public

12   Accountant license in 1984 and that he was employed by Ernst & Young LLP from 1983 to

13   1995; and otherwise denies the allegations contained in Paragraph 25(a) of the Complaint.

14   (b)   Paragraph 25(b) contains legal conclusions to which no responsive

15   pleading is required.  To the extent a response is required, Mr. Jasper refers to the documents

16   cited for their complete and accurate contents and otherwise denies the allegations contained in

17   Paragraph 25(b) of the Complaint.

18   (c)   Paragraph 25(c) contains legal conclusions to which no responsive

19   pleading is required.  To the extent a response is required, Mr. Jasper refers the Court to the

20   documents referenced in Paragraph 25(c)

21   (d)   Mr. Jasper admits that he was a senior officer of Maxim and

22   otherwise avers that the allegations contained in Paragraph 25(d) of the Complaint constitute

23   legal conclusions to which no response is required.  To the extent a response is required, Mr.

24   Jasper denies such allegations.

25   (e)   Mr. Jasper denies the allegations in Paragraph 25(e).

26   (f)   Mr. Jasper admits that he resigned from Maxim on or about

27   January 31, 2007 and otherwise denies the allegations contained in Paragraph 25(f) of the

28   Complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

26.     (a)     Paragraph 26(a) purports to summarize the contents of a document.  Mr. Jasper refers to the 2006 Form 10-K for the complete and accurate contents thereof.  Mr. Jasper admits that Mr. Ruehle served as a Managing Director and Treasurer of Maxim.  Mr. Jasper lacks knowledge or information sufficient to opine upon the veracity of the remaining allegations in Paragraph 26(a).

(b)     Paragraph 26(b) contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Mr. Jasper lacks knowledge or information sufficient to form an opinion as to the veracity of these allegations and denies them on that basis.

27.     Mr. Jasper avers that no response is required to the allegations contained in Paragraph 27.

28.     Paragraph 28 contains legal conclusions to which no responsive pleading is required.  To the extent the allegations contained in Paragraph 28 set forth facts requiring a response, Mr. Jasper admits that Maxim is a publicly traded company, that Maxim granted options to employees, and that stock options can allow the grantee the right to buy Maxim common stock at a certain set price, referred to as the "exercise price" or "strike price."  Mr. Jasper lacks knowledge or information sufficient to forma belief as to the truth of the remaining allegations contained in Paragraph 28 and denies them on that basis.

29.     Paragraph 29 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Accounting Principals Board Opinion No. 25 ("APB No. 25") for the complete and accurate contents thereof; and otherwise avers that the allegations contained in Paragraph 29 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Jasper denies these allegations.

30.     Paragraph 30 purports to summarize the contents of various documents, and Mr. Jasper respectfully refers the Court to the GAAP and Internal Revenue Service accounting rules and regulations referenced in Paragraph 30 of the Complaint for the complete and accurate contents thereof and otherwise avers that the allegations contained in Paragraph 30

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, Mr. Jasper denies these allegations.

31. Paragraph 31 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's June 25, 2004 Proxy Statement for the complete and accurate contents thereof; Mr. Jasper admits that, during the time of his employment, Maxim, like many other technology-based, growth-oriented companies, utilized stock options as a tool for recruiting and retaining employees and otherwise denies the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's April 27, 2004 conference call transcript for the complete and accurate contents thereof; and otherwise denies the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to Maxim's June 25, 2004, August 19, 2004 and October 7, 2005 Proxy Statements for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to the documents cited therein for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 34 of the Complaint.

35. Mr. Jasper denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. The second and fifth sentences of Paragraph 36 of the Complaint contain legal conclusions to which no responsive pleading is required; to the extent a response is required, Mr. Jasper denies these allegations. Mr. Jasper denies the remaining allegations in Paragraph 36 with respect to him, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of these allegations and denies them on that basis.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

37.     Paragraph 37 purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to Maxim's SEC filings for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 37 of the Complaint.

38.     Paragraph 38 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 1996 Plan for the complete and accurate contents thereof.  Mr. Jasper denies the allegations contained in Paragraph 38 of the Complaint.

39.     Paragraph 39 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 1996 Plan for the complete and accurate contents thereof; and otherwise denies the allegations contained in Paragraph 39 of the Complaint.

40.     Paragraph 40 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 1996 Plan for the complete and accurate contents thereof; Mr. Jasper admits that, during the time of his employment at Maxim, Messrs. Bergman, Hagopian and/or Wazzan were members of the Compensation Committee of Maxim's Board of Directors (the "Compensation Committee") and otherwise denies the allegations contained in Paragraph 40 of the Complaint.

41.     Paragraph 41 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 41 of the Complaint.

42.     Paragraph 42 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate contents thereof; Mr. Jasper admits that Mr. Gifford was the one-person option committee throughout the class period and that the authority to grant options to non-employee directors and non-officer employees (including new hires) was delegated to Mr. Gifford, and otherwise denies the allegations contained in Paragraph 42 of the Complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

43.     Paragraph 43 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 1996 Plan for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 43 of the Complaint.

44.     Paragraph 44 purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to Maxim's 1996 Plan and its amendments for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 44 of the Complaint.

45.     Paragraph 45 purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to the documents cited therein for the complete and accurate contents thereof; and otherwise denies the allegations contained in Paragraph 45 of the Complaint.

46.     Paragraph 46 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 46 of the Complaint.

47.     Paragraph 47 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 47 of the Complaint.

48.     Paragraph 48 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 48 of the Complaint.

49.     Paragraph 49 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 49 of the Complaint.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

50.     Paragraph 50 purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to the documents cited therein for the complete and accurate contents thereof; and otherwise denies the allegations contained in Paragraph 50 of the Complaint.

51.     Paragraph 51 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof and otherwise lacks knowledge or information sufficient to form a belief as to the truth of  the remaining allegations contained in Paragraph 51 of the Complaint.

52.     Paragraph 52 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's April 29, 2003 press release cited therein for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 52 of the Complaint.

53.     Paragraph 53 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's April 29, 2003 press release therein for the complete and accurate contents thereof; and otherwise denies the allegations contained in Paragraph 53 of the Complaint.

54.     Paragraph 54 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's February 5, 2004 conference call transcript for the complete and accurate contents thereof; and otherwise denies the allegations contained in Paragraph 53 of the Complaint.

55.     Paragraph 55 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 55 of the Complaint.

56.     Paragraph 56 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 56 of the Complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

57. Paragraph 57 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof; and otherwise denies the allegations contained in Paragraph 57 of the Complaint.

58. Paragraph 58 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 58 of the Complaint.

59. Paragraph 59 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's April 27, 2004 conference call transcript for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 59 of the Complaint.

60. Paragraph 60 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's February 1, 2005 conference call transcript for the complete and accurate contents thereof; and otherwise denies the allegations contained in Paragraph 60 of the Complaint.

61. Paragraph 61 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's May 9, 2005 press release for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 61 of the Complaint.

62. Mr. Jasper denies the allegations in Paragraph 62 as they relate to him; to the extent they relate to others, Mr. Jasper lacks knowledge or information sufficient to form a belief as to the truth of these allegations and denies them on that basis.

63. Paragraph 63 purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to the documents cited therein, including Maxim's 2006 10-K for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 63 of the Complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1       64.     Paragraph 64 purports to summarize the contents of a document, and Mr.

2   Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

3   contents thereof and otherwise denies the allegations contained in Paragraph 64 of the

4   Complaint.

5       65.     Paragraph 65 purports to summarize the contents of a document, and Mr.

6   Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

7   contents thereof; and otherwise denies the allegations contained in Paragraph 65 of the

8   Complaint.

9       66.     Mr. Jasper lacks knowledge or information sufficient to form a belief as to

10  the truth of the allegations in Paragraph 66 and denies them on that basis.

11      67.     Paragraph 67 purports to summarize the contents of documents, and Mr.

