1   DANIEL H. BOOKIN (S.B. #78996)
    SHARON M. BUNZEL (S.B. #181609)
2   O'MELVENY & MYERS LLP
    Two Embarcadero Center
3   28th Floor
    San Francisco, CA  94111-3823
4   Telephone:    (415) 984-8700
    Facsimile:    (415) 984-8701
5   Email:        dbookin@omm.com
                  sbunzel@omm.com
6

7   MEREDITH N. LANDY (S.B. #136489)
    PETER T. SNOW (S.B. #222117)
8   O'MELVENY & MYERS LLP
    2765 Sand Hill Road
9   Menlo Park, California  94025
    Telephone:    (650) 473-2600
10  Facsimile:    (650) 473-2601
    Email:        mlandy@omm.com
11                psnow@omm.com

12  Attorneys for Defendant Timothy Ruehle

13

14              **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16                    **SAN JOSE DIVISION**

17  In re MAXIM INTEGRATED PRODUCTS,      )   Case No.  C-08-00832-JW (PVT)
    INC. SECURITIES LITIGATION            )
18                                        )   CLASS ACTION
                                          )   **DEFENDANT TIMOTHY RUEHLE'S**
19                                        )   **ANSWER TO CONSOLIDATED CLASS**
                                          )   **ACTION COMPLAINT**
20                                        )
                                          )   **DEMAND FOR JURY TRIAL**
21                                        )

22  _____

23

24

25

26

27

28

Defendant Timothy Ruehle, by and through undersigned counsel, hereby answers Plaintiffs' Consolidated Class Action Complaint (the "Complaint").  Mr. Ruehle denies each and every allegation of the Complaint, except as expressly admitted below.  Mr. Ruehle asserts that no answer is required of him to certain allegations identified below.  To the extent an answer to any such allegation is required of him, Mr. Ruehle specifically denies each and every one.  Mr. Ruehle is without knowledge or information sufficient to form a belief as to the truth of certain allegations identified below, and on that basis specifically denies each and every such allegation.  Mr. Ruehle hereby answers as follows:

**<u>ANSWER</u>**

1.      Answering Paragraph 1, Mr. Ruehle admits upon information and belief the allegations in Paragraph 1 of the Complaint.

2.      Answering Paragraph 2, Mr. Ruehle asserts that the allegations contained in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Ruehle denies each and every allegation as to him in Paragraph 2 of the Complaint, and is without sufficient knowledge or information to form a belief as to the truth of the allegations with respect to his co-defendants and denies them on that basis.

3.      Answering Paragraph 3, Mr. Ruehle admits that during the period that he was employed by Maxim, Maxim utilized stock options to compensate its employees.  Except as expressly admitted, Mr. Ruehle denies each and every remaining allegation in Paragraph 3 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

4.      Answering Paragraph 4, Mr. Ruehle asserts that the allegations contained in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Ruehle denies each and every allegation as to him in Paragraph 4 of the Complaint, and is without sufficient knowledge or information to form a belief as to the truth of the allegations with respect to his co-defendants and denies them on that basis.

5.      Answering Paragraph 5, Mr. Ruehle asserts that the allegations contained in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required.  To

1   the extent a response is required, Mr. Ruehle denies each and every allegation as to him in

2   Paragraph 5 of the Complaint, and is without sufficient knowledge or information to form a belief

3   as to the truth of the allegations with respect to his co-defendants and denies them on that basis.

4        6.     Answering Paragraph 6, Mr. Ruehle denies each and every allegation in Paragraph

5   6 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth

6   of the allegations.  Mr. Ruehle denies each and every allegation as to him in Paragraph 6 of the

7   Complaint, and is without sufficient knowledge or information to form a belief as to the truth of

8   the allegations with respect to his co-defendants and denies them on that basis.

9        7.     Answering Paragraph 7, Mr. Ruehle asserts that no response is required as to the

10  allegations in Paragraph 7 of the Complaint that purport to describe the content of Maxim's Form

11  10-K for fiscal year 2006, filed with the Securities and Exchange Commission (the "SEC") on

12  September 30, 2008 (the "2006 10-K"), which speaks for itself.  To the extent any of the

13  allegations require a response, Mr. Ruehle denies each and every allegation in Paragraph 7 of the

14  Complaint.

15       8.     Answering Paragraph 8, Mr. Ruehle asserts that the allegations contained in

16  Paragraph 8 of the Complaint constitute legal conclusions to which no response is required.  To

17  the extent a response is required, Mr. Ruehle denies each and every allegation in Paragraph 8 of

18  the Complaint to the extent any of the allegations relate to Mr. Ruehle.  Otherwise, Mr. Ruehle

19  denies each and every allegation in Paragraph 8 of the Complaint for lack of knowledge or

20  information sufficient to form a belief as to the truth of the allegations.

21       9.     Answering Paragraph 9, Mr. Ruehle denies each and every allegation in Paragraph

22  8 of the Complaint to the extent any of the allegations relate to Mr. Ruehle.  Otherwise, Mr.

23  Ruehle denies each and every allegation in Paragraph 9 of the Complaint for lack of knowledge

24  or information sufficient to form a belief as to the truth of the allegations.

25       10.     Answering Paragraph 10, Mr. Ruehle asserts that no response is required as to the

26  allegations in Paragraph 10 of the Complaint that purport to characterize the content of the 2006

27  10-K, which speaks for itself.  To the extent any response is required, Mr. Ruehle denies each and

28  every allegation in Paragraph 10 of the Complaint.

11.     Answering Paragraph 11, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 11 of the Complaint that refer to publicly available information concerning the trading prices of Maxim's common stock.  To the extent any response is required, Mr. Ruehle denies each and every allegation in Paragraph 11 of the Complaint.

12.     Answering Paragraph 12, Mr. Ruehle denies each and every allegation in Paragraph 8 of the Complaint to the extent any of the allegations relate to Mr. Ruehle.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 12 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

13.     Answering Paragraph 13, Mr. Ruehle asserts that no response is required as to the allegations in Paragraph 13 of the Complaint that purport to characterize the content of Maxim's January 31, 2007 press release, which speaks for itself.  Mr. Ruehle admits that he is no longer employed by Maxim.  Except as expressly admitted, Mr. Ruehle denies each and every allegation in Paragraph 13 of the Complaint.

14.     Answering Paragraph 14, Mr. Ruehle asserts that the allegations contained in Paragraph 14 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Ruehle denies each and every allegation in Paragraph 14 of the Complaint.

15.     Answering Paragraph 15, Mr. Ruehle asserts that the allegations contained in Paragraph 15 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Ruehle denies each and every allegation in Paragraph 15 of the Complaint.

16.     Answering Paragraph 16, Mr. Ruehle asserts that the allegations contained in the first sentence of Paragraph 16 of the Complaint constitute legal conclusions to which no response is required.  Ruehle admits upon information and belief that Maxim's principal place of business is located within the Northern District of California.  Mr. Ruehle admits that he resides within the Northern District of California.  Except as expressly admitted, Mr. Ruehle denies each and every remaining allegation in Paragraph 16 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

17.     Answering Paragraph 17, Mr. Ruehle asserts that the allegations contained in Paragraph 17 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Ruehle denies each and every allegation as to him in Paragraph 17 of the Complaint, and is without sufficient knowledge or information to form a belief as to the truth of the allegations with respect to his co-defendants and denies them on that basis.

18.     Answering Paragraph 18, Mr. Ruehle asserts that the allegations contained in Paragraph 18 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Ruehle denies each and every allegation as to him in Paragraph 18 of the Complaint, and is without sufficient knowledge or information to form a belief as to the truth of the allegations with respect to his co-defendants and denies them on that basis.

19.     Answering Paragraph 19, Mr. Ruehle asserts that the allegations contained in Paragraph 19 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Ruehle denies each and every allegation as to him in Paragraph 19 of the Complaint, and is without sufficient knowledge or information to form a belief as to the truth of the allegations with respect to his co-defendants and denies them on that basis.

20.     Answering Paragraph 20, Mr. Ruehle asserts that the allegations contained in Paragraph 20 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Ruehle denies each and every allegation as to him in Paragraph 20 of the Complaint, and is without sufficient knowledge or information to form a belief as to the truth of the allegations with respect to his co-defendants and denies them on that basis.

21.     Answering Paragraph 21, Mr. Ruehle admits the allegation contained in Paragraph 21 of the Complaint.

22.     Answering Paragraph 22, Mr. Ruehle denies each and every allegation in Paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

23.     Answering Paragraph 23, Mr. Ruehle admits the allegations contained in the first, second, third, fifth and sixth sentences of Paragraph 23 of the Complaint and admits that, prior to its delisting on October 2, 2007, Maxim's common stock traded on the NASDAQ under the ticker "MXIM" and was included in the S&P 500, the NASDAQ 100, the Russell 1000 and the Philadelphia Semiconductor Index.  Except as expressly admitted, Mr. Ruehle denies each and every remaining allegation in Paragraph 23 of the Complaint.

24.     Answering Paragraph 24, (a) Mr. Ruehle asserts that no response is required as to the allegations in Paragraph 24(a) of the Complaint that purport to characterize the content of Maxim's December 19, 2006 and January 31, 2007 press releases, which speak for themselves. Mr. Ruehle admits that John F. Gifford served as Maxim's CEO, President and Chairman of the Board during the period that Mr. Ruehle was employed by Maxim.  Except as expressly admitted, Mr. Ruehle denies the allegations of Paragraph 24(a) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

(b)     Mr. Ruehle asserts that no response is required as to the allegations in Paragraph 24(b) of the Complaint that relate to the content of Maxim's SEC filings, which speak for themselves.  To the extent any of the allegations relate to Mr. Ruehle, Mr. Ruehle denies each and every remaining allegation in Paragraph 24(b) of the Complaint.

(c)     Mr. Ruehle asserts that no response is required as to the allegations in Paragraph 24(c) of the Complaint that constitute legal conclusions or purport to describe the content of Maxim's SEC filings, which speak for themselves.  To the extent any of the allegations require a response, Mr. Ruehle denies each and every allegation in Paragraph 24(c) of the Complaint.

(d)     Mr. Ruehle asserts that no response is required as to the allegations in Paragraph 24(d) of the Complaint that purport to describe the content of Maxim's SEC filings, which speak for themselves.  To the extent any of the allegations require a response, Mr. Ruehle denies each and every allegation in Paragraph 24(d) of the Complaint.

(e)     Mr. Ruehle asserts that the allegations contained in Paragraph 24(e) of the Complaint constitute legal conclusions to which no response is required.  To the extent any of the allegations require a response, Mr. Ruehle denies each and every allegation in Paragraph 24(e) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

(f)     Mr. Ruehle asserts that no response is required as to the allegations in Paragraph 24(f) of the Complaint that purport to describe the content of the 2006 10-K, which speaks for itself.  To the extent a response is required, Mr. Ruehle denies each and every allegation in Paragraph 24(f) of the Complaint.

(g)     Mr. Ruehle denies each and every allegation in Paragraph 24(g) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

25.     Answering Paragraph 25, (a)  Mr. Ruehle admits that Carl W. Jasper served as Maxim's CFO.  Except as expressly admitted, Mr. Ruehle denies the allegations in Paragraph 25(a) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

(b)     Mr. Ruehle asserts that no response is required as to the allegations in Paragraph 25(b) of the Complaint that purport to describe the content of Maxim's SEC filings, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 25(b) of the Complaint.

(c)     Mr. Ruehle asserts that no response is required as to the allegations in Paragraph 25(c) of the Complaint that purport to describe the content of Maxim's SEC filings, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 24(c) of the Complaint.

(d)     Mr. Ruehle asserts that the allegations contained in Paragraph 25(d) of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Ruehle denies each and every allegation in Paragraph 25(d) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

(e)     Mr. Ruehle denies each and every allegation in Paragraph 25(e) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

(f)     Mr. Ruehle denies each and every allegation in Paragraph 25(f) of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

26.     Answering Paragraph 26, (a)  Mr. Ruehle admits the allegations of the first and second sentences of Paragraph 26(a).  Mr. Ruehle asserts that no response is required as to the allegations in the remainder of Paragraph 26(a) of the Complaint that purport to describe the content of the 2006 10-K, which speaks for itself.  To the extent the remainder of Paragraph 26(a) contains allegations requiring a response, Mr. Ruehle denies each and every allegation in Paragraph 26(a) of the Complaint.

(b)     Mr. Ruehle asserts that the allegations contained in Paragraph 26(b) of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Ruehle denies each and every allegation of Paragraph 26(b) of the Complaint.

27.     Answering Paragraph 27, Mr. Ruehle asserts that the allegation contained in Paragraph 27 of the Complaint does not constitute an allegation to which a response is required.

28.     Answering Paragraph 28, Mr. Ruehle admits that Maxim is a publicly traded company and otherwise asserts that the allegations contained in Paragraph 28 of the Complaint do not constitute allegations to which a response is required.  To the extent a response is required, Mr. Ruehle denies each and every allegation in Paragraph 28 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

29.     Answering Paragraph 29, Mr. Ruehle asserts that no response is required as to the allegations in Paragraph 29 of the Complaint that constitute legal conclusions or purport to describe the content of Accounting Principals Board Opinion No. 25 ("APB No. 25"), which speaks for itself.  To the extent a response is required, Mr. Ruehle denies each and every allegation in Paragraph 29 of the Complaint.

30.     Answering Paragraph 30, Mr. Ruehle asserts that no response is required as to the allegations in Paragraph 30 of the Complaint that constitute legal conclusions or purport to describe the content of the GAAP and Internal Revenue Service accounting rules and regulations,

1    which speak for themselves.  To the extent a response is required, Mr. Ruehle denies each and

2    every allegation in Paragraph 30 of the Complaint.

3          31.    Answering Paragraph 31, Mr. Ruehle asserts that no response is required as to the

4    allegations of Paragraph 31 that purport to describe the content of Maxim's June 25, 2004 Proxy

5    Statement, which speaks for itself.  Mr. Ruehle denies each and every remaining allegation in

6    Paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as

7    to the truth of the allegations.

