# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re MAXIM INTEGRATED PRODUCTS, INC., SECURITIES LITIGATION | CASE NO. C-08-00832-JW<br><br>CLASS ACTION<br><br>STIPULATION AND [XXXXXXXXXXXXXXX PROTECTIVE ORDER REGARDING CONFIDENTIAL AND PRIVILEGED INFORMATION |

**IT IS HEREBY ORDERED:**

**<u>PURPOSE</u>**

1. The parties to the above-captioned action (the "Action"), by and through their undersigned counsel, have hereby stipulated and agreed that the following stipulation and protective order regarding confidential and privileged information (the "Stipulation and Order") shall govern the disclosure of documents, deposition testimony, interrogatory responses and other information (collectively, "Discovery Material") produced in discovery by the Parties and by any non-party to this Action.

2. The Parties acknowledge that this Stipulation and Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge that this Stipulation and Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file all or a portion of Discovery Material under seal.

3. Any person or entity who produces any Discovery Material, and any person or entity who generated or has rights to any Discovery Material, shall be referred to as a "Producing Party."

4. Each Party or non-party that designates information or items for protection under this Stipulation and Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Producing Party must take care to designate for protection only those parts of material, documents, items, or oral or communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation and Order. Notwithstanding the foregoing, material designated as "Confidential" in prior proceedings shall retain its "Confidential" designation in this Action (and shall be entitled to the protections afforded Confidential Discovery Material (defined below) by this Stipulation and

Order) and such "Confidential" designation need not be re-reviewed prior to production of any such material in this Action.

### DESIGNATION OF DISCOVERY MATERIAL AS "CONFIDENTIAL"

5. Subject to Paragraph 4 above, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Civil Local Rules, any Party producing Discovery Material may designate as "Confidential" the following Discovery Material under the terms of this Stipulation and Order after review by an attorney: (1) "trade secrets," as defined by the California Uniform Trade Secrets Act, Cal. Civil Code §3426; (2) confidential research, or other business information of a proprietary or confidential nature; and (3) sensitive, personal information for which there is a reasonable expectation of privacy (as so designated, "Confidential Discovery Material").

### USE OF "CONFIDENTIAL" DISCOVERY MATERIAL

6. The Parties shall not use Confidential Discovery Material for any purpose other than for the preparation, prosecution or defense of their case in this Action and the claims therein, including, without limitation, pre-trial proceedings, preparation for trial, trial, and any appellate proceedings.

7. Documents produced in this Action may be designated "Confidential" for purposes of this Stipulation and Order in the following manner:

(a) in the case of documents, exhibits, briefs, memoranda, interrogatories, or other materials (apart from depositions or pretrial testimony): by stamping "Confidential" to each page containing Confidential Discovery Material; and

(b) in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel for the Producing Party, at the time of or immediately following such disclosure; or (ii) by written notice, sent by such counsel within twenty (20) business days after receiving a copy of the transcript; and in both of the foregoing instances, by directing the court reporter that the appropriate confidential legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. All depositions shall be treated in their entirety as Confidential for a period of twenty (20) business days after receipt of the transcript.

## ACCESS TO PROTECTED MATERIAL

8. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    (a) counsel of record and other counsel for the Parties in this Action and such counsels' employees, contractors and agents;

    (b) clerical or ministerial service providers, such as outside copying or litigation support personnel, retained by the Parties or their counsel in connection with this Action;

    (c) outside experts or consultants and their employees and clerical assistants working with counsel, as counsel in good faith requires to provide assistance in the conduct of this Action;

    (d) such officers, directors or employees of the Parties to this Action, as counsel in good faith requires to provide assistance in the conduct of this Action;

    (e) the Court and its employees, staff and supporting personnel, including, but not limited to, law clerks, jurors, alternative jurors, court reporters, stenographic reporters, and videographers;

    (f) Witnesses or deponents and their counsel during the course of, or to the extent necessary, in preparation for depositions or testimony in the Action;

    (g) Any other person only upon order of the Court or upon written stipulation of the Producing Party.