12  Jasper respectfully refers the Court to the documents cited therein for the complete and accurate

13  contents thereof and otherwise denies the allegations contained in Paragraph 67 of the

14  Complaint.

15      68.     Mr. Jasper lacks knowledge or information sufficient to form a belief as to

16  the truth of the allegations in Paragraph 68 and denies them on that basis.

17      69.     Mr. Jasper lacks knowledge or information sufficient to form a belief as to

18  the truth of the allegations in Paragraph 69 and denies them on that basis.

19      70.     Mr. Jasper lacks knowledge or information sufficient to form a belief as to

20  the truth of the allegations in Paragraph 70 and denies them on that basis.

21      71.     Mr. Jasper lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations in Paragraph 71 and denies them on that basis.

23      72.     Paragraph 72 purports to summarize the contents of a document, and Mr.

24  Jasper respectfully refers the Court to the document cited therein for the complete and accurate

25  contents thereof and to publicly available information concerning the trading prices of Maxim's

26  common stock; Mr. Jasper otherwise denies the allegations contained in Paragraph 72 of the

27  Complaint.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

73.     Paragraph 73 purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to the documents cited therein for the complete and accurate contents thereof; and otherwise denies the allegations contained in Paragraph 73 of the Complaint.

74.     Paragraph 74 purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to the documents cited therein for the complete and accurate contents thereof and to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 74 of the Complaint.

75.     Paragraph 75 purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to the documents cited therein for the complete and accurate contents thereof and to publicly available information concerning the trading prices of Maxim's common stock and otherwise denies the allegations contained in Paragraph 75 of the Complaint.

76.     Paragraph 76 purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to the documents cited therein for the complete and accurate contents thereof and to publicly available information concerning the trading prices of Maxim's common stock and otherwise denies the allegations contained in Paragraph 76 of the Complaint.

77.     Paragraph 77 purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to the documents cited therein for the complete and accurate contents thereof and to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegations contained in Paragraph 77 of the Complaint.

78.     Mr. Jasper lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint.

79.     Paragraph 79 purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to the documents cited therein for the complete and accurate contents thereof and otherwise denies the allegations contained in Paragraph 79 of the Complaint.

80.     Paragraph 80 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1  contents thereof.  To the extent a response is required, Mr. Jasper denies each and every

2  remaining allegation for lack of knowledge or information sufficient to form a belief as to the

3  truth of the allegations.

4        81.     Paragraph 81 purports to summarize the contents of a document, and Mr.

5  Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

6  contents thereof and otherwise denies the allegations contained in Paragraph 81 of the

7  Complaint.

8        82.     Paragraph 82 purports to summarize the contents of documents, and Mr.

9  Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

10  contents thereof and otherwise denies the allegations contained in Paragraph 82 of the

11  Complaint.

12       83.     Mr. Jasper lacks knowledge or information sufficient to form a belief as to

13  the truth of the allegations in Paragraph 83 and denies them on that basis.

14       84.     Mr. Jasper lacks knowledge or information sufficient to form a belief as to

15  the truth of the allegations in Paragraph 84 and denies them on that basis.

16       85.     Mr. Jasper lacks knowledge or information sufficient to form a belief as to

17  the truth of the allegations in Paragraph 85 and denies them on that basis.

18       86.     Mr. Jasper lacks knowledge or information sufficient to form a belief as to

19  the truth of the allegations in Paragraph 86 and denies them on that basis.

20       87.     Mr. Jasper lacks knowledge or information sufficient to form a belief as to

21  the truth of the allegations in Paragraph 87 and denies them on that basis.

22       88.     Paragraph 88 purports to summarize the contents of a document, and Mr.

23  Jasper respectfully refers the Court to the document cited therein for the complete and accurate

24  description thereof and otherwise denies the allegations in Paragraph 88.

25       89.     Mr. Jasper lacks knowledge or information sufficient to form a belief as to

26  the truth of the allegations in Paragraph 89 and denies them on that basis.

27       90.     Paragraph 90 purports to summarize the contents of a document, and Mr.

28  Jasper respectfully refers the Court to the document cited therein for the complete and accurate

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1  description thereof and to publicly available information regarding the trading prices for

2  Maxim's common stock, and otherwise denies the allegations in Paragraph 90.

3        91.    Paragraph 91 purports to summarize the contents of a document, and Mr.

4  Jasper respectfully refers the Court to the document cited therein for the complete and accurate

5  description thereof and to publicly available information regarding the trading prices for

6  Maxim's common stock, and otherwise denies the allegations in Paragraph 91.

7        92.    Paragraph 92 purports to summarize the contents of a document, and Mr.

8  Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

9  contents thereof, and otherwise denies the allegations in Paragraph 92.

10        93.    Mr. Jasper admits the allegations in Paragraph 93.

11        94.    Paragraph 94 purports to summarize the contents of a document, and Mr.

12  Jasper respectfully refers the Court to Maxim's 1996 Plan for the complete and accurate contents

13  thereof, and otherwise denies the allegations in Paragraph 88.

14        95.    Paragraph 95 purports to summarize the contents of a document, and Mr.

15  Jasper respectfully refers the Court to the document cited therein for the complete and accurate

16  description thereof and to publicly available information regarding the trading prices for

17  Maxim's common stock, and otherwise denies the allegations in Paragraph 95.

18        96.    Paragraph 96 purports to summarize the contents of a document, and Mr.

19  Jasper respectfully refers the Court to the document cited therein for the complete and accurate

20  description thereof and to publicly available information regarding the trading prices for

21  Maxim's common stock, and otherwise denies the allegations in Paragraph 96.

22        97.    Mr. Jasper denies the allegations in Paragraph 97.

23        98.    Mr. Jasper denies the allegation in Paragraph 98 as they relate to him; as

24  they relate to others Mr. Jasper lacks knowledge or information sufficient to form a belief as to

25  the truth of the allegations in Paragraph 98 and denies them on that basis.

26        99.    Paragraph 99 purports to summarize the contents of a document, and Mr.

27  Jasper respectfully refers the Court to the document cited therein for the complete and accurate

28  description thereof, and otherwise denies the allegations in Paragraph 99.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1          100.    Paragraph 100 purports to summarize the contents of a document, and Mr.

2  Jasper respectfully refers the Court to the document cited therein for the complete and accurate

3  description thereof and to publicly available information regarding the trading prices for

4  Maxim's common stock, and otherwise denies the allegations in Paragraph 100.

5          101.    Paragraph 101 purports to summarize the contents of a document, and Mr.

6  Jasper respectfully refers the Court to the document cited therein for the complete and accurate

7  description thereof, and otherwise denies the allegations in Paragraph 101.

8          102.    Paragraph 102 purports to summarize the contents of a document, and Mr.

9  Jasper respectfully refers the Court to the document cited therein for the complete and accurate

10  description thereof, and otherwise denies the allegations in Paragraph 102.

11         103.    Paragraph 103 purports to summarize the contents of documents, and Mr.

12  Jasper respectfully refers the Court to the to document cited therein for the complete and

13  accurate description thereof and to publicly available information on Maxim's June 20, 2003,

14  June 25, 2003 and September 25, 2003 stock prices and the filing date of Mr. Wazzan's Form 4,

15  and otherwise denies the allegations in Paragraph 103.

16         104.    Paragraph 104 purports to summarize the contents of a document, and Mr.

17  Jasper respectfully refers the Court to the document cited therein for the complete and accurate

18  description thereof, and otherwise denies the allegations in Paragraph 104.

19         105.    Paragraph 105 purports to summarize the contents of a document, and Mr.

20  Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

21  description thereof.  To the extent any of the allegations require a response and relate to Mr.

22  Jasper, Mr. Jasper denies the remaining allegations.

23         106.    Paragraph 106 purports to summarize the contents of documents, and Mr.