8          32.    Answering Paragraph 32, Mr. Ruehle asserts that no response is required as to the

9    allegations of Paragraph 32 that purport to describe the content of documents, including the

10   transcript of Maxim's April 27, 2004 conference call, which speak for themselves.  To the extent

11   a response is required, Mr. Ruehle denies each and every allegation in Paragraph 32 of the

12   Complaint.

13         33.    Answering Paragraph 33, Mr. Ruehle asserts that no response is required as to the

14   allegations of Paragraph 33 that purport to describe the content of Maxim's June 25, 2004,

15   August 19, 2004 and October 7, 2005 Proxy Statements, which speak for themselves.  To the

16   extent a response is required, Mr. Ruehle denies each and every allegation in Paragraph 33 of the

17   Complaint.

18         34.    Answering Paragraph 34, Mr. Ruehle asserts that no response is required as to the

19   allegations of Paragraph 34 that purport to describe the content of an offer of employment letter,

20   which speaks for itself.  To the extent a response is required, Mr. Ruehle denies each and every

21   allegation in Paragraph 34 of the Complaint.

22         35.    Answering Paragraph 35, to the extent any of the allegations relate to Mr. Ruehle,

23   Mr. Ruehle denies each and every allegation in Paragraph 35 of the Complaint.  Mr. Ruehle

24   denies each and every remaining allegation in Paragraph 35 of the Complaint for lack of

25   knowledge or information sufficient to form a belief as to the truth of the allegations.

26         36.    Answering Paragraph 36, Mr. Ruehle asserts that the allegations contained in the

27   second and fifth sentences of Paragraph 36 of the Complaint constitute legal conclusions to which

28   no response is required.  To the extent a response is required, Mr. Ruehle denies each and every

DEFENDANT TIMOTHY RUEHLE'S
ANSWER TO COMPLAINT
CASE NO.  C 08 00832 JW (PVT)

1   allegation contained in the second and fifth sentences of Paragraph 36 of the Complaint.  Mr.

2   Ruehle denies each and every remaining allegation as to him in Paragraph 36 of the Complaint,

3   and is without sufficient knowledge or information to form a belief as to the truth of the

4   allegations with respect to his co-defendants and denies them on that basis.

5          37.     Answering Paragraph 37, Mr. Ruehle asserts that no response is required as to the

6   allegations of Paragraph 37 that purport to describe the contents of Maxim's SEC filings, which

7   speak for themselves.  To the extent any response is required, Mr. Ruehle denies each and every

8   allegation in Paragraph 37 of the Complaint for lack of knowledge or information sufficient to

9   form a belief as to the truth of the allegations.

10          38.     Answering Paragraph 38, Mr. Ruehle asserts that no response is required as to the

11   allegations of Paragraph 38 that purport to describe the contents of the 1996 Stock Incentive Plan

12   (the "1996 Plan"), which speaks for itself.  Mr. Ruehle denies each and every allegation in

13   Paragraph 38 of the Complaint for lack of knowledge or information sufficient to form a belief as

14   to the truth of the allegations.

15          39.     Answering Paragraph 39, Mr. Ruehle asserts that no response is required as to the

16   allegations of Paragraph 39 that purport to describe the contents of the 1996 Plan, which speaks

17   for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 39 of the

18   Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the

19   allegations.

20          40.     Answering Paragraph 40, Mr. Ruehle asserts that no response is required as to the

21   allegations of Paragraph 40 that purport to describe the contents of the 1996 Plan, which speaks

22   for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 40 of the

23   Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the

24   allegations.

25          41.     Answering Paragraph 41, Mr. Ruehle asserts that no response is required as to the

26   allegations of Paragraph 41 that purport to describe the contents of the 2006 10-K, which speaks

27   for itself.  Otherwise, Mr. Ruehle denies each and every other allegation in Paragraph 41 of the

28   Complaint.

DEFENDANT TIMOTHY RUEHLE'S
ANSWER TO COMPLAINT
CASE NO.  C 08 00832 JW (PVT)

42.     Answering Paragraph 42, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 42 that purport to describe the contents of the 1996 Plan and the 2006 10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every other allegation in Paragraph 42 of the Complaint.

43.     Answering Paragraph 43, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 43 that purport to describe the contents of the 1996 Plan, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 43 of the Complaint.

44.     Answering Paragraph 44, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 44 that purport to describe the contents of the 1996 Plan, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 44 of the Complaint.

45.     Answering Paragraph 45, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 45 that purport to describe the contents of Maxim's stock option plans, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 45 of the Complaint.

46.     Answering Paragraph 46, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 46 that purport to describe the contents of the 2006 10-K, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 46 of the Complaint.

47.     Answering Paragraph 47, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 47 that purport to describe the contents of the referenced memorandum dated May 6, 1998, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 47 of the Complaint.

48.     Answering Paragraph 48, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 48 that purport to describe the contents of the referenced email dated October 10, 2000, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 48 of the Complaint.

49.     Answering Paragraph 49, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 49 that purport to describe the contents of the referenced email or memorandum dated October 21, 2004, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 49 of the Complaint.

50.     Answering Paragraph 50, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 50 that purport to describe the contents of Statement of Financial Accounting Standards No. 123(R) ("SFAS 123(R)"), which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 50 of the Complaint.

51.     Answering Paragraph 51, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 51 that purport to describe the contents of the referenced comment letter to the Financial Accounting Standards Board relating to the potential adoption of SFAS 123(R), APB 25, or SFAS 123(R), which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 51 of the Complaint.

52.     Answering Paragraph 52, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 52 that purport to describe the contents of Maxim's April 29, 2003 press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 52 of the Complaint.

53.     Answering Paragraph 53, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 53 that purport to describe the contents of the transcript of Maxim's April 29, 2003 conference call, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 53 of the Complaint.

54.     Answering Paragraph 54, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 54 that purport to describe the contents of the transcript of Maxim's February 5, 2004 conference call, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 54 of the Complaint.

55.     Answering Paragraph 55, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 55 that purport to describe the contents of the referenced position paper

1   and comment letter, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every

2   allegation in Paragraph 55 of the Complaint.

3          56.    Answering Paragraph 56, Mr. Ruehle asserts that no response is required as to the

4   allegations of Paragraph 56 that purport to describe the contents of the referenced position paper,

5   which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 56

6   of the Complaint.

7          57.    Answering Paragraph 57, Mr. Ruehle asserts that no response is required as to the

8   allegations of Paragraph 57 that purport to describe the contents of the referenced position paper,

9   which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 57

10  of the Complaint.

11         58.    Answering Paragraph 58, Mr. Ruehle asserts that no response is required as to the

12  allegations of Paragraph 58 that purport to describe the contents of the referenced position paper,

13  which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 58

14  of the Complaint.

15         59.    Answering Paragraph 59, Mr. Ruehle asserts that no response is required as to the

16  allegations of Paragraph 59 that purport to describe the transcript of Maxim's April 27, 2004

17  conference call, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation

18  in Paragraph 59 of the Complaint.

19         60.    Answering Paragraph 60, Mr. Ruehle asserts that no response is required as to the

20  allegations of Paragraph 60 that purport to describe the transcript of Maxim's February 1, 2005

21  conference call, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every remaining

22  allegation in Paragraph 60 of the Complaint.

23         61.    Answering Paragraph 61, Mr. Ruehle asserts that no response is required as to the

24  allegations of Paragraph 61 that purport to describe Maxim's May 9, 2005 press release, which

25  speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 61 of the

26  Complaint.

27         62.    Answering Paragraph 62, Mr. Ruehle denies each and every allegation as to him in

28  Paragraph 62 of the Complaint, and is without sufficient knowledge or information to form a

1    belief as to the truth of the allegations with respect to his co-defendants and denies them on that

2    basis.

3        63.    Answering Paragraph 63, Mr. Ruehle asserts that no response is required as to the

4    allegations of Paragraph 63 that purport to describe the contents of the referenced documents,

5    which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in

6    Paragraph 63 of the Complaint.

7        64.    Answering Paragraph 64, Mr. Ruehle asserts that no response is required as to the

8    allegations of Paragraph 64 that purport to describe the contents of the 2006 10-K, which speaks

9    for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 64 of the

10   Complaint.

11       65.    Answering Paragraph 65, Mr. Ruehle asserts that no response is required as to the

12   allegations of Paragraph 65 that purport to describe the contents of the 2006 10-K, which speaks

13   for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 65 of the

14   Complaint.

15       66.    Answering Paragraph 66, to the extent any of the allegations relate to Mr. Ruehle,

16   Mr. Ruehle denies each and every allegation in Paragraph 66 of the Complaint.  Otherwise, Mr.

17   Ruehle denies each and every allegation in Paragraph 66 of the Complaint for lack of knowledge

18   or information sufficient to form a belief as to the truth of the allegations.

19       67.    Answering Paragraph 67, Mr. Ruehle asserts that no response is required as to the

20   allegations of Paragraph 67 that purport to describe the contents of the referenced documents,

21   including the 2006 10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies each and

22   every allegation in Paragraph 67 of the Complaint.

23       68.    Answering Paragraph 68, to the extent any of the allegations relate to Mr. Ruehle,

24   Mr. Ruehle denies each and every allegation in Paragraph 68 of the Complaint.  Otherwise, Mr.

25   Ruehle denies each and every allegation in Paragraph 68 of the Complaint for lack of knowledge

26   or information sufficient to form a belief as to the truth of the allegations.

27       69.    Answering Paragraph 69, to the extent any of the allegations relate to Mr. Ruehle,

28   Mr. Ruehle denies each and every allegation in Paragraph 69 of the Complaint.  Otherwise, Mr.

1  Ruehle denies each and every allegation in Paragraph 69 of the Complaint for lack of knowledge

2  or information sufficient to form a belief as to the truth of the allegations.

3       70.     Answering Paragraph 70, to the extent any of the allegations relate to Mr. Ruehle,

4  Mr. Ruehle denies each and every allegation in Paragraph 70 of the Complaint.  Otherwise, Mr.

5  Ruehle denies each and every allegation in Paragraph 70 of the Complaint for lack of knowledge

6  or information sufficient to form a belief as to the truth of the allegations.

7       71.     Answering Paragraph 71, to the extent any of the allegations relate to Mr. Ruehle,

8  Mr. Ruehle denies each and every allegation in Paragraph 71 of the Complaint.  Otherwise, Mr.

9  Ruehle denies each and every allegation in Paragraph 71 of the Complaint for lack of knowledge

10 or information sufficient to form a belief as to the truth of the allegations.

11      72.     Answering Paragraph 72, Mr. Ruehle asserts that no response is required as to the

12 allegations of Paragraph 72 that purport to describe the contents of the referenced memorandum,

13 which speaks for itself.  Otherwise, to the extent any of the allegations relate to Mr. Ruehle, Mr.

14 Ruehle denies each and every allegation in Paragraph 72 of the Complaint.  Mr. Ruehle denies

15 each and every remaining allegation in Paragraph 72 of the Complaint for lack of knowledge or

16 information sufficient to form a belief as to the truth of the allegations.

17      73.     Answering Paragraph 73, Mr. Ruehle asserts that no response is required as to the

18 allegations of Paragraph 73 that purport to describe the contents of the referenced memorandum,

19 which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 73

20 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of

21 the allegations.

22      74.     Answering Paragraph 74, Mr. Ruehle asserts that no response is required as to the

23 allegations of Paragraph 74 that purport to describe the contents of the referenced memorandum,

24 which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 74

25 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of

26 the allegations.

27      75.     Answering Paragraph 75, Mr. Ruehle asserts that no response is required as to the

28 allegations of Paragraph 75 that purport to describe the contents of the referenced documents,

1   which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in

2   Paragraph 75 of the Complaint for lack of knowledge or information sufficient to form a belief as

3   to the truth of the allegations.

4          76.     Answering Paragraph 76, Mr. Ruehle asserts that no response is required as to the

5   allegations of Paragraph 76 that purport to describe the contents of the referenced documents,

6   which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in

7   Paragraph 76 of the Complaint for lack of knowledge or information sufficient to form a belief as

8   to the truth of the allegations.

9          77.     Answering Paragraph 77, Mr. Ruehle asserts that no response is required as to the

10   allegations of Paragraph 77 that purport to describe the contents of the referenced documents,

11   which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in

12   Paragraph 77 of the Complaint for lack of knowledge or information sufficient to form a belief as

13   to the truth of the allegations.

14          78.     Answering Paragraph 78, to the extent any of the allegations relate to Mr. Ruehle,

15   Mr. Ruehle denies each and every allegation in Paragraph 78 of the Complaint.  Otherwise, Mr.

16   Ruehle denies each and every allegation in Paragraph 78 of the Complaint for lack of knowledge

17   or information sufficient to form a belief as to the truth of the allegations.

18          79.     Answering Paragraph 79, Mr. Ruehle asserts that no response is required as to the

19   allegations of Paragraph 79 that purport to describe the contents of Maxim's May 4, 2007 letter,

20   which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 79

21   of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of

22   the allegations.

23          80.     Answering Paragraph 80, Mr. Ruehle asserts that no response is required as to the

24   allegations of Paragraph 80 that purport to describe the contents of the 2006 10-K, which speaks

25   for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 80 of the

26   Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the

27   allegations.

28

81.     Answering Paragraph 81, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 81 that purport to describe the contents of the 2006 10-K, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 81 of the Complaint.

82.     Answering Paragraph 82, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 82 that purport to describe the contents of the 2006 10-K, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 82 of the Complaint.