9. Before making disclosure of Confidential Discovery Material to any of the persons described above, except those persons described in Paragraphs 8(a), (d) and (e) above, the Party must obtain an agreement in writing, in the form attached as Exhibit A hereto, from such persons reciting that he or she has read a copy of this Stipulation and Order and agrees to be bound by its provisions. If a person declines to sign the agreement to maintain the confidentiality of the Confidential Discovery Material, the Producing Party agrees not to object to the non-Producing Party obtaining an order requiring the person to maintain the

confidentiality of the Confidential Discovery Material or to a continuance or resumption of a deposition to obtain such an order.

10. This Stipulation and Order has no effect upon, and shall not apply to, the Parties' own use of their own Confidential Discovery Material for any purpose.

11. Failure to designate any information as Confidential Discovery Material pursuant to this Stipulation and Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted in writing to opposing counsel after discovery of the inadvertent failure. At such time, arrangements shall be made for the return to the Producing Party of all copies of documents inadvertently not designated as Confidential Discovery Material and the substitution, where appropriate, of properly-labeled copies. Disclosure of such Discovery Material by any receiving Party before such later designation shall not be deemed a violation of the provisions of this Stipulation and Order.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

12. Any Party may object to the designation of Discovery Material as Confidential by giving written notice (including by e-mail) at any time to counsel for the Party or non-party that has designated the information as Confidential that specifically identifies (by Bates or similar identifying numbers, if available, or by page number, if referring to a deposition transcript) what document, thing, response, or transcript or portion(s) thereof should not be granted status as Confidential Discovery Material. If the Parties, and to the extent a non-party made the designation, non-party, are unable to resolve the objection(s) to the designation(s) within fifteen (15) days of the notification, the Party or non-party that has designated the information Confidential Discovery Material under the terms of this Stipulation and Order may move the Court, within forty-five (45) days of the written notice setting forth the objection, for an order confirming the "Confidential" designation. In the event Court resolution is sought, the Discovery Material shall be treated according to its "Confidential" designation and subject to this Stipulation and Order until the matter has been resolved by agreement of counsel of record or by order of the Court. The burden of proving that any information designated as "Confidential" is

appropriately subject to the protection of this Stipulation and Order shall be borne by the Party or non-party seeking the designation.

13. If the designating Party or non-party does not move the Court with the forty-five (45) days of notification of the dispute, the information to which the objection applies will no longer be treated as Confidential Discovery Material, notwithstanding the confidentiality stamp that has been placed upon it.

## FILING PROTECTED MATERIAL

14. Any Party that seeks to file Discovery Material with the Court under seal that has been designated as "Confidential" shall follow the procedures for filing documents under seal as set forth in Rule 79-5 of the Local Rules of the Northern District of California.

## FINAL DISPOSITION

15. Within sixty (60) days of receiving written notice of the termination of this Action, including any appeals, all Confidential Discovery Material, including copies, summaries and excerpts, shall be returned to the Producing Party. In the alternative, the Parties and their attorneys of record may provide affidavits stating under oath that all Confidential Discovery Material, including any and all copies thereof, have been destroyed. Attorney work-product and briefs, pleadings, written discovery responses, transcripts of testimony, and other Court papers need not be returned or destroyed, but shall be kept as Confidential Discovery Material by counsel for the Parties and remain subject to the terms of this Order.

## MISCELLANEOUS PROVISIONS

16. Nothing herein shall be construed as an admission that any particular document or information is entitled to protection of any sort under the Federal Rules of Civil Procedure.

17. Nothing contained in this Stipulation shall be deemed a waiver of any privilege or immunity, or affect in any way the admissibility of any document, testimony or other evidence. The provisions of this Stipulation are without prejudice to the right of any Party or other person to seek other or additional protection(s) from the Court for any documents or information that such Party or person believes may not be adequately protected by the provisions of this Stipulation.

18. Nothing in this Stipulation shall be construed to limit the Parties' use of Confidential Discovery Material in this Action in any manner consistent with the above, or to preclude the Parties from raising valid objections, other than confidentiality, with respect to the production and/or disclosure of any Discovery Material.

19. Nothing herein shall require disclosure of any documents or information that a Party contends are protected from disclosure by the attorney-client privilege, work-product doctrine, or any other legally recognized privilege.