24  Jasper respectfully refers the Court to the documents cited therein for the complete and accurate

25  description thereof, and otherwise denies the allegations in Paragraph 106.

26         107.    Paragraph 107 purports to summarize the contents of a document, and Mr.

27  Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

28  description thereof, and otherwise denies the allegations in Paragraph 107.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1           108.    Paragraph 108 purports to summarize the contents of a document, and Mr.

2  Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

3  description thereof, and otherwise denies the allegations in Paragraph 108.

4           109.    Paragraph 109 purports to summarize the contents of a document, and Mr.

5  Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

6  description thereof, and otherwise denies the allegations in Paragraph 109.

7           110.    Paragraph 110 purports to summarize the contents of a document, and Mr.

8  Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

9  description thereof, and otherwise denies the allegations in Paragraph 110.

10          111.    Paragraph 111 purports to summarize the contents of a document, and Mr.

11  Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

12  description thereof, and otherwise denies the allegations in Paragraph 111.

13          112.    Paragraph 112 purports to summarize the contents of a document, and Mr.

14  Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

15  description thereof, and otherwise denies the allegations in Paragraph 112.

16          113.    Paragraph 113 purports to summarize the contents of a document, and Mr.

17  Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

18  description thereof, and otherwise denies the allegations in Paragraph 113.

19          114.    Paragraph 114 purports to summarize the contents of a document, and Mr.

20  Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

21  description thereof, and otherwise denies the allegations in Paragraph 114.

22          115.    Paragraph 115 purports to summarize the contents of a document, and Mr.

23  Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

24  description thereof, and otherwise denies the allegations in Paragraph 115.

25          116.    Paragraph 116 purports to summarize the contents of a document, and Mr.

26  Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

27  description thereof, and otherwise denies the allegations in Paragraph 116.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1    117.    Paragraph 117 purports to summarize the contents of a document, and Mr.

2    Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

3    description thereof, and otherwise denies the allegations in Paragraph 117.

4    118.    Mr. Jasper denies the allegations in Paragraph 118 as they relate to him; as

5    the allegations relate to others, Mr. Jasper lacks information or belief sufficient to form a belief

6    as to the truth of those allegations and denies them on that basis.

7    119.    Paragraph 119 states legal conclusions to which no response is required.

8    The Paragraph also purports to summarize the contents of a document, and Mr. Jasper

9    respectfully refers the Court to Section 13(b)(2) for the complete and accurate description

10   thereof.  To the extent a response is required, Mr. Jasper denies the allegations.

11   120.    Paragraph 120 of the Complaint reaches legal conclusions to which no

12   responsive pleading is required; to the extent a response is required, Mr. Jasper denies the

13   allegations therein.

14   121.    Paragraph 121 of the Complaint reaches legal conclusions to which no

15   responsive pleading is required; to the extent a response is required, Mr. Jasper denies the

16   allegations therein.

17   122.    Paragraph 122 purports to summarize the contents of a document, and Mr.

18   Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

19   description thereof, and otherwise denies the allegations in Paragraph 122.

20   123.    Paragraph 123 purports to summarize the contents of a document, and Mr.

21   Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

22   description thereof, and otherwise denies the allegations in Paragraph 123.

23   124.    Paragraph 124 purports to summarize the contents of a document, and Mr.

24   Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate

25   description thereof, and otherwise denies the allegations in Paragraph 124.

26   125.    Paragraph 125 purports to summarize the contents of a document, and Mr.

27   Jasper respectfully refers the Court to Maxim's Form 10-K for fiscal year 2007 filed with the

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1  SEC on September 30, 2008 (the "2007 10-K") for its complete and accurate contents.  To the

2  extent the allegations relate to him, Mr. Jasper denies the allegations contained in Paragraph 125.

3          126.     Paragraph 126 purports to summarize the contents of a document, and Mr.

4  Jasper respectfully refers the Court to Maxim's 2007 10-K for the complete and accurate

5  description thereof, and otherwise denies the allegations in Paragraph 126.

6          127.     Paragraph 127 purports to summarize the contents of a document, and Mr.

7  Jasper respectfully refers the Court to Maxim's 2007 10-K for the complete and accurate

8  description thereof, and otherwise denies the allegations in Paragraph 127.

9          128.     Paragraph 128 contains legal conclusions to which no response is

10  required.  Paragraph 128 also purports to summarize the contents of a document, and Mr. Jasper

11  respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate description

12  thereof.  Mr. Jasper otherwise denies the allegations in Paragraph 128.

13          129.     Paragraph 129 purports to summarize the contents of a document,

14  respectfully refers the Court to Maxim's April 29, 2003 press release for the complete and

15  accurate description thereof, admits that the press release was filed with the SEC on Form 8-K

16  on the same day, and otherwise denies the allegations in Paragraph 129.

17          130.     Mr. Jasper admits the allegation contained in the first sentence of

18  Paragraph 130 of the Complaint, and respectfully refers the Court to Maxim's Form 10-Q for the

19  third quarter of fiscal year 2003 filed with the SEC on May 12, 2003 (the "3Q'03 10-Q") for its

20  complete and accurate contents, and otherwise denies the allegations contained in Paragraph 130.

21          131.     Mr. Jasper respectfully refers the Court to the 3Q'03 10-Q for its complete

22  and accurate contents and otherwise denies the allegations contained in Paragraph 131 of the

23  Complaint.

24          132.     Mr. Jasper respectfully refers the Court to the 3Q'03 10-Q for its complete

25  and accurate contents and otherwise denies the allegations contained in Paragraph 132 of the

26  Complaint.

27          133.     Paragraph 133 of the Complaint reaches legal conclusions to which no

28  responsive pleading is required.  Mr. Jasper respectfully refers the Court to the 3Q'03 10-Q for

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1  its complete and accurate contents and otherwise denies the allegations contained in Paragraph

2  133 of the Complaint.

3      134.   Mr. Jasper admits the allegation contained in the first sentence of

4  Paragraph 134 of the Complaint and that Maxim's August 12, 2003 press release was filed with

5  the SEC on Form 8-K that same day,  respectfully refers the Court to Maxim's August 12, 2003

6  press release for its complete and accurate contents, and otherwise denies the allegations

7  contained in Paragraph 134.

8      135.   Mr. Jasper admits the allegation contained in the first sentence of

9  Paragraph 135 of the Complaint, respectfully refers the Court to Maxim's Form 10-K for fiscal

10  year 2003 filed with the SEC on September 22, 2003 (the "2003 10-K") for its complete and

11  accurate contents and otherwise denies the allegations contained in Paragraph 135.

12      136.   Paragraph 136 purports to summarize the contents of a document, and Mr.

13  Jasper respectfully refers the Court to Maxim's 2003 10-K for the complete and accurate

14  description thereof, and otherwise denies the allegations in Paragraph 136.

15      137.   Paragraph 137 purports to summarize the contents of a document, and Mr.

16  Jasper respectfully refers the Court to Maxim's 2003 10-K for the complete and accurate

17  description thereof, and otherwise denies the allegations in Paragraph 137.

18      138.   Paragraph 138 purports to summarize the contents of a document, and Mr.

19  Jasper respectfully refers the Court to Maxim's 2003 10-K for the complete and accurate

20  description thereof, and otherwise denies the allegations in Paragraph 138.

21      139.   Paragraph 139 purports to summarize the contents of a document, and Mr.

22  Jasper respectfully refers the Court to Maxim's 2003 10-K for the complete and accurate

23  description thereof, and otherwise denies the allegations in Paragraph 139.

24      140.   Paragraph 140 purports to summarize the contents of a document, and Mr.

25  Jasper respectfully refers the Court to Maxim's 2003 10-K for the complete and accurate

26  description thereof, and otherwise denies the allegations in Paragraph 140.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

141.    Paragraph 141 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 141.

142.    Paragraph 142 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's October 28, 2003 press release for the complete and accurate description thereof.  Mr. Jasper admits that the release was filed with the SEC on Form 8-K on the same day as the October 28, 2003 press release and otherwise denies the allegations in Paragraph 142.