83.     Answering Paragraph 83, to the extent any of the allegations relate to Mr. Ruehle, Mr. Ruehle denies each and every allegation in Paragraph 83 of the Complaint.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 83 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

84.     Answering Paragraph 84, to the extent any of the allegations relate to Mr. Ruehle, Mr. Ruehle denies each and every allegation in Paragraph 84 of the Complaint.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 84 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

85.     Answering Paragraph 85, to the extent any of the allegations relate to Mr. Ruehle, Mr. Ruehle denies each and every allegation in Paragraph 85 of the Complaint.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 85 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

86.     Answering Paragraph 86, to the extent any of the allegations relate to Mr. Ruehle, Mr. Ruehle denies each and every allegation in Paragraph 86 of the Complaint.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 86 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

87.     Answering Paragraph 87, to the extent any of the allegations relate to Mr. Ruehle, Mr. Ruehle denies each and every allegation in Paragraph 87 of the Complaint.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 87 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

88.     Answering Paragraph 88, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 88 that purport to describe the contents of the referenced documents, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 88 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

89.     Answering Paragraph 89, to the extent any of the allegations relate to Mr. Ruehle, Mr. Ruehle denies each and every allegation in Paragraph 89 of the Complaint.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 89 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

90.     Answering Paragraph 90, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 90 that purport to describe the contents of the referenced documents, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 90 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

91.     Answering Paragraph 91, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 91 that purport to describe the contents of the referenced email, which speaks for itself.  To the extent any of the allegations relate to Mr. Ruehle, Mr. Ruehle denies each and every allegation in Paragraph 91 of the Complaint.  Otherwise, Mr. Ruehle denies each and every remaining allegation in Paragraph 91 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

92.     Answering Paragraph 92, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 92 that purport to describe the contents of the 2006 10-K, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 92 of the Complaint.

93.     Answering Paragraph 93, Mr. Ruehle denies each and every allegation in Paragraph 93 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

94.     Answering Paragraph 94, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 94 that purport to describe the contents of the 1996 Plan and other referenced documents, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 94 of the Complaint.

95.     Answering Paragraph 95, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 95 that purport to describe the contents of the referenced documents, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 95 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

96.     Answering Paragraph 96, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 96 that purport to describe the contents of the referenced documents, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 96 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

97.     Answering Paragraph 97, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 97 that purport to describe the contents of the referenced document, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 97 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

98.     Answering Paragraph 98, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 98 that purport to describe the contents of the referenced documents, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 98 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

99.     Answering Paragraph 99, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 99 that purport to describe the contents of the referenced document, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 99

of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

100.    Answering Paragraph 100, Mr. Ruehle denies each and every allegation in Paragraph 100 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

101.    Answering Paragraph 101, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 101 that purport to describe the contents of the referenced documents, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 101 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

102.    Answering Paragraph 102, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 102 that purport to describe the contents of the referenced documents, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 102 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

103.    Answering Paragraph 103, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 103 that purport to describe the contents of the referenced documents, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation in Paragraph 103 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

104.    Answering Paragraph 104, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 104 that purport to describe the contents of the 2006 10-K, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 104 of the Complaint.

105.    Answering Paragraph 105, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 105 that purport to describe the contents of the 2006 10-K, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 105 of the Complaint.

106.     Answering Paragraph 106, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 106 that purport to describe the contents of the referenced documents, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 106 of the Complaint.

107.     Answering Paragraph 107, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 107 that purport to describe the contents of the 2006 10-K, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 107 of the Complaint.

108.     Answering Paragraph 108, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 108 that purport to describe the contents of the 2006 10-K, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 108 of the Complaint.

109.     Answering Paragraph 109, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 109 that purport to describe the contents of the 2006 10-K, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 109 of the Complaint.

110.     Answering Paragraph 110, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 110 that purport to describe the contents of the 2006 10-K, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 110 of the Complaint.

111.     Answering Paragraph 111, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 111 that purport to describe the contents of the 2006 10-K, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 111 of the Complaint.

112.     Answering Paragraph 112, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 112 that purport to describe the contents of the 2006 10-K, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 112 of the Complaint.

1    113.    Answering Paragraph 113, Mr. Ruehle asserts that no response is required as to the

2    allegations of Paragraph 113 that purport to describe the contents of the 2006 10-K, which speaks

3    for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 113 of the

4    Complaint.

5    114.    Answering Paragraph 114. Mr. Ruehle asserts that no response is required as to the

6    allegations of Paragraph 114 that purport to describe the contents of the 2006 10-K, which speaks

7    for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 114 of the

8    Complaint.

9    115.    Answering Paragraph 115, Mr. Ruehle asserts that no response is required as to the

10   allegations of Paragraph 115 that purport to describe the contents of the 2006 10-K, which speaks

11   for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 115 of the

12   Complaint.

13   116.    Answering Paragraph 116, Mr. Ruehle asserts that no response is required as to the

14   allegations of Paragraph 116 that purport to describe the contents of the 2006 10-K, which speaks

15   for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 116 of the

16   Complaint.

17   117.    Answering Paragraph 117, Mr. Ruehle asserts that no response is required as to the

18   allegations of Paragraph 117 that purport to describe the contents of the 2006 10-K, which speaks

19   for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 117 of the

20   Complaint.

21   118.    Answering Paragraph 118, Mr. Ruehle denies each and every allegation as to him

22   in Paragraph 118 of the Complaint, and is without sufficient knowledge or information to form a

23   belief as to the truth of the allegations with respect to his co-defendants and denies them on that

24   basis.

25   119.    Answering Paragraph 119, Mr. Ruehle asserts that no response is required as t the

26   allegations of Paragraph 119 that purport to describe the contents of the Securities Exchange Act

27   of 1934, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

28   Paragraph 119 of the Complaint.

1       120.    Answering Paragraph 120, Mr. Ruehle asserts that the allegations contained in

2   Paragraph 120 of the Complaint constitute legal conclusions to which no response is required.  To

3   the extent a response is required, Mr. Ruehle denies each and every allegation in Paragraph 120

4   of the Complaint.

5       121.    Answering Paragraph 121, Mr. Ruehle asserts that the allegations contained in

6   Paragraph 121 of the Complaint constitute legal conclusions to which no response is required.  To

7   the extent a response is required, Mr. Ruehle denies each and every allegation in Paragraph 121

8   of the Complaint.

9       122.    Answering Paragraph 122, Mr. Ruehle asserts that no response is required as to the

10  allegations of Paragraph 122 that purport to describe the contents of the 2006 10-K, which speaks

11  for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 122 of the

12  Complaint.

13      123.    Answering Paragraph 123, Mr. Ruehle asserts that no response is required as to the

14  allegations of Paragraph 123 that purport to describe the contents of the 2006 10-K, which speaks

15  for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 123 of the

16  Complaint.

17      124.    Answering Paragraph 124, Mr. Ruehle asserts that no response is required as to the

18  allegations of Paragraph 124 that purport to describe the contents of the 2006 10-K, which speaks

19  for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 124 of the

20  Complaint.

21      125.    Answering Paragraph 125, Mr. Ruehle asserts that no response is required as to the

22  allegations of Paragraph 125 that purport to describe the contents of Maxim's Form 10-K for

23  fiscal year 2007, filed with the SEC on September 30, 2008 (the "2007 10-K"), which speaks for

24  itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 125 of the

25  Complaint.

26      126.    Answering Paragraph 126, Mr. Ruehle asserts that no response is required as to the

27  allegations of Paragraph 126 that purport to describe the contents of the 2007 10-K, which speaks

28

1   for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 126 of the

2   Complaint.

3          127.    Answering Paragraph 127, Mr. Ruehle asserts that no response is required as to the

4   allegations of Paragraph 127 that purport to describe the contents of the 2007 10-K, which speaks

5   for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 127 of the

6   Complaint.

7          128.    Answering Paragraph 128, Mr. Ruehle asserts that no response is required as to the

8   allegations of Paragraph 128 that constitute legal conclusions or purport to describe the contents

9   of the 2006 10-K, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every

10  allegation of Paragraph 128 of the Complaint.

11         129.    Answering Paragraph 129, Mr. Ruehle asserts that no response is required as to the

12  allegations of Paragraph 129 that purport to describe the contents of Maxim's April 29, 2003

13  press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

14  Paragraph 129 of the Complaint.

15         130.    Answering Paragraph 130, Mr. Ruehle asserts that no response is required as to the

16  allegations of Paragraph 130 that purport to describe the contents of Maxim's Form 10-Q for the

17  third quarter of fiscal year 2003, filed with the SEC on May 12, 2003 (the "3Q'03 10-Q"), which

18  speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 130 of the

19  Complaint.

20         131.    Answering Paragraph 131, Mr. Ruehle asserts that no response is required as to the

21  allegations of Paragraph 131 that purport to describe the contents of the 3Q'03 10-Q, which

22  speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 131 of the

23  Complaint.

24         132.    Answering Paragraph 132, Mr. Ruehle asserts that no response is required as to the

25  allegations of Paragraph 132 that purport to describe the contents of the 3Q'03 10-Q, which

26  speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 132 of the

27  Complaint.

28

- 23 -

133. Answering Paragraph 133, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 133 that constitute legal conclusions or purport to describe the contents of the 3Q'03 10-Q and 2006 10-K, which speak for themselves. Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 133 of the Complaint.

134. Answering Paragraph 134, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 134 that purport to describe the contents of Maxim's August 12, 2003, which speaks for itself. Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 134 of the Complaint.

135. Answering Paragraph 135, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 135 that purport to describe the contents of Maxim's Form 10-K for fiscal year 2003, filed with the SEC on September 22, 2003 (the "2003 10-K"), which speaks for itself. Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 135 of the Complaint.

136. Answering Paragraph 136, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 136 that purport to describe the contents of the 2003 10-K, which speaks for itself. Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 136 of the Complaint.

137. Answering Paragraph 137, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 137 that purport to describe the contents of the 2003 10-K, which speaks for itself. Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 137 of the Complaint.

138. Answering Paragraph 138, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 138 that purport to describe the contents of the 2003 10-K, which speaks for itself. Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 138 of the Complaint.

139. Answering Paragraph 139, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 139 that purport to describe the contents of the 2003 10-K, which speaks

1   for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 139 of the

2   Complaint.

3           140.    Answering Paragraph 140, Mr. Ruehle asserts that no response is required as to the

4   allegations of Paragraph 140 that purport to describe the contents of the 2003 10-K, which speaks

5   for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 140 of the

6   Complaint.

7           141.    Answering Paragraph 141, Mr. Ruehle asserts that no response is required as to the

8   allegations of Paragraph 141 that constitute legal conclusions or purport to describe the contents

9   of the 2003 10-K and 2006 10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies

10  each and every allegation of Paragraph 141 of the Complaint.

11          142.    Answering Paragraph 142, Mr. Ruehle asserts that no response is required as to the

12  allegations of Paragraph 142 that purport to describe the contents of Maxim's October 28, 2003

13  press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

14  Paragraph 142 of the Complaint.

15          143.    Answering Paragraph 143, Mr. Ruehle asserts that no response is required as to the

16  allegations of Paragraph 143 that purport to describe the contents of Maxim's Form 10-Q for the

17  first quarter of fiscal year 2004, filed with the SEC on November 6, 2003 (the "1Q'04 10-Q"),

18  which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph

19  143 of the Complaint.

20          144.    Answering Paragraph 144, Mr. Ruehle asserts that no response is required as to the

21  allegations of Paragraph 144 that purport to describe the contents of the 1Q'04 10-Q, which

22  speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 144 of the

23  Complaint.

24          145.    Answering Paragraph 145, Mr. Ruehle asserts that no response is required as to the

25  allegations of Paragraph 145 that purport to describe the contents of the 1Q'04 10-Q, which

26  speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 145 of the

27  Complaint.

28

DEFENDANT TIMOTHY RUEHLE'S
ANSWER TO COMPLAINT
CASE NO.  C 08 00832 JW (PVT)

146.     Answering Paragraph 146, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 146 that contain legal conclusions or purport to describe the contents of the 1Q'04 10-Q and 2006 10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 146 of the Complaint.

147.     Answering Paragraph 147, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 147 that purport to describe the contents of Maxim's February 5, 2004 press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 147 of the Complaint.

148.     Answering Paragraph 148, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 148 that purport to describe the contents of Maxim's Form 10-Q for the second quarter of fiscal year 2004, filed with the SEC on February 5, 2004 (the "2Q'04 10-Q"), which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 148 of the Complaint.

149.     Answering Paragraph 149, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 149 that purport to describe the contents of the 2Q'04 10-Q, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 149 of the Complaint.

150.     Answering Paragraph 150, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 150 that purport to describe the contents of the 2Q'04 10-Q, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 150 of the Complaint.

151.     Answering Paragraph 151, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 151 that constitute legal conclusions or purport to describe the contents of the 2Q'04 10-Q and 2006 10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 151 of the Complaint.

152.     Answering Paragraph 152, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 152 that purport to describe the contents of Maxim's April 27, 2004

1    press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

2    Paragraph 152 of the Complaint.

3        153.    Answering Paragraph 153, Mr. Ruehle asserts that no response is required as to the

4    allegations of Paragraph 153 that purport to describe the contents of Maxim's Form 10-Q for the

5    third quarter of fiscal year 2004, filed with the SEC on May 6, 2004 (the "3Q'04 10-Q"), which

6    speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 153 of the

7    Complaint.

8        154.    Answering Paragraph 154, Mr. Ruehle asserts that no response is required as to the

9    allegations of Paragraph 154 that purport to describe the contents of the 3Q'04 10-Q, which

10   speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 154 of the

11   Complaint.

12       155.    Answering Paragraph 155, Mr. Ruehle asserts that no response is required as to the

13   allegations of Paragraph 155 that purport to describe the contents of the 3Q'04 10-Q, which

14   speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 155 of the

15   Complaint.

16       156.    Answering Paragraph 156 Mr. Ruehle asserts that no response is required as to the

17   allegations of Paragraph 156 that constitute legal conclusions or purport to describe the contents

18   of the 3Q'04 10-Q and 2006 10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies

19   each and every allegation of Paragraph 156 of the Complaint.