20. Each party shall make efforts that are "reasonably designed" to protect its privileged materials. *See Gomez v. Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001). What constitutes efforts that are reasonably designed to protect privileged materials depends on the circumstances; the law does not require "strenuous or Herculean efforts," just "reasonable efforts." *See, e.g., Hynix Semiconductor, Inc. v. Rambus, Inc.*, 2008 WL 350641, at *1-2 (N.D. Cal. Feb. 2, 2008); *see also*, FED.R.CIV.PRO. 26(f)(3) advisory committee's notes to 2006 amendments (discussing the substantial costs and delays that can result from attempts to avoid waiving privilege, particularly when discovery of electronic information is involved). When a particular Rule 34 request requires a production or inspection that is too voluminous, expedited or complex (such as certain electronic productions) to allow for an adequate pre-production review, the parties may enter non-waiver agreements for that particular production. If the requesting Party is unwilling to enter into such an agreement, the Producing Party may move the Court for a non-waiver order.

21. In the event that, despite reasonable efforts, a Producing Party discovers it has inadvertently produced privileged materials, then within thirty (30) days of that discovery the Producing Party shall notify the receiving Party that the document(s) or materials should have been withheld on grounds of privilege. After the receiving Party receives this notice from the Producing Party under this Paragraph, the receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending resolution of the Producing Party's claim of privilege. The parties shall hold a meet and confer, as defined in Civil Local Rule 1-5(n), as soon as reasonably possible after a notice of inadvertent production. If the

Producing Party and the receiving Party agree that the inadvertently produced material is privileged, and was disclosed despite efforts by the Producing Party that were "reasonably designed" to protect the materials, then the receiving Party shall return or certify the destruction of all copies (including summaries) of such material. If no agreement is reached, then within ten (10) court days after the meet and confer, the Producing Party must seek a ruling from the Court to establish that the material is privileged and that the Producing Party did not waive the privilege by inadvertently producing the material. If the Producing Party seeks such a ruling, the receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending the Court's ruling on the Producing Party's motion.

22. Nothing in this Stipulation shall prevent any Party from producing any Confidential Discovery Material in its possession to a third party in response to a lawful subpoena or other compulsory process, provided that any Party receiving a subpoena or other compulsory process calling for the production of another Party's Confidential Discovery Material shall give such other Party at least ten (10) days notice prior to the return date or, if the subpoena or process has a return date within less than ten (10) days, written or telephonic notice shall be given as soon as possible and in any event no later than forty-eight (48) hours prior to the return date.

23. Any Party may move this Court to modify this Stipulation and Order, which the Court may grant in its discretion. The fact that the Parties have stipulated to the terms of this Order shall not be used in any way in connection with any motion to modify this Order or in connection with the entry of any subsequent orders governing the use of information at trial.

24. Nothing in this Stipulation and Order shall be construed to prevent a Producing Party who has designated material as Confidential Discovery Material from agreeing to release any such material or information from the requirements of this Order.

25. Nothing in this Stipulation and Order shall impose any restrictions on the use or disclosure by a Party or witness of material obtained by such Party or witness independent of discovery in this litigation, whether or not such material is also obtained through discovery in this litigation.

26. Neither the entry of this Order, nor the designation of any material as Confidential, nor the failure to make such a designation, shall constitute evidence with respect to any issue in this action.

27. The Parties shall submit to the jurisdiction of this Court for the purpose of enforcement of the terms and conditions of this Order, as well as any action based upon any breach of this Order by any of the Parties.

**SO STIPULATED.**

| | |
|---|---|
| 1 | Dated: October 5, 2009 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Dated: October 5, 2009

Respectfully submitted,
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

/s/ Timothy A. DeLange
―――――――――――――――――――
TIMOTHY A. DELANGE

BLAIR A. NICHOLAS
blairn@blbglaw.com
TIMOTHY A. DELANGE
timothyd@blbglaw.com
BENJAMIN GALDSTON
beng@blbglaw.com
MATTHEW P. JUBENVILLE
matthewj@blbglaw.com
TAKEO A. KELLAR
takeok@blbglaw.com
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:  (858) 793-0323


CHITWOOD HARLEY HARNES LLP
MARTIN D. CHITWOOD (*Pro Hac Vice*)
mchitwood@chitwoodlaw.com
JAMES M. WILSON, JR. (*Pro Hac Vice*)
jwilson@chitwoodlaw.com
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, GA 30309
Tel:   (404) 873-3900
Fax:  (404) 876-4476