143.    Paragraph 143 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q for the first quarter of fiscal year 2004 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 143.

144.    Paragraph 144 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q for the first quarter of fiscal year 2004 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 144.

145.    Paragraph 145 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q for the first quarter of fiscal year 2004 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 145.

146.    Paragraph 146 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 146.

147.    Paragraph 147 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's February 5, 2004 press release for the complete and accurate description thereof.  Mr. Jasper admits that Maxim's Form 8-K was filed with the SEC the same day, and otherwise denies the allegations in Paragraph 147.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

148.     Paragraph 148 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q for the second quarter of fiscal year 2004 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 148.

149.     Paragraph 149 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q for the second quarter of fiscal year 2004 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 149.

150.     Paragraph 150 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q for the second quarter of fiscal year 2004 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 150.

151.     Paragraph 151 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 151.

152.     Paragraph 152 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's April 27, 2004 press release for the complete and accurate description thereof.  Mr. Jasper admits that Maxim's Form 8-K was filed with the SEC on the same day as the April 27, 2004 press release, and otherwise denies the allegations in Paragraph 152.

153.     Paragraph 153 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q for the third quarter of fiscal year 2004 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 153.

154.     Paragraph 154 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q for the third quarter of fiscal year 2004 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 154.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

155.     Paragraph 155 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q for the third quarter of fiscal year 2004 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 155.

156.     Paragraph 156 contains legal conclusions to which no response is required.  Paragraph 156 also purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2006 Form 10-K for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 156.

157.     Paragraph 157 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's August 6, 2004 press release for the complete and accurate description thereof, admits that Maxim's Form 8-K was filed with the SEC on the same day, and otherwise denies the allegations in Paragraph 157.

158.     Paragraph 158 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2004 10-K for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 158.

159.     Paragraph 159 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2004 10-K for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 159.

160.     Paragraph 160 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2004 10-K for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 160.

161.     Paragraph 161 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2004 10-K for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 161.

162.     Paragraph 162 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2004 10-K for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 162.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1           163.     Paragraph 163 purports to summarize the contents of a document, and Mr.

2 Jasper respectfully refers the Court to Maxim's 2004 10-K for the complete and accurate

3 description thereof, and otherwise denies the allegations in Paragraph 163.

4           164.     Paragraph 164 contains legal conclusions to which no response is

5 required.  Paragraph 164 also purports to summarize the contents of a document, and Mr. Jasper

6 respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate description

7 thereof, and otherwise denies the allegations in Paragraph 164.

8           165.     Paragraph 165 purports to summarize the contents of a document, and Mr.

9 Jasper respectfully refers the Court to Maxim's November 1, 2004 press release for the complete

10 and accurate description thereof.  Mr. Jasper admits that Maxim's Form 8-K was filed with the

11 SEC on the same day and otherwise denies the allegations in Paragraph 165.

12           166.     Paragraph 166 purports to summarize the contents of a document, and Mr.

13 Jasper respectfully refers the Court to Maxim's November 1, 2004 conference call transcript for

14 the complete and accurate description thereof, and otherwise denies the allegations in Paragraph

15 166.

16           167.     Paragraph 167 purports to summarize the contents of a document, and Mr.

17 Jasper respectfully refers the Court to Maxim's Form 10-Q for the first quarter of fiscal year

18 2005 for the complete and accurate description thereof, and otherwise denies the allegations in

19 Paragraph 167.

20           168.     Paragraph 168 purports to summarize the contents of a document, and Mr.

21 Jasper respectfully refers the Court to Maxim's Form 10-Q for the first quarter of fiscal year

22 2005 for the complete and accurate description thereof, and otherwise denies the allegations in

23 Paragraph 168.

24           169.     Paragraph 169 purports to summarize the contents of a document, and Mr.

25 Jasper respectfully refers the Court to Maxim's Form 10-Q for the first quarter of fiscal year

26 2005 for the complete and accurate description thereof, and otherwise denies the allegations in

27 Paragraph 169.

28

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

24

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

170.     Paragraph 170 contains legal conclusions to which no response is required.  Paragraph 170 also purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the first quarter of fiscal year 2005 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 170.

171.     Paragraph 171 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's February 1, 2005 press release for the complete and accurate description thereof.  Mr. Jasper admits that Maxim's Form 8-K was filed with the SEC on the same day and otherwise denies the allegations in Paragraph 171.

172.     Paragraph 172 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q for the second quarter of fiscal year 2005 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 172.

173.     Paragraph 173 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q for the second quarter of fiscal year 2005 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 173.

174.     Paragraph 174 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q for the second quarter of fiscal year 2005 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 174.

175.     Paragraph 175 contains legal conclusions to which no response is required.  Paragraph 175 also purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate description thereof,  and otherwise denies the allegations in Paragraph 175.

176.     Paragraph 176 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's May 3, 2005 press release for the complete and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

accurate description thereof.  Mr. Jasper admits that Maxim's Form 8-K was filed with the SEC on the same day and otherwise denies the allegations in Paragraph 176.

177.     Paragraph 177 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's May 3, 2005 press release for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 177.

178.     Paragraph 178 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q filed for the third quarter of 2005 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 178.

179.     Paragraph 179 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q filed for the third quarter of 2005 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 179.

180.     Paragraph 180 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q filed for the third quarter of 2005 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 180.

181.     Paragraph 181 contains legal conclusions to which no response is required.  Paragraph 181 also purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 181.

182.     Paragraph 182 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate description thereof, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 182 and denies them on that basis.

183.     Paragraph 183 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's August 1, 2005 press release for the complete

1    and accurate description thereof.  Mr. Jasper admits that Maxim's Form 8-K was filed with the

2    SEC on the same day and otherwise denies the allegations in Paragraph 183.

3           184.    Paragraph 184 purports to summarize the contents of a document, and Mr.

4    Jasper respectfully refers the Court to Maxim's 2005 10-K for the complete and accurate

5    description thereof, and otherwise denies the allegations in Paragraph 184.

6           185.    Paragraph 185 purports to summarize the contents of a document, and Mr.

7    Jasper respectfully refers the Court to Maxim's 2005 10-K for the complete and accurate

8    description thereof, and otherwise denies the allegations in Paragraph 185.

9           186.    Paragraph 186 purports to summarize the contents of a document, and Mr.

10   Jasper respectfully refers the Court to Maxim's 2005 10-K for the complete and accurate

11   description thereof, and otherwise denies the allegations in Paragraph 186.

12          187.    Paragraph 187 purports to summarize the contents of a document, and Mr.

13   Jasper respectfully refers the Court to Maxim's 2005 10-K for the complete and accurate

14   description thereof, and otherwise denies the allegations in Paragraph 187.

15          188.    Paragraph 188 purports to summarize the contents of a document, and Mr.

16   Jasper respectfully refers the Court to Maxim's 2005 10-K for the complete and accurate

17   description thereof, and otherwise denies the allegations in Paragraph 188.

18          189.    Paragraph 188 contains legal conclusions to which no response is

19   required.  Paragraph 189 also purports to summarize the contents of a document, and Mr. Jasper

20   respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate description

21   thereof, and otherwise denies the allegations in Paragraph 189.

22          190.    Paragraph 190 purports to summarize the contents of a document, and Mr.

23   Jasper respectfully refers the Court to Maxim's October 27, 2005 press release for the complete

24   and accurate description thereof.  Mr. Jasper admits that Maxim's Form 8-K was filed with the

25   SEC on the same day, and otherwise denies the allegations in Paragraph 190.

26          191.    Paragraph 191 purports to summarize the contents of a document, and Mr.

27   Jasper respectfully refers the Court to Maxim's October 27, 2005 conference call transcript for

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1   the complete and accurate description thereof, and otherwise denies the allegations in Paragraph

2   191.