20       157.    Answering Paragraph 157, Mr. Ruehle asserts that no response is required as to the

21   allegations of Paragraph 157 that purport to describe the contents of Maxim's August 6, 2004

22   press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

23   Paragraph 157 of the Complaint.

24       158.    Answering Paragraph 158, Mr. Ruehle asserts that no response is required as to the

25   allegations of Paragraph 158 that purport to describe the contents of Maxim's Form 10-K for

26   fiscal year 2004, filed with the SEC on September 9, 2004 (the "2004 10-K"), which speaks for

27   itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 158 of the

28   Complaint.

1   159.   Answering Paragraph 159, Mr. Ruehle asserts that no response is required as to the

2   allegations of Paragraph 159 that purport to describe the contents of the 2004 10-K, which speaks

3   for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 159 of the

4   Complaint.

5   160.   Answering Paragraph 160, Mr. Ruehle asserts that no response is required as to the

6   allegations of Paragraph 160 that purport to describe the contents of the 2004 10-K, which speaks

7   for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 160 of the

8   Complaint.

9   161.   Answering Paragraph 161, Mr. Ruehle asserts that no response is required as to the

10  allegations of Paragraph 161 that purport to describe the contents of the 2004 10-K, which speaks

11  for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 161 of the

12  Complaint.

13  162.   Answering Paragraph 162, Mr. Ruehle asserts that no response is required as to the

14  allegations of Paragraph 162 that purport to describe the contents of the 2004 10-K, which speaks

15  for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 162 of the

16  Complaint.

17  163.   Answering Paragraph 163, Mr. Ruehle asserts that no response is required as to the

18  allegations of Paragraph 163 that purport to describe the contents of the 2004 10-K, which speaks

19  for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 163 of the

20  Complaint.

21  164.   Answering Paragraph 164, Mr. Ruehle asserts that no response is required as to the

22  allegations of Paragraph 164 that constitute legal conclusions or purport to describe the contents

23  of the 2004 10-K and 2006 10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies

24  each and every allegation of Paragraph 164 of the Complaint.

25  165.   Answering Paragraph 165, Mr. Ruehle asserts that no response is required as to the

26  allegations of Paragraph 165 that purport to describe the contents of Maxim's November 1, 2004

27  press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

28  Paragraph 165 of the Complaint.

DEFENDANT TIMOTHY RUEHLE'S
ANSWER TO COMPLAINT
CASE NO.  C 08 00832 JW (PVT)

166.     Answering Paragraph 166, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 166 that purport to describe the contents of the transcript of Maxim's November 1, 2004 conference call, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 166 of the Complaint.

167.     Answering Paragraph 167, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 167 that purport to describe the contents of Maxim's Form 10-Q for the first quarter of fiscal year 2005, filed with the SEC on November 4, 2004 (the "1Q'05 10-Q"), which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 167 of the Complaint.

168.     Answering Paragraph 168, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 168 that purport to describe the contents of the 1Q'05 10-Q, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 168 of the Complaint.

169.     Answering Paragraph 169, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 169 that purport to describe the contents of the 1Q'05 10-Q, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 169 of the Complaint.

170.     Answering Paragraph 170, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 170 that constitute legal conclusions or purport to describe the contents of the 1Q'05 10-Q and 2006 10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 170 of the Complaint.

171.     Answering Paragraph 171, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 171 that purport to describe the contents of Maxim's February 1, 2005 press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 171 of the Complaint.

172.     Answering Paragraph 172, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 172 that purport to describe the contents of Maxim's Form 10-Q for the second quarter of fiscal year 2005, filed with the SEC on February 3, 2005 (the "2Q'05 10-Q"),

which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 172 of the Complaint.

173.    Answering Paragraph 173, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 173 that purport to describe the contents of the 2Q'05 10-Q, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 173 of the Complaint.

174.    Answering Paragraph 174, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 174 that purport to describe the contents of the 2Q'05 10-Q, which speaks for itself. Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 174 of the Complaint.

175.    Answering Paragraph 175, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 175 that constitute legal conclusions or purport to describe the contents of the 2Q'05 10-Q and 2006 10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 175 of the Complaint.

176.    Answering Paragraph 176, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 176 that purport to describe the contents of Maxim's May 3, 2005 press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 176 of the Complaint.

177.    Answering Paragraph 177, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 177 that purport to describe the contents of the transcript of Maxim's May 3, 2005 conference call, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 177 of the Complaint.

178.    Answering Paragraph 178, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 178 that purport to describe the contents of Maxim's Form 10-Q for the third quarter of fiscal year 2005, filed with the SEC on May 5, 2005 (the "3Q'05 10-Q"), which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 178 of the Complaint.

179.    Answering Paragraph 179, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 179 that purport to describe the contents of the 3Q'05 10-Q, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 179 of the Complaint.

180.    Answering Paragraph 180, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 180 that purport to describe the contents of the 3Q'05 10-Q, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 180 of the Complaint.

181.    Answering Paragraph 181, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 181 that constitute legal conclusions or purport to describe the contents of the 3Q'05 10-Q and 2006 10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 181 of the Complaint.

182.    Answering Paragraph 182, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 182 that purport to describe the contents of the document cited, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 182 of the Complaint.

183.    Answering Paragraph 183, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 183 that purport to describe the contents of Maxim's August 1, 2005 press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 183 of the Complaint.

184.    Answering Paragraph 184, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 184 that purport to describe the contents of Maxim's Form 10-K for fiscal year 2005, filed with the SEC on September 8, 2005 (the "2005 10-K"), which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 184 of the Complaint.

185.    Answering Paragraph 185, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 185 that purport to describe the contents of the 2005 10-K, which speaks

1   for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 185 of the

2   Complaint.

3          186.    Answering Paragraph 186, Mr. Ruehle asserts that no response is required as to the

4   allegations of Paragraph 186 that purport to describe the contents of the 2005 10-K, which speaks

5   for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 186 of the

6   Complaint.

7          187.    Answering Paragraph 187, Mr. Ruehle asserts that no response is required as to the

8   allegations of Paragraph 187 that purport to describe the contents of the 2005 10-K, which speaks

9   for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 187 of the

10  Complaint.

11         188.    Answering Paragraph 188, Mr. Ruehle asserts that no response is required as to the

12  allegations of Paragraph 188 that purport to describe the contents of the 2005 10-K, which speaks

13  for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 188 of the

14  Complaint.

15         189.    Answering Paragraph 189, Mr. Ruehle asserts that no response is required as to the

16  allegations of Paragraph 189 that constitute legal conclusions or purport to describe the contents

17  of the 2005 10-K and 2006 10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies

18  each and every allegation of Paragraph 189 of the Complaint.

19         190.    Answering Paragraph 190, Mr. Ruehle asserts that no response is required as to the

20  allegations of Paragraph 190 that purport to describe the contents of Maxim's October 27, 2005

21  press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

22  Paragraph 190 of the Complaint.

23         191.    Answering Paragraph 191, Mr. Ruehle asserts that no response is required as to the

24  allegations of Paragraph 191 that purport to describe the contents of refers to the transcript of

25  Maxim's October 27, 2005 conference call, which speaks for itself.  Otherwise, Mr. Ruehle

26  denies each and every allegation of Paragraph 191 of the Complaint.

27         192.    Answering Paragraph 192, Mr. Ruehle asserts that no response is required as to the

28  allegations of Paragraph 192 that purport to describe the contents of Maxim's Form 10-Q for the

DEFENDANT TIMOTHY RUEHLE'S
ANSWER TO COMPLAINT
CASE NO.  C 08 00832 JW (PVT)

first quarter of fiscal year 2006, filed with the SEC on November 3, 2005 (the "1Q'06 10-Q"),

which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph

192 of the Complaint.

193.    Answering Paragraph 193, Mr. Ruehle asserts that no response is required as to the

allegations of Paragraph 193 that purport to describe the contents of the 1Q'06 10-Q, which

speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 193 of the

Complaint.

194.    Answering Paragraph 194, Mr. Ruehle asserts that no response is required as to the

allegations of Paragraph 194 that purport to describe the contents of the 1Q'06 10-Q, which

speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 194 of the

Complaint.

195.    Answering Paragraph 195, Mr. Ruehle asserts that no response is required as to the

allegations of Paragraph 195 that purport to describe the contents of the 1Q'06 10-Q, which

speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 195 of the

Complaint.

196.    Answering Paragraph 196, Mr. Ruehle asserts that no response is required as to the

allegations of Paragraph 196 that purport to describe the contents of the 1Q'06 10-Q, which

speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 196 of the

Complaint.

197.    Answering Paragraph 197, Mr. Ruehle asserts that no response is required as to the

allegations of Paragraph 197 that constitute legal conclusions or purport to describe the contents

of the 1Q'06 10-Q and 2006 10-K, which speak for themselves. Otherwise, Mr. Ruehle denies

each and every allegation of Paragraph 197 of the Complaint.

198.    Answering Paragraph 198, Mr. Ruehle asserts that no response is required as to the

allegations of Paragraph 198 that purport to describe the contents of Maxim's January 25, 2006

press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

Paragraph 198 of the Complaint.

199.    Answering Paragraph 199, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 199 that purport to describe the contents of Maxim's Form 10-Q for the second quarter of fiscal year 2006, filed with the SEC on February 2, 2006, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 199 of the Complaint.

200.    Answering Paragraph 200, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 200 that purport to describe the contents of Maxim's Form 10-Q/A for the second quarter of fiscal year 2006, filed with the SEC on April 26, 2006 (the "2Q'06 10-Q/A"), which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 200 of the Complaint.

201.    Answering Paragraph 201, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 201that purport to describe the contents of the 2Q'06 10-Q/A, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 201 of the Complaint.

202.    Answering Paragraph 202, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 202 that purport to describe the contents of the 2Q'06 10-Q/A, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 202 of the Complaint.

203.    Answering Paragraph 203, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 203 that constitute legal conclusions or purport to describe the contents of the 2Q'06 10-Q/A and 2006 10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 203 of the Complaint.

204.    Answering Paragraph 204, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 204 that purport to describe the contents of the documents cited, including the 2Q'06 10-Q/A and 2006 10-K, which speak for themselves.  Mr. Ruehle asserts that the allegation contained in the third sentence of Paragraph 204 of the Complaint does not constitute an allegation to which a response is required.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 204 of the Complaint.

205.    Answering Paragraph 205, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 205 that purport to describe the contents of Maxim's April 26, 2006 press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 205 of the Complaint.

206.    Answering Paragraph 206 Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 206 that purport to describe the contents of the transcript of Maxim's April 26, 2006 conference call, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 206 of the Complaint.

207.    Answering Paragraph 207, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 207 that purport to describe the contents of Maxim's Form 10-Q for the third quarter of fiscal year 2006, filed with the SEC on May 3, 2006 (the "3Q'06 10-Q"), which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 207 of the Complaint.

208.    Answering Paragraph 208, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 208 that purport to describe the contents of the 3Q'06 10-Q, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 208 of the Complaint.

209.    Answering Paragraph 209, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 209 that purport to describe the contents of the 3Q'06 10-Q, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 209 of the Complaint.

210.    Answering Paragraph 210, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 210 that constitute legal conclusions or purport to describe the contents of the 3Q'06 10-Q and 2006 10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 210 of the Complaint.

211.    Answering Paragraph 211, Mr. Ruehle denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of Paragraph 211 of the Complaint.  Mr. Ruehle asserts that no response is required as to the allegations of Paragraph

1   211 that purport to describe the contents of the document referenced, which speaks for itself.

2   Otherwise, Mr. Ruehle denies each and every remaining allegation of Paragraph 211 of the

3   Complaint.

4          212.   Answering Paragraph 212, Mr. Ruehle asserts that no response is required as to the

5   allegations of Paragraph 212 that purport to describe the contents of Maxim's August 4, 2006

6   press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

7   Paragraph 212 of the Complaint.

8          213.   Answering Paragraph 213, Mr. Ruehle asserts that no response is required as to the

9   allegations of Paragraph 213 that constitute legal conclusions or purport to describe the contents

10  of the August 4, 2006 press release, Form 8-K, and 2006 10-K, which speak for themselves.

11  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 213 of the Complaint.

12         214.   Answering Paragraph 214, Mr. Ruehle asserts that no response is required as to the

13  allegations of Paragraph 214 that purport to describe the contents of Maxim's Form 12b-25, filed

14  with the SEC on September 7, 2006, which speaks for itself.  Otherwise, Mr. Ruehle denies each

15  and every allegation of Paragraph 214 of the Complaint.

16         215.   Answering Paragraph 215, Mr. Ruehle asserts that no response is required as to the

17  allegations of Paragraph 215 that purport to describe the contents of Maxim's September 28, 2006

18  press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

19  Paragraph 215 of the Complaint.

20         216.   Answering Paragraph 216, Mr. Ruehle asserts that no response is required as to the

21  allegations of Paragraph 216 that purport to describe the contents of Maxim's November 1, 2006

22  press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

23  Paragraph 216 of the Complaint.

24         217.   Answering Paragraph 217, Mr. Ruehle asserts that no response is required as to the

25  allegations of Paragraph 217 that purport to describe the contents of the transcript of Maxim's

26  November 1, 2006 conference call, which speaks for itself.  Otherwise, Mr. Ruehle denies each

27  and every allegation of Paragraph 217 of the Complaint.

28

218.     Answering Paragraph 218, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 218 that purport to describe the contents of Maxim's Form 12b-25, filed with the SEC on November 2, 2006, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 218 of the Complaint.

219.     Answering Paragraph 219, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 214 that purport to describe the contents of Maxim's Form 8-K, filed with the SEC on November 13, 2006, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 219 of the Complaint.

220.     Answering Paragraph 220, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 220 that constitute legal conclusions or purport to describe the contents of Maxim's November 1, 2006 through November 13, 2006 public statements and 2006 10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 220 of the Complaint.

221.     Answering Paragraph 221, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 221 that purport to describe the contents of Maxim's January 31, 2007 press release, which speaks for itself. Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 221 of the Complaint.

222.     Answering Paragraph 222, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 222 that purport to describe the contents of Maxim's February 7, 2007 press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 222 of the Complaint.

223.     Answering Paragraph 223, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 223 that purport to describe the contents of Maxim's Form 12b-25, filed with the SEC on February 7, 2007, which speaks for itself. Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 223 of the Complaint.