-and-

GREGORY E. KELLER (*Pro Hac Vice*)
gkeller@chitwoodlaw.com
11 Grace Avenue, Suite 306
Great Neck, NY 11021
Tel:   (516) 773-6090
Fax:  (404) 876-4476

*Attorneys for Lead Plaintiffs the Cobb County Government Employees' Pension Plan, the DeKalb County Pension Plan and the Mississippi Public Employees Retirement System*

WEIL, GOTSHAL & MANGES LLP

_____
JOHN A. NEUWIRTH

GREGORY D. HULL
*greg.hull@weil.com*
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel:  (650) 802-3274
Fax:  (650) 802-3100

-and-

JOHN A. NEUWIRTH (*Pro Hac Vice*)
*john.neuwirth@weil.com*
JOSHUA S. AMSEL (*Pro Hac Vice*)
*joshua.amsel@weil.com*
767 Fifth Avenue
New York, NY 10153
Tel:  (212) 310-8000
Fax:  (212) 310-8007

*Attorneys for Defendant Maxim Integrated Products, Inc.*


WILENTZ, GOLDMAN & SPITZER, P.A.

_____
EDWARD T. KOLE

EDWARD T. KOLE (*Pro Hac Vice*)
*ekole@wilentz.com*
KEVIN P. RODDY
*kroddy@wilentz.com*
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095
Tel:  (732) 636-8000
Fax:  (732) 855-6117

-and-

SONNENBLICK, PARKER & SELVERS, P.C.
JEROME M. SELVERS (*Pro Hac Vice*)
*jselvers@spspc.com*
Freehold Executive Center
4400 Route 9 South
Freehold, NJ 07728
Tel:  (732) 431-1234
Fax:  (732) 431-3994

*Attorneys for Defendant the Estate of John F. Gifford*

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
REGARDING CONFIDENTIAL AND PRIVILEGED INFORMATION      -10-
Case No. C-08-00832-JW

LATHAM & WATKINS LLP

_David Friedman /CF_
DAVID M. FRIEDMAN

DAVID M. FRIEDMAN
*David.Friedman@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Fax: (415) 395-8095

*Attorneys for Defendant Carl W. Jasper*


O'MELVENY & MYERS LLP

_____
MEREDITH LANDY

MEREDITH LANDY
*mlandy@omm.com*
2765 Sand Hill Road
Menlo Park, CA 94025
Tel: (650) 473-2600
Fax: (650) 473-2601

*Attorneys for Defendant Timothy Ruehle*

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

Dated: _____, 2009        _____
                                  THE HONORABLE JAMES WARE
                                  UNITED STATES DISTRICT JUDGE

LATHAM & WATKINS LLP

_____
DAVID M. FRIEDMAN

DAVID M. FRIEDMAN
David.Friedman@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Fax: (415) 395-8095

*Attorneys for Defendant Carl W. Jasper*

O'MELVENY & MYERS LLP

*/s/ Meredith Landy/*
_____
MEREDITH LANDY

MEREDITH LANDY
mlandy@omm.com
2765 Sand Hill Road
Menlo Park, CA 94025
Tel: (650) 473-2600
Fax: (650) 473-2601

*Attorneys for Defendant Timothy Ruehle*

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

Dated: _____, 2009

*/s/ Patricia V. Trumbull/*
_____
THE HONORABLE XXXXXXXXXXXX
                 Patricia V. Trumbull
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

The undersigned, _____, hereby acknowledges that I have read the Stipulation and [Proposed] Protective Order Regarding Confidential and Privileged Information (the "Stipulation and Order") in the action entitled *In re Maxim Integrated Products, Inc. Securities Litigation*, Case No. C-08-00832-JW, and understand the terms thereof. I agree not to use the Confidential Discovery Material defined therein for any purpose other than in connection with the prosecution or defense of this case, will not further disclose the Confidential Discovery Material except in testimony taken in this case or as otherwise permitted by the terms of the Stipulation and Order, and will comply with the terms of the Stipulation and Order. I will return to counsel at the end of my involvement in or at the conclusion of this litigation all Confidential Discovery Material that has been provided to me and all copies thereof, and shall not make any copies of Confidential Discovery Material except as is necessary in connection with my participation in the litigation.

_____
Date                                                               Signature

_____
Print Name

_____
Address