3         192.   Paragraph 192 purports to summarize the contents of a document, and Mr.

4   Jasper respectfully refers the Court to Maxim's Form 10-Q for the first quarter of 2006 for the

5   complete and accurate description thereof, and otherwise denies the allegations in Paragraph 192.

6         193.   Paragraph 193 purports to summarize the contents of a document, and Mr.

7   Jasper respectfully refers the Court to Maxim's Form 10-Q for the first quarter of 2006 for the

8   complete and accurate description thereof, and otherwise denies the allegations in Paragraph 193.

9         194.   Paragraph 194 purports to summarize the contents of a document, and Mr.

10  Jasper respectfully refers the Court to that document for the complete and accurate description

11  thereof, and otherwise denies the allegations in Paragraph 194.

12        195.   Paragraph 195 purports to summarize the contents of a document, and Mr.

13  Jasper respectfully refers the Court to Maxim's Form 10-Q for the first quarter of 2006 for the

14  complete and accurate description thereof, and otherwise denies the allegations in Paragraph 195.

15        196.   Paragraph 196 purports to summarize the contents of a document, and Mr.

16  Jasper respectfully refers the Court to Maxim's Form 10-Q for the first quarter of 2006 for the

17  complete and accurate description thereof, and otherwise denies the allegations in Paragraph 196.

18        197.   Paragraph 197 contains legal conclusions to which no response is

19  required.  Paragraph 197 also purports to summarize the contents of a document, and Mr. Jasper

20  respectfully refers the Court to that document for the complete and accurate description thereof,

21  and otherwise denies the allegations in Paragraph 197.

22        198.   Paragraph 198 purports to summarize the contents of a document, and Mr.

23  Jasper respectfully refers the Court to Maxim's January 25, 2006 press release for the complete

24  and accurate description thereof.  Mr. Jasper admits that Maxim's Form 8-K was filed with the

25  SEC on the same day and otherwise denies the allegations in Paragraph 198.

26        199.   Paragraph 199 purports to summarize the contents of a document, and Mr.

27  Jasper respectfully refers the Court to Maxim's Form 10-Q for the second quarter of 2006 for the

28  complete and accurate description thereof, and otherwise denies the allegations in Paragraph 199.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1          200.     Paragraph 200 purports to summarize the contents of a document, and Mr.

2   Jasper respectfully refers the Court to Maxim's Form 10-Q/A for the second quarter of 2006 for

3   the complete and accurate description thereof, and otherwise denies the allegations in Paragraph

4   200.

5          201.     Paragraph 201 purports to summarize the contents of a document, and Mr.

6   Jasper respectfully refers the Court to Maxim's Form 10-Q/A for the second quarter of 2006 for

7   the complete and accurate description thereof, and otherwise denies the allegations in Paragraph

8   201.

9          202.     Paragraph 202 purports to summarize the contents of a document, and Mr.

10  Jasper respectfully refers the Court to Maxim's Form 10-Q/A for the second quarter of 2006 for

11  the complete and accurate description thereof, and otherwise denies the allegations in Paragraph

12  202.

13         203.     Paragraph 203 contains legal conclusions to which no response is

14  required.  Paragraph 203 also purports to summarize the contents of a document, and Mr. Jasper

15  respectfully refers the Court to Maxim's 2006 Form 10-K for the complete and accurate

16  description thereof, and otherwise denies the allegations in Paragraph 203.

17         204.     Paragraph 204 purports to summarize the contents of documents, and Mr.

18  Jasper respectfully refers the Court to the documents cited therein for the complete and accurate

19  description thereof, and otherwise denies the allegations in Paragraph 204.

20         205.     Paragraph 205 purports to summarize the contents of a document, and Mr.

21  Jasper respectfully refers the Court to Maxim's April 26, 2006 press release for the complete and

22  accurate description thereof.  Mr. Jasper admits that Maxim's Form 8-K was filed with the SEC

23  on the same day and otherwise denies the allegations in Paragraph 205.

24         206.     Paragraph 206 purports to summarize the contents of a document, and Mr.

25  Jasper respectfully refers the Court to Maxim's April 26, 2006 conference call transcript for the

26  complete and accurate description thereof, and otherwise denies the allegations in Paragraph 206.

27

28

207. Paragraph 207 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q for the third quarter of 2006 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 207.

208. Paragraph 208 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q for the third quarter of 2006 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 208.

209. Paragraph 209 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 10-Q for the third quarter of 2006 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 209.

210. Paragraph 210 contains legal conclusions to which no response is required. Paragraph 210 also purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2006 Form 10-K for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 210.

211. Paragraph 211 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate description thereof. Mr. Jasper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 211 and denies them on that basis.

212. Paragraph 212 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's August 4, 2006 press release for the complete and accurate description thereof. Mr. Jasper admits that Maxim's Form 8-K was filed with the SEC on the same day and otherwise denies the allegations in Paragraph 212.

213. Paragraph 213 contains legal conclusions to which no response is required. Paragraph 213 also purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 213.

214. Paragraph 214 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 12b-25 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 214.

215.    Paragraph 215 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's September 28, 2006 press release for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 215.

216.    Paragraph 207 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's November 1, 2006 press release for the complete and accurate description thereof.  Mr. Jasper admits that Maxim filed its Form 8-K with the SEC that same day and otherwise denies the allegations in Paragraph 207.

217.    Paragraph 217 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's November 1, 2007 conference call transcript for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 217.

218.    Paragraph 218 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 12b-25 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 218.

219.    Paragraph 219 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's November 13, 2006 press release for the complete and accurate description thereof.  Mr. Jasper admits that Maxim's Form 8-K was filed that same day and otherwise denies the allegations in Paragraph 219.

220.    Paragraph 220 contains legal conclusions to which no response is required.  Paragraph 220 also purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 220.

221.    Paragraph 221 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's January 31, 2007 press release for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 221.

222.    Paragraph 222 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's February 7, 2007 press release for the complete and accurate description thereof.  Mr. Jasper otherwise denies the allegations in Paragraph 222.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

31

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1        223.    Paragraph 223 purports to summarize the contents of a document, and Mr.

2   Jasper respectfully refers the Court to Maxim's Form 12b-25 for the complete and accurate

3   description thereof, and otherwise denies the allegations in Paragraph 223.

4        224.    Paragraph 224 purports to summarize the contents of a document, and Mr.

5   Jasper respectfully refers the Court to Maxim's February 13, 2007 press release for the complete

6   and accurate description thereof.  To the extent the allegations relate to him and a response is

7   required, Mr. Jasper denies the allegations in Paragraph 224.

8        225.    Paragraph 225 contains legal conclusions to which no response is

9   required.  Paragraph 225 also purports to summarize the contents of a document, and Mr. Jasper

10  respectfully refers the Court to Maxim's public statements from February 7, 2007 through

11  February 13, 2007 for the complete and accurate description thereof, and otherwise denies the

12  allegations in Paragraph 225.

13       226.    Paragraph 226 purports to summarize the contents of a document, and Mr.

14  Jasper respectfully refers the Court to that document for a complete and accurate description

15  thereof, and otherwise denies the allegations in Paragraph 226.

16       227.    Paragraph 227 purports to summarize the contents of a document, and Mr.

17  Jasper respectfully refers the Court to Maxim's April 25, 2007 press release for the complete and

18  accurate description thereof.  To the extent the allegations relate to him and a response is

19  required, Mr. Jasper denies the allegations in Paragraph 227.

20       228.    Paragraph 228 purports to summarize the contents of a document, and Mr.

21  Jasper respectfully refers the Court to Maxim's Form 12b-25 for the complete and accurate

22  description thereof, and otherwise denies the allegations in Paragraph 228.

23       229.    Paragraph 229 purports to summarize the contents of  documents, and Mr.

24  Jasper respectfully refers the Court to the documents cited therein for the complete and accurate

25  description thereof, and otherwise denies the allegations in Paragraph 229.