224.     Answering Paragraph 224, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 224 that purport to describe the contents of Maxim's February 13, 2007

1   press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

2   Paragraph 224 of the Complaint.

3        225.    Answering Paragraph 225, Mr. Ruehle asserts that no response is required as to the

4   allegations of Paragraph 225 that purport to describe the contents of Maxim's February 7, 2007

5   through February 13, 2007 public statements and 2006 10-K, which speak for themselves.  Mr.

6   Ruehle further asserts that the allegations contained in Paragraph 225 of the Complaint constitute

7   legal conclusions to which no response is required.  Otherwise, Mr. Ruehle denies each and every

8   allegation of Paragraph 225 of the Complaint.

9        226.    Answering Paragraph 226, Mr. Ruehle asserts that no response is required as to the

10  allegations of Paragraph 226 that purport to describe the contents of Maxim's Form 8-K, filed

11  with the SEC on March 9, 2007, which speaks for itself.  Otherwise, Mr. Ruehle denies each and

12  every allegation of Paragraph 226 of the Complaint.

13       227.    Answering Paragraph 227, Mr. Ruehle asserts that no response is required as to the

14  allegations of Paragraph 227 that purport to describe the contents of Maxim's April 25, 2007

15  press release, which speaks for itself. Otherwise, Mr. Ruehle denies each and every allegation of

16  Paragraph 227 of the Complaint.

17       228.    Answering Paragraph 228, Mr. Ruehle asserts that no response is required as to the

18  allegations of Paragraph 214 that purport to describe the contents of Maxim's Form 12b-25, filed

19  with the SEC on May 3, 2007, which speaks for itself.  Otherwise, Mr. Ruehle denies each and

20  every allegation of Paragraph 228 of the Complaint.

21       229.    Answering Paragraph 229, Mr. Ruehle asserts that no response is required as to the

22  allegations of Paragraph 229 that purport to describe the contents of the documents cited, which

23  speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 229

24  of the Complaint.

25       230.    Answering Paragraph 230, Mr. Ruehle asserts that no response is required as to the

26  allegations of Paragraph 230 that purport to describe the contents of the document cited, which

27  speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 230 of the

28  Complaint.

231.     Answering Paragraph 231, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 231 that purport to describe the contents of the document cited, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 231 of the Complaint.

232.     Answering Paragraph 232, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 232 that constitute legal conclusions or purport to describe the contents of Maxim's March through July 2007 public statements and 2006 10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 232 of the Complaint.

233.     Answering Paragraph 233, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 233 that purport to describe the contents of Maxim's August 2, 2007 press release, which speaks for itself. Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 233 of the Complaint.

234.     Answering Paragraph 234, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 234 that purport to describe the contents of Maxim's August 23, 2007 press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 234 of the Complaint.

235.     Answering Paragraph 235, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 235 that purport to describe the contents of Maxim's Form 12b-25, filed with the SEC on August 30, 2007, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 235 of the Complaint.

236.     Answering Paragraph 236, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 236 that purport to describe the contents of Maxim's September 6, 2007 press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 236 of the Complaint.

237.     Answering Paragraph 237, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 237 that purport to describe the contents of Maxim's September 25, 2007

1   press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

2   Paragraph 237 of the Complaint.

3        238.    Answering Paragraph 238, Mr. Ruehle asserts that no response is required as to the

4   allegations of Paragraph 238 that purport to describe the contents of Maxim's October 2, 2007

5   press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

6   Paragraph 238 of the Complaint.

7        239.    Answering Paragraph 239, Mr. Ruehle asserts that no response is required as to the

8   allegations of Paragraph 239 that constitute legal conclusions or purport to describe the contents

9   of Maxim's August through October 2008 public statements and 2006 10-K, which speak for

10  themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 239 of the

11  Complaint.

12       240.    Answering Paragraph 240, Mr. Ruehle asserts that no response is required as to the

13  allegations of Paragraph 240 that purport to describe the contents of Maxim's November 1, 2007

14  press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

15  Paragraph 240 of the Complaint.

16       241.    Answering Paragraph 241, Mr. Ruehle asserts that no response is required as to the

17  allegations of Paragraph 241 that purport to describe the contents of Maxim's Form 12b-25, filed

18  with the SEC on November 14, 2007, which speaks for itself.  Otherwise, Mr. Ruehle denies each

19  and every allegation of Paragraph 241 of the Complaint.

20       242.    Answering Paragraph 242, Mr. Ruehle asserts that no response is required as to the

21  allegations of Paragraph 242 that constitute legal conclusions or purport to describe the contents

22  of Maxim's September through November 2007 public statements and 2006 10-K, which speak

23  for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 242 of the

24  Complaint.

25       243.    Answering Paragraph 243, Mr. Ruehle asserts that no response is required as to the

26  allegations of Paragraph 243 that contain legal conclusions or purport to describe the contents of

27  Maxim's proxies filed on with the SEC on Schedule 14A, which speak for themselves.  Otherwise,

28

DEFENDANT TIMOTHY RUEHLE'S
ANSWER TO COMPLAINT
CASE NO.  C 08 00832 JW (PVT)

1    Mr. Ruehle lacks knowledge or information sufficient to form a belief as to the truth of each and

2    every allegation contained in Paragraph 243 of the Complaint and denies on that basis.

3            244.    Answering Paragraph 244, Mr. Ruehle denies knowledge or information sufficient

4    to form a belief as to the truth of the allegations contained in Paragraph 244 of the Complaint.

5            245.    Answering Paragraph 245, Mr. Ruehle asserts that no response is required as to the

6    allegations of Paragraph 245 that purport to describe the contents of Maxim's October 7, 2003

7    Proxy Statement, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every

8    allegation of Paragraph 245 of the Complaint.

9            246.    Answering Paragraph 246, Mr. Ruehle asserts that no response is required as to the

10   allegations of Paragraph 246 that purport to describe the contents of Maxim's June 25, 2004

11   Proxy Statement, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every

12   allegation of Paragraph 246 of the Complaint.

13           247.    Answering Paragraph 247, Mr. Ruehle asserts that no response is required as to the

14   allegations of Paragraph 247 that purport to describe the contents of Maxim's August 19, 2004

15   Proxy Statement, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every

16   allegation of Paragraph 247 of the Complaint.

17           248.    Answering Paragraph 248, Mr. Ruehle asserts that no response is required as to the

18   allegations of Paragraph 248 that purport to describe the contents of Maxim's August 19, 2004

19   Proxy Statement, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every

20   allegation of Paragraph 248 of the Complaint.

21           249.    Answering Paragraph 249, Mr. Ruehle asserts that no response is required as to the

22   allegations of Paragraph 249 that purport to describe the contents of Maxim's August 19, 2004

23   Proxy Statement, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every

24   allegation of Paragraph 249 of the Complaint.

25           250.    Answering Paragraph 250, Mr. Ruehle asserts that no response is required as to the

26   allegations of Paragraph 250 that purport to describe the contents of Maxim's August 19, 2004

27   Proxy Statement, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every

28   allegation of Paragraph 250 of the Complaint.

251.     Answering Paragraph 251, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 251 that purport to describe the contents of Maxim's October 7, 2005 Proxy Statement, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 251 of the Complaint.

252.     Answering Paragraph 252, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 252 that purport to describe the contents of Maxim's October 7, 2005 Proxy Statement, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 252 of the Complaint.

253.     Answering Paragraph 253, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 253 that purport to describe the contents of Maxim's October 7, 2005 Proxy Statement, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 253 of the Complaint.

254.     Answering Paragraph 254, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 254 that constitute legal conclusions or purport to describe the contents of Maxim's proxy statements and 2006 10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 254 of the Complaint.

255.     Answering Paragraph 255, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 255 that constitute legal conclusions or purport to describe the contents of the 2006 10-K and Maxim's financial statements, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 255 of the Complaint.

256.     Answering Paragraph 256, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 256 that constitute legal conclusions or purport to describe the contents of the Statements on Auditing Standards No. 1, AU § 110.03, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 256 of the Complaint.

257.     Answering Paragraph 257, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 257 that purport to describe the contents of Maxim's annual and quarterly financial results for 1997 through 2006, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 257 of the Complaint.

258.     Answering Paragraph 258, Mr. Ruehle avers that the allegations contained in Paragraph 258 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 258 of the Complaint.

259.     Answering Paragraph 259, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 259 that purport to describe the contents of GAAP, SEC Regulation S-X, and 17 C.F.R. § 210.4-01(a)(l), which speak for themselves.  Mr. Ruehle otherwise avers that the allegations contained in Paragraph 259 of the Complaint do not constitute allegations to which a response is required. To the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 259 of the Complaint.

260.     Answering Paragraph 260, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 260 that purport to describe the contents of FASB Statement of Financial Accounting Concepts No. 1, which speaks for itself.  Mr. Ruehle otherwise avers that the allegations contained in Paragraph 260 of the Complaint do not constitute allegations to which a response is required.  To the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 260 of the Complaint.

261.     Answering Paragraph 261, Mr. Ruehle avers that the allegations contained in Paragraph 261 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 261 of the Complaint.

262.     Answering Paragraph 262, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 262 that purport to describe the contents of SFAS 123(R), which speaks for itself.  Mr. Ruehle otherwise avers that the allegations contained in Paragraph 262 of the Complaint do not constitute allegations to which a response is required.  To the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 262 of the Complaint.

263.     Answering Paragraph 263, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 263 that purport to describe the contents of APB No. 25, which speaks

1   for itself.  Mr. Ruehle otherwise avers that the allegations contained in Paragraph 263 do not

2   constitute allegations to which a response is required.  To the extent a response is required, Mr.

3   Ruehle denies each and every allegation in Paragraph 263 of the Complaint to the extent any of

4   the allegations relate to Mr. Ruehle.  Otherwise, Mr. Ruehle denies each and every allegation in

5   Paragraph 263 of the Complaint for lack of knowledge or information sufficient to form a belief

6   as to the truth of the allegations.

7   264.   Answering Paragraph 264, Mr. Ruehle asserts that no response is required as to the

8   allegations of Paragraph 264 that purport to describe the contents of APB No. 25, which speaks

9   for itself.  Mr. Ruehle otherwise avers that the allegations contained in Paragraph 264 of the

10  Complaint do not constitute allegations to which a response is required. To the extent any

11  response is required, Mr. Ruehle denies each and every allegation of Paragraph 264 of the

12  Complaint.

13  265.   Answering Paragraph 265, Mr. Ruehle denies the allegations as to him contained

14  in Paragraph 265 of the Complaint, and is without sufficient knowledge or information to form a

15  belief as to the truth of the allegations with respect to his co-defendants and denies them on that

16  basis.

17  266.   Answering Paragraph 266, Mr. Ruehle asserts that no response is required as to the

18  allegations of Paragraph 266 that purport to describe the contents of Accounting Principals Board

19  Opinion No. 20 ("APB No. 20"), which speaks for itself.  Mr. Ruehle otherwise avers that the

20  allegations contained in Paragraph 266 of the Complaint do not constitute allegations to which a

21  response is required.  To the extent any response is required, Mr. Ruehle denies each and every

22  allegation of Paragraph 266 of the Complaint.

23  267.   Answering Paragraph 267, Mr. Ruehle asserts that no response is required as to the

24  allegations of Paragraph 267 that purport to describe the contents of APB No. 20 and the 2006

25  10-K, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of

26  Paragraph 267 of the Complaint.

27  268.   Answering Paragraph 268, Mr. Ruehle asserts that no response is required as to the

28  allegations of Paragraph 268 that purport to describe the contents of FASB Statement of Financial

- 44 -

Accounting Concepts No. 1, which speaks for itself.  Mr. Ruehle otherwise avers that the allegation contained in the first sentence of Paragraph 268 of the Complaint does not constitute an allegation to which a response is required and that the allegation contained in the second sentence of Paragraph 268 constitutes a legal conclusion to which no response is required.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 268 of the Complaint.

269.    Answering Paragraph 269, Mr. Ruehle denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in the Paragraph 269 of the Complaint.  Mr. Ruehle further avers that the allegations contained in Paragraph 269 of the Complaint constitute legal conclusions and characterizations of the 2006 10-K, which speaks for itself, to which no response is required.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 269 of the Complaint.

270.    Answering Paragraph 270, Mr. Ruehle avers that the allegations contained in Paragraph 270 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 270 of the Complaint.

271.    Answering Paragraph 271, to the extent any of the allegations of Paragraph 271 relate to Mr. Ruehle, Mr. Ruehle denies each and every allegation of Paragraph 271 of the Complaint.  Otherwise, Mr. Ruehle denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in the Paragraph 271 of the Complaint.

272.    Answering Paragraph 272, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 272 that purport to describe the contents of the Form 4s cited, which speak for themselves.  Mr. Ruehle otherwise avers that the allegations contained in Paragraph 272 of the Complaint do not constitute allegations to which a response is required.  To the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 272 of the Complaint.

273.    Answering Paragraph 273, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 273 that purport to describe the contents of the Form 4 cited, which speaks for itself.  Mr. Ruehle otherwise avers that the allegations contained in Paragraph 273 of

- 45 -

1   the Complaint do not constitute allegations to which a response is required.  To the extent any

2   response is required, Mr. Ruehle denies each and every allegation of Paragraph 273 of the

3   Complaint.

4          274.    Answering Paragraph 274, to the extent any of the allegations of Paragraph 274

5   relate to Mr. Ruehle, Mr. Ruehle denies each and every allegation of Paragraph 274 of the

6   Complaint.  Otherwise, Mr. Ruehle denies knowledge or information sufficient to form a belief as

7   to the truth of the allegation contained in the Paragraph 274 of the Complaint.

8          275.    Answering Paragraph 275, Mr. Ruehle avers that the allegations contained in

9   Paragraph 275 of the Complaint constitute legal conclusions to which no response is required.  To

10  the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 275

11  of the Complaint.

12         276.    Answering Paragraph 276, Mr. Ruehle avers that the allegations contained in

13  Paragraph 276 of the Complaint constitute legal conclusions to which no response is required.  To

14  the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 276

15  of the Complaint.