26       230.    Paragraph 230 purports to summarize the contents of  documents, and Mr.

27  Jasper respectfully refers the Court to the documents cited therein for the complete and accurate

28  description thereof, and otherwise denies the allegations in Paragraph 230.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

231.     Paragraph 231 purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to the documents cited therein for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 231.

232.     Paragraph 232 contains legal conclusions to which no response is required.  Paragraph 232 also purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate description thereof.  Mr. Jasper otherwise denies the allegations in Paragraph 232.

233.     Paragraph 233 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's August 2, 2007 press release for the complete and accurate description thereof.  To the extent the allegations relate to him and a response is required, Mr. Jasper denies the allegations in Paragraph 233.

234.     Paragraph 234 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's August 23, 2007 press release for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 234.

235.     Paragraph 235 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's Form 12b-25 for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 235.

236.     Paragraph 236 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's September 6, 2007 press release for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 236.

237.     Paragraph 237 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's September 6, 2007 press release for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 237.

238.     Paragraph 238 purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's October 2, 2007 press release for the complete and accurate description thereof, and otherwise denies the allegations in Paragraph 238.

239.     Paragraph 239 contains legal conclusions to which no response is required.  Paragraph 239 also purports to summarize the contents of documents, and refers the

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

33

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1   Court to those documents for the complete and accurate description thereof.  Mr. Jasper

2   otherwise denies the allegations in Paragraph 239.

3         240.   Paragraph 240 purports to summarize the contents of a document, and Mr.

4   Jasper respectfully refers the Court to Maxim's November 1, 2007 press release for the complete

5   and accurate description thereof.  To the extent the allegations relate to him and a response is

6   required, Mr. Jasper denies the allegations in Paragraph 240.

7         241.   Paragraph 241 purports to summarize the contents of a document, and Mr.

8   Jasper respectfully refers the Court to Maxim's Form 12b-25 for the complete and accurate

9   description thereof, and otherwise denies the allegations in Paragraph 241.

10         242.   Paragraph 242 contains legal conclusions to which no response is

11   required.  Paragraph 242 also purports to summarize the contents of documents, and Mr. Jasper

12   respectfully refers the Court to those documents for the complete and accurate description

13   thereof, and otherwise denies the allegations in Paragraph 242.

14         243.   Paragraph 243 purports to summarize the contents of a document, and Mr.

15   Jasper respectfully refers the Court to Maxim's Schedule 14A for the complete and accurate

16   description thereof.  Mr. Jasper lacks knowledge or information sufficient to form a belief as to

17   the truth of the remaining allegations in Paragraph 243 of the Complaint and denies them on that

18   basis.

19         244.   Mr. Jasper lacks knowledge or information sufficient to form a belief as to

20   the truth of the remaining allegations in Paragraph 244 of the Complaint and denies them on that

21   basis.

22         245.   Paragraph 245 purports to summarize the contents of a document, and Mr.

23   Jasper respectfully refers the Court to Maxim's October 7, 2003 Proxy Statement for the

24   complete and accurate description thereof, and otherwise denies the allegations contained in

25   Paragraph 245.

26         246.   Paragraph 246 purports to summarize the contents of a document, and Mr.

27   Jasper respectfully refers the Court to Maxim's June 25, 2004 Proxy Statement for the complete

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

34

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1  and accurate description thereof, and otherwise denies the allegations contained in Paragraph

2  246.

3          247.    Paragraph 247 purports to summarize the contents of a document, and Mr.

4  Jasper respectfully refers the Court to Maxim's August 19, 2004 Proxy Statement for the

5  complete and accurate description thereof, and otherwise denies the allegations contained in

6  Paragraph 247.

7          248.    Paragraph 248 purports to summarize the contents of a document, and Mr.

8  Jasper respectfully refers the Court to Maxim's August 19, 2004 Proxy Statement for the

9  complete and accurate description thereof, and otherwise denies the allegations contained in

10  Paragraph 248.

11          249.    Paragraph 249 purports to summarize the contents of a document, and Mr.

12  Jasper respectfully refers the Court to Maxim's August 19, 2004 Proxy Statement for the

13  complete and accurate description thereof, and otherwise denies the allegations contained in

14  Paragraph 249.

15          250.    Paragraph 250 purports to summarize the contents of a document, and Mr.

16  Jasper respectfully refers the Court to Maxim's August 19, 2004 Proxy Statement for the

17  complete and accurate description thereof, and otherwise denies the allegations contained in

18  Paragraph 250.

19          251.    Paragraph 251 purports to summarize the contents of a document, and Mr.

20  Jasper respectfully refers the Court to Maxim's October 7, 2005 Proxy Statement for the

21  complete and accurate description thereof, and otherwise denies the allegations contained in

22  Paragraph 251.

23          252.    Paragraph 252 purports to summarize the contents of a document, and Mr.

24  Jasper respectfully refers the Court to Maxim's October 7, 2005 Proxy Statement for the

25  complete and accurate description thereof, and otherwise denies the allegations contained in

26  Paragraph 252.

27          253.    Paragraph 253 purports to summarize the contents of a document, and Mr.

28  Jasper respectfully refers the Court to Maxim's October 7, 2005 Proxy Statement for the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

complete and accurate description thereof, and otherwise denies the allegations contained in Paragraph 253.

254.     Paragraph 254 contains legal conclusions to which no response is required.  Paragraph 254 also purports to summarize the contents of documents and Mr. Jasper respectfully refers the Court to those documents for the complete and accurate description thereof.  Mr. Jasper otherwise denies the allegations contained in Paragraph 254.

255.     Paragraph 255 contains legal conclusions to which no response is required.  It also purports to summarize the contents of a document, and Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate description thereof, and otherwise denies the allegations contained in Paragraph 255.

256.     Mr. Jasper avers that the allegation contained in the first sentence of Paragraph 256 of the Complaint constitutes a legal conclusion to which no response is required (to the extent a response is required, Mr. Jasper denies such allegation).  Mr. Jasper respectfully refers the Court to the Statements on Auditing Standards No. 1, AU § 110.03, for its complete and accurate contents, and otherwise avers that the allegations contained in Paragraph 256 do not constitute allegations to which a response is required.

257.     Paragraph 257 purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to the documents cited therein for the complete and accurate description thereof, and otherwise denies the allegations contained in Paragraph 257.

258.     The allegations contained in Paragraph 258 contain legal conclusions to which no responsive pleading is required.  To the extent a response is required, Mr. Jasper denies the allegations in Paragraph 258.

259.     Paragraph 259 purports to summarize the contents of documents, and Mr. Jasper respectfully refers the Court to the documents cited therein for the complete and accurate description thereof, and otherwise denies the allegations contained in Paragraph 259.

260.     Paragraph 260 purports to summarize the contents of a documents, and Mr. Jasper respectfully refers the Court to FASB Statement of Financial Accounting Concepts

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

36

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1   No. 1 for the complete and accurate description thereof, and otherwise denies the allegations

2   contained in Paragraph 260.

3         261.   Paragraph 261 contains legal conclusions to which no response is

4   required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 261.

5         262.   Paragraph 262 contains legal conclusions to which no response is

6   required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 262.

7         263.   Paragraph 263 purports to summarize the contents of  documents, and Mr.

8   Jasper respectfully refers the Court to APB 25 for the complete and accurate description thereof,

9   and otherwise denies the allegations contained in Paragraph 263.

10         264.   Paragraph 264 purports to summarize the contents of documents, and Mr.

11   Jasper respectfully refers the Court to APB 25 for the complete and accurate description thereof,

12   and otherwise denies the allegations contained in Paragraph 264.

13         265.   Mr. Jasper denies the allegation in Paragraph 265 as they relate to him, as

14   they relate to others Mr. Jasper lacks knowledge or information sufficient to form a belief as to

15   the truth of the allegations in Paragraph 265 and denies them on that basis.