16         277.    Answering Paragraph 277, Mr. Ruehle asserts that no response is required as to the

17  allegations of Paragraph 277 that purport to describe the contents of Item 402 of Regulation S-K,

18  17 C.F.R. § 229.303, which speaks for itself.  Mr. Ruehle otherwise avers that the allegations

19  contained in Paragraph 277 of the Complaint do not constitute allegations to which a response is

20  required.  To the extent any response is required, Mr. Ruehle denies each and every allegation of

21  Paragraph 277 of the Complaint.

22         278.    Answering Paragraph 278, Mr. Ruehle asserts that no response is required as to the

23  allegations of Paragraph 278 that purport to describe the contents of the 2007 10-K, which speaks

24  for itself.  Mr. Ruehle otherwise denies each and every allegation contained in Paragraph 278 of

25  the Complaint.

26         279.    Answering Paragraph 279, Mr. Ruehle avers that the allegation contained in

27  Paragraph 279 of the Complaint constitute legal conclusions to which no response is required.  To

28

1   the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 279

2   of the Complaint.

3       280.    Answering Paragraph 280, Mr. Ruehle avers that the allegations contained in

4   Paragraph 280 of the Complaint constitute legal conclusions to which no response is required.  To

5   the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 280

6   of the Complaint.

7       281.    Answering Paragraph 281, Mr. Ruehle avers that the allegations contained in

8   Paragraph 281 of the Complaint constitute legal conclusions to which no response is required.  To

9   the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 281

10  of the Complaint.

11      282.    Answering Paragraph 282, Mr. Ruehle avers that the allegations contained in

12  Paragraph 282 of the Complaint constitute legal conclusions to which no response is required.  To

13  the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 282

14  of the Complaint.

15      283.    Answering Paragraph 283, Mr. Ruehle asserts that no response is required as to the

16  allegations of Paragraph 283 that purport to describe the contents of Internal Revenue Code §

17  162(m), which speaks for itself.  Mr. Ruehle otherwise avers that the allegations contained in

18  Paragraph 283 of the Complaint constitute legal conclusions to which no response is required.  To

19  the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 283

20  of the Complaint.

21      284.    Answering Paragraph 284, Mr. Ruehle asserts that no response is required as to the

22  allegations of Paragraph 284 that purport to describe the contents of the 2006 10-K, which speaks

23  for itself.  Mr. Ruehle otherwise avers that the allegations contained in Paragraph 284 of the

24  Complaint constitute legal conclusions to which no response is required.  To the extent any

25  response is required, Mr. Ruehle denies each and every allegation of Paragraph 284 of the

26  Complaint.

27      285.    Answering Paragraph 285, Mr. Ruehle avers that the allegations contained in

28  Paragraph 284 of the Complaint constitute legal conclusions to which no response is required.  To

1   the extent any response is required, Mr. Ruehle denies each and every allegation contained in

2   Paragraph 285 of the Complaint.

3          286.    Answering Paragraph 286, Mr. Ruehle avers that the allegations contained in

4   Paragraph 286 of the Complaint do not constitute allegations to which a response is required.  To

5   the extent any response is required, Mr. Ruehle denies each and every allegation contained in

6   Paragraph 286 of the Complaint.

7          287.    Answering Paragraph 287, Mr. Ruehle avers that the allegations contained in

8   Paragraph 287 of the Complaint constitute legal conclusions to which no response is required.  To

9   the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 287

10  of the Complaint.

11         288.    Answering Paragraph 288, Mr. Ruehle asserts that no response is required as to the

12  allegations of Paragraph 288 that purport to describe the contents of the 2006 10-K, which speaks

13  for itself.  Otherwise, Mr. Ruehle denies each and every remaining allegation of Paragraph 288 of

14  the Complaint.

15         289.    Answering Paragraph 289, Mr. Ruehle denies each and every allegation contained

16  in Paragraph 289 of the Complaint.

17         290.    Answering Paragraph 290, Mr. Ruehle asserts that no response is required as to the

18  allegations of Paragraph 290 that purport to describe the contents of the December 12, 2006 *Wall*

19  *Street Journal* article entitled, "How Backdating Helped Executives Cut Their Taxes," which

20  speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 290 of the

21  Complaint.

22         291.    Answering Paragraph 291, Mr. Ruehle asserts that no response is required as to the

23  allegations of Paragraph 291 that purport to describe the contents of the January 10, 2007,

24  Fortune Magazine article entitled, "New Backdating Scheme Rips Off Shareholders," which

25  speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 291 of the

26  Complaint.

27         292.    Answering Paragraph 292, Mr. Ruehle asserts that no response is required as to the

28  allegations of Paragraph 292 that purport to describe the contents of the 2006 10-K, which speaks

1  for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 292 of the

2  Complaint.

3       293.    Answering Paragraph 293, Mr. Ruehle avers that the allegations contained in

4  Paragraph 293 of the Complaint constitute legal conclusions to which no response is required.  To

5  the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 293

6  of the Complaint.

7       294.    Answering Paragraph 294, Mr. Ruehle avers that the allegations contained in

8  Paragraph 294 of the Complaint constitute legal conclusions to which no response is required.  To

9  the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 294

10  of the Complaint.

11       295.    Answering Paragraph 295, Mr. Ruehle avers that the allegations contained in

12  Paragraph 295 of the Complaint constitute legal conclusions to which no response is required.  To

13  the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 295

14  of the Complaint.

15       296.    Answering Paragraph 296, Mr. Ruehle asserts that no response is required as to the

16  allegations of Paragraph 296 that purport to describe the contents of the March 18, 2006 *Wall

17  Street Journal* article entitled, "The Perfect Payday," which speaks for itself.  Otherwise, Mr.

18  Ruehle denies each and every allegation of Paragraph 296 of the Complaint.

19       297.    Answering Paragraph 297, Mr. Ruehle asserts that no response is required as to the

20  allegations of Paragraph 297 that purport to describe the contents of the Merrill Lynch Report

21  cited, which speaks for itself, and to publicly available information concerning the trading prices

22  of Maxim's common stock.  Mr. Ruehle otherwise denies each and every allegation contained in

23  Paragraph 297 of the Complaint.

24       298.    Answering Paragraph 298, Mr. Ruehle denies knowledge or information sufficient

25  to form a belief as to the truth of the allegation contained in the first sentence of Paragraph 298 of

26  the Complaint.  Mr. Ruehle asserts that no response is required as to the allegations of Paragraph

27  298 that purport to describe the contents of the May 23, 2006 Credit Suisse analyst report cited,

28

1  which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph

2  298 of the Complaint.

3          299.  Answering Paragraph 299, Mr. Ruehle asserts that no response is required as to the

4  allegations of Paragraph 299 that purport to describe the contents of Maxim's May 23, 2006 press

5  release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

6  Paragraph 299 of the Complaint.

7          300.  Answering Paragraph 300, Mr. Ruehle asserts that no response is required as to the

8  allegations of Paragraph 300 that purport to describe the contents of the documents cited, which

9  speak for themselves, and to publicly available information concerning the trading prices of

10  Maxim's common stock.  Mr. Ruehle otherwise denies each and every allegation contained in

11  Paragraph 300 of the Complaint.

12          301.  Answering Paragraph 301, Mr. Ruehle denies knowledge or information sufficient

13  to form a belief as to the truth of the allegation contained in the first sentence of Paragraph 301 of

14  the Complaint.  Mr. Ruehle asserts that no response is required as to the allegations of Paragraph

15  301 that purport to describe the contents of the document cited, which speaks for itself.  To the

16  extent any of the allegations of Paragraph 301 requires a response, Mr. Ruehle denies each and

17  every allegation of Paragraph 301 of the Complaint.

18          302.  Answering Paragraph 302, Mr. Ruehle asserts that no response is required as to the

19  allegations of Paragraph 302 that purport to describe the contents of Maxim's July 3, 2006 press

20  release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

21  Paragraph 302 of the Complaint.

22          303.  Answering Paragraph 303, Mr. Ruehle asserts that no response is required as to the

23  allegations of Paragraph 303 that purport to describe the contents of the document cited, which

24  speaks for itself.  Mr. Ruehle otherwise lacks knowledge or information sufficient to form a belief

25  as to the truth of the allegations contained in Paragraph 303 of the Complaint and denies the

26  allegations on that basis.

27          304.  Answering Paragraph 304, Mr. Ruehle asserts that no response is required as to the

28  allegations of Paragraph 304 that purport to describe the contents of the document cited, which

1    speaks for itself, and to publicly available information concerning the trading prices of Maxim's

2    common stock.  Mr. Ruehle otherwise denies each and every allegation contained in Paragraph

3    304 of the Complaint.

4          305.    Answering Paragraph 305, Mr. Ruehle asserts that no response is required as to the

5    allegations of Paragraph 305 that purport to describe the contents of publicly available

6    information concerning the trading prices of Maxim's common stock.  Mr. Ruehle otherwise

7    avers that the allegation contained in Paragraph 305 of the Complaint does not constitute an

8    allegation to which a response is required.  To the extent any response is required, Mr. Ruehle

9    denies each and every allegation contained in Paragraph 305 of the Complaint.

10         306.    Answering Paragraph 306, Mr. Ruehle asserts that no response is required as to the

11   allegations of Paragraph 306 that purport to describe the contents of Maxim's Form 12b-25, filed

12   with the SEC on September 7, 2006, which speaks for itself.  Otherwise, Mr. Ruehle denies each

13   and every allegation of Paragraph 306 of the Complaint.

14         307.    Answering Paragraph 307, Mr. Ruehle asserts that no response is required as to the

15   allegations of Paragraph 307 that purport to describe the contents of publicly available

16   information concerning the trading prices of Maxim's common stock.  Mr. Ruehle otherwise

17   denies each and every allegation contained in Paragraph 307 of the Complaint.

18         308.    Answering Paragraph 308, Mr. Ruehle asserts that no response is required as to the

19   allegations of Paragraph 308 that purport to describe the contents of Maxim's September 28, 2006

20   press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

21   Paragraph 308 of the Complaint.

22         309.    Answering Paragraph 309, Mr. Ruehle asserts that no response is required as to the

23   allegations of Paragraph 309 that purport to describe the contents of the December 12, 2006 *Wall*

24   *Street Journal* article entitled, "How Backdating Helped Executives Cut Their Taxes," which

25   speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 309 of the

26   Complaint.

27         310.    Answering Paragraph 310, Mr. Ruehle asserts that no response is required as to the

28   allegations of Paragraph 310 that purport to describe the contents of Maxim's December 19, 2006

DEFENDANT TIMOTHY RUEHLE'S
ANSWER TO COMPLAINT
CASE NO. C 08 00832 JW (PVT)

1    press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

2    Paragraph 310 of the Complaint.

3         311.    Answering Paragraph 311, Mr. Ruehle asserts that no response is required as to the

4    allegations of Paragraph 311 that purport to describe the contents of Maxim's January 31, 2007

5    press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

6    Paragraph 311 of the Complaint.

7         312.    Answering Paragraph 312, Mr. Ruehle asserts that no response is required as to the

8    allegations of Paragraph 312 that purport to describe the contents of Maxim's January 31, 2007

9    press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of

10   Paragraph 312 of the Complaint.

11        313.    Answering Paragraph 313, Mr. Ruehle asserts that no response is required as to the

12   allegations of Paragraph 313 that purport to describe the contents of the documents cited, which

13   speak for themselves.  Mr. Ruehle otherwise lacks knowledge or information sufficient to form a

14   belief as to the truth of the allegations contained in Paragraph 313 of the Complaint and denies on

15   that basis.

16        314.    Answering Paragraph 314, Mr. Ruehle asserts that no response is required as to the

17   allegations of Paragraph 314 that purport to describe the contents of Maxim's Form 8-K, filed

18   with the SEC on March 9, 2007, which speaks for itself.  Otherwise, Mr. Ruehle denies each and

19   every allegation of Paragraph 314 of the Complaint.

20        315.    Answering Paragraph 315, Mr. Ruehle asserts that no response is required as to the

21   allegations of Paragraph 315 that purport to describe the contents of the document cited, which

22   speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 315 of the

23   Complaint.

24        316.    Answering Paragraph 316, Mr. Ruehle asserts that no response is required as to the

25   allegations of Paragraph 316 that purport to describe the contents of the documents cited, which

26   speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 316

27   of the Complaint.

28

DEFENDANT TIMOTHY RUEHLE'S
ANSWER TO COMPLAINT
CASE NO.  C 08 00832 JW (PVT)

317.     Answering Paragraph 317, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 317 that purport to describe the contents of Maxim's July 17, 2007 press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 317 of the Complaint.

318.     Answering Paragraph 318, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 318 that purport to describe the contents of the documents cited, which speak for themselves. Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 318 of the Complaint.

319.     Answering Paragraph 319, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 319 that purport to describe the contents of Maxim's Form 8-K, filed with the SEC on August 23, 2007, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 319 of the Complaint.

320.     Answering Paragraph 320, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 320 that purport to describe the contents of the document cited, which speaks for itself, and to publicly available information concerning the trading prices of Maxim's common stock.  Mr. Ruehle otherwise denies each and every allegation contained in Paragraph 320 of the Complaint.

321.     Answering Paragraph 321, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 321 that purport to describe the contents of the document cited, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 321 of the Complaint.

322.     Answering Paragraph 322, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 322 that purport to describe the contents of the public disclosures referenced in Paragraph 322 of the Complaint, which speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 322 of the Complaint.

323.     Answering Paragraph 323, Mr. Ruehle asserts that no response is required as to the allegations of Paragraph 323 that purport to describe the contents of publicly available information concerning the trading prices of Maxim's common stock.  Mr. Ruehle otherwise

avers that the allegation contained in Paragraph 323 of the Complaint does not constitute an

allegation to which a response is required.  To the extent any response is required, Mr. Ruehle

denies each and every allegation contained in Paragraph 323 of the Complaint.