16         266.   Paragraph 266 purports to summarize the contents of documents, and Mr.

17   Jasper respectfully refers the Court to APB 20 for the complete and accurate description thereof,

18   and otherwise denies the allegations contained in Paragraph 266.

19         267.   Paragraph 267 purports to summarize the contents of documents, and Mr.

20   Jasper respectfully refers the Court to APB 20 for the complete and accurate description thereof,

21   and otherwise denies the allegations contained in Paragraph 267.

22         268.   Paragraph 268 purports to summarize the contents of documents, and Mr.

23   Jasper respectfully refers the Court to FASB Statement of Financial Accounting Concepts No. 1

24   for the complete and accurate description thereof.  Mr. Jasper avers that the allegation contained

25   in the second sentence of Paragraph 268 constitutes a legal conclusion to which no response is

26   required and otherwise denies the allegations contained in Paragraph 268.

27         269.   Mr. Jasper denies the allegations in Paragraph 269.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

37

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

270.     Paragraph 270 contains legal conclusions to which no response is required.  To the extent a response is required, Mr. Jasper denies the allegations in Paragraph 270.

271.     Mr. Jasper denies the allegations in Paragraph 271 as they relate to him, and lacks knowledge or information sufficient to form a belief as to the truth of these statements as they relate to others and denies them on that basis.

272.     Mr. Jasper lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in Paragraph 272 and denies them on that basis.

273.     Mr. Jasper denies Paragraph 273.

274.     Mr. Jasper denies the allegations in Paragraph 274 as they relate to him, and lacks knowledge or information sufficient to form a belief as to the truth of these statements as they relate to others and denies them on that basis.

275.     Paragraph 275 contains legal conclusions to which no response is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 275.

276.     Paragraph 276 contains legal conclusions to which no response is required; to the extent a response is required, Mr. Jasper denies such allegations.

277.     Paragraph 277 purports to summarize the contents of documents, Mr. Jasper respectfully refers the Court to the documents cited therein for the complete and accurate description thereof and otherwise denies the allegations in Paragraph 277 of the Complaint.

278.     Paragraph 278 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to Maxim's 2007 10-K for the complete and accurate description thereof and otherwise denies the allegations in Paragraph 278 of the Complaint.

279.     Paragraph 279 contains legal conclusions to which no response is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 279.

280.     Paragraph 280 contains legal conclusions to which no response is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 280.

281.     Paragraph 281 contains legal conclusions to which no response is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 281.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

38

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

282.   Paragraph 282 contains legal conclusions to which no response is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 282.

283.   Paragraph 283 contains legal conclusions to which no response is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 282.

284.   Paragraph 284 contains legal conclusions to which no response is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 284.

285.   Paragraph 285 contains legal conclusions to which no response is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 285.

286.   Paragraph 286 contains legal conclusions to which no response is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 286.

287.   Paragraph 287 contains legal conclusions to which no response is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 287.

288.   Paragraph 288 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 288 of the Complaint.

289.   Paragraph 289 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 289 of the Complaint.

290.   Paragraph 290 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 290 of the Complaint.

291.   Paragraph 291 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 292 of the Complaint.

292.   Paragraph 292 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to Maxim's 2006 10-K for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 292 of the Complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

293.   Paragraph 293 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, Mr. Jasper denies the allegation in Paragraph 293 of the Complaint.

294.   Paragraph 294 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, Mr. Jasper denies the allegation in Paragraph 294 of the Complaint.

295.   Paragraph 295 of the Complaint constitute legal conclusions to which no response is required; to the extent a response is required, Mr. Jasper denies the allegation in Paragraph 295 of the Complaint.

296.   Paragraph 296 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 296 of the Complaint.

297.   Paragraph 297 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 297 of the Complaint.

298.   Paragraph 298 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 298 of the Complaint.

299.   Paragraph 299 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 299 of the Complaint.

300.   Paragraph 300 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 300 of the Complaint.

301.   Paragraph 301 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof.  Mr. Jasper lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 301 and denies them on that basis.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

302.    Paragraph 302 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 302 of the Complaint.

303.    Paragraph 303 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof.  Mr. Jasper otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 303 of the Complaint.

304.    Paragraph 304 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 304 of the Complaint.

305.    Mr. Jasper refers to publicly available information concerning the trading prices of Maxim's common stock; and otherwise avers that the allegation contained in Paragraph 305 of the Complaint does not constitute an allegation to which a response is required.

306.    Paragraph 306 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 306 of the Complaint.

307.    Mr. Jasper refers to publicly available information concerning the trading prices of Maxim's common stock; and otherwise denies the allegation contained in Paragraph 307 of the Complaint.

308.    Paragraph 308 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 308 of the Complaint.

309.    Paragraph 309 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 309 of the Complaint.

310.    Paragraph 310 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 310 of the Complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

41

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

311. Paragraph 311 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 311 of the Complaint.

312. Paragraph 312 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 312 of the Complaint.

313. Paragraph 313 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 313 of the Complaint.

314. Paragraph 314 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 314 of the Complaint.

315. Paragraph 315 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 315 of the Complaint.

316. Paragraph 316 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 316 of the Complaint.

317. Paragraph 317 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 317 of the Complaint.

318. Paragraph 318 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 318 of the Complaint.

319. Paragraph 319 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 319 of the Complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

320.     Paragraph 320 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 320 of the Complaint.

321.     Paragraph 321 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 321 of the Complaint.

322.     Mr. Jasper refers to the public disclosures referenced in Paragraph 322 of the Complaint for their complete and accurate contents and otherwise denies the allegations contained in Paragraph 322 of the Complaint.

323.     Mr. Jasper refers to publicly available information concerning the trading prices of Maxim's common stock; and otherwise avers that the allegation contained in Paragraph 323 of the Complaint does not constitute an allegation to which a response is required.

324.     Paragraph 324 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 324 of the Complaint.

325.     Paragraph 325 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 325 of the Complaint.

326.     Paragraph 326 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 326 of the Complaint.

327.     Paragraph 327 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 327 of the Complaint

328.     Paragraph 328 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 328 of the Complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

43

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

329.    Paragraph 329 purports to summarize the contents of documents, Mr. Jasper respectfully refers the Court to the documents cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 329 of the Complaint.

330.    Paragraph 330 purports to summarize the contents of a document, Mr. Jasper respectfully refers the Court to the document cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 330 of the Complaint

331.    Paragraph 328 purports to summarize the contents of publicly available information, Mr. Jasper respectfully refers the Court to the publicly available information cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 328 of the Complaint.

332.    Paragraph 332 purports to summarize the contents of documents, Mr. Jasper respectfully refers the Court to the documents cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 332 of the Complaint

333.    Paragraph 333 purports to summarize the contents of publicly available information, Mr. Jasper respectfully refers the Court to the publicly available information cited therein for the complete and accurate contents thereof, and otherwise denies the allegations in Paragraph 333 of the Complaint.

334.    Mr. Jasper respectfully refers the Court to publicly available information concerning the trading prices of Maxim's common stock, and otherwise denies the allegations contained in Paragraph 334 of the Complaint.

335.    Paragraph 335 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Mr. Jasper denies the allegations in Paragraph 335.

336.    Mr. Jasper lacks knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 336 of the Complaint and denies them on that basis.

337.    Paragraph 337 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Mr. Jasper denies the allegations in Paragraph 337.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

44

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

338.   Paragraph 338 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Mr. Jasper denies the allegations in Paragraph 338.

339.   Paragraph 339 contains legal conclusions to which no responsive pleading is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 339.

340.   Paragraph 340 contains legal conclusions to which no responsive pleading is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 340.

341.   Paragraph 341 contains legal conclusions to which no responsive pleading is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 341.