324.    Answering Paragraph 324, Mr. Ruehle asserts that no response is required as to the

allegations of Paragraph 324 that purport to describe the contents of the documents cited,

including Maxim's September 25, 2007 press release, which speak for themselves.  Mr. Ruehle

denies knowledge or information sufficient to form a belief as to the truth of the allegation

contained in the second sentence of Paragraph 324 of the Complaint.  Mr. Ruehle otherwise

denies each and every allegation contained in Paragraph 324.

325.    Answering Paragraph 325, Mr. Ruehle asserts that no response is required as to the

allegations of Paragraph 325 that purport to describe the contents of the documents cited, which

speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 325

of the Complaint.

326.    Answering Paragraph 326, Mr. Ruehle asserts that no response is required as to the

allegations of Paragraph 326 that purport to describe the contents of the public disclosures and

documents cited, which speak for themselves, and to publicly available information concerning

the trading prices of Maxim's common stock.  Mr. Ruehle otherwise denies each and every

allegation contained in Paragraph 326 of the Complaint.

327.    Answering Paragraph 327, Mr. Ruehle asserts that no response is required as to the

allegations of Paragraph 327 that purport to describe the contents of the announcement cited,

which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph

327 of the Complaint.

328.    Answering Paragraph 328, Mr. Ruehle asserts that no response is required as to the

allegations of Paragraph 328 that purport to describe the contents of the document cited, which

speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 328 of the

Complaint.

329.    Answering Paragraph 329, Mr. Ruehle asserts that no response is required as to the

allegations of Paragraph 329 that purport to describe the contents of the documents cited, which

1  speak for themselves. Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 329
2  of the Complaint.

3  330.  Answering Paragraph 330, Mr. Ruehle asserts that no response is required as to the
4  allegations of Paragraph 330 that purport to describe the contents of Maxim's January 17, 2008
5  press release, which speaks for itself.  Otherwise, Mr. Ruehle denies each and every allegation of
6  Paragraph 330 of the Complaint.

7  331.  Answering Paragraph 331, Mr. Ruehle asserts that no response is required as to the
8  allegations of Paragraph 331 that purport to describe the contents of publicly available
9  information concerning the trading prices of Maxim's common stock.  Mr. Ruehle otherwise
10  denies each and every allegation contained in Paragraph 331 of the Complaint.

11  332.  Answering Paragraph 332, Mr. Ruehle asserts that no response is required as to the
12  allegations of Paragraph 332 that purport to describe the contents of the documents cited, which
13  speak for themselves.  Otherwise, Mr. Ruehle denies each and every allegation of Paragraph 332
14  of the Complaint.

15  333.  Answering Paragraph 333, Mr. Ruehle asserts that no response is required as to the
16  allegations of Paragraph 333 that purport to describe the contents of to publicly available
17  information concerning the trading prices of Maxim's common stock.  Mr. Ruehle otherwise
18  denies each and every allegation contained in Paragraph 333 of the Complaint.

19  334.  Answering Paragraph 334, Mr. Ruehle asserts that no response is required as to the
20  allegations of Paragraph 334 that purport to describe the contents of publicly available
21  information concerning the trading prices of Maxim's common stock.  Mr. Ruehle otherwise
22  denies each and every allegation contained in Paragraph 334.

23  335.  Answering Paragraph 335, Mr. Ruehle avers that the allegations contained in
24  Paragraph 335 of the Complaint constitute legal conclusions to which no response is required.  To
25  the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 335
26  of the Complaint.

27  336.  Answering Paragraph 336, Mr. Ruehle denies the allegations contained in
28  Paragraph 336 of the Complaint to the extent predicated on "false and misleading public

1    statements and omissions," and otherwise lacks knowledge or information sufficient to form a

2    belief as to the truth of the allegations contained in Paragraph 336 and denies on that basis.

3           337.    Answering Paragraph 337, Mr. Ruehle avers that the allegations contained in

4    Paragraph 337 of the Complaint constitute legal conclusions to which no response is required.  To

5    the extent any response is required, and except as expressly admitted below, Mr. Ruehle denies

6    each and every allegation of Paragraph 337 of the Complaint.

7           (a)     Mr. Ruehle avers that the allegations contained in Paragraph 337(a) of the

8    Complaint constitute legal conclusions to which no response is required.  To the extent any

9    response is required, Mr. Ruehle admits that Maxim's common stock traded on the NASDAQ or

10   on the "Pink Sheets.".  Mr. Ruehle otherwise lacks knowledge or information sufficient to form a

11   belief as to the truth of the allegations contained in Paragraph 337(a) and denies on that basis.

12          (b)     Mr. Ruehle avers that the allegations contained in Paragraph 337(b) of the

13   Complaint constitute legal conclusions to which no response is required.  To the extent any

14   response is required, Mr. Ruehle admits that Maxim made public filings, including Forms 10-K,

15   Forms 10-Q and related press releases, with the SEC.  Mr. Ruehle otherwise denies each and

16   every allegation in Paragraph 337(b).

17          (c)     Mr. Ruehle avers that the allegations contained in Paragraph 337(c) of the

18   Complaint constitute legal conclusions to which no response is required.  To the extent any

19   response is required, Mr. Ruehle lacks knowledge or information sufficient to form a belief as to

20   the truth of the allegations contained in Paragraph 337(c) and denies on that basis.

21          (d)     Mr. Ruehle avers that the allegations contained in Paragraph 337(d) of the

22   Complaint constitute legal conclusions to which no response is required.  To the extent any

23   response is required, Mr. Ruehle lacks knowledge or information sufficient to form a belief as to

24   the truth of the allegations contained in Paragraph 337(d) and denies on that basis.

25          (e)     Mr. Ruehle avers that the allegations contained in Paragraph 337(e) of the

26   Complaint constitute legal conclusions to which no response is required.  To the extent any

27   response is required, Mr. Ruehle denies each and every allegation contained in Paragraph 337(e).

28

1       (f)     Mr. Ruehle avers that the allegations contained in Paragraph 337(f) of the

2 Complaint constitute legal conclusions to which no response is required.  To the extent any

3 response is required, Mr. Ruehle denies each and every allegation contained in Paragraph 337(f).

4       338.     Answering Paragraph 338, Mr. Ruehle avers that the allegations contained in

5 Paragraph 338 of the Complaint constitute legal conclusions to which no response is required.  To

6 the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 338

7 of the Complaint.

8       339.     Answering Paragraph 339, Mr. Ruehle avers that the allegations contained in

9 Paragraph 339 of the Complaint constitute legal conclusions to which no response is required.  To

10 the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 339

11 of the Complaint.

12       340.     Answering Paragraph 340, Mr. Ruehle avers that the allegations contained in

13 Paragraph 340 of the Complaint constitute legal conclusions to which no response is required.  To

14 the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 340

15 of the Complaint.

16       341.     Answering Paragraph 341, Mr. Ruehle avers that the allegations contained in

17 Paragraph 341 of the Complaint constitute legal conclusions to which no response is required.  To

18 the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 341

19 of the Complaint.

20       342.     Answering Paragraph 342, Mr. Ruehle admits that Plaintiffs purport to bring this

21 action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of a putative class

22 defined in the Complaint.  Mr. Ruehle otherwise avers that the allegations contained in Paragraph

23 342 of the Complaint do not constitute allegations to which a response is required.  To the extent

24 any response is required, Mr. Ruehle denies each and every allegation of Paragraph 342 of the

25 Complaint.

26       343.     Answering Paragraph 343, Mr. Ruehle lacks knowledge or information sufficient

27 to form a belief as to the truth of the allegations regarding number of outstanding shares or size of

28 the putative class contained in Paragraph 337(a) and denies the allegations on that basis.  Mr.

DEFENDANT TIMOTHY RUEHLE'S
ANSWER TO COMPLAINT
CASE NO.  C 08 00832 JW (PVT)

1    Ruehle further avers that the allegation contained in the first sentence of Paragraph 343 of the

2    Complaint constitutes a legal conclusion to which no response is required. Otherwise, and to the

3    extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 343 of

4    the Complaint.

5          344.   Answering Paragraph 344, Mr. Ruehle admits that Maxim's common stock traded

6    on the NASDAQ or on the "Pink Sheets.". Mr. Ruehle otherwise lacks knowledge or information

7    sufficient to form a belief as to the truth of the allegations contained in Paragraph 344, and denies

8    on that basis.

9          345.   Answering Paragraph 345, to the extent any of the allegations of Paragraph 345

10   relate to Mr. Ruehle, Mr. Ruehle denies each and every allegation of Paragraph 345 of the

11   Complaint. Otherwise, Mr. Ruehle lacks knowledge or information sufficient to form a belief as

12   to the truth of the allegations contained in the Paragraph 345 of the Complaint and denies on that

13   basis.

14         346.   Answering Paragraph 346, Mr. Ruehle avers that the allegations contained in

15   Paragraph 346 of the Complaint constitute legal conclusions to which no response is required. To

16   the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 346

17   of the Complaint.

18         347.   Answering Paragraph 347, denies knowledge or information sufficient to form a

19   belief as to the truth of the allegations contained in the second sentence of Paragraph 347 of the

20   Complaint. Mr. Ruehle otherwise avers that the allegations contained in Paragraph 347 constitute

21   legal conclusions to which no response is required. To the extent any response is required, Mr.

22   Ruehle denies each and every allegation in Paragraph 347 of the Complaint.

23         348.   Answering Paragraph 348, Mr. Ruehle avers that the allegations contained in

24   Paragraph 348 of the Complaint constitute legal conclusions to which no response is required. To

25   the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 348

26   of the Complaint.

27         349.   Answering Paragraph 349, Mr. Ruehle avers that the allegations contained in

28   Paragraph 349 of the Complaint constitute legal conclusions to which no response is required. To

1    the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 349

2    of the Complaint.

3                                          **COUNT I**

4        350.    Answering Paragraph 350, Mr. Ruehle repeats and realleges his responses to

5    Paragraphs 1 through 349 of the Complaint as if fully set forth herein.

6        351.    Answering Paragraph 351, Mr. Ruehle avers that no response is required to the

7    allegations contained in Paragraph 351 of the Complaint because Count I is not asserted against

8    Mr. Ruehle. To the extent any response is required, Mr. Ruehle admits that Plaintiffs purport to

9    bring a claim under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5

10   promulgated thereunder against Maxim, Gifford's Estate and Jasper.  Mr. Ruehle otherwise

11   denies each and every allegation contained in Paragraph 351 of the Complaint.

12       352.    Answering Paragraph 352, Mr. Ruehle avers that no response is required to the

13   allegations contained in Paragraph 352 of the Complaint because Count I is not asserted against

14   Mr. Ruehle.  Mr. Ruehle further avers that the allegations contained in Paragraph 352 of the

15   Complaint constitute legal conclusions to which no response is required.  To the extent any

16   response is required, Mr. Ruehle denies each and every allegation of Paragraph 352 of the

17   Complaint.

18       353.    Answering Paragraph 353, Mr. Ruehle avers that no response is required to the

19   allegations contained in Paragraph 353 of the Complaint because Count I is not asserted against

20   Mr. Ruehle.  Mr. Ruehle further avers that the allegations contained in Paragraph 353 of the

21   Complaint constitute legal conclusions to which no response is required.  To the extent any

22   response is required, Mr. Ruehle denies each and every allegation of Paragraph 353 of the

23   Complaint.

24       354.    Answering Paragraph 354, Mr. Ruehle avers that no response is required to the

25   allegations contained in Paragraph 354 of the Complaint because Count I is not asserted against

26   Mr. Ruehle.  Mr. Ruehle further avers that the allegations contained in Paragraph 354 of the

27   Complaint constitute legal conclusions to which no response is required.  To the extent any

28

DEFENDANT TIMOTHY RUEHLE'S
ANSWER TO COMPLAINT
CASE NO. C 08 00832 JW (PVT)

1    response is required, Mr. Ruehle denies each and every allegation of Paragraph 354 of the

2    Complaint.

3         355.    Answering Paragraph 355, Mr. Ruehle avers that no response is required to the

4    allegations contained in Paragraph 355 of the Complaint because Count I is not asserted against

5    Mr. Ruehle.  Mr. Ruehle further avers that the allegations contained in Paragraph 355 of the

6    Complaint constitute legal conclusions to which no response is required.  To the extent any

7    response is required, Mr. Ruehle denies each and every allegation of Paragraph 355 of the

8    Complaint.

9         356.    Answering Paragraph 356, Mr. Ruehle avers that no response is required to the

10   allegations contained in Paragraph 356 of the Complaint because Count I is not asserted against

11   Mr. Ruehle.  Mr. Ruehle further avers that the allegations contained in Paragraph 356 of the

12   Complaint constitute legal conclusions to which no response is required.  To the extent any

13   response is required, Mr. Ruehle denies each and every allegation of Paragraph 356 of the

14   Complaint.

15        357.    Answering Paragraph 357, Mr. Ruehle avers that no response is required to the

16   allegations contained in Paragraph 357 of the Complaint because Count I is not asserted against

17   Mr. Ruehle.  Mr. Ruehle further avers that the allegations contained in Paragraph 357 of the

18   Complaint constitute legal conclusions to which no response is required.  To the extent any

19   response is required, Mr. Ruehle denies each and every allegation of Paragraph 357 of the

20   Complaint.

21        358.    Answering Paragraph 358, Mr. Ruehle avers that no response is required to the

22   allegations contained in Paragraph 358 of the Complaint because Count I is not asserted against

23   Mr. Ruehle.  Mr. Ruehle further avers that the allegations contained in Paragraph 358 of the

24   Complaint constitute legal conclusions to which no response is required.  To the extent any

25   response is required, Mr. Ruehle denies each and every allegation of Paragraph 358 of the

26   Complaint.

27        359.    Answering Paragraph 359, Mr. Ruehle avers that no response is required to the

28   allegations contained in Paragraph 359 of the Complaint because Count I is not asserted against

1    Mr. Ruehle.  Mr. Ruehle further avers that the allegations contained in Paragraph 359 of the

2    Complaint constitute legal conclusions to which no response is required.  To the extent any

3    response is required, Mr. Ruehle denies each and every allegation of Paragraph 359 of the

4    Complaint.

5            360.    Answering Paragraph 360, Mr. Ruehle avers that no response is required to the

6    allegations contained in Paragraph 360 of the Complaint because Count I is not asserted against

7    Mr. Ruehle.  Mr. Ruehle further avers that the allegations contained in Paragraph 360 of the

8    Complaint constitute legal conclusions to which no response is required.  To the extent any

9    response is required, Mr. Ruehle denies each and every allegation of Paragraph 360 of the

10   Complaint.

11           361.    Answering Paragraph 361, Mr. Ruehle avers that no response is required to the

12   allegations contained in Paragraph 361 of the Complaint because Count I is not asserted against

13   Mr. Ruehle.  Mr. Ruehle further avers that the allegations contained in Paragraph 361 of the

14   Complaint constitute legal conclusions to which no response is required.  To the extent any

15   response is required, Mr. Ruehle denies each and every allegation of Paragraph 361 of the

16   Complaint.

17                                    **<u>COUNT II</u>**

18           362.    Answering Paragraph 362, Mr. Ruehle repeats and realleges his responses to

19   Paragraphs 1 through 361 of the Complaint as if fully set forth herein.

20           363.    Answering Paragraph 363, Mr. Ruehle avers that the allegations contained in

21   Paragraph 363 of the Complaint constitute legal conclusions to which no response is required.  To

22   the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 363

23   of the Complaint.