342.   Mr. Jasper admits that Plaintiffs purport to bring this action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of a putative class defined in the Complaint and otherwise avers that the allegations contained in Paragraph 342 of the Complaint do not constitute allegations to which a response is required

343.   Mr. Jasper denies knowledge or information as to the size of the putative class and the number of shares Maxim had outstanding over the class period; and otherwise avers that the allegations contained in Paragraph 343 constitute legal conclusions to which no response is required; to the extent a response is required, Maxim denies such allegations.

344.   Mr. Jasper admits that Maxim's common stock traded on the NASDAQ or on the "Pink Sheets" throughout the majority of the purported class period; and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 344 of the Complaint.

345.   Paragraph 345 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Mr. Jasper denies the allegations in Paragraph 345.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

45

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

346. Paragraph 346 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Mr. Jasper denies the allegations in Paragraph 346.

347. Paragraph 347 contains legal conclusions to which no responsive pleading is required; to the extent a response is required, Mr. Jasper lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 347 of the Complaint and denies them on that basis.

348. Paragraph 348 contains legal conclusions to which no responsive pleading is required; to the extent a response is required, Mr. Jasper lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 348 of the Complaint and denies them on that basis.

349. Paragraph 348 contains legal conclusions to which no responsive pleading is required; to the extent a response is required, Mr. Jasper lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 348 of the Complaint and denies them on that basis.

350. Mr. Jasper repeats and realleges his responses to Paragraphs 1 through 349 of the Complaint as if fully set forth herein.

351. Mr. Jasper admits the allegations in Paragraph 351.

352. Paragraph 352 contains legal conclusions to which no responsive pleading is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 352.

353. Paragraph 353 contains legal conclusions to which no responsive pleading is required; to the extent a response is required Mr. Jasper denies the allegations in Paragraph 353.

354. Paragraph 354 contains legal conclusions to which no responsive pleading is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 354.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

46

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

355.    Paragraph 355 contains legal conclusions to which no responsive pleading is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 355.

356.    Paragraph 356 contains legal conclusions to which no responsive pleading is required; to the extent a response is required Mr. Jasper denies the allegations in Paragraph 356.

357.    Paragraph 357 contains legal conclusions to which no responsive pleading is required; to the extent a response is required Mr. Jasper denies the allegations in Paragraph 357.

358.    Paragraph 358 contains legal conclusions to which no responsive pleading is required; to the extent a response is required Mr. Jasper denies the allegations in Paragraph 358.

359.    Paragraph 359 contains legal conclusions to which no responsive pleading is required; to the extent a response is required Mr. Jasper denies the allegations in Paragraph 359.

360.    Paragraph 360 contains legal conclusions to which no responsive pleading is required; to the extent a response is required Mr. Jasper denies the allegations in Paragraph 360.

361.    Paragraph 361 contains legal conclusions to which no responsive pleading is required; to the extent a response is required Mr. Jasper denies the allegations in Paragraph 361.

362.    Mr. Jasper repeats and restates each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

363.    Paragraph 363 contains legal conclusions to which no responsive pleading is required; to the extent a response is required Mr. Jasper denies the allegations in Paragraph 363.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

364.     Paragraph 364 contains legal conclusions to which no responsive pleading is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 364.

365.     Paragraph 365 contains legal conclusions to which no responsive pleading is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 365.

366.     Paragraph 366 contains legal conclusions to which no responsive pleading is required; to the extent a response is required, Mr. Jasper denies the allegations in Paragraph 366.

## JURY DEMAND

Mr. Jasper demands a jury trial.

## GENERAL DENIAL

Except as otherwise expressly stated in Paragraphs 1 through 366 above, Mr. Jasper denies each and every allegation of wrongdoing by him contained in Paragraphs 1 through 366 of the Complaint, including, without limitation, the introductory paragraph, headings, subheadings and footnotes contained in the Complaint, and specifically denies liability to Plaintiffs and the putative class, or that Plaintiffs or the putative class have suffered any legally cognizable damages for which Mr. Jasper is responsible.  Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, allegations in the Complaint to which no responsive pleading is required shall be deemed denied.  Mr. Jasper expressly reserves the right to amend and/or supplement this Answer, including, but not limited to, the defenses and affirmative defenses set forth herein.

## AFFIRMATIVE DEFENSES

Without admitting or denying any of the allegations of the Complaint and without admitting or suggesting that Maxim bears the burden of proof on any of the following issues, as separate and independent defenses and/or affirmative defenses, Mr. Jasper states as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted against Mr. Jasper.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1

**SECOND AFFIRMATIVE DEFENSE**

2

Plaintiffs have failed to plead their claims with the particularity required by Rule 9(b) of

3

the Federal Rules of Civil Procedure and by the Private Securities Litigation Reform Act of

4

1995.

5

**THIRD AFFIRMATIVE DEFENSE**

6

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

7

**FOURTH AFFIRMATIVE DEFENSE**

8

Plaintiffs' claims are barred, in whole or in part, because Mr. Jasper did not make any

9

false or misleading statements of material fact or omit to state any material facts.

10

**FIFTH AFFIRMATIVE DEFENSE**

11

Plaintiffs' claims are barred, in whole or in part, because Mr. Jasper acted at all times in

12

good faith and had no knowledge of and was not reckless in not knowing that any of the

13

statements or omissions alleged in the Complaint to be actionable were false or misleading.  Any

14

and all actions taken by Mr. Jasper were, at all times, lawful, proper and consistent with his

15

duties and obligations and he did not otherwise have any obligation or duty to take any other

16

action or make other disclosure.

17

**SIXTH AFFIRMATIVE DEFENSE**

18

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class

19

have not suffered any injury or harm as a result of any action, conduct, statement or omission by

20

Mr. Jasper.

21

**SEVENTH AFFIRMATIVE DEFENSE**

22

Plaintiffs' claims are barred, in whole or in part, because the depreciation in the price of

23

Maxim stock resulted from factors other than any conduct of Mr. Jasper; no action or inaction by

24

Mr. Jasper is the cause, in law or fact, of any injury Plaintiffs and the putative class may have

25

suffered and their alleged losses were not actually or proximately caused by Mr. Jasper.

26

**EIGHTH AFFIRMATIVE DEFENSE**

27

Plaintiffs' claims are barred, in whole or in part, because of the lack of transaction

28

causation and/or loss causation.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

49

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs and the putative class did not reasonably rely on any conduct, statements or actions of Mr. Jasper.

**TENTH AFFIRMATIVE DEFENSE**

Mr. Jasper is not liable to Plaintiffs and the putative class because any alleged misstatements it made were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

**ELEVENTH AFFIRMATIVE DEFENSE**

The relief sought by Plaintiffs and the putative class is barred, in whole or in part, by the doctrines of laches, waiver, equitable estoppel, *in pari delicto*, unclean hands and/or other related equitable doctrines.

**TWELFTH AFFIRMATIVE DEFENSE**

The relief sought by Plaintiffs and the putative class is barred, in whole or in part, because Mr. Jasper did not act with the scienter required to state a claim.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot satisfy the requirements for certification of the putative class.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Mr. Jasper reserves the right to assert additional defenses and/or affirmative defenses as may be appropriate.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Mr. Jasper adopts by reference any applicable defense plead by any other defendant not expressly set forth herein.

WHEREFORE, Mr. Jasper prays for judgment as follows:

1.     For a judgment and decree dismissing the Complaint with prejudice;

2.     For a judgment and decree awarding costs, including attorneys' fees; and

3.     For such other and further relief as the Court may deem just and proper under the circumstances.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

50

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832

1

2  Dated: August 28, 2009                    Respectfully submitted,

3                                            LATHAM & WATKINS LLP
                                                Steven M. Bauer
4                                               Robert E. Sims
                                                David M. Friedman
5                                               Christopher W. Johnstone

6

7                                            By _____/S/_____
                                                Christopher W. Johnstone
8                                               Attorneys for Defendant Carl W. Jasper

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT CARL W. JASPER'S
ANSWER TO COMPLAINT
C-08-00832