24           364.    Answering Paragraph 364, Mr. Ruehle avers that the allegations contained in

25   Paragraph 364 of the Complaint constitute legal conclusions to which no response is required.  To

26   the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 364

27   of the Complaint.

28

1    365.    Answering Paragraph 365, Mr. Ruehle avers that the allegations contained in

2  Paragraph 365 of the Complaint constitute legal conclusions to which no response is required.  To

3  the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 365

4  of the Complaint.

5    366.    Answering Paragraph 366, Mr. Ruehle avers that the allegations contained in

6  Paragraph 366 of the Complaint constitute legal conclusions to which no response is required.  To

7  the extent any response is required, Mr. Ruehle denies each and every allegation of Paragraph 366

8  of the Complaint.

9                              **PRAYER FOR RELIEF**

10    To the extent that any response is required to Plaintiffs' Prayer for Relief, Mr. Ruehle

11  denies each and every allegation contained in the Prayer for Relief.

12                                 **JURY DEMAND**

13    Mr. Ruehle demands a jury trial.

14                               **GENERAL DENIAL**

15    Except as otherwise expressly stated in Paragraphs 1 through 366 above, Mr. Ruehle

16  denies each and every allegation of wrongdoing by him contained in Paragraphs 1 through 366 of

17  the Complaint, including, without limitation, the table of contents, introductory paragraph,

18  headings, subheadings and footnotes contained in the Complaint, and specifically denies liability

19  to Plaintiffs and the putative class, or that Plaintiffs or the putative class have suffered any legally

20  cognizable damages for which Mr. Ruehle is responsible.  Pursuant to Rule 8(d) of the Federal

21  Rules of Civil Procedure, allegations in the Complaint to which no responsive pleading is

22  required shall be deemed denied.  Mr. Ruehle expressly reserves the right to amend and/or

23  supplement this Answer, including, but not limited to, the defenses and affirmative defenses set

24  forth herein.

25                  **DEFENSES AND AFFIRMATIVE DEFENSES**

26    Without admitting any wrongful conduct on the part of Mr. Ruehle or any Defendant, and

27  without admitting that Plaintiffs suffered any loss, damage, or injury, Mr. Ruehle alleges the

28  following affirmative defenses to the Complaint.  By designating the following as affirmative

1    defenses, Mr. Ruehle does not in any way waive or limit any defenses that are or may be raised

2    by his denials, allegations, and averments set forth herein.  Mr. Ruehle also does not, by alleging

3    any affirmative defense, admit that Plaintiffs do not have the burden of proof for any or all facts

4    underlying any of those defenses.  These defenses are pleaded in the alternative, and are raised to

5    preserve the rights of Mr. Ruehle to assert such defenses, and are without prejudice to his ability

6    to raise other and further defenses.

7                                **FIRST AFFIRMATIVE DEFENSE**

8            The Complaint, and each cause of action alleged therein, fails to state a claim upon which

9    relief may be granted against Mr. Ruehle.

10                              **SECOND AFFIRMATIVE DEFENSE**

11           Plaintiffs have failed to plead their claims with the particularity required by Rule 9(b) of

12   the Federal Rules of Civil Procedure and by the Private Securities Litigation Reform Act of 1995.

13                               **THIRD AFFIRMATIVE DEFENSE**

14           Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations,

15   including 28 U.S.C. § 1658.

16                              **FOURTH AFFIRMATIVE DEFENSE**

17           Plaintiffs' claims are barred, in whole or in part, because Maxim did not make any false or

18   misleading statements of material fact or omit to state any material facts.

19                               **FIFTH AFFIRMATIVE DEFENSE**

20           Plaintiffs' claims are barred, in whole or in part, because Mr. Ruehle, alleged to be a

21   control person under Section 20(a) of the Exchange Act, acted in good faith and did not directly

22   or indirectly induce the act or acts constituting the alleged violation and causes of action.

23                               **SIXTH AFFIRMATIVE DEFENSE**

24           Plaintiffs' claims are barred, in whole or in part, because Mr. Ruehle acted in good faith

25   and in conformity with all applicable federal statutes, including the Securities Exchange Act of

26   1934, as amended, the Private Securities Litigation Reform Act of 1995, and all applicable rules

27   and regulations promulgated thereunder.

28

DEFENDANT TIMOTHY RUEHLE'S
ANSWER TO COMPLAINT
CASE NO.  C 08 00832 JW (PVT)

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Mr. Ruehle acted in good faith and did not materially assist in any violation of law or directly or indirectly induce any act or acts constituting any alleged violations or causes of action.

**EIGHTH AFFIRMATIVE DEFENSE**

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which Mr. Ruehle denies, then every act or omission was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission and, therefore, pursuant to Section 20(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission so alleged.

**NINTH AFFIRMATIVE DEFENSE**

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which Mr. Ruehle denies, then Mr. Ruehle did not act with the state of mind required to support liability under 20(a) of the Securities Exchange Act of 1934.

**TENTH AFFIRMATIVE DEFENSE**

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which Mr. Ruehle denies, then no such statement caused Plaintiffs to engage in any transaction supporting any claim alleged herein.

**ELEVENTH AFFIRMATIVE DEFENSE**

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which Mr. Ruehle denies, then some or all of such statements were not material or otherwise legally actionable on any theory.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class have not suffered any injury or harm as a result of any action, conduct, statement or omission by

DEFENDANT TIMOTHY RUEHLE'S
ANSWER TO COMPLAINT
CASE NO.  C 08 00832 JW (PVT)

1    Mr. Ruehle.

2                    **THIRTEENTH AFFIRMATIVE DEFENSE**

3          Plaintiffs' claims are barred, in whole or in part, because the depreciation in the price of

4    Maxim stock resulted from factors other than any conduct of Mr. Ruehle; no action or inaction by

5    Mr. Ruehle is the cause, in law or fact, of any injury Plaintiffs and the putative class may have

6    suffered, and their alleged losses were not actually or proximately caused by Mr. Ruehle.

7                    **FOURTEENTH AFFIRMATIVE DEFENSE**

8          Plaintiffs' claims are barred, in whole or in part, because to the extent, if any, that

9    Plaintiffs and the putative class have suffered injury or loss, such injury or loss is the result of

10   factors, events, actions or occurrences unrelated to any actions or alleged failures to act on the

11   part of Mr. Ruehle and outside of and beyond the control of Mr. Ruehle, including the conduct,

12   actions, omissions, negligence and contributory and/or comparative fault of Plaintiffs, the

13   putative class members and/or other persons over whom Mr. Ruehle had no control.

14                    **FIFTEENTH AFFIRMATIVE DEFENSE**

15         Plaintiffs' claims are barred, in whole or in part, because of the lack of transaction

16   causation and/or loss causation.

17                    **SIXTEENTH AFFIRMATIVE DEFENSE**

18         Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs and the

19   putative class did not reasonably rely on any conduct, statements or actions of Mr. Ruehle.

20                    **SEVENTEENTH AFFIRMATIVE DEFENSE**

21         Mr. Ruehle is not liable to Plaintiffs and the putative class because any alleged

22   misstatements made were forward-looking statements and/or contained sufficient cautionary

23   language and risk disclosure, such that they are rendered non-actionable by the Safe Harbor

24   provisions of the Private Securities Litigation Reform Act of 1995 or the bespeaks caution

25   doctrine.

26                    **EIGHTEENTH AFFIRMATIVE DEFENSE**

27         The relief sought by Plaintiffs and the putative class is barred, in whole or in part, by the

28   doctrines of laches, waiver, equitable estoppel, in pari delicto, unclean hands and/or other related

1    equitable doctrines.

2                    **NINTEENTH AFFIRMATIVE DEFENSE**

3         Plaintiffs' claims for "control person" liability are barred in whole or in part because

4    Plaintiffs cannot establish the primary liability necessary to support such claims.

5                    **TWENTIETH AFFIRMATIVE DEFENSE**

6         Plaintiffs cannot satisfy the requirements for certification of the putative class.

7                  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

8         Plaintiffs are not entitled to any recovery from Mr. Ruehle because Maxim had no duty to

9    disclose any of the information allegedly omitted.

10                **TWENTY-SECOND AFFIRMATIVE DEFENSE**

11        Plaintiffs are not entitled to any recovery from Mr. Ruehle because Maxim was under no

12   duty to revise, update, and/or correct any previously-made statements challenged in the

13   Complaint.

14                 **TWENTY-THIRD AFFIRMATIVE DEFENSE**

15        Plaintiffs are not entitled to any recovery from Mr. Ruehle because the substance of the

16   material information they allege to have been omitted or misrepresented was in fact disclosed in

17   Maxim's public filings and other public releases, and was otherwise publicly available or widely

18   known to the market and the investing community.

19                 **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

20        The allegedly untrue statements of material fact, omissions of material fact, misleading

21   statements, or other actions were not material to the investment decisions of a reasonable investor.

22                  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

23        The plaintiff class members had a duty to take reasonable action to minimize any damage

24   allegedly sustained as a result of the conduct alleged in the Complaint, each failed to comply with

25   that duty, and therefore each is barred from recovering any damages that might have been

26   reasonably avoided.

27

28

DEFENDANT TIMOTHY RUEHLE'S
ANSWER TO COMPLAINT
CASE NO.  C 08 00832 JW (PVT)

1                           **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

2         Plaintiffs failed to undertake a prompt and reasonable investigation of Maxim's business

3 and financial condition, and such a prompt and reasonable investigation would have prevented

4 damages, if any.  Plaintiffs therefore are estopped from recovering any relief.

5                        **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

6         Plaintiffs and other members of the alleged plaintiff class did not rely on the market in

7 making their purchases or sales of Maxim stock.

8                        **TWENTY- EIGHTH AFFIRMATIVE DEFENSE**

9         Plaintiffs were negligent and did not exercise due care to discover the existence of some

10 or all the purported facts alleged in the Complaint upon which they assert liability against Mr.

11 Ruehle.  Thus, the actual and proximate cause of the damage to Plaintiffs, if any, in whole or in

12 part, is Plaintiffs' negligence and their failure to exercise reasonable care.

13                       **TWENTY-NINTH AFFIRMATIVE DEFENSE**

14         Plaintiffs would be unjustly enriched if they were allowed to recover anything in this

15 action.

16                           **THIRTIETH AFFIRMATIVE DEFENSE**

17         Mr. Ruehle is entitled to receive contribution and/or indemnity from others for any

18 liability he incurs.

19                        **THIRTY-FIRST AFFIRMATIVE DEFENSE**

20         Any recovery for damages allegedly incurred by Plaintiffs, if any, is subject to offset in

21 the amount of any tax benefits actually received by Plaintiffs through their investments.

22                       **THIRTY-SECOND AFFIRMATIVE DEFENSE**

23         Any recovery for damages allegedly incurred by Plaintiffs, if any, is limited to the

24 percentage of responsibility of Mr. Ruehle in proportion to the total fault of all persons, named as

25 parties to this action or not, who caused or contributed to Plaintiffs' alleged damages, pursuant to

26 the Proportionate Liability provisions of the Private Securities Litigation Reform Act of 1995, as

27 codified at 15 U.S.C. § 78u-4(f)(3)(A).

28

DEFENDANT TIMOTHY RUEHLE'S
ANSWER TO COMPLAINT
CASE NO.  C 08 00832 JW (PVT)

1

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

2       An insufficient number of traders in Maxim stock relied on the alleged misstatements or

3   omissions set forth in the Complaint to affect the market price of Maxim stock.

4

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

5       Certain members of the purported class did not make investment decisions with respect to

6   Maxim stock and lack standing as purchasers or sellers of Maxim stock.

7

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

8       Mr. Ruehle adopts by reference any applicable defense plead by any other defendant not

9   expressly set forth herein.

10

**ADDITIONAL AFFIRMATIVE DEFENSES**

11       Mr. Ruehle may have additional, as yet unidentified defenses available.  Mr. Ruehle

12   reserves the right to assert additional defenses that are revealed by further investigation or

13   through discovery.  Mr. Ruehle may have other affirmative defenses against the named Plaintiffs

14   and/or purported class members and thus reserves the right to assert such defenses in a timely

15   fashion after the facts to support such defenses become known to him.

16

17       WHEREFORE, Mr. Ruehle prays for judgment as follows:

18       1.       For a judgment and decree dismissing the Complaint with prejudice;

19       2.       For a judgment and decree awarding costs, including attorneys' fees; and

20       3.       For such other and further relief as the Court may deem just and proper under the

21   circumstances.

22

23   Dated:  August 28, 2009                    O'MELVENY & MYERS LLP
                                                MEREDITH N. LANDY
24                                              PETER T. SNOW

25                                              By:  _____/s/_____
                                                         Meredith N. Landy
26
                                                Attorneys for Defendant Timothy Ruehle
27

28
MP1:1182480